IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:11-CV-719-J-37-JBT

PARKERVISION, INC.,

     Plaintiff.

v.

QUALCOMM INCORPORATED,

     Defendant.

_____/

QUALCOMM INCORPORATED,

     Counterclaim Plaintiff,

v.

PARKERVISION, INC, AND
STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

     Counterclaim Defendants.

_____/

**COUNTERCLAIM-DEFENDANT, STERNE, KESSLER,
GOLDSTEIN & FOX'S, MOTION TO DISMISS QUALCOMM'S
COUNTERCLAIMS, MOTION FOR MORE DEFINITE STATEMENT,
OR, IN THE ALTERNATIVE, MOTION TO ABATE QUALCOMM'S
COUNTERCLAIMS, AND INCORPORATED MEMORANDUM OF LAW**

     Counterclaim-Defendant, Sterne, Kessler, Goldstein & Fox PLLC ("SKGF"),

moves to dismiss Counterclaim-Plaintiff, Qualcomm Incorporated's ("Qualcomm"),

Counterclaims for failure to state a claim upon which relief can be granted, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves for a more definite

statement, pursuant to Rule 12(e), Federal Rules of Civil Procedure. In the alternative,

SKGF moves to abate or stay Qualcomm's Counterclaims against SKGF until the conclusion of the underlying patent infringement suit between Plaintiff, ParkerVision, Inc. ("ParkerVision") and Qualcomm.

## I.    Introduction and Background

This case originated when ParkerVision filed a straightforward complaint for patent infringement against Qualcomm.  In response, Qualcomm filed an aggressive, thirteen-count counterclaim against ParkerVision, also naming SKGF, the law firm that, in the 1990's, began helping ParkerVision obtain the patents at issue.   Qualcomm accuses ParkerVision of, among other things, inequitable conduct by committing fraud on the Patent and Trademark Office ("PTO") with the assistance of SKGF.  And Qualcomm claims that SKGF had conflicts of interest that caused it to breach its fiduciary duties and an agreement with Qualcomm.

Although Qualcomm's Counterclaims make broad allegations in a "shotgun" pleading, improperly incorporating all prior allegations into each count, the gravamen of its claims against SKGF, distilled to its essence, is inadequate.  Qualcomm alleges that SKGF, while representing Qualcomm on unrelated matters, breached its fiduciary duties to Qualcomm and breached the parties' conflict-waiver agreement by allegedly assisting ParkerVision in preparing to file the infringement suit against Qualcomm.  Even treating the allegations as true, Qualcomm cannot state a claim because it cannot allege a sufficient causal connection between SKGF's purported breaches and its alleged damages -- having to defend the underlying infringement suit.  In addition, even if it could allege causation, Qualcomm cannot sufficiently allege damages until the underlying

infringement suit has concluded, because it is impossible to determine if Qualcomm has suffered any harm until those claims are resolved.

Qualcomm's Counterclaims must also be dismissed for improper "shotgun" pleading.   And, if Qualcomm intended to name SKGF in its declaratory relief counts relating to the patents at issue, those counts must also be dismissed because SKGF is not a proper party, the allegations do not state a cause of action for damages, and Qualcomm has failed to plead those counts with sufficient particularity. For these reasons, Qualcomm's Counterclaims against SKGF should be dismissed.

Alternatively, if Qualcomm's Counterclaims against SKGF are not dismissed, they must be abated until the underlying patent infringement claims against Qualcomm have been resolved because they are premature, as a matter of law.

## II.   **Argument**

### A.   **Standard Regarding Motions to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).  A court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. As the Supreme Court recently clarified, to survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 556 (citation omitted).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).  Although the Court must accept all allegations of fact as true when considering a motion to dismiss, the Court should dismiss when it appears that "the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim."  *Granat v. AXA Equitable Life Ins. Co.,* 2006 WL 3826785 (S.D. Fla. Dec. 27, 2006) (citing *Solis-Ramirez v. U.S. Dept. of Justice,* 758 F.2d 1426, 1429 (11th Cir. 1985)).  Applying these standards, dismissal is required here.

