**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**PARKERVISION, INC.,**

                Plaintiff,              Case No.: 3:11-cv-719-RBD-JBT

v.

**QUALCOMM INCORPORATED,**

                Defendant.

                                        /

**PARKERVISION'S MOTION AND MEMORANDUM
TO STRIKE CERTAIN OF QUALCOMM'S AFFIRMATIVE DEFENSES**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike Qualcomm Incorporated's ("Qualcomm") affirmative defenses of invalidity, prosecution history estoppel and disclaimer, laches, inequitable conduct, and unclean hands, because they are legally insufficient.

**I.    INTRODUCTION**

ParkerVision filed this patent infringement action against Qualcomm alleging infringement of seven patents[1] directed generally to technology for extracting data from radio signals. ParkerVision's patented technology has numerous benefits, including enabling the use of smaller and less expensive integrated circuits in wireless devices, such as cell phones, without a decrease in performance. Qualcomm has made infringing use of ParkerVision's patented technology in integrated circuits that Qualcomm markets for use in cell phones. On

---

[1] The seven patents asserted (the "Patents-in-Suit") are United States Patent Nos. 6,061,551 ("the '551 Patent"); 6,266,518 ("the '518 Patent"); 6,370,371 ("the '371 Patent"); 7,496,342 ("the '342 Patent"); 7,515,896 ("the '896 Patent"); 7,724,845 ("the '845 Patent"); and 7,822,401 ("the '401 Patent"). *See* Complaint, Dkt. 1, ¶ 9.

September 16, 2011, Qualcomm responded to the Complaint, asserting affirmative defenses that included invalidity, prosecution history estoppel and disclaimer, laches, inequitable conduct, and unclean hands. Qualcomm Answer, Dkt. 18, pp. 3-4. Each of these affirmative defenses is insufficient as a matter of law, failing to provide fair notice of the defenses or the grounds on which they rest.

## II.  LEGAL STANDARDS

A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); Rule 12(f), Fed.R.Civ.P. ("The court may strike from a pleading an insufficient defense…."). Affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8. *United Fixtures Co. v. Base Mfg.*, 2008 U.S. Dist. LEXIS 114766, 10-11 (M.D. Fla. Sept. 12, 2008). To comply with Rule 8, a defendant must provide "fair notice" of the defense and "the grounds upon which it rests." *Drzik v. Haskell Co.*, 2011 U.S. Dist. LEXIS 80106, *2 (M.D. Fla. July 22, 2011). "If the affirmative defense comprises no more than 'bare bones conclusory allegations, it must be stricken.'" *Microsoft Corp.*, 211 F.R.D. at 684; *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). In addition, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for affirmative defenses that sound in fraud, such as claims based on inequitable conduct or unclean hands, requiring a party to "state with particularity the circumstances constituting fraud." Rule 9(b), Fed.R.Civ.P.; *United Fixtures*, 2008 U.S. Dist. LEXIS 114766, 11.

Rule 12(f) gives courts substantial discretion to strike affirmative defenses that are

insufficient as a matter of law "in order to avoid unnecessary time and money in litigating invalid and spurious issues." *See Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005); *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). The justification for striking insufficient affirmative defenses discussed in *Allapattah* is particularly relevant here, where the defenses at issue are likely to significantly increase the cost, duration, and complexity of this already complicated patent litigation. For example, invoking the defense "invalidity" on every ground available under the Patent Act provides no fair notice, and boundlessly widens the scope of discovery. Similarly, merely identifying the defenses of unclean hands and inequitable conduct, without identifying any basis, subjects this action to unnecessary discovery and evidentiary issues while also subjecting those associated with ParkerVision to unwarranted character attacks. These are the very harms the Federal Circuit recently sought to eliminate by raising the standards for claims of inequitable conduct. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011) (finding "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague" … "discourages settlement" … [and] "increases the complexity, duration and cost of patent infringement litigation that is already notorious for its complexity and high cost.").

### III. QUALCOMM'S LEGALLY INSUFFICIENT AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

#### A. Invalidity is Not Sufficiently Pleaded

In its third listed affirmative defense Qualcomm alleges: "Each claim of the Patents-in-Suit is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112." Dkt. 18, p. 3.

