UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | |
|---|---|
| PARKERVISION, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-719-RBD-JBT |
| | ) |
| QUALCOMM INCORPORATED, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>PLAINTIFF PARKERVISION, INC.'S RESPONSE TO
QUALCOMM'S MOTION FOR A PRELIMINARY INJUNCTION</u>**

**I.    INTRODUCTION**

There is no actual case or controversy involving Sterne Kessler's representation of ParkerVision in this litigation. Sterne Kessler and ParkerVision have repeatedly and unequivocally told Qualcomm that Sterne Kessler is not representing and will not represent ParkerVision in this litigation. As a result, the Court does not have Article III jurisdiction to grant Qualcomm's requested injunctive relief. Moreover, as Qualcomm cannot prove any threat of irreparable injury, Qualcomm cannot demonstrate that it is entitled to an injunction. The Court should therefore deny Qualcomm's motion.

**II.   ARGUMENT IN RESPONSE**

**A.   Qualcomm cannot establish standing for Its requested injunctive relief.**

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. U.S. Const. art. 3, § 2. The standing doctrine is an aspect of this case or controversy requirement. See *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968). "Before rendering a decision . . . every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issue and both parties are prepared to concede it." *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1422 (11th Cir. 1995) (quoting *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir. 1991)).

Moreover, a party "must demonstrate standing separately for each form of relief sought." *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)); *see also Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996) ("Standing is not dispensed in gross.").

If a party seeks injunctive relief, that party must establish standing by demonstrating that it is likely to suffer future injury. *See Cone Corp. v. Florida Dep't*

*of Transp.*, 921 F.2d 1190, 1203 (11th Cir. Fla. 1991). To demonstrate the threat of future injury, a party "must present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff so that the [party] 'personally will benefit in a tangible way' from court action." *See id*. at 1204 (quoting *Warth v. Seldin*, 422 U.S. 490, 508 (1975)). Further, "[t]he injury must be 'real and immediate,' not 'conjectural' or 'hypothetical.'" *See id*. (quoting *Lyons*, 461 U.S. at 102)).

Here, Qualcomm cannot establish standing because the requested relief it seeks is moot. Sterne Kessler is not representing ParkerVision in this litigation, and Qualcomm acknowledges this in its motion. *See* Motion at 9 (acknowledging that Sterne Kessler has represented to Qualcomm that it "will not advise ParkerVision in the pending Florida matter or any related litigation"). Because Sterne Kessler is not going to represent ParkerVision in this matter, Qualcomm has no real and immediate threat of future injury. Qualcomm has presented no specific or concrete facts that suggest that Sterne Kessler will represent ParkerVision in this litigation in the future. Even Qualcomm's theories that Sterne Kessler provided counsel to ParkerVision in the past are based on faulty logic and speculation. Finally, Qualcomm would not benefit in any tangible way if the Court were to enjoin Sterne Kessler, as both Sterne Kessler and ParkerVision have represented that Sterne Kessler will not represent ParkerVision in this matter even without being enjoined from doing so. Without an

McKool 404146v3

actual case or controversy involving Sterne Kessler's representation of ParkerVision in this litigation, the Court does not have Article III jurisdiction to grant Qualcomm's requested injunctive relief.

Notably, this conclusion would be so even if the Court were to credit Qualcomm's unsubstantiated assertion that Sterne Kessler had past involvement in this litigation. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. Ga. 1984) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).[1]

### B. Qualcomm cannot demonstrate that it is entitled to a preliminary injunction.

Much like standing, the fact that Sterne Kessler will not represent ParkerVision in this matter defeats Qualcomm's ability to meet the four necessary criteria required for an injunction. "A district court may grant a preliminary injunction only upon the movant's showing that (1) it has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the

---

[1] To be clear, ParkerVision is not suggesting that cessation of conduct automatically precludes an injunction against that conduct. Rather, ParkerVision is simply reiterating that the Court does not have jurisdiction because of Qualcomm's failure to demonstrate a real and immediate threat of future harm. *See Lyons*, 461 U.S. at 109 ("The equitable doctrine that cessation of the challenged conduct does not bar an injunction is of little help in this respect, for Lyons' lack of standing does not rest on the termination of the police practice but on the speculative nature of his claim that he will again experience injury as the result of that practice even if continued.")

threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve the public interest." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001). As Qualcomm cannot meet the first and second criteria (the third and fourth criteria are neutral), the Court should not enter an injunction.

