# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

PARKERVISION, INC.,

        Plaintiff,

v.

QUALCOMM INCORPORATED,

        Defendant.

_____

QUALCOMM INCORPORATED,

        Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

        Counterclaim Defendants.

_____

Case No. 3:11-cv-719-J-37-TEM

## JOINT CASE MANAGEMENT REPORT

Pursuant to Local Rule 3.05(c)(2)(B), lead and local counsel met in person to discuss and negotiate this Case Management Report.  After the in-person meeting, counsel for the parties continued to discuss and attempt to agree on all issues that involve case management.  Although the parties were able to come to an agreement on most issues, there remain three outstanding disputes.  These disputes are detailed in the section titled "Outstanding Disputes between the Parties."  In that section, the parties submit their competing proposals and argument for their proposals.  As the parties have reached an impasse, we ask the Court to resolve these issues.  The agreements that the parties were able to reach are detailed in the section titled "Agreements between the Parties."

## OUTSTANDING DISPUTES BETWEEN THE PARTIES

### A.    Bifurcation of Trial

*(i) ParkerVision's Argument in Support of Bifurcating the Claims into Separate Trials.*

ParkerVision initiated this case as a straightforward patent infringement case against Qualcomm.  In its response, Qualcomm lodged several counterclaims that accuse Sterne Kessler of misconduct as well as some counterclaims that accuse ParkerVision of having some ancillary role in that alleged misconduct (*e.g.*, aiding and abetting Sterne Kessler's alleged breach of fiduciary duty and tortiously interfering with the contract between Sterne Kessler and Qualcomm).  These counterclaims have nothing to do with the patent-related claims between ParkerVision and Qualcomm, and they should be tried separately.

For the patent-related claims, the jury will need to resolve the issues of: (1) infringement, (2) validity, and (3) damages.  These issues, by themselves, are very complex. For infringement, the jury will have to compare each element of ParkerVision's claims, as construed by the Court, to the microscopic circuitry on each accused Qualcomm's chipsets. The jury will have to do the same analysis for every piece of prior art that Qualcomm contends invalidates the patents.  For damages, the jury will have to assign a value, in monetary terms, to the damage done to ParkerVision by Qualcomm's unauthorized use of ParkerVision's patents.  To do this, the jury will need to analyze the comparability of ParkerVision's and Qualcomm's licenses and will also need to quantify the value added by ParkerVision's technology to Qualcomm's chipsets in isolation of the value added by other technology in Qualcomm's chipsets.  Not only are these patent-related issues, by themselves, extremely complex, but they are also entirely separable from Qualcomm's counterclaims that

have nothing to do with ParkerVision's patents.

Moreover, Qualcomm will suffer no prejudice if its non-patent counterclaims are bifurcated into a separate trial.  If the trial is bifurcated, Qualcomm will still be able to tell its story, put on evidence, and seek the relief it requests—albeit slightly delayed.  This delay, however, does not prejudice Qualcomm because all alleged wrongdoing by Sterne Kessler occurred in the past, and Qualcomm therefore does not need (and cannot establish standing for) injunctive relief.  Further, any harm or prejudice allegedly caused by a short delay of an award of damages (should Qualcomm succeed in its case) could be completely remedied by pre-judgment interest.

In contrast, ParkerVision would be severely prejudiced if the Court did not bifurcate the trial.  If Qualcomm is allowed to present its counterclaims related to Sterne Kessler's alleged misconduct and ParkerVision's alleged, ancillary role in that alleged misconduct, then the jury may conflate these issues with the patent-related issues.  In fact, a consolidated trial would invite Qualcomm to conflate these issues intentionally.

### (ii) Sterne, Kessler, Goldstein, & Fox PLLC ("SKGF") Statement.

SKGF concurs with ParkerVision's position regarding the need to bifurcate the trial of the counterclaims, in particular the breach of fiduciary duty and breach of contract claims against SKGF.  SKGF believes five days are needed for the trial of these claims.

