IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:11-CV-00719-RBD-TEM

PARKERVISION, INC.,

        Plaintiff.

v.

QUALCOMM INCORPORATED,

        Defendant.

_____/

QUALCOMM INCORPORATED,
        Counterclaim Plaintiff,

v.

PARKERVISION, INC, AND
STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

        Counterclaim Defendants.

_____/

# Exhibit A

**COUNTERCLAIM-DEFENDANT, STERNE, KESSLER, GOLDSTEIN
& FOX'S, MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE
PORTIONS OF QUALCOMM'S FIRST AMENDED COUNTERCLAIM,
OR, IN THE ALTERNATIVE, MOTION TO ABATE QUALCOMM'S FIRST
AMENDED COUNTERCLAIM, AND INCORPORATED MEMORANDUM OF
LAW**



**Sterne Kessler**
**Goldstein Fox**
ATTORNEYS AT LAW

Robert Greene Sterne
Jorge A. Goldstein
David K.S. Cornwell
Robert W. Esmond
Tracy-Gene G. Durkin
Michele A. Cimbala
Michael B. Ray
Robert E. Sokohl
Eric K. Steffe
Michael Q. Lee
John M. Covert
Robert C. Millonig
Donald J. Featherstone
Timothy J. Shea, Jr.
Michael V. Messinger
Judith U. Kim
Mark Fox Evens
Jeffrey T. Helvey
Eldora L. Ellison
Donald R. Banowit
H. Keeto Sabharwal
Peter A. Jackman

Elizabeth J. Haanes
Michael D. Specht
Kevin W. McCabe
Glenn J. Perry
Theodore A. Wood
Gaby L. Longsworth
Jon E. Wright
Lori A. Gordon
Grant E. Reed
Tracy L. Muller
Helene C. Carlson
Anbar F. Khal
Michelle K. Holoubek
Marsha A. Rose
Scott A. Schaller
Lei Zhou
James J. Pohl
John T. Haran
Mark W. Rygiel
Michael R. Malek
Carla Ji-Eun Kim
Doyle A. Siever*

Paul A. Calvo
C. Matthew Rozier
Randall K. Baldwin
Lori M. Brandes
Deborah A. Sterling
Jeremy M. Klass
Stephanie L. Elmer
Scott M. Woodhouse
Jeremiah B. Frueauf
Christian A. Camarce
Richard D. Coller, III
Patrick P. Hansen
Ross G. Hicks
Keisha Hylton-Rodic
Robert W. Molitors
Bonnie Nannenga-Combs
Ishan P. Weerakoon
Chenghua Luo
Salvador M. Bezos
Bruce B. Vance
Justin T. Sher
Byron L. Pickard

Nirav N. Desai
Richard B. Almon**
Jeffrey R. Fougere
Kristina M. Hellman
William P. Ladd°
Christine Forman Norris*
Aaron S. Ward
Jonathan Tuminaro*

Registered Patent Agents°
Karen R. Markowicz
Danielle L. Letting
Aaron S. Lukas
Yasser Mourtada
Cynthia L. DeRenzo
Omar F. Amin
R. Wilson Powers III
Erin C. Wong
Joseph E. Mutschelknaus
Kavon Nasabzadeh

Romit O. Majumdar
Olga A. Luksanova
Asha Nadipuram
Branka M. Bogunovic

Of Counsel
Edward J. Kessler
Christopher P. Wrist
Jason D. Eisenberg
Kenley K. Hoover
Daniel E. Yonan
Cynthia M. Bouchez

*Admitted only in Maryland
°Admitted only in Virginia
◆Practice Limited to
Federal Agencies

August 6, 2010

*WRITER'S DIRECT NUMBER:*
(202) 772-8569
*INTERNET ADDRESS:*
MRAY@SKGF.COM

Alex Rogers, Esq.
Senior Vice President, Legal Counsel
**Qualcomm Incorporated**
5775 Morehouse Drive
San Diego, CA 92121-1714

      Re:    **Undertaking Legal Representation**
           Our Ref:    2959

Dear Alex:

      We are delighted that you have chosen STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C. (the "firm" or "SKGF") to represent Qualcomm Incorporated ("Qualcomm") for the intellectual property matters described below. This letter confirms our understanding of the services that SKGF will provide for Qualcomm. We agree that Qualcomm's Outside Counsel Guidelines (copy attached) shall control and apply to this Engagement, except for paragraphs 4.1 and 4.2 and any other specific items set forth in this letter or in another writing signed by an authorized representative of Qualcomm.

