**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.                                                                      CASE NO. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.
_____

# **O R D E R**

This case is before the Court on Plaintiff ParkerVision Inc.'s Motion for Leave to File Its First Amended Complaint (Doc. #79, Motion to Amend), filed February 3, 2012. Plaintiff seeks to amend the complaint (Doc. #1) to substitute U.S. Patent No. 6,963,734 for U.S. Patent Nos. 7,515,896 and 7,822,401 and to clarify that the two products originally identified as infringing ParkerVision patents are "merely two examples of Qualcomm's products that contain infringing technology." Motion to Amend at 2. To date, no response to the instant motion has been filed and the period for doing so has expired. Thus, the Court will consider the Motion to Amend as unopposed.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.

Although the Court has discretion to deny pleading amendments under the *Foman* standards, that discretion is not unfettered. There is strong precedence within the Eleventh Circuit for allowing pleading amendments. In *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), the court found "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).[1] This Court finds Plaintiff's Motion (Doc. #79) is not made in bad faith, for purposes of delay, or for any suspect reason stated above. Moreover, the Motion to Amend was filed before entry of the Court's Case Management and Scheduling Order (Doc. #84, CMSO) and is timely under the terms of that order. *See* CMSO at 3. The Court does not believe Defendant would be prejudiced by the filing of the proposed Amended Complaint at this stage in the proceedings, but is free to refute such at trial or in summary judgment proceedings.

The granting of the Motion to Amend renders moot the parties' previous pleadings. *See Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that '[a]n amended complaint supersedes a previously filed complaint"); *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F.Supp.2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and *Daubert* motion").

Thus, upon due consideration it is hereby **ORDERED**:

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1. Plaintiff's Motion to Amend (Doc. #79) is **GRANTED.**

2. The Clerk is directed to file the proposed "First Amended Complaint for Patent Infringement," which may be found attached at Exhibit A to the instant motion.

3. Defendant shall respond to the First Amended Complaint for Patent Infringement by **March 16, 2012**.

4. Because the granting of the Motion to Amend will require a new responsive pleading, Defendant Qualcomm's Answer and Counterclaims is **deemed moot**. Defendant is free to reassert its affirmative defenses and counterclaims, if applicable, in response to the First Amended Complaint.

5. The pending motions to dismiss (Docs. #34 & #36) are **denied as moot** in light of the First Amended Complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of February, 2012.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge