# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> *Defendant.* <br> QUALCOMM INCORPORATED, <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> PARKERVISION, INC., and <br> STERNE, KESSLER, GOLDSTEIN & FOX PLLC <br><br> *Counterclaim Defendants.* | Case No. 3:11-cv-719-J-37-TEM |

**QUALCOMM'S MOTION TO DISMISS PARKERVISION'S CLAIMS OF
INDIRECT PATENT INFRINGEMENT AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Qualcomm moves this Court to dismiss with prejudice ParkerVision's claims for inducement of infringement and contributory infringement (the "indirect infringement" claims). Because the indirect infringement claims are not supported by adequately particular and plausible allegations—the only allegation in support of the theory is a single, conclusory sentence that does not, in fact, make sense—the indirect infringement claims should be dismissed. Given ParkerVision's lack of diligence in seeking to correct these inadequacies, the dismissal should be with prejudice.

**Preliminary Statement**

ParkerVision has accused Qualcomm of infringing six different patents (collectively, the "Patents-in-Suit") relating to alleged technology for directly down-converting radio frequency ("RF") signals to baseband in wireless devices. ParkerVision contends that Qualcomm *directly* infringes by "importing, making, using and/or selling integrated circuits that contain direct conversion receiver technology" that ParkerVision alleges infringes the Patents-in-Suit. (Dkt. 88 ¶ 11.) Although ParkerVision's allegations of direct infringement are meritless, this motion is not directed to ParkerVision's direct infringement claim.

Rather, this motion is addressed to ParkerVision's allegations of *indirect* infringement, *i.e.*, its allegations concerning inducement of infringement and contributory infringement. The *sole* allegation of indirect infringement in ParkerVision's First Amended Complaint appears in Paragraph 11: "Qualcomm has utilized and continues to utilize devices, systems or methods that infringe directly, *by inducement and/or contributorily*, one or more claims of the Patents-in-Suit. (Dkt. 88 ¶ 11 (emphasis added).) This single, threadbare, conclusory allegation is wholly insufficient to state a claim for indirect infringement because it fails to satisfy the pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-63 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). ParkerVision has

not alleged a single fact to support a plausible inference of induced or contributory infringement. For example, ParkerVision has failed to allege any acts of direct infringement by a third party—a prerequisite to any claims of indirect infringement. Similarly, ParkerVision has failed to allege that Qualcomm had specific intent to cause third parties to infringe the Patents-in-Suit, which is also required to make out a claim for inducement or contributory infringement. In light of these, and other, defects in ParkerVision's indirect infringement allegations, its claims of inducement and contributory infringement should be dismissed.

ParkerVision should not be permitted to file another amended complaint to try to fix its defective claims of indirect infringement. Nearly eight months into this case (and now only sixteen months before trial), ParkerVision has failed to provide Qualcomm with any explanation of its theories of indirect infringement. ParkerVision did not provide a single factual allegation supporting a plausible claim of inducement or contributory infringement in its original complaint filed on July 20, 2011, and did not remedy that defect in its First Amended Complaint filed on February 28, 2012. ParkerVision also failed to provide any support for its claims of indirect infringement in its infringement contentions served on March 2, 2012 pursuant to the Court's Case Management and Scheduling Order ("CMO"), even after Qualcomm had specifically alerted ParkerVision that a preliminary version of those infringement contentions was materially defective because it did not disclose ParkerVision's theories of indirect infringement. Pursuant to the CMO, ParkerVision's infringement contentions are binding and final, subject only to amendments made necessary by the Court's claim constructions. (*See* Dkt. 84 at 1-2.) In light of ParkerVision's utter failure, despite multiple opportunities, to provide Qualcomm with notice of the substance of ParkerVision's indirect infringement contentions, ParkerVision cannot show good cause for a second amendment of its complaint, and its claims for indirect infringement should be dismissed with prejudice.

**Legal Standard**

A complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level" and must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555, 556 n.3.  In other words, the complaint must state a claim that is "plausible"—not merely conceivable—on its face. *Iqbal*, 129 S. Ct. at 1949-50. In determining whether a complaint states a plausible claim for relief, a Court must take all well-pleaded factual allegations as true, but it need not accept those allegations that are "bare assertions," "legal conclusions," or "formulaic recitation[s] of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950-51.

