**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**PLAINTIFF PARKERVISION INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY
TO ITS MEMORANDUM IN OPPOSITION TO QUALCOMM'S MOTION TO
<u>DISMISS PARKERVISION'S CLAIMS OF INDIRECT PATENT INFRINGEMENT</u>**

Three days ago, the Northern District of Illinois issued an order and opinion in the matter *Sloan Valve Co. v. Zurn Industries, Inc.*, Case No. 1:10-cv-204 (N.D. Ill. April 1, 2012) that further supports ParkerVision's argument that Qualcomm has waived its right to move to dismissal of ParkerVision's claims of indirect infringement.  The order and opinion in the *Sloan Valve* case is attached as Exhibit A.

In that case, court found that the plaintiff waived its right to dismiss the defendant's amended allegations of inequitable conduct where the amended allegations contained "substantially the same allegations" as in the original allegations.  *See Sloan Valve*, Ex. A at 15. The court explained that Rule 12 prohibits a party from moving to dismiss an amended pleading if the party could have previously moved to dismiss the original pleading but did not do so:

> Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under this Rule raising a defense . . . that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). A related rule, Rule 12(h)(2), however, preserves a party's ability to make a failure to state a claim argument in three situations: in any pleading under Rule 7(a), in a Rule 12(c) motion, or at trial. *See* Fed. R. Civ. P. 12(h)(2). Sloan presented its argument in a Rule 12(b)(6) motion, which does not fall within any of the three exceptions to Rule 12(g) that are outlined in Rule 12(h)(2). *See id*. Therefore, unless Sloan's arguments were unavailable to it at the time it filed its Rule 12(b)(6) motion to dismiss Zurn's Original Count III, it has waived those arguments in the limited context of a Rule 12(b)(6) motion. See Fed. R. Civ. P. 12(g)(2); *see also 766347 Ontario, Ltd. v. Zurich Capital Mkts., Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) ("**Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity.**"); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, No. 02 C 4356, 2008 WL 2178150, at *3 (N.D. Ill. May 22, 2008); *see also* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1388 (3d ed.) ("**The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment.**").

*See Sloan Valve*, Ex. A at 14 (emphasis added).  Because *Sloan Valve* is strikingly similar to the procedural posture in this case, ParkerVision respectfully requests the Court take notice of *Sloan Valve* as supplemental authority.

McKool 440193v1

| | |
|---|---|
| April 4, 2012 | Respectfully submitted, |

**McKOOL SMITH, P.C.**
*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/*s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF*
*PARKERVISION, INC.*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this day, April 4, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                                                                             _/s/ Austin Curry_
                                                                                                             John Austin Curry