THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>        *Plaintiff*,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>        *Defendant*. | Case No. 3:11-cv-719 |
| QUALCOMM INCORPORATED,<br><br>        *Counterclaim Plaintiff*,<br><br>v.<br><br>PARKERVISION, INC., and<br>STERNE KESSLER GOLDSTEIN FOX PLLC<br><br>        *Counterclaim Defendants*. | |

**QUALCOMM'S RESPONSE TO PARKERVISION'S NOTICE OF
SUPPLEMENTAL AUTHORITY TO ITS OPPOSITION TO QUALCOMM'S MOTION TO
DISMISS PARKERVISION'S CLAIMS OF INDIRECT PATENT INFRINGEMENT**

Qualcomm respectfully submits this response to ParkerVision's Notice of Supplemental Authority to Its Memorandum in Opposition to Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Patent Infringement (the "Notice of Supplemental Authority"). (Dkt. 97.)

ParkerVision argues in its Notice of Supplemental Authority that *Sloan Valve Co. v. Zurn Industries*, No. 10-cv-204 (N.D. Ill. Apr. 1, 2012), provides support for its contention that Qualcomm has waived its right to move to dismiss its claims of indirect infringement for failure to state a claim. (Dkt. 97 at 1.) To the contrary, *Sloan Valve* not only fails to support

ParkerVision's argument, but it is entirely inapposite to Qualcomm's pending motion to dismiss.

In *Sloan Valve*, the counterclaim-defendant had *previously* moved to dismiss an inequitable conduct counterclaim on the ground that it failed to allege that information withheld from the U.S. PTO was material. *See id.* at 13. After that motion was denied, the counterclaim-plaintiff amended its counterclaims, and the counterclaim-defendant *once again* moved to dismiss the inequitable conduct counterclaim for failure to state a claim, this time arguing that the counterclaim failed both to identify with particularity the individuals who had committed inequitable conduct and to allege that they had acted with the requisite level of intent. *See id.* at 14. However, because those defenses could have been raised in the previous motion to dismiss, and the counterclaim-defendant had failed to do so, the Court found that the counterclaim-defendant was precluded under Rule 12(g)(2) from asserting those defenses for the first time in a second motion to dismiss. *See id.*

Rule 12(g)(2) precludes a party that has *already* filed a motion to dismiss from filing a *second* motion to dismiss under Rule 12 where the grounds for the second motion could have been raised in the first. *See, e.g.*, *766347 Ontario, Ltd. v. Zurich Capital Mkts., Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) ("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity."). It does not in any way preclude a party, having answered a previous complaint, from moving, for the first time, to dismiss claims made in both the original and the amended complaints. *See Feldkamp v. Longbay Partners*, No.2:09-cv-253, 2010 WL 3610452, at *6-7 (M.D. Fla Sept. 14, 2010) (the fact that that defendants had previously answered a count asserted in the original complaint "does not . . . preclude them from filing a motion to dismiss when the count is reasserted in an amended complaint"); *Kalin v. Xanboo, Inc.*, 526 F. Supp.2d 392, 398

(S.D.N.Y. 2007) (defendant permitted to move under Rule 12(b)(6) to dismiss an amended pleading despite having previously answered the prior complaint); *Jardin v. DATAllegro, Inc.*, 10-cv-2552, 2011 WL 3300152, at *6 (S.D. Cal. July 29, 2011) (same); *cf.*, *Brain Life, LLC v. Elekta Inc.*, No. 10-cv-1539 (S.D. Cal. Jan. 3, 2012) (where plaintiff had been granted leave to amend its complaint only as against one of many defendants, a defendant against whom the pleadings were not amended could not move to dismiss claims it had already answered).

Accordingly, because Qualcomm did not previously move to dismiss any part of ParkerVision's complaint, both Rule 12(g)(2) and *Sloan Valve* are entirely irrelevant to Qualcomm's pending motion to dismiss ParkerVision's claims of indirect infringement. Qualcomm's motion is both timely and proper.

April 6, 2012

        CRAVATH, SWAINE & MOORE LLP

        By:    s/ Keith R. Hummel
             Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
             khummel@cravath.com
             David Greenwald (admitted pro hac vice)
             dgreenwald@cravath.com
             Worldwide Plaza
             825 Eighth Avenue
             New York, New York  10019
             Telephone:  (212) 474-1000
             Facsimile:  (212) 474-3700

            -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
    John A. DeVault, III
    Florida Bar No. 103979
    jad@bedellfirm.com
    Courtney K. Grimm
    cgrimm@bedellfirm.com
    Florida Bar No. 953740
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone:  (904) 353-0211
    Facsimile:  (904) 353-9307

    -and-

CADWALADER, WICKERSHAM & TAFT LLP
    Christopher A. Hughes (admitted pro hac vice)
    Christopher.Hughes @cwt.com
    1 World Financial Center
    New York, New York 10281
    Telephone:  (212) 504-6000
    Facsimile:  (212) 504-6666

    -and-

GOODWIN PROCTER, LLP
    Steven A. Moore (admitted pro hac vice)
    samoore@goodwinprocter.com
    Richard W. Thill (admitted pro hac vice)
    rthill@goodwinprocter.com
    4365 Executive Drive, Suite 3000
    San Diego, CA 92121
    Telephone:  (858) 202-2700
    Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 6th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                s/ Keith R. Hummel
                Keith R. Hummel (admitted pro hac vice)
                khummel@cravath.com
                Worldwide Plaza
                825 Eighth Avenue
                New York, New York  10019
                Telephone:  (212) 474-1000
                Facsimile:  (212) 474-3700
                *Attorney for Defendant,*
                *Counterclaim Plaintiff*