**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKER VISION, INC.,

    Plaintiff,

vs.                                                               CASE NO. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

    Defendant.
_____

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKER VISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC,

    Counterclaim Defendants.
_____

**O R D E R**

This case comes before the Court on Defendant/Counterclaim Plaintiff's ("Qualcomm") Motion to Compel (Doc. #94, Motion to Compel), wherein Qualcomm requests the Court compel the production by Counterclaim Defendant, Sterne, Kessler, Goldstein & Fox, PLLC, ("SKGF") of certain documents and answers to interrogatories. SKGF opposes this motion, asserting that the discovery sought by Qualcomm is barred by the attorney-client privilege (Doc. #101, Response, at 11).

Qualcomm seeks the compelled production of documents in response to Requests for Production Nos. 37 and 40, as well as answers to Interrogatories Nos. 1-3. Motion to Compel at 1. In substance, Qualcomm is seeking: "all billing records or internal time

records," of SKGF relevant to the current action; "all documents and communications sufficient to show the [SKGF] billing charge number . . . relating to this action and all time entries recorded under that charge;" "the identity of every [SKGF] attorney who has communicated . . . with any attorney from [certain law firms] concerning this action and/or the Patents-in-suit;" the total hours–billed or otherwise–expended by SKGF attorneys as well as all analysis, presentations, pleadings, etc. which inured to the benefit of Plaintiff/Counterclaim Defendant, Parker Vision ("Parker Vision"); and identification of any members of SKGF who have held stock ownership in Parker Vision since January 1, 1997. *See* Motion to Compel at 2-5. SKGF has thus far refused to satisfy Qualcomm's requests, asserting that the requested items are privileged. *See* Response at 11. SKGF sees these requests as a veiled attempt to pierce that privilege and gain valuable information regarding the relationship between SKGF and Parker Vision. *See id.* at 12. As in many discovery disputes, both sides have cited to persuasive authority for their respective positions.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in "substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir. 1991); *see also*, *Commerical Union Ins. Co.*, 730 F.2d at 731. In order to decide whether a motion to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b). Rule 26(b) provides in relevant part that "[p]arties may obtain discovery regarding any matter, *not*

*privileged*, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added).

"The attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008) (citation omitted); *see also*, *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-Civ, 2009 WL 2477519, at *1 (S.D. Fla. July 17, 2009).[1] However, the privilege is not absolute and generalized, blanket assertions of a privilege will not suffice to establish that such a privilege exists. *See United States v. Baker*, No. 407CR281, 2008 WL 4921262, at *1-2 (S.D. Ga. Nov. 17, 2008); *see also*, *S.E.C. v. Dowdell*, No. 8:02-mc-94-T-17TBM, 2006 WL 3876294, at *4 (M.D. Fla. May 15, 2006). Specifically, courts have consistently "held that billing records, hourly statements, and fee arrangements *which do not reveal client communications* are not protected by the attorney-client privilege." *See Federal Trade Comm'n v. Cambridge Exch., Ltd.*, 845 F.Supp 872, 873 (SD. Fla. 1993) (emphasis added); *see also*, *United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992) (holding that revelation of a client or receipt of fees from a client did not compromise the attorney-client privilege, particularly where all parties involved in the litigation knew the identity of the client); *Vision I Homeowners Ass'n*, 2009 WL 2477519 at *2; *Baker*, 2008 WL 4921262 at *1-2; *Dowdell*, 2006 WL 3876294 at *4. This is in keeping with the general rule

---

[1]Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

that the receipt of fees from a client or the identity of a client is not within the attorney-client privilege. *See Leventhal*, 961 F.2d at 940-41; *see also, Cambridge Exch.*, 845 F. Supp. at 873.

In addition to the attorney-client privilege, there exists the work product privilege which exists to protect the work of an attorney from being encroached upon by opposing counsel. *Hickman v. Taylor*, 329 U.S. 495 (1947); *Palmer v. Westfield Ins. Co.*, No. 5:05-CV-10GRJ, 2006 WL 2612168 (M.D. Fla. Jun. 30, 2006). At its base, the work product privilege exists to protect the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Palmer*, 2006 WL 2612168 at *3 (quoting Fed. R. Civ. P. 26(b)(3)); *see also Hickman*, 329 U.S. at 509-12 ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.").

Upon consideration of the instant motion, the response, and the arguments of the parties, the Court finds Qualcomm's Motion to Compel is due to be **granted in part and denied in part**. In sum, the Court finds that the billing information for Parker Vision by SKGF, insofar as it identifies the attorney and the date upon which the work was conducted, is discoverable for the periods of January 12, 1999 through March 31, 2008 and April 15, 2010 through July 20, 2011. While the Court appreciates SKGF's zealous advocacy on behalf of the attorney-client privilege, the disclosure of who worked and when is hardly cause for concern. As in *Leventhal*, where the parties are aware of who the client is, there is no threat to the attorney-client privilege in merely disclosing the redacted billing records of SKGF insofar as they detail the attorneys and dates of service for Parker Vision.

*Leventhal*, 961 F.2d at 940-41. That being said, the request that SKGF be compelled to produce a record of *all* time–billed or otherwise–expended by SKGF attorneys on Parker Vision in 2010-2011 as well as all "analyses, presentations, draft pleadings, or other documents prepared for the benefit of [Parker Vision]" is denied. This Court finds the request an overreach, one which would run afoul of the work product privilege. Further, the requests for the specific billing numbers pertinent to this action and the identification of all SKGF attorneys who have or had stock in Parker Vision is currently denied without prejudice. At this time, the Court does not see that the discovery of this information is relevant to Qualcomm's counterclaims or is likely to lead to the discovery of admissible evidence.

On the other hand, the discovery of whether any attorney worked on Qualcomm and Parker Vision matters at the same time is certainly relevant to Qualcomm's counterclaims of breach of contract and breaches of fiduciary duty. The January 12, 1999 "Waiver of Conflict" letter contains a "firewall" provision so that attorneys who had represented, or were expected to represent, Qualcomm would not have access to the confidential information of Parker Vision (Doc. #95, Declaration of David Greenwald, at Exh. 1). The April 15, 2010 "Undertaking Legal Representation" letter contains language that states the consent to waiver of conflict as set forth in the letter, "does not extend to concurrent representation of clients adverse to Qualcomm in a litigation concurrent with the firm's representation of Qualcomm." *See* Declaration of David Greenwald, Exh. 4. Thus, the Court finds the compelled production of SKGF records detailing *only* the attorney names and their dates of service for Parker Vision is information that is not privileged and is pertinent to the counterclaims raised in this litigation.

The parties are admonished to proceed with caution in this discovery and to be mindful of the mandates of Local Rule 2.04(h), which requires attorneys to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." Should the ordered discovery produce information that indicates further inquiry in this area may lead to the discovery of admissible evidence, the parties should first attempt to resolve the matter before coming to the Court.

Accordingly, SKGF is directed to produce the billing information as set forth herein. In so producing, SKGF is required *only* to produce records of the attorneys and dates of service for Parker Vision for the time periods specified. SKGF has **30 days from the date of this Order to produce the required information to Qualcomm**.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of June, 2012.

Copies:
All Counsel of Record.

THOMAS E. MORRIS
United States Magistrate Judge

---

[2] The entry of this Order expresses no opinion on the validity of the counter-claims, which are currently challenged by a pending motion to dismiss.