THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>   *Plaintiff*,<br><br>   v.<br><br>QUALCOMM INCORPORATED,<br><br>   *Defendant.* | Case No. 3:11-cv-719-J-37-TEM |
| QUALCOMM INCORPORATED,<br><br>   *Counterclaim Plaintiff*,<br><br>   v.<br><br>PARKERVISION, INC., and<br>STERNE KESSLER GOLDSTEIN & FOX PLLC<br><br>   *Counterclaim Defendants.* | |

**QUALCOMM'S MOTION TO CLARIFY THE COURT'S JUNE 7, 2012 ORDER ON QUALCOMM'S MOTION TO COMPEL STERNE KESSLER**

   Qualcomm respectfully seeks clarification of the Court's June 7, 2012 Order (the "Order"), granting in part and denying in part Qualcomm's motion to compel Sterne Kessler Goldstein & Fox PLLC ("Sterne Kessler") to answer Requests for Production Nos. 37 and 40 and Interrogatories Nos. 1-3. Specifically, Qualcomm seeks clarification of the scope of the Order compelling a response to Request for Production ("RFP") No. 37 and of the Order's disposition concerning Qualcomm's request for an order compelling responses to Interrogatory No. 2 and the second subpart of Interrogatory No. 3.

   With respect to RFP No. 37 ("billing records or internal time records of Sterne Kessler attorneys for work related to this action or enforcement of the Patents-in-Suit"), Qualcomm seeks clarification that the Order compels production of only those redacted billing

records within the narrow scope of the request: *i.e.*, only those relating to this action or the enforcement of the Patents-in-Suit against Qualcomm. Sterne Kessler is interpreting the order broadly to compel records relating to all "dates of service for ParkerVision" during the specified periods (Dkt. 113 at 4), without regard to the subject matter of that service. This is far broader than what Qualcomm requested and would serve only to bury the relevant information and render the response useless.

With respect to Interrogatories Nos. 2 and 3, Qualcomm seeks clarification of the disposition of Qualcomm's motion with respect to those interrogatories. Interrogatory No. 2 seeks only the names of certain Sterne Kessler attorneys: those who "communicated orally or in writing with any attorney from the law firms of McKool Smith, P.C., Smith Hulsey & Busey, or Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. concerning this action and/or the Patents-in-Suit." No privileged information is sought, but the Order is silent concerning the disposition of the motion as it relates to this interrogatory.

The second subpart of Interrogatory No. 3 asks Sterne Kessler only to "*identify*[] all analyses, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision or its attorneys" to "assist ParkerVision in analyzing Qualcomm's products or preparing to enforce the Patents-in-Suit against Qualcomm." This, in effect, asks only for a privilege log and does not invade the attorney-client/work product privilege. While the Order appears to have denied actual production of such materials, Qualcomm did not seek their production through the Interrogatory.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g) and the Court's admonition in its Order (Dkt. 113 at 6), on June 12, 2012, counsel for both parties met and conferred in a good faith effort to resolve the issues raised by the present motion, but were unable to agree on the resolution of

the motion. In particular, counsel for Sterne Kessler indicated that it would comply with the Order as it relates to RFP No. 37 by producing redacted billing records not limited to those relating to this action or the enforcement of the Patents-in-Suit against Qualcomm.

### Argument

**I.  Qualcomm Respectfully Requests Clarification of the Scope of the Order Concerning Request For Production No. 37.**

Through its motion, Qualcomm sought an order compelling Sterne Kessler to respond to RFP No. 37: "All billing records or internal time records of Sterne Kessler attorneys for work related to this action or enforcement of the Patents-in-Suit." (Dkt. 94 at 2, 6-10.) The Court granted this aspect of Qualcomm's motion, ruling that Sterne Kessler is required "*only* to produce records of the attorneys and dates of service for ParkerVision for the time periods specified [*i.e.*, January 12, 1999 through March 31, 2008; and April 15, 2010 through July 20, 2011]." (Dkt. 113 at 4, 6.)

Qualcomm seeks clarification that the order requires production of such records *only with respect to Sterne Kessler's* "work related to this action or enforcement of the Patents-in-Suit," RFP No. 37, against Qualcomm. Production of additional records, not relating to this action or to enforcement of the Patents-in-Suit against Qualcomm is not relevant to this action, and Qualcomm has never sought such records. Sterne Kessler's stated intent to comply with the Order through production of redacted records of *all* work performed by Sterne Kessler attorneys for ParkerVision, *whether or not related to this action or the enforcement of the Patents-in-Suit against Qualcomm*,[1] will defeat the purpose of the request: to discover evidence that Sterne

---

[1] Because SKGF has long served as ParkerVision's general patent counsel, Qualcomm anticipates that there is a substantial body of billing records for SKGF work having nothing to do with this action or the enforcement of the Patents-in-Suit against Qualcomm.

