THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

       *Plaintiff,*

       v.

QUALCOMM INCORPORATED,

       *Defendant.*

Case No. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

       *Counterclaim Plaintiff,*

       v.

PARKERVISION, INC., and
STERNE KESSLER GOLDSTEIN FOX PLLC

       *Counterclaim Defendants.*

**QUALCOMM'S NOTICE OF SUPPLEMENTAL AUTHORITY
TO ITS MOTION TO DISMISS PARKERVISION'S CLAIMS
OF INDIRECT PATENT INFRINGEMENT**

Qualcomm respectfully submits this notice of a recent opinion issued by the United States Court of Appeals for the Federal Circuit, *R+L Carriers, Inc. v. DriverTech LLC*, (Fed. Cir. June 7, 2012), that is highly relevant to Qualcomm's pending Motion to Dismiss ParkerVision's Claims of Indirect Patent Infringement (Dkt. 89.)  The opinion in the *DriverTech* case is attached hereto as Exhibit A.

In *DriverTech*, the Federal Circuit addressed the pleading requirements for claims of indirect infringement, holding that such claims must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.[1]  Op. at 10.  Thus, to survive a motion to dismiss, a complaint for indirect infringement "must contain facts plausibly showing that [the Defendant] specifically intended [its] customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement."  Op. at 25.  This standard differs from the standard applicable to claims of direct infringement, for which *DriverTech* holds that adherence to the level of detail set forth in FRCP 84, Form 18, suffices.

As noted in Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Patent Infringement (Dkt. 89), ParkerVision has failed to allege *any* facts to support its allegations of indirect infringement, let alone facts "sufficient to push the complaint past the line 'between possibility and plausibility.'"  Op. at 30.  ParkerVision's mere allegations—*i.e.* that "Qualcomm has utilized and continues to utilize device, systems or methods that infringe

---

[1] *DriverTech* rejects the position that a plaintiff asserting a claim of indirect infringement must identify in its complaint a *specific* direct infringer.  (Op. at 19 ("To state a claim for indirect infringement . . . a plaintiff need not identify a *specific* direct infringer *if it pleads facts sufficient to allow an inference that at least one direct infringer exists*.").)  Because ParkerVision has failed to allege *any* facts in support of its claim of indirect infringement, however, let alone facts sufficient to support an allegation that a direct infringer exists, this ruling does not in any way undercut the force of Qualcomm's motion.

directly, by inducement and/or contributorily, one or more claims of the Patents-in-Suit" (Dkt.

88 ¶ 11) — do not satisfy the pleading standard described in *DriverTech*.

June 13, 2012

CRAVATH, SWAINE & MOORE LLP

By:     s/ Keith R. Hummel
        Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
        khummel@cravath.com
        David Greenwald (admitted pro hac vice)
        dgreenwald@cravath.com
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York  10019
        Telephone:  (212) 474-1000
        Facsimile:  (212) 474-3700

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
        John A. DeVault, III
        Florida Bar No. 103979
        jad@bedellfirm.com
        Courtney K. Grimm
        cgrimm@bedellfirm.com
        Florida Bar No. 953740
        The Bedell Building
        101 East Adams Street
        Jacksonville, Florida 32202
        Telephone:  (904) 353-0211
        Facsimile:  (904) 353-9307

-and-

CADWALADER, WICKERSHAM & TAFT LLP
        Christopher A. Hughes (admitted pro hac vice)
        Christopher.Hughes @cwt.com
        1 World Financial Center
        New York, New York 10281
        Telephone:  (212) 504-6000
        Facsimile:  (212) 504-6666

-and-

GOODWIN PROCTER, LLP
    Steven A. Moore (admitted pro hac vice)
    samoore@goodwinprocter.com
    Richard W. Thill (admitted pro hac vice)
    rthill@goodwinprocter.com
    4365 Executive Drive, Suite 3000
    San Diego, CA 92121
    Telephone:  (858) 202-2700
    Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*