**B.**     **Qualcomm's breach of fiduciary duty claim against SKGF must be dismissed for failure to state a claim because Qualcomm has not alleged (1) proximate cause - that "but for" SKGF's purported breach of duty, Qualcomm would not have been sued for patent infringement, and (2) resulting damages.**

Count X for breach of fiduciary duty against SKGF must be dismissed for failure to state a claim because Qualcomm has failed to sufficiently allege proximate cause and damages.  The type of claim asserted in Count X, alleging breach of fiduciary duties arising out of purported ethical obligations, is considered to be a legal malpractice claim. *See Resolution Trust Corp. v. Holland & Knight,* 832 F.Supp. 1528, 1531 (S.D. Fla. 1993).  In a legal malpractice claim, whether based on breach of fiduciary duty or negligence, courts require the plaintiff to allege and prove that the lawyer's breach of duty is the proximate cause of particular damage suffered by the plaintiff.  *See* Professional Liability of Lawyers in Florida, The Florida Bar, Fourth Ed. 2006, 1-46 ("As with actions for professional negligence, an action for breach of fiduciary duty requires proof of proximate cause and injury."); *Bankers Trust Reality, Inc. v. Kluger,* 672 So. 2d

897, 898-99 (Fla. 3d DCA 1996)(dismissing counts for legal malpractice and breach of fiduciary duty because complaint failed to allege damages and a causal connection to the alleged breaches of duty); *Herbin v. Hoeffel,* 806 A.2d 186, 196 (D.C.App. 2002) (dismissing count for legal malpractice amounting to a breach of fiduciary duty, based on revealing client confidences, because plaintiff failed to allege facts supporting causation and injury); *Cecala v. Newman,* 532 F.Supp.2d 1118, 1140 (D.Ariz. 2007) ("The same standards of actual and legal causation that govern an action for attorney negligence apply with equal force in an action for fiduciary breach").[1]

At the motion to dismiss stage, conclusory allegations of causation and damages are insufficient; the plaintiff must "link up the breach of duty to the loss he claims to have sustained." *Herbin,* 806 A.2d at 196.   To establish proximate cause, the plaintiff must show that "but for" the lawyer's breach of duty, the plaintiff would not have suffered the particular damages claimed. *See Kirkland & Ellis v. CMI Corp.,* 1999 WL 559951, *10 (N.D.Ill. September 30, 1996) (dismissing breach of fiduciary duty claim because plaintiff could not show proximate causation, i.e., that "but for" the lawyers' alleged conduct, plaintiff would not have incurred the alleged damages); *Olmstead v. Emmanuel,* 783 So. 2d 1122, 1125 and 1128 (Fla. 1st DCA 2001) (dismissing legal malpractice claim with prejudice because plaintiff could not establish that, "but for" the lawyer's negligence, the plaintiff would have prevailed on the underlying claim).

---

[1]SKGF is an intellectual property law firm headquartered in Washington D.C.   Counterclaims ¶ 16. Although there may ultimately be a choice-of-law issue in this case, it appears unnecessary for the Court to make a choice-of-law determination at this stage because Florida law and D.C. law on these issues do not appear to be materially different.

And to properly plead damages, the plaintiff must allege that he has suffered an actual injury stemming from the lawyer's alleged misconduct. *See Loftin,* 2003 WL 22225621 at \*7-8; *Sentinel Products Corp. v. Platt,* 2002 WL 1613713, \*2 (D. Mass. July 22, 2002) (to sue attorney for breach of fiduciary duty, the client must be able to prove that the breach caused him some specific harm); *Bankers Trust Reality, Inc.,* 672 So. 2d at 898-99; *Herbin,* 806 A.2d at 196.