3

Qualcomm makes a broad assertion that ParkerVision's patents are invalid due to a failure to comply with various statutory requirements, "including but not limited to" four different statutory sections. The court in *United Fixtures* struck down similar language, stating it was totally devoid of any allegations that would put a plaintiff on notice of the factual basis for the legal defense asserted. *United Fixtures*, 2008 U.S. Dist. LEXIS 114766, *13 (citing *Advanced Cardiovascular Systems, Inc. v. Medtronics, Inc.*, 1996 U.S. Dist LEXIS 11696, *11 (N.D. Cal. 1996) ("Since the [statutory sections cited in the affirmative defense] provide numerous grounds for finding a patent invalid, the defendant must provide a more specific statement of the basis for this defense in order to give [plaintiff] fair notice of the claims being asserted.")). The court in *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1041-2 (N.D. Cal. 1991), similarly struck down general allegations that a patent was invalid for "one or more" broad reasons, finding the patentee could not, on the allegations made, "begin to preserve relevant evidence, identify related claims, or begin to prepare an answer." The *Grid Systems* court stated that to be sufficient, claims of patent invalidity must "link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Id.* at 1042.

The pleading at issue in this case merely states that the Patents-in-Suit are invalid under any one or more of four sections of the Patent Act, without indicating which patent violates which section or how. Even incorporating the allegations of the Counterclaims, and assuming the alleged prior art identified could be construed or combined in some way to constitute an argument for anticipation (§102) or obviousness (§103), there is still no allegation anywhere in Qualcomm's pleadings that could support a defense under §101

(defining patentable subject matter) or §112 (defining specification requirements). Since the pleadings do not put ParkerVision on fair notice of any claimed basis of invalidity that might be cognizable under 35 U.S.C. §§ 101 or 112, Qualcomm's invalidity defense should be stricken as to those unsupported grounds. In addition, the language, "including but not limited to" in the affirmative defense likewise fails to put ParkerVision on fair notice of other unknown defenses potentially lurking in the case. *See Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2011 U.S. Dist. LEXIS 121070, 15-16 (M.D. Fla. Sept. 12, 2011). ParkerVision respectfully requests the Court strike the defense of invalidity to the extent it purports to be based on 35 U.S.C. §§ 101 or 112 or on sections of Title 35 not specifically identified, and to limit any assertion of invalidity under §102 and §103 to the alleged prior art identified in Qualcomm's pleadings.

**B.     Prosecution History Estoppel and Disclaimer is Not Sufficiently Pleaded**

In its fourth listed affirmative defense Qualcomm alleges: "ParkerVision's claims of patent infringement against Qualcomm are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer." Dkt. 18, p. 3. In general, these defenses apply equitable principles to limit the scope of patents based on a patentee's statements or positions taken during prosecution. However, Qualcomm's pleadings are barren of any allegation that ParkerVision somehow limited the scope of the Patents-in-Suit during prosecution.

When invoked as an affirmative defense, prosecution history estoppel may preclude a patentee from recapturing subject matter which was surrendered during prosecution to obtain a patent. *Responsible Me, Inc. v. Evenflo Co.*, 2008 U.S. Dist. LEXIS 65775, *13-14 (S.D.

Fla. 2008). In effect, prosecution history estoppel prevents a patentee from arguing infringement under the doctrine of equivalents with respect to claim limitations that were narrowed during prosecution, either by amendment or argument, for reasons related to patentability. *Id.* at 14-15. Prosecution disclaimer also prevents a patentee from reclaiming subject matter surrendered during prosecution. *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003). Unlike prosecution history estoppel, however, disclaimer limits the literal scope of a claim based on a patentee's unequivocal disavowal of a particular meaning of a claim. *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1177 (Fed. Cir. 2008).

Qualcomm's pleadings are totally devoid of any allegations that would put ParkerVision on notice of the factual basis for its assertions of prosecution history estoppel and prosecution disclaimer. At a minimum, Qualcomm must plead the subject matter that was surrendered or disavowed during prosecution, and the point in the prosecution history the alleged surrender or disavowal occurred. *See Automated Transaction Corp. v. Bill Me Later, Inc.*, 2010 U.S. Dist. LEXIS 97557 (S.D. Fla. Aug. 27, 2010) (instructing defendant that any attempt to re-plead the defense of prosecution history estoppel "should identify a date of whatever Patent Office filing Defendant relies upon."). The prosecution histories of the Patents-in-Suit consist of thousands of pages, and Qualcomm's conclusory allegation that somewhere in documents dating back more than fifteen years is a limiting statement or argument, suggests the commencement of an expensive and time consuming sequence of discovery disputes and motion practice. Because Qualcomm fails to satisfy the pleading requirements of Rule 8, these defenses must be stricken.