1.  *Qualcomm does not have a substantial likelihood of success.*

As discussed above, Qualcomm cannot establish that it has standing for any injunctive relief. Clearly, a court should not enter a preliminary injunction on behalf of a party that has no likelihood of success in obtaining a permanent injunction.

Moreover, Qualcomm is unlikely to succeed with respect to its other forms of requested relief, as the merits of its case against Sterne Kessler are based entirely on faulty logic and speculation. Qualcomm has no evidence that Sterne Kessler counseled ParkerVision in this matter. Indeed, Sterne Kessler has told Qualcomm that it would "not enter its appearance or otherwise act as counsel for ParkerVision in the pending Florida matter or any related litigation between Qualcomm and ParkerVision." (ECF 40-3 at 1 (M. Ray letter to A. Rogers)). The lynchpin of Qualcomm's allegations against Sterne Kessler is based on the fact that Sterne Kessler refused to divulge specific details regarding its representation of ParkerVision:

> As the reason for declining to answer these and other questions, Sterne Kessler cited "[its] obligations of confidentiality under District of Columbia Rule of Professional Conduct 1.6," which prohibits a lawyer from revealing client "confidences" and "secrets." *Id*. **Based on**

-5-

> **this response**, and in conjunction with Jeff Parker's statements at the July 21 conference call, **it was and remains reasonable to conclude that Sterne Kessler did, in fact, provide substantial assistance to ParkerVision in the preparation of this action.** Had it not assisted ParkerVision, there would have been no ethical impediment to Sterne Kessler's stating that it had not been involved. A simple acknowledgement of a lack of involvement could not have disserved ParkerVision's interests or compromised any confidence or secret of ParkerVision.

Motion at 9-10.[2] Sterne Kessler's claim of privilege in response to Qualcomm's highly specific inquiries does not support the adverse inference that Sterne Kessler counseled ParkerVision in this litigation. By its own account, Qualcomm sought details regarding the legal advice given by Sterne Kessler to ParkerVision through "highly specific inquiries." *See* Motion at 15. Sterne Kessler refused to disclose the specific details of the legal advice given to ParkerVision, correctly citing its obligation of confidentiality. (ECF. 40-3 at 2 (citing District of Columbia Rule of Professional Conduct 1.6)). Qualcomm's argument that an adverse inference can be drawn from Sterne Kessler's claim of privilege is untenable. If Sterne Kessler denied some of Qualcomm's inquiries, yet claimed privilege in response to other inquiries, the claims of privilege would effectively reveal Sterne Kessler's legal advice to ParkerVision. As such, Qualcomm's theory that an adverse inference can be drawn

---

[2] The "statements" made by Jeff Parker merely refer to the fact that Sterne Kessler prosecuted the patents-in-suit. *See* Motion at 8.

McKool 404146v3

from Sterne Kessler's claims of privilege is simply a *non sequitur*, and is no evidence that Qualcomm is likely to succeed in its case against Sterne Kessler.

Furthermore, the statements cited by Qualcomm solely relate to *past acts*. Regardless of whether Stern Kessler may have provided substantial assistance to ParkerVision in connection with this litigation in the past (which it did not), those past acts are no evidence of irreparable harm in the future in the face of Stern Kessler and ParkerVision's assurance that no such future acts will occur.

2.   *Qualcomm will not suffer irreparable injury absent an injunction.*

As discussed in § II.A above, Qualcomm has demonstrated no real and immediate threat of future injury because Sterne Kessler will not counsel ParkerVision in this litigation even absent an injunction. For the same reasons, Qualcomm cannot establish that it will suffer any injury—let alone irreparable injury—absent an injunction. As such, the Court should decline to enter an injunction.

McKool 404146v3

**CONCLUSION**

For the foregoing reasons, ParkerVision respectfully requests that the Court deny Qualcomm's motion.

**McKOOL SMITH, P.C.**

By: */s/ Douglas A. Cawley*
  Douglas A. Cawley, Lead Attorney
  Texas State Bar No. 04035500
  E-mail: dcawley@mckoolsmith.com
  John Austin Curry
  Texas State Bar No. 24059636
  E-mail: acurry@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

  T. Gordon White
  Texas State Bar No. 21333000
  gwhite@mckoolsmith.com

300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

and

Case 3:11-cv-00719-RBD-TEM   Document 58   Filed 11/30/11   Page 9 of 10 PageID 414

**SMITH HULSEY & BUSEY**

By: /s/ *James A. Bolling*
    Stephen D. Busey
    James A. Bolling

Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.*
-9-

McKool 404146v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, November 30, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                    */s/ James A. Bolling*
                                                        Attorney