### (iii) Qualcomm's Response.

Qualcomm opposes bifurcation of its counterclaims related to breach of contract and breach of fiduciary duty.  Although Rule 42(b) confers upon federal district courts broad discretion to bifurcate claims for separate trials, the decision to bifurcate is not routinely

made. *See Precision Shooting Equip. Inc. v. Golden Eagle Indus., LLC*, 2005 WL 1669120, at *2 (M.D. Fla. July 8, 2005) (denying motion to bifurcate patent infringement and inequitable conduct). As the party seeking bifurcation, ParkerVision bears the burden of demonstrating that its proposed bifurcation "would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1347 (S.D. Fla. 2008) (denying motion to separate patent infringement claim from affirmative defenses of invalidity, willfulness and unenforceability). ParkerVision's request falls far short of that standard.

Judicial economy would not be served by the proposed bifurcation. To the contrary, proceeding on these claims in piecemeal fashion would lead to considerable inefficiency in the resolution of this case. The contract that Sterne Kessler breached and ParkerVision interfered with relates to discussions involving the direct conversion technology at issue in the patent infringement case, and there is clear factual overlap between the claims and witnesses who will be required to testify in support of or in opposition to both the breach of contract/tortious interference counterclaims and the patent infringement claims. *See Precision Shooting*, 2005 WL 1669120 at *2. It is anticipated that many of the witnesses knowledgeable about these claims will reside far from this district, making the interest in a single trial more acute. Qualcomm also believes that Sterne Kessler lawyers with information relevant to Qualcomm's claims of inequitable conduct may also have information bearing upon the claims for contractual and fiduciary duty breaches. This overlap also militates against bifurcation.

Trying Qualcomm's counterclaims simultaneously with ParkerVision's claims of patent infringement would not add significantly to the complexity of trial and would not confuse the jury.  Compared to the undeniable complexity of the disputes concerning patent infringement and validity, Qualcomm's counterclaims are relatively straightforward common law claims, not involving technological concepts.  A properly instructed jury should not have difficulty distinguishing between and deciding the factual issues relevant to each claim.  Further, ParkerVision's claim that it would suffer prejudice absent bifurcation should not be credited.  Qualcomm's counterclaims are properly asserted in this case and should not inflame the jury against ParkerVision.  Additionally, much of the evidence relevant to Qualcomm's counterclaims—in particular, the facts and circumstances surrounding the discussions between ParkerVision and Qualcomm—will necessarily be before the jury in the patent infringement case and therefore the requested bifurcation would fail to alleviate ParkerVision's purported concern.

## B.     Finality of Contentions

### (i) Qualcomm's Argument in Support of Having a Deadline for Amending Contentions.

Qualcomm requests that there be a date after which the parties may no longer seek to amend their contentions.  Inherent in the decision to require parties to exchange contentions is the assumption that at some point, those contentions should cease to be "moving targets," and that both sides should have a final understanding as to which contentions the other party will advance and what Qualcomm products are the subject of ParkerVision's infringement claims.  A date after claim construction and prior to the exchange of expert reports is an

appropriate time for such a deadline.  Accordingly, Qualcomm proposes November 1, 2012 as the last date for parties to move to amend their contentions.

ParkerVision argues that such a deadline is unnecessary because parties cannot amend their contentions without a showing of good cause, and prejudice to the non-moving party is a factor in determining good cause.  But the mere possibility that such a motion could be pending while expert reports are being prepared or shortly before trial could itself be a source of prejudicial uncertainty.  The best way to avoid such prejudice is to impose a firm deadline of November 1, 2012, as that date, after which each party will be able to rely justifiably on the contentions the other has served.