### *Scope of Intellectual Property Representation and Advance Waiver*

      As we have discussed and agreed, the scope of our representation of Qualcomm is limited solely to providing Qualcomm with our analysis and legal opinions concerning ████████ ████████████████████████████████████ The representation may also include preparing and filing reexamination requests for these same patents and providing assistance to Qualcomm litigation counsel with respect to any disputes or legal proceedings that arise concerning these ██ patents. A new representation letter will be required if the scope of the representation is to be expanded to include any other matter.

      Please understand that we are obligated to avoid real or perceived conflicts of interest and, in this regard, our conduct is at all times regulated by the applicable rules of professional conduct. Because we represent a broad and diverse client base, there may be times when we

Alex Rogers, Esq.
August 6, 2010
Page 2

represent other clients that are involved in disputes or transactions adverse to Qualcomm or its parents or affiliates that are unrelated to this representation. For example, we may represent present or future clients in intellectual property matters such as preparation and prosecution of patent and trademark applications, interferences, reexaminations, oppositions, patent analysis and opinions, and legislative/policy matters that may involve or affect Qualcomm or its parents or affiliates, where we do not represent Qualcomm in the same matter. We may also represent a present or future client in a future lawsuit, appeal, or other inter partes proceeding against Qualcomm, so long as SKGF does not represent Qualcomm in the same matter and SKGF is not in possession of confidential information of Qualcomm that would preclude the representation adverse to Qualcomm in violation of an applicable rule of the professional conduct. We understand that this consent does not extend to concurrent representation of clients adverse to Qualcomm in a litigation concurrent with the firm's representation of Qualcomm.

Based on the foregoing, Qualcomm agrees that our representation of Qualcomm will not disqualify our firm from opposing Qualcomm in other matters except litigation concurrent with our representation of Qualcomm, that are substantially unrelated to the subject matter of this representation, and Qualcomm hereby consents to those opposing representations and waives any conflict of interest with respect to such opposing representations. We agree, however, not to use any proprietary or other confidential information of a nonpublic nature concerning Qualcomm, that was acquired by SKGF as a result of this representation, to the disadvantage of Qualcomm in connection with any litigation or other matter in which we are opposed to Qualcomm.

### Fees

Unless otherwise agreed to in writing, our fees for this service will be based on the actual time spent at our standard hourly rates, which vary according to the degree of responsibility involved, and the experience level of the personnel assigned to represent Qualcomm. We are very conscious of the fact that fees and costs can quickly accumulate so we seek to maintain competitive fee levels by minimizing duplication of effort on projects and using an optimal mix of lawyers and other personnel to best meet clients' requirements. When unforeseen fees or expenses appear necessary, we will attempt to consult with you beforehand so that you will be aware of these additional charges. We have enclosed a "General Information for Clients" memo which fully describes our billing rates, fees, and billing process.

### Export Control

Technology and/or software included in patent applications may be subject to U.S. dual-use export controls under Export Administration Regulations and/or the International Traffic in Arms Regulations. Access to such technology and/or software by any person located outside the United States or by a foreign national inside the United States constitutes an export that may require a license from the U.S. Commerce Department's Bureau of Industry and Security (BIS). Prior to

Alex Rogers, Esq.
August 6, 2010
Page 3

providing our firm with any technical data or software source code subject to export controls controlled at a level other than EAR99/AT, Qualcomm shall provide written notice to us specifying the nature of the controls and any relevant export control classification numbers. Qualcomm retains responsibility for its compliance with all applicable export control laws under this engagement.