**Argument**

I.   **ParkerVision's First Amended Complaint Fails to State a Claim for Indirect Infringement**

   A.   <u>The Amended Complaint Fails to Allege that Qualcomm Actively Induced Infringement by a Third Party</u>

To prevail on a claim for inducement of infringement, a patentee must show (i) that there has been direct infringement, and (ii) that the alleged indirect infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (affirming judgment of no induced infringement).  Direct infringement by a third party is a prerequisite to a claim of induced infringement. *See C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) ("A person induces infringement under [35 U.S.C.] § 271(b) by actively and knowingly aiding and abetting another's direct infringement.").

A complaint that fails to allege acts of direct infringement that have been induced by the defendants' conduct fails to state a plausible claim for induced infringement and should be dismissed. *See Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 WL 2077203, at

4

\*2-3 (N.D. Cal. May 21, 2010) (dismissing indirect infringement claims when plaintiff failed to plead direct infringement by an entity other than the defendant); *Eolas Techs., Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at \*3 (E.D. Tex. May 6, 2010) (same); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335-1336 (S.D. Fla. 2008) (dismissing indirect infringement claims when plaintiff's allegations of underlying direct infringement were inadequate). This is not merely a technical defect. The function of a charging instrument to give the defendant notice of an alleged wrongdoing is particularly important when that wrongdoing depends upon the conduct of a third party. A party cannot have adequate notice of a charge of indirect infringement when it is not told who the direct infringer is or what it did to infringe the asserted claims. *See Halton*, 2010 WL 2077203, at \*2-3.

Similarly, a complaint that fails to allege that the defendant engaged in culpable conduct, *i.e.*, encouraging another's infringement with the affirmative intent to cause direct infringement—also fails to state a claim for inducement of infringement.[1] *See Mallinckrodt Inc. v.*

---

[1] By contrast, conclusory pleadings of *direct* infringement have been held to be sufficient to withstand a motion to dismiss. *See, e.g.*, *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at \*2 (N.D. Cal. Sept. 14, 2009) (noting that a claim for direct infringement requires only the allegations set forth in Form 18 of the Federal Rules of Civil Procedure). A minority of courts have held that similarly conclusory pleadings are sufficient to state a claim for indirect infringement. *See, e.g.*, *Mesh Comm., LLC v. EKA Sys., Inc.*, No. 809-cv-1064-T-33-TGW, 2010 WL 750337, at \*1-2 (M.D. Fla. Mar. 4, 2010) (applying the pleading standard for direct infringement to deny a motion to dismiss claims of both direct and indirect infringement). These cases have been criticized for applying, without analysis or justification, the pleading standard for claims of direct infringement to indirect infringement claims. *See Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. CIV. 2:03-1329 WBS EFB, 2010 WL 4070208, at \*2 & n.5 (E.D. Cal. Oct. 18, 2010) ("No adequate justification exists for holding indirect infringement claims, which contain additional elements not found in direct infringement claims, to the [same pleading] standard" as claims of direct infringement); *Asentinel LLC v. Info Group, Inc.*, No. 10-2706-D/P, 2011 WL 3667515, at \*4 (W.D. Tenn. Aug. 3, 2011) (holding that claims of indirect infringement must satisfy the pleadings standards announced in *Twombly* and *Iqbal* because Form 18 applies only to direct infringement claims); *BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at \*2 (D. Colo. Feb. 15, 2012) (same).

*E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (dismissing claims of induced infringement when the plaintiff failed to allege the defendants had the requisite knowledge and intent at the time of the allegedly infringing activities); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-57 (D. Del. 2010) (same). Precisely because it is so easy to include conclusory, non-informative accusations in a complaint, the law has been vigilant in requiring plausible, particularized allegations of intent when intent is an element of a tort. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); Fed. R. Civ. P. 9(b).

Even assuming the truth of the facts alleged in the First Amended Complaint, it is apparent that ParkerVision has failed even to try to allege a plausible claim for inducement because it does not allege acts of direct infringement by a third party. In relevant part, the complaint alleges only that "*Qualcomm* has utilized and continues to utilize devices, systems or methods that infringe directly, *by inducement and/or contributorily*, one or more claims of the Patents-in-Suit." (Dkt. 88 ¶ 11 (emphasis added).) This allegation fails to identify any alleged direct infringer other that Qualcomm itself. Indeed, it is nonsensical because Qualcomm cannot induce itself to infringe; a third party must be prompted by Qualcomm to take the infringing action. *See Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. CIV. 2:03-1329 WBS EFB, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010) (dismissing claims of indirect infringement when plaintiff failed to plead the identity of a direct infringer, other than the defendant, and alleged only that the defendant infringed "directly, by inducement, and/or by contributing to the infringement" of the patents-in-suit).