Kessler attorneys in fact assisted ParkerVision to bring *this lawsuit against Qualcomm* while Qualcomm was a Sterne Kessler client.  Sterne Kessler's opposition to this requested clarification is odd, inasmuch as the clarification is intended to eliminate the amount of irrelevant information Sterne Kessler is required to produce in response to the request.

**II.     Qualcomm Respectfully Requests Clarification of the Disposition of the Motion Concerning Interrogatory No. 2.**

Through its motion, Qualcomm sought an order compelling Sterne Kessler to respond to Interrogatory No. 2: "Identify every Sterne Kessler attorney who has communicated orally or in writing with any attorney from the law firms of McKool Smith, P.C., Smith Hulsey & Busey, or Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. concerning this action and/or the Patents-in-Suit."  (Dkt. 94 at 3, 12-14.)  Qualcomm sought this discovery of only the *identities* of certain Sterne Kessler attorneys – not the substance of their communications, because the fact of such communications with ParkerVision's outside counsel of record concerning this action is probative of whether Sterne Kessler attorneys assisted those attorneys in connection with this action and affords Qualcomm a basis for determining which Sterne Kessler attorneys to depose.

The Order does not expressly evaluate Qualcomm's motion with respect to this Interrogatory, and Qualcomm accordingly seeks clarification of the Court's intended disposition with respect thereto.  Reasoning set forth in the Order – that "[t]he attorney-client privilege applies to confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice" (Dkt. 113 at 3 (quoting *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008))), and that the work product privilege protects the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" (Dkt. 113 at 4 (quoting *Palmer v. Westfield Ins. Co.*, No. 5:05-CV-10GRJ, 2006 WL 2612168, at *3 (M.D.

4

Fla. June 30, 2006))) – would not apply to the information sought through Interrogatory No. 2: a simple list of names of Sterne Kessler attorneys. That type of information includes the same type of information – names of Sterne Kessler attorneys – whose disclosure the Court ordered in response to RFP 37, and nothing else.

### III. Qualcomm Respectfully Requests Clarification of the Disposition of the Motion Concerning the Second Subpart of Interrogatory No. 3.

Through its motion, Qualcomm also sought an order compelling Sterne Kessler to respond to Interrogatory No. 3, including its second subpart: "Describe all steps you took to assist ParkerVision in analyzing Qualcomm's products or preparing to enforce the Patents-in-Suit against Qualcomm, including by . . . (ii) identifying all analyses, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision or its attorneys and identifying the authors, recipients and date that each document was created." (Dkt. 94 at 4, 14.) It is not clear whether the Order addresses Qualcomm's motion as it relates to this portion of the interrogatory. Although the Order comments that it would deny a "request that SKGF be compelled to produce . . . all 'analyses, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision'" (Dkt. 113, at 5), Interrogatory No. 3 does not request, and Qualcomm did not move to compel, *production* of "analyses, presentations, draft pleadings," etc. Qualcomm sought only a general description/identification of such documents, the very type of description that Sterne Kessler is required to provide in a privilege log. *See, e.g.*, *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FTM-36SPC, 2010 WL 2653223, at *3-4 (M.D. Fla. July 2, 2010) (setting forth the requirements of a privilege log). As a result, the disposition of Qualcomm's motion concerning the second subpart of Interrogatory No. 3 is not clear from the Order.

**Conclusion**

For the foregoing reasons, Qualcomm respectfully requests clarification that (i) the Order as it relates to RFP No. 37 requires production of Sterne Kessler "records detailing *only* the attorney names and their dates of service for ParkerVision" for work related to this action or enforcement of the Patents-in-Suit against Qualcomm; and (ii) of the Order's disposition of Qualcomm's motion to compel as it relates to Interrogatory No. 2 and the second subpart of Interrogatory No. 3.

June 13, 2012

        CRAVATH, SWAINE & MOORE LLP

        By:    s/ Keith R. Hummel
             Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
             khummel@cravath.com
             David Greenwald (admitted pro hac vice)
             dgreenwald@cravath.com
             Worldwide Plaza
             825 Eighth Avenue
             New York, New York 10019
             Telephone: (212) 474-1000
             Facsimile: (212) 474-3700

             -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
    John A. DeVault, III
    Florida Bar No. 103979
    jad@bedellfirm.com
    Courtney K. Grimm
    cgrimm@bedellfirm.com
    Florida Bar No. 953740
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone: (904) 353-0211
    Facsimile: (904) 353-9307

    -and-

CADWALADER, WICKERSHAM & TAFT LLP
    Christopher A. Hughes (admitted pro hac vice)
    Christopher.Hughes @cwt.com
    1 World Financial Center
    New York, New York 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666

    -and-

GOODWIN PROCTER, LLP
    Steven A. Moore (admitted pro hac vice)
    samoore@goodwinprocter.com
    Richard W. Thill (admitted pro hac vice)
    rthill@goodwinprocter.com
    4365 Executive Drive, Suite 3000
    San Diego, CA 92121
    Telephone: (858) 202-2700
    Facsimile: (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this June 13, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
*Attorney for Defendant,
Counterclaim Plaintiff*