Qualcomm has wholly failed to allege "but for" causation.  It has not even tried. Nor have damages been properly pled.  In Count X, Qualcomm alleges that SKGF breached its fiduciary duty of loyalty to Qualcomm in two specific ways: (1) "by providing legal counsel to ParkerVision in preparing to file this action;" and (2) "when one of its partners, Robert Sterne, participated in and failed to recuse himself from ParkerVision board discussions concerning the initiation of the present litigation against Qualcomm." Counterclaims, ¶¶ 147, 148.  Qualcomm claims that it has been damaged as a result of these two alleged breaches by "being required to defend against [ParkerVision's infringement] lawsuit."  Counterclaims, ¶ 149.

Count X is insufficient to state a claim because Qualcomm has not  alleged that, "but for" SKGF's conduct – in allegedly helping ParkerVision prepare to file its infringement suit and allowing a SKGF partner to participate in ParkerVision board discussions about filing suit -- Qualcomm would not have suffered the alleged harm of being required to defend against the infringement suit.[2]  Specifically, nowhere has

---

[2] At most, Qualcomm has alleged that SKGF lawyers breached ethical duties to Qualcomm. However, an alleged ethical violation, without a showing of damages proximately caused by the violation, is not actionable.  *See Sentinel,* 2002 WL 1613713 at \* at 2-4 (finding that lawyers' fiduciary duties require avoiding conflicts of interest, however, to be actionable conflicts must be the proximate cause of injury).

Qualcomm alleged that but for these actions, ParkerVision would not have filed suit to protect its patents from infringement.

SKGF did not file the infringement suit on behalf of ParkerVision. ParkerVision's counsel of record in the infringement suit is Smith, Hulsey & Busey ("Smith Hulsey") and Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. ("Allen Dyer"). Both Ava K. Doppelt, Esq. and Brian R. Gilchrist, Esq., the Allen Dyer attorneys who have appeared as counsel for ParkerVision, are Board Certified by the Florida Bar in intellectual property law. These other law firms and attorneys representing ParkerVision in the litigation obviously evaluated ParkerVision's claims and determined that ParkerVision had a good faith basis to sue Qualcomm for patent infringement. *See* Rule 11, Fed. R. Civ. P.[3] Thus, it is impossible for Qualcomm to allege that it would not have been sued for infringement "but for" SKGF's alleged pre-litigation involvement. *See Sentinel,* 2002 WL 1613713 at *4 (finding that causation was not established where plaintiff did not demonstrate that result would have been different if it had been represented by a different, conflict-free attorney).

---

Moreover, SKGF denies that any of its lawyers committed ethical violations and is prepared to defend those allegations in the appropriate forum. While Qualcomm purports to paraphrase from the 2010 engagement and waiver letters (Counterclaims ¶¶ 128, 129), it is telling that Qualcomm fails to attach them as exhibits. Those letters show the full scope of the conflict-waivers agreed to by Qualcomm, while represented by its in-house counsel, and they eliminate any basis for the alleged ethical violations.

[3] Rule 11 of the Federal Rules of Civil Procedure "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Hoffman-La Roche, Inc. v. Invamed, Inc.,* 213 F.3d 1359, 1363 (Fed. Cir. 2000)(internal citation omitted)(discussing reasonableness of inquiry made by plaintiff's attorneys before filing patent infringement action); *Cambridge Prods. Ltd. v. Penn Nutrients Inc.* 962 F.2d 1048 (Fed. Cir. 1992) (same).

The allegation that "Robert Sterne, participated in and failed to recuse himself from ParkerVision board discussions concerning the initiation of the present litigation against Qualcomm" (Counterclaims, ¶ 148) is based purely on a negative inference Qualcomm draws from the fact that SKGF did not provide Qualcomm with specific information about Mr. Sterne's involvement in ParkerVision board discussions (see Counterclaims, ¶¶ 138, 139, 142, 143).[4]   Even if Qualcomm's allegation was true, however, it has failed to allege that, but for Mr. Sterne's purported participation in the board discussions, the numerous other board members would not have voted to protect ParkerVision's patent rights against infringement by Qualcomm.