### C. Laches is Not Sufficiently Pleaded

In its fifth listed affirmative defense Qualcomm alleges: The '551 Patent, the '518 Patent and the '371 Patent are unenforceable, in whole or in part, against Qualcomm under the doctrine of laches, because ParkerVision waited until July 2011, many years after the issuance of these patents, to sue Qualcomm, which delay was unreasonable and has prejudiced Qualcomm." Dkt. 18, p. 4. The defense of laches has two elements: (1) unreasonable and inexcusable delay, and (2) material prejudice resulting from the delay. *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1349 (Fed. Cir. 2009); *A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). There is no presumption of laches where the alleged delay is less than six years after the patent owner knew or should have known of the allegedly infringing activity. *Id*. at 1349-50. Material prejudice may be evidentiary or economic. *A. C. Aukerman*, 960 F.2d at 1033. Evidentiary, or "defense" prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss or unavailability of evidence. *Id*. Economic prejudice may arise where a defendant will suffer the loss of monetary investments, or incur damages, which likely would have been prevented by earlier suit. *Id*. However, such damages or monetary losses are not merely those attributable to a finding of liability for infringement, or prejudice would be found in every suit. *Id*. "It is not enough that the alleged infringer changed his position -- i.e., invested in production of the allegedly infringing device. The change must be because of and as a result of the delay, not simply a business decision to capitalize on a market opportunity." *Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1294 (Fed. Cir. 1992).

In this case, Qualcomm has not alleged either element of the laches defense. There is no allegation that ParkerVision delayed in bringing the infringement claims asserted after it became aware or should have been aware of Qualcomm's infringement. The pleadings are silent as to how Qualcomm has been prejudiced in some way by any delay. There is no alleged loss of evidence. There is no allegation that Qualcomm changed its position in some material way as a result of a delay by ParkerVision. Qualcomm has failed to offer a single non-conclusory allegation which might support a defense of laches. As such, the defense should be stricken to avoid wasteful and meritless distraction from the important issues in this case.

### D. Inequitable Conduct is Not Sufficiently Pleaded

Qualcomm's sixth listed affirmative defense of inequitable conduct is deficient for the reasons set forth in ParkerVision's concurrently filed Motion to Dismiss Qualcomm's Counterclaims for inequitable conduct. *See Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-1357 (Fed. Cir. 2007) (affirming district court's dismissal of inequitable conduct defense and also affirming, under Eleventh Circuit law, district court's denial of leave to amend). As this Court recognized in *Graphic Packaging*, an affirmative defense of inequitable conduct is subject to the heightened pleading requirements set forth in *Exergen v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). *See Graphic Packaging*, 2011 U.S. Dist. LEXIS 121070, 12 n. 4. Even incorporating the allegations of Qualcomm's Counterclaims into the affirmative defense of inequitable conduct, Qaulcomm has failed to set forth a legally cognizable theory of inequitable conduct, because disputed attorney argument and purportedly "burying" references in disclosures to

the PTO cannot provide the foundation for a charge of inequitable conduct. *See Life Techs., Inc. v. Clontech Lab., Inc.*, 224 F.3d 1320, 1326 (Fed. Cir. 2000) ("an applicant is free to advocate its interpretation of its claims and the teachings of prior art."); *See Fiskars, Inc. v. Hunt Mfg.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000) ("An applicant can not be guilty of inequitable conduct if the reference was cited to the examiner."). In addition, Qualcomm does not allege "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO" in compliance with Rule 9(b). *See Exergen*, 575 F.3d at 1324-31. Accordingly, the affirmative defense of inequitable conduct must be stricken.