### (ii) ParkerVision's Response.

Across the country, certain district courts have implemented special rules governing patent infringement cases.   These patent rules invariably require the disclosure of infringement contentions and invalidity contentions.  The purpose of requiring infringement and invalidity contentions is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *See Performance Pricing, Inc. v. Google, Inc.*, 2009 U.S. Dist. LEXIS 84211 (E.D. Tex. 2009) (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)).[1]  To make this notice meaningful, courts typically require a showing of good cause from a party seeking to supplement or amend its contentions.  The standard of good cause

---

[1]  The parties have agreed to adopt Eastern District of Texas Local Patent Rules 3-1, 3-2, 3-3, 3-4 and 3-6 for this case, with minor clarifications.  These rules are the basis of the additional discovery set out in § IV(G). The Eastern District of Texas does not impose a hard deadline for supplementing or amending contentions.  Moreover, ParkerVision is unaware of any court that imposes a hard deadline for supplementing or amending contentions.

considers four factors: (i) the explanation for failure to meet the deadline; (ii) the importance of the thing that would be excluded; (iii) the potential prejudice in allowing the thing that would be excluded; and (iv) the availability of a continuance to cure such prejudice. *See id.* This standard allows the flexibility to account for and respond to circumstances giving rise to good cause, and it also gives the parties the certainty needed to litigate their cases effectively.

There is simply no reason why a party should be barred from supplementing or amending its contentions if that party is able to demonstrate good cause for doing so. And this goes both ways in that it would apply both to ParkerVision's infringement contentions as well as Qualcomm's invalidity contentions. (Similarly, Qualcomm's concern about the uncertainty caused by a pending motion goes both ways.) In any event, parties in patent litigation can and have prepared expert reports with pending motions, pending discovery, and even while claim construction opinions are still pending.

## AGREEMENTS BETWEEN THE PARTIES

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Motions to Add Parties or to Amend Pleadings<br>[Court recommends 1-2 months after CMR meeting] | January 9, 2012 |
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)<br>[Court recommends 30 days after CMR meeting] | January 13, 2012 |
| Plaintiff's Deadline for Serving Infringement Contentions | January 30, 2012 |
| Defendant's Deadline for Serving Invalidity Contentions | March 15, 2012 |
| Parties exchange claim terms, proposed constructions, and intrinsic evidence that allegedly supports the parties' respective, proposed constructions. | May 22, 2012 |
| Deadline for parties to file a joint claim construction statement identifying claim terms with disputed scope, competing proposed constructions, and intrinsic evidence that allegedly supports the parties' respective, proposed constructions. | June 22, 2012 |
| Deadline for parties to serve opening claim construction briefs and supporting expert declarations | July 13, 2012 |
| Deadline for parties to serve rebuttal claim construction briefs and supporting expert declarations | August 3, 2012 |
| Deadline for parties to file a Joint Pre-Hearing Statement | August 10, 2012 |
| Claim Construction Hearing | August 24, 2012 |
| Fact Discovery Deadline<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | October 30, 2012 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Disclosure of Initial Expert Reports on Issues For Which the Disclosing Party Bears the Burden of Proof | December 7, 2012 |
| Disclosure of Rebuttal Expert Reports<br><br>[Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | December 31, 2012 |
| Expert Discovery Deadline | January 31, 2013 |
| Dispositive Motions [Court recommends 5 months before trial] | February 28, 2013 |
| *Daubert* Motions [Court recommends 4 months before trial] | April 1, 2013 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | May 20, 2013 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Dalton@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Final Pretrial Conference] | May 29, 2013 |
| All Other Motions Including Motions *in Limine* [Court recommends 3 weeks before Final Pretrial Conference] | June 19, 2013 |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | July 10, 2013 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | July 31, 2013 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Estimated Length of Trial  [trial days] | 5 days (ParkerVision Position for patent-related claims) <br><br> 20 days (Qualcomm Position for all claims) <br><br> 5 days (SKGF Position for counterclaims) |
| Jury / Non-Jury | Jury[2] |
| Mediation<br><br>Deadline:<br>Mediator: Jay M. Cohen<br>Address: PO Box 2210, Winter Park, FL 32790<br><br>Telephone: (407) 644-1181<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | February 15, 2013 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____  No_X__<br><br>Likely to Agree in Future _____ |

## I.    Meeting of Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on

December 5, 2011 at the law firm of Smith Hulsey & Busey and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Douglas Cawley | ParkerVision |

---

2  The parties demand a jury for all issues triable to a jury.

| | |
|---|---|
| Stephen Busey | ParkerVision |
| James Bolling | ParkerVision |
| Austin Curry | ParkerVision |
| Keith Hummel | Qualcomm |
| John DeVault | Qualcomm |
| David Wells | Sterne Kessler |
| David Atkinson | Sterne Kessler |

## II.  Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by January 13, 2012.

## III.  Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and are continuing to negotiate the terms of production for ESI documents.