### *Client's Responsibility to Provide Timely Instructions and Information*

In the course of our representation, we may ask Qualcomm for information and/or instructions from time to time. Qualcomm agrees to be candid and cooperative with us and to keep us informed with complete and accurate information. Qualcomm also will assist us by making timely business, strategic, and technical decisions appropriate to enable completion of the work and performance of the services, and will direct the strategic and management decisions affecting the subject matter of our representation. We reserve the right to decline additional work if information or instructions are not timely and to withdraw from representation altogether if this practice persists.

For matters involving a "hard" deadline (e.g., a deadline for filing a patent application or a statute of limitations deadline for filing a lawsuit or taking other action before a court or administrative agency), we require receiving instructions from Qualcomm sufficiently in advance of the deadline so that we will have time to take appropriate action, and in no event less than three business days in advance of a hard deadline. In the case of late instructions, we cannot assure that we will have sufficient time to meet the deadline or, if met, that the quality of the work product will be acceptable to Qualcomm. Furthermore, late instructions may result in additional costs. Qualcomm accepts the risks and additional costs associated with such late instructions.

Furthermore, because of the importance of communication between a client and counsel, Qualcomm agrees to promptly notify us of any changes in contact information including changes in email addresses, telephone numbers and mailing addresses.

### *Email Communications*

Qualcomm agrees that email communications are inherently unreliable and that Qualcomm will not rely on receipt by us of an email, unless we confirm receipt of same by return email or similar correspondence.

### *Termination of Representation*

Qualcomm may at any time and for whatever reason terminate our services upon written notice to us, and we similarly reserve the right to terminate the relationship for any reason, with notice to Qualcomm, subject to the applicable rules of professional conduct. In the event of such a termination, we will charge Qualcomm reasonable administrative transition charges (e.g., photocopy of files, shipping of files, postage and shipping insurance, communications with new counsel, etc.).

Alex Rogers, Esq.
August 6, 2010
Page 4

Such termination by Qualcomm shall not relieve Qualcomm of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on Qualcomm's behalf through the date of termination.

In the event that we terminate the engagement, Qualcomm agrees to take all reasonable steps necessary to free us of any obligation to perform further legal services, including the execution of any documents necessary to perfect our withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and Qualcomm agrees not to oppose our request.

If not terminated earlier, we consider that our representation will terminate either when a) we have sent Qualcomm an express letter of termination or b) we no longer have any pending matters for Qualcomm and we have not received any further request from Qualcomm for representation in any matter for one year.

Following termination of our services, at Qualcomm's request, Qualcomm's papers and property will be returned to Qualcomm upon receipt of payment for outstanding fees and costs. We reserve the right to retain copies of any file or portion thereof, at our discretion. For various reasons, including the minimization of unnecessary storage expenses, we also reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon the future rights and liabilities of Qualcomm. Unless Qualcomm engages us after the conclusion of a matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise Qualcomm with respect to future legal developments.

We appreciate the opportunity to be of service to Qualcomm and believe this letter and the enclosure accurately summarizes the significant terms of our representation. We very much look forward to working with you toward a successful resolution of the initial matters we have discussed, and to a mutually rewarding professional relationship. If you have any questions, please let us know.

Alex Rogers, Esq.
August 6, 2010
Page 5

     Kindly sign this letter, and return a signed copy to us. This letter and the accompanying memo will govern our relationship with you even if you do not sign and return a copy of the letter. If you disagree with any of the terms, please advise us by return correspondence.

                Very truly yours,

                STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                Michael B. Ray


Attachments:  (1) Qualcomm's Outside Counsel Guidelines
              (2) General Information for Clients memo

cc:     Client Representation Committee

---

Acceptance:

This letter and the General Information for Clients memo set forth the terms of the firm's representation for Qualcomm.

Officer signature: _____

Name:        Alex Rogers, Esq.

Title:         Senior Vice President, Legal Counsel

Date:        8/17/10

MBR
1148972_1.DOC