ParkerVision's claims of inducement also fail because it has not alleged any facts consistent with the theory that Qualcomm engaged in conduct directed to encouraging another's infringement, or that Qualcomm acted with the specific intent to cause another's direct infringement. *See Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 WL 726739, at *4 (N.D.

6

Cal. Feb. 26, 2010) (dismissing inducement claims when plaintiff alleged only that defendant "performed acts . . . that infringe and *induce others to infringe*") (emphasis in original).

Simply put, ParkerVision has alleged no facts to support its boilerplate allegation of inducement. No direct infringer who was allegedly induced to infringe by Qualcomm is identified and Qualcomm is not alleged to have had the knowledge and intent that its acts would induce a third party to infringe. The First Amended Complaint, therefore, does not allege, as *Twombly* and *Iqbal* require, any plausible basis upon which ParkerVision could be entitled to relief for inducement. *See id.* Accordingly, ParkerVision's claims of indirect infringement should be dismissed.

B. The Amended Complaint Fails to Allege that Qualcomm Knowingly Contributed to Infringement by a Third Party

To prevail on a claim for contributory infringement, a plaintiff must show (i) that the defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine [or an] apparatus for use in practicing a patented process, constituting a material part of the invention," (ii) with knowledge that the component is "especially made or especially adapted for use in an infringement of such patent," and (iii) the component is "not a staple article or commodity of commerce suitable for a substantial noninfringing use." 35 U.S.C. § 271(c); *see DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). As with claims of inducement, direct infringement by another is a prerequisite to a claim of contributory infringement. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement.").

ParkerVision's First Amended Complaint pleads no facts to support a plausible inference of contributory infringement. *See Halton*, 2010 WL 2077203, at *2-3 (dismissing

contributory infringement claims). Not only does ParkerVision fail to allege acts of direct infringement by any entity other than Qualcomm (as demonstrated above), it fails even to allege that the accused products are "component[s] of a patented machine" or an "apparatus for use in practicing a patented process." *Id.* at *2. Further, ParkerVision has not alleged that Qualcomm had knowledge that the accused products were especially made or adapted for an infringing use. *Id.* Put simply, "[n]othing alleged in the complaint fits the theory of contributory infringement." *Id.*

Because ParkerVision's claim for contributory infringement lacks any factual allegations showing a plausible violation of 35 U.S.C. § 271(c) by Qualcomm, the claim should be dismissed. *See id.* at *2-3; *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS (MDD), 2011 WL 3490471, at *3-4 (S.D. Cal. Aug. 10, 2011) (dismissing contributory infringement claims when the complaint was "devoid of factual allegations regarding components" and merely tracked the statutory language); *IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, at *3 (N.D. Cal. Jan. 21, 2011) (dismissing claims for contributory and induced infringement when plaintiff failed to allege facts sufficient to give defendants "notice of the specific conduct alleged to form the basis of [the] claim of indirect infringement").

## II. ParkerVision Should Not Be Given Leave to File a Second Amended Complaint

When a party moves for leave to amend its pleadings after a scheduling order deadline for such amendments has passed, as is the case here, the motion is subject to the heightened standards of Rule 16(b), which provides that a scheduling order "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) (affirming denial of motion for leave to amend complaint outside the time prescribed by the court's scheduling order). "Thus, when

a party seeks leave to amend after a scheduling order deadline has passed, the party must demonstrate good cause for the untimely amendment under Rule 16(b) before the court may consider whether the proposed amendment is proper under Rule 15." *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-V-273-J-37-TEM, 2012 WL 243346, at *2 (M.D. Fla. Jan. 25, 2012) (Dalton, J.).