Qualcomm has similarly failed to sufficiently allege damages stemming from SKGF's alleged misconduct.  Qualcomm's allegation that it has been damaged by having to defend the infringement suit is insufficient and premature because, until there is a resolution of the infringement claims, it is impossible to say that Qualcomm has actually suffered damage as a result of SKGF's alleged breaches of duty. *See Loftin,* 2003 WL 22225621 at *7-8 (dismissing breach of fiduciary duty claim against former lawyers and accountants, and finding that plaintiff failed to allege an actual injury in connection with IRS dispute because, until dispute is resolved, it is impossible to determine whether plaintiff has actually been injured by defendants' alleged misconduct or whether plaintiff will ultimately have to pay back-taxes, simply because he owed them); *Kirkland & Ellis,* 1996 WL 559951 at *9 (in suit alleging that lawyers' malpractice and breach of fiduciary

---

[4] SKGF denies that Mr. Sterne had any involvement in the decision of ParkerVision's board to file suit against Qualcomm.

duty in client's underlying infringement suit caused client to suffer damages in form of lost judgments and lost settlement proceeds, finding that "entire issue of damages was mooted" by the later invalidation of client's patents through no fault of the lawyers). If Qualcomm is ultimately found liable for infringing the patents at issue, Qualcomm cannot claim that it has been "damaged" by having to defend the infringement suit. And Qualcomm certainly cannot allege that SKGF caused Qualcomm to infringe.[5] Thus, until the patent infringement claims are resolved, Qualcomm's allegation that it has been damaged by having to defend the infringement suit is premature and insufficient to state a claim for breach of fiduciary duty. Accordingly, Count X must be dismissed for failure to state a claim because it fails to sufficiently allege proximate cause and damages.

**C.   Qualcomm's breach of contract claim against SKGF must be dismissed for failure to state a claim because Qualcomm has not alleged (1) causation - that SKGF's purported breach of contract caused Qualcomm to be sued for patent infringement, and (2) resulting damages.**

Count XII for breach of contract against SKGF must be dismissed for the same reasons; it fails to state a claim because Qualcomm has failed to sufficiently allege causation and damages. As with breach of fiduciary duty, to state a claim for breach of contract, a plaintiff must sufficiently allege causation and damages. *See Sentinel,* 2002 WL 1613713 at *3-4; *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009)(applying Florida law); *Jia Di Feng v. See-Lee Lim,* 786 F.Supp.2d 96, 104-05 (D.D.C. 2011)(applying D.C. law); *Parrish v. National Football League Players Assoc.,* 2007 WL 3456988, *2 (N.D.Cal. November 14, 2007)(applying California law).

---

[5]Even if Qualcomm ultimately prevails on its defense that it does not infringe or that the patents are invalid, Qualcomm cannot show that SKGF's alleged ethical violations are the "but for" cause of Qualcomm having to defend the action. As discussed above, the infringement action was not brought by SKGF, but by the Smith Hulsey and Allen Dyer law firms.

In Count XII, Qualcomm alleges that SKGF materially breached a January 12, 1999 letter agreement among SKGF, Qualcomm, and ParkerVision "by representing ParkerVision and participating on behalf of ParkerVision in litigation against Qualcomm." Counterclaims, ¶¶ 157, 158. Qualcomm alleges that, in the letter agreement, SKGF agreed that it would not participate in litigation against Qualcomm, at least as long as SKFG continued to represent Qualcomm. Counterclaims, ¶ 126. However, Qualcomm does not attach the letter agreement sued upon as an exhibit to its Counterclaims. As to causation and damages, Qualcomm alleges that it "suffered injury as a proximate result of [SKGF's] breach of contract by . . . being required to defend against a lawsuit alleging the infringement of [ParkerVision's] patents . . . ." Counterclaims, ¶ 159.