E. **Unclean Hands is Not Sufficiently Pleaded**

In its seventh listed affirmative defense Qualcomm alleges: "ParkerVision's claims of patent infringement against Qualcomm are barred in whole or in part by the doctrine of unclean hands." Dkt. 18, p. 4. To assert a defense of unclean hands, a defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it asserted. *Calloway Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993); *Yazici v. Destiny of Davenport Fla., LLC*, 2011 U.S. Dist. LEXIS 38952, 4-5 (M.D. Fla. March 30, 2011); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608, 4 (S.D. Fla. 2007) (striking the affirmative defense of unclean hands where the pleadings lacked "any supporting facts or the element of the defense."). In *Yazici*, the Court struck an affirmative defense of unclean hands where the pleadings provided "no factual basis for such a defense." *Yazici*, 2011 U.S. Dist. LEXIS 38952, 4-5.

Here, Qualcomm conclusively asserts that ParkerVision's claims are barred under the

doctrine of unclean hands, but fails to identify any conduct giving rise to unclean hands. Qualcomm's pleading fails to provide fair notice of the basis for stating that ParkerVision brought this action with unclean hands. There is no allegation in Qualcomm's pleadings of any wrongdoing by ParkerVision, much less conduct that is directly related to the infringement claims asserted. To the extent Qualcomm intends to piggyback its inequitable conduct claims, the allegations there fall well short of the satisfying Rule 9(b) and *Exergen*, as discussed above and in ParkerVision's concurrently filed Motion to Dismiss. As such, Qualcomm's defense of inequitable conduct is insufficient and must be stricken.

## IV. CONCLUSION

Qualcomm's allegations fail to support five of the seven affirmative defenses asserted. ParkerVision respectfully requests this Court strike:

(i) the defense of invalidity to the extent it purports to be based on 35 U.S.C. §§ 101 or 112 or on sections of Title 35 not specifically identified, and to limit any assertion of invalidity under §102 and §103 to the alleged prior art identified in Qualcomm's pleadings;

(ii) the defense of prosecution history estoppel and/or prosecution disclaimer;

(iii) the defense of laches;

(iv) the defense of inequitable conduct; and

(v) the defense of unclean hands.

### Rule 3.01(g) Certification

Counsel for ParkerVision, Ava K. Doppelt, conferred with counsel for Qualcomm, David R. Greenwald, who represented that Qualcomm is opposed to the relief requested in this Motion.

Dated: November 7, 2011.

By: */s/Jeffrey S. Boyles*
    Jeffrey S. Boyles

Stephen D. Busey
Florida Bar No. 117790
busey@smithhulsey.com
James A. Bolling
jbolling@smithhulsey.com
Florida Bar No. 901253
SMITH HULSEY & BUSEY
225 Water Street, Ste. 1800
Jacksonville, FL 32202
Telephone: (904) 359-7700
Facsimile: (904) 353-7708

and

Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Ava K. Doppelt, Esq.
Florida Bar No. 393738
adoppelt@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 S. Orange Avenue, Ste. 1401
Orlando, FL 32802
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for ParkerVision, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this 7th day of November, 2011 and which will electronically transmit an electronic copy to:

| | |
|---|---|
| Joseph E. Lasher, Esq.<br>jlasher@cravath.com<br>Keith R. Hummel, Esq.<br>khummel@cravath.com<br>David R. Greenwald, Esq.<br>dgreenwald@cravath.com<br>Peter A. Emmi, Esq.<br>pemmi@cravath.com<br>Cravath, Swaine & Moore, LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019 | David M. Wells<br>dwells@gunster.com<br>David R. Atkinson<br>datkinson@gunster.com<br>Katherine H. Underwood<br>kunderwood@gunster.com<br>Gunster, Yoakley & Stewart, P.A.<br>One Enterprise Center<br>225 Water Street, Suite 1750<br>Jacksonville, Florida 32202<br><br>**Counsel for Sterne, Kessler,<br>Goldstein & Fox PLLC** |

John DeVault, Esq.
jad@bedellfirm.com
Bedell, Dittmar, DeVault,
  Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202

Christopher A. Hughes, Esq.
Christopher.Hughes@cwt.com
John T. Moehringer, Esq.
john.moehringer@cwt.com
Robert M. Pollaro, Esq.
robert.pollaro@cwt.com
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281

**Counsel for Qualcomm Incorporated**

*/s/ Jeffrey S. Boyles*
Jeffrey S. Boyles