## IV.  Agreed Discovery Plan

### A.  Certificate of Interested Persons and Corporate Disclosure Statement

-11-

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

**B.      Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

**C.      Limits on Discovery**

**Depositions.**  Without leave of Court, the parties may conduct the following discovery via deposition:

(i) ParkerVision and Qualcomm may take 150 hours of deposition of each other (including 30(b)(1) and 30(b)(6)) and third parties;

(ii) Qualcomm and Sterne Kessler may take 30 hours of deposition on each other and third parties; and

(iii), the parties may take one deposition of each expert for 7 hours elapsed time during one day.  Experts cannot be deposed before the deadline for rebuttal reports.

Without leave of Court or stipulation of the parties each day of deposition is limited to seven hours.  Fed.R.Civ.P. 30(d)(2).

**Interrogatories.**  Without leave of Court, the parties may conduct the following discovery via interrogatories:

(i) ParkerVision and Qualcomm may propound 20 interrogatories on each other; and

(ii) Qualcomm and Sterne Kessler may propound 5 interrogatories on each other.

**Requests for Admission.**  Without leave of Court, the parties may conduct the following discovery via requests for admission:

(i) ParkerVision and Qualcomm may serve 200 requests for admission for authentication purposes and 50 requests for admission for purposes other than authentication on each other; and

(ii) Qualcomm and Sterne Kessler may serve 200 requests for admission for authentication purposes and 50 requests for admission for purposes other than authentication on each other.

The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**D.      Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response by the discovery deadline.

### E.    Disclosure of Expert Testimony

The parties agree that all witnesses who will give expert testimony at trial must disclose a report that complies with Rule 26(a)(2)(B)(ii).

### F.    No Excuses

Parties may not withhold discovery based on a pending motion to dismiss, transfer, or stay.

### F.    Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.

Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." The parties are continuing to negotiate the terms of a confidentiality agreement.

### G.     Other Matters Regarding Discovery

The parties agree to exchange infringement and invalidity contentions as follows:

**<u>Infringement Contentions.</u>**

By January 30, 2012, ParkerVision must serve its Infringement Contentions.

ParkerVision's infringement contentions must disclose the following information:

(a)     Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b)     Separately for each asserted claim, and for each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(c), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. If the party asserting patent infringement contends that an identical Accused Instrumentality is contained in multiple products, then that Accused Instrumentality is required to be charted only once with an accompanying identification of the products that allegedly contain that Accused Instrumentality;

(d)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f)     If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device,

process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With its Infringement Contentions, ParkerVision must produce or make available for inspection and copying:

(a)    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b)    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified, whichever is earlier; and

(c)    A copy of the file history for each patent in suit.

ParkerVision shall separately identify by production number which documents correspond to each category.  ParkerVision may only amend its Infringement Contentions by Order of the Court upon a showing of good cause.

**Invalidity Contentions.**

By March 15, 2012, Qualcomm must serve on ParkerVision its Invalidity Contentions.  Qualcomm's invalidity contentions must disclose the following information:

(a)    The identity of each item of prior art that allegedly anticipates each asserted claim and renders it obvious.

- Each prior art patent shall be identified by its number, country of origin and date of issue.

- Each prior art publication must be identified by its title, date of publication and where feasible, author and publisher.

- Prior art under 35 U.S.C. §102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

- Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.

- Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent application(s).