To establish good cause for an untimely amendment, the moving party must demonstrate diligence in seeking leave to amend. *See Sosa*, 133 F.3d at 1418. The Eleventh Circuit has instructed district courts to consider three factors in assessing the diligence of a party seeking to amend its pleadings: (i) whether the movant failed to ascertain facts prior to filing the pleading and to acquire information early during the discovery period; (ii) whether the information supporting the proposed amendment was available to the movant prior to the deadline to amend the pleading; and (iii) whether the movant delayed in seeking leave to amend after receiving the information. *Sosa*, 133 F.3d at 1419. "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

ParkerVision has already filed a First Amended Complaint (Dkt. 88) and has provided Qualcomm with its infringement contentions, which are final under the Court's CMO. (*See* Dkt. 84 at 1-2.) Neither the amended complaint nor the infringement contentions provide any explanation of ParkerVision's theories of indirect infringement. ParkerVision filed its original complaint nearly 8 months ago, and despite several opportunities, has completely failed to state a plausible theory of indirect infringement.

ParkerVision cannot claim that it lacked notice of the deficiencies in its indirect infringement allegations. ParkerVision first served its infringement contentions on January 30, 2012, when the parties were operating under an agreed schedule pending the Court's issuance

9

of the CMO. Those "preliminary" infringement contentions did not provide any support for ParkerVision's claims of indirect infringement; indeed, the contentions did not discuss indirect infringement at all. On February 13, 2012, Qualcomm informed ParkerVision of this deficiency and asked ParkerVision to correct it when ParkerVision served its revised (and final) infringement contentions on March 2, 2012 (s*ee* Allen Decl. Ex. 1), which was the deadline the Court set in the CMO for ParkerVision to serve its infringement contentions. When it served its final contentions on March 2, ParkerVision did not provide any additional detail regarding its claims of indirect infringement.[2]

Having failed repeatedly to provide Qualcomm with adequate notice of the content of its claims of indirect infringement, ParkerVision should not be given yet another bite at the apple. ParkerVision simply cannot show that it has been diligent in prosecuting its defective claims of indirect infringement and, therefore, cannot show good cause for a second untimely amendment. Accordingly, ParkerVision's claims of indirect infringement should be dismissed with prejudice.

---

[2] By letter dated February 17, 2012, ParkerVision contended that the Rules of Practice for Patent Cases before the Eastern District of Texas, whose approach to the disclosure and amendment of infringement and invalidity contentions was adopted in the Case Management and Scheduling Order, did not specifically require it to particularize its claims of indirect infringement. *See* Allen Decl. Ex. 2. That position has no merit because infringement contentions must "set[] forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (citations omitted) ("[Infringement contentions] providing vague, conclusory language . . . fail to comply with Patent Rule 301."). By letter dated February 24, 2012, Qualcomm once again requested that ParkerVision explain its theory of indirect infringement in its final infringement contentions. *See* Allen Decl. Ex. 3. ParkerVision simply ignored that request.

**Conclusion**

For the foregoing reasons, Qualcomm respectfully requests that this Court grant its motion to dismiss with prejudice ParkerVision's claims of indirect infringement.

March 16, 2012

        CRAVATH, SWAINE & MOORE LLP

        By:    s/ Keith R. Hummel
            Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
            khummel@cravath.com
            David Greenwald (admitted pro hac vice)
            dgreenwald@cravath.com
            Worldwide Plaza
            825 Eighth Avenue
            New York, New York  10019
            Telephone:  (212) 474-1000
            Facsimile:  (212) 474-3700

            -and-

        BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
            John A. DeVault, III
            Florida Bar No. 103979
            jad@bedellfirm.com
            Courtney K. Grimm
            cgrimm@bedellfirm.com
            Florida Bar No. 953740
            The Bedell Building
            101 East Adams Street
            Jacksonville, Florida 32202
            Telephone:  (904) 353-0211
            Facsimile:  (904) 353-9307

            -and-

        CADWALADER, WICKERSHAM & TAFT LLP
            Christopher A. Hughes (admitted pro hac vice)
            christopher.hughes@cwt.com
            1 World Financial Center
            New York, New York 10281
            Telephone:  (212) 504-6000
            Facsimile:  (212) 504-6666

            -and-

        GOODWIN PROCTER, LLP
            Steven A. Moore (admitted pro hac vice)
            samoore@goodwinprocter.com
            Richard W. Thill (admitted pro hac vice)
            rthill@goodwinprocter.com
            4365 Executive Drive, Suite 3000
            San Diego, CA 92121
            Telephone:  (858) 202-2700
            Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*