Count XII is insufficient to state a claim because Qualcomm has not alleged that SKGF's alleged breach of contract – participating on behalf of ParkerVision in litigation against Qualcomm -- caused Qualcomm to suffer the "harm" of being required to defend against the infringement suit.[6] SKGF incorporates the same arguments set forth in detail in section B above. In short, Qualcomm has not alleged "but for" causation -- that SKGF is the cause of the infringement suit, because two other law firms, not SKGF, brought the infringement suit. And Qualcomm's allegation that it has been damaged by having to defend the infringement suit is insufficient and premature because, until the infringement claims are resolved, it is impossible to say that Qualcomm has actually

---

[6] Qualcomm's allegation in Count XII that SKGF participated in the litigation on behalf of ParkerVision (¶ 158) is not only factually inaccurate and unsupported, but is contradicted by Qualcomm's allegations in Count X that SKGF was merely involved in pre-litigation activities. *See* Counterclaims, ¶¶ 147-148.

suffered damage as a result of SKGF's alleged breaches of contract. Accordingly, Count XII must be dismissed for failure to state a claim because it fails to sufficiently allege causation and damages

**D.    Qualcomm's claims against SKGF should be dismissed and Qualcomm should be required to file a more definite statement, because Qualcomm has improperly incorporated all of its allegations relating to other claims into each claim against SKGF.**

In its claims against SKGF, Counts X and XII, Qualcomm incorporates by reference and realleges every preceding paragraph of factual allegations, including allegations that are wholly irrelevant to the claims against SKGF. See Counterclaims, ¶¶ 114, 156. This improper incorporation of every preceding allegation makes it impossible for SKGF to tell with certainty which allegations are intended to relate to the claims against SKGF, which allegations SKGF must respond to, and even which counts are seeking relief against SKGF.

Under the Federal Rules of Civil Procedure, a defendant faced with this type of "shotgun" pleading is not expected to frame a responsive pleading. *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.,* 2009 WL 92846, * 2 (M.D. Fla. January 14, 2009)(dismissing plaintiff's complaint in its entirety for improper shotgun pleading). The entire pleading is subject to dismissal, pursuant to Rule 12(e), Federal Rules of Civil Procedure, with the requirement that the plaintiff file a more definite statement. *See id.; Anderson v. Board of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996). Accordingly, Qualcomm's Counterclaims should be dismissed and Qualcomm should be required to cure these pleading deficiencies in any amended pleading.

11

E.     **If Qualcomm is attempting to name SKGF as a party to its declaratory relief claims relating to the Patents-in-Suit, those claims must be dismissed because SKGF is not a proper party to such claims, inequitable conduct is not a basis for an affirmative claim, and Qualcomm has failed to plead the claims with sufficient particularity.**

Counts I through IX of Qualcomm's Counterclaims are claims for declaratory relief that seek declarations that the Patents-in-Suit are either unenforceable, invalid, or not infringed by Qualcomm.  It does not appear that Qualcomm is naming SKGF as a party to its declaratory relief claims, because SKGF is not mentioned.  However, because Qualcomm has pled its Counterclaims in a confusing and unclear manner by, among other things, improperly incorporating all preceding allegations into each count, SKGF moves to dismiss Counts I through IX to the extent that Qualcomm intended to name SKGF as a party.

First, SKGF is not a proper party to the declaratory relief claims because it has no interest in the Patents-in-Suit. *See Newmatic Sound Systems, Inc. v. Magnacoustics, Inc.,* 2010 WL 1691862, *3 (N.D. Cal. April 23, 2010) (in declaratory relief claim for patent non-infringment,  invalidity, or unenforceability, court must dismiss claims where the party sued is neither the patent owner or the exclusive licensee of the patent owner). Second, Counts I through VII are based on alleged "inequitable conduct."  Inequitable conduct is an equitable defense to patent infringement; it is not a basis for an affirmative claim for damages. *See Dow Chemical Co. v. Exxon Corp.,* 139 F.3d 1471, 1478 (Fed. Cir. 1998).

Third, if Qualcomm intended to name SKGF as a party, through the "shotgun" incorporation of allegations or otherwise, then Qualcomm has failed to plead Counts I

through IX with sufficient particularity. *See McWhorter*, 2009 WL 92846 at * 2; *Anderson*, 77 F.3d at 366.