(b)   Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of prior art makes a claim obvious, each such combination and the motivation to combine such items must be identified;

(c)   A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), the act(s) or material(s) in each item of prior art that performs the claimed function. The chart must also identify the document production number of alleged prior art;

(d)   Any grounds of invalidity based on 35 U.S.C. §101, indefiniteness under 35 U.S.C. §112(2) or failure of enablement, best mode or written description requirements under 35 U.S.C. §112(1) of any of the asserted claims; and

With its Invalidity Contentions, Qualcomm must produce or make available for

inspection and copying:

(a)   Source code, specifications, schematics, flow charts, artwork, formulas and any other available documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by ParkerVision in its Infringement Contentions chart above;

(b)   A copy of each item of prior art identified by Qualcomm in (a) above that does not appear in the file history of the patents-at-issue.  To the extent any

such item is not in English, an English translation of the portions relied upon should be produced; and

Qualcomm may only amend its Invalidity Contentions by Order of the Court upon a showing of good cause.

### H.     Post-Trial Disclosures and Discovery Related to Permanent Injunction

If necessary, ParkerVision and Qualcomm may present additional evidence in the form of declarations and expert reports (per Rule 26) related to the issue of a permanent injunction against Qualcomm.  ParkerVision's declarations and reports are due on the same date as its motion for entry of permanent injunction; likewise, Qualcomm's declarations and reports are due on the same date as its brief opposing ParkerVision's motion.  A party may not move to strike a declaration on the ground that a witness was not disclosed in prior Rule 26 initial disclosures, but a party may move to strike based on a failure to comply with any other Federal Rule of Civil Procedure, e.g., Rule 33, or the deadlines set out in this section. At least 14 days before any hearing on this issue, the parties must present each witness for four hours of deposition testimony.  No other additional discovery is permitted during this period.  Deposition testimony may be designated and filed with the Court as a notice of supplemental facts.  Nothing in this section precludes a party from taking discovery, including discovery seeking the identity of persons with knowledge, on the other party's facts or contentions related to injunctive relief as part of the discovery authorized by section IV(C) of this Order.

## V.     Settlement and Alternative Dispute Resolution

### A.     Settlement

The parties agree that settlement is unlikely.

The parties do not request a settlement conference before a United States Magistrate Judge.

### B.      Arbitration

The parties do not agree to arbitrate.

### C.      Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D.      Other Alternative Dispute Resolution

The parties do not intend to pursue any other method of alternative dispute resolution.

Date: December 30, 2011

**McKOOL SMITH, P.C.**

By:   */s/  Douglas A. Cawley*
    Douglas A. Cawley, Lead Attorney
    Texas State Bar No. 04035500
    E-mail: dcawley@mckoolsmith.com
    John Austin Curry
    Texas State Bar No. 24059636
    E-mail: acurry@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

    T. Gordon White
    Texas State Bar No. 21333000
    gwhite@mckoolsmith.com

300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

By:   */s/ James A. Bolling*
    Stephen D. Busey
    James A. Bolling

Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.*

**BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE**

By: */s/ John A. DeVault, III*
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
cgrimm@bedellfirm.com
Florida Bar No. 953740
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

-and-

**CRAVATH, SWAINE & MOORE
LLP**
Keith R. Hummel (admitted pro hac vice)
(Trial Counsel)
khummel@cravath.com
David Greenwald (admitted pro hac vice)
dgreenwald@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

-and-

**CADWALADER, WICKERSHAM &
TAFT LLP**
Christopher A. Hughes (admitted pro hac
vice)
Christopher.Hughes @cwt.com
1 World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

*COUNSEL FOR DEFENDANT,*
*COUNTERCLAIM PLAINTIFF*
*QUALCOMM INCORPORATED*

**GUNSTER, YOAKLEY &
STEWART, P.A.**

By: */s/ David M. Wells*
David M. Wells – Trial Counsel
Florida Bar #309291
David R. Atkinson
Florida Bar #767239
Katherine H. Underwood
Florida Bar #0058995

225 Water Street, Suite 1750
Jacksonville, FL 32202
Telephone: 904-354-7980
Facsimile: 904-354-2170
dwells@gunster.com
datkinson@gunster.com
kunderwood@gunster.com

*COUNSEL FOR STERNE, KESSLER,*
*GOLDSTEIN*
*& FOX PLLC*