**F.    Alternatively, Qualcomm's claims against SKGF should be abated or stayed until the underlying patent infringement claims are resolved because its claims against SKGF have not accrued.**

If Qualcomm's claims against SKGF are not dismissed on the grounds set forth above, the claims should be abated or stayed until the underlying patent infringement proceeding is concluded, because Qualcomm's claims against SKGF are premature. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001). A malpractice claim, like that alleged against SKGF in Count X, accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings. *Id.* Redressable harm for legal malpractice cannot be established until an adverse judgment has been rendered against the client. *Hold v. Manzini*, 736 So. 2d 138, 142 (Fla. 3d DCA 1999). Until that time the claim is "hypothetical and damages are speculative." *Id.*

In this case, the underlying patent infringement suit against Qualcomm has just begun. Any purported damage to Qualcomm is purely speculative. The fact that Qualcomm is incurring attorney's fees or other expenses in defending the infringement claims is not sufficient to establish redressable harm for purposes of its claims against SKGF. *See Bierman v. Miller*,  639 So. 2d 627, 628 (Fla. 3d DCA 1994). Thus, Qualcomm's malpractice claim is premature and should be abated or stayed until the underlying infringement suit is concluded.

For the same reasons, Qualcomm lacks redressable damages on its breach of contract claim against SKGF, Count XII. Accordingly, Count XII is also premature and should be abated or stayed until the conclusion of the infringement suit.

## III.  Conclusion

For the foregoing reasons, SKGF respectfully requests that the Court grant its motion to dismiss each of Qualcomm's Counterclaims against SKGF for failure to state a claim, and grant its motion for more definite statement.  Alternatively, if the Counterclaims are not dismissed, SKGF requests that the Court abate or stay all Counterclaims against SKGF until the underlying patent infringement claims are resolved.

Dated: November 7, 2011          By:    s/

David M. Wells – Trial Counsel
Florida Bar #309291
David R. Atkinson
Florida Bar #767239
Katherine H. Underwood
Florida Bar #0058995
*Counsel for Sterne, Kessler, Goldstein & Fox PLLC*
GUNSTER, YOAKLEY & STEWART, P.A.
225 Water Street, Suite 1750
Jacksonville, FL 32202
Telephone:  904-354-7980
Facsimile:  904-354-2170
dwells@gunster.com
datkinson@gunster.com
kunderwood@gunster.com

14

## CERTIFICATE OF SERVICE (Documents filed via CM/ECF)

I hereby certify that on the 7th day of November, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### ELECTRONIC MAIL SERVICE LIST
### CASE NO.: 3:11-CV-719-J-37-JBT

### *Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

John A. DeVault, III
jad@bedellfirm.com
Courtney Kneece Grimm
cgrimm@bedellfirm.com
Bedell, Dittman, DeVault, Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL  32202
Phone:  904-353-0211
Facsimile:  904-353-9307
FLABAR#103979

Keith R. Hummel
khummel@cravath.com
David Greenwald
dgreenwald@cravath.com
Joseph Everett Lasher
jlasher@cravath.com
Peter A. Emmi
pemmi@cravath.com
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue

New York, New York  10019-7475
Phone: 212-474-1000
Fax:  212-474-3700

Christopher A. Hughes
Christopher.Hughes@cwt.com
John Moehringer
John.moehringer@cwt.com
Robert Pollaro
Robert.pollaro@cwt.com
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Phone:212-504-6000
Fax:  212-504-6666

***Counsel for Plaintiff, Counterclaim Defendant, ParkerVision***
Ava K. Doppelt
adoppelt@addmg.com
Brian R. Gilchrist
bgilchrist@addmg.com
Jeffrey Scott Boyles
jboyles@addmg.com
Allen, Dyer, Doppelt, Milbrath & GilChrist, PA
255 S Orange Ave – Ste 1401
PO BOX 3791
Orlando, FL  32801
Phone:  407-841-2330
Fax: 407-841-2343

Stephen D. Busey
busey@smithhulsey.com
James Arthur Bolling
jbolling@smithhulsey.com
Smith, Hulsey & Busey
225 Water St – Ste 1800
PO BOX 53315
Jacksonville, FL  32202-3315
Phone:  904-359-7700
Fax:  904-359-7708

David M. Wells

JAX_ACTIVE 3124961.4