IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,                           CASE NO.: 3:11-CV-719-RBD-TEM
    Plaintiff,

v.

QUALCOMM INCORPORATED,
    Defendant.
_____/

QUALCOMM INCORPORATED,
    Counterclaim Plaintiff,

v.

PARKERVISION, INC, AND
STERNE, KESSLER, GOLDSTEIN & FOX PLLC,
    Counterclaim Defendants.
_____/

### STERNE, KESSLER, GOLDSTEIN & FOX PLLC'S RESPONSE TO QUALCOMM'S MOTION FOR CLARIFICATION

Counterclaim-Defendant, Sterne, Kessler, Goldstein & Fox PLLC ("SKGF"), by and through undersigned counsel, hereby responds to Counterclaim-Plaintiff, Qualcomm, Inc.'s, Motion to Clarify the Court's June 7, 2012 Order on Qualcomm's Motion to Compel Sterne Kessler [Doc. No. 114] and states as follows:

### PREAMBLE

Unsatisfied with this Court's ruling, Qualcomm feigns uncertainty in an inappropriate effort to seek another bite at the proverbial apple. *See generally Bossett v. I.R.S.*, 2006 WL 1284460, at *1 (M.D. Fla. Mar. 27, 2006) (motion for clarification denied where party did not seek clarification but, instead, merely attempted to reargue its position). Qualcomm's

motion fails to identify any uncertainty regarding the cogent legal analysis contained in the Court's ruling. Rather, Qualcomm expresses dissatisfaction with the effect of the ruling, i.e., it does not provide the specific relief requested in its motion to compel, and seeks to avoid the merits of the Court's decision with arguments previously considered and rejected by the Court.

The Court's ruling is neither ambiguous nor uncertain concerning the scope of what SKGF is and is not required to disclose. In compliance with the Court's Order, SKGF has collected, redacted and produced to Qualcomm more than twelve-thousand-five-hundred pages of billing records. Qualcomm has been provided everything contemplated under the Order. Qualcomm's effort to re-write the Order to further require the disclosure of additional privileged information is inappropriate. For the reasons set forth herein, Qualcomm's motion for clarification should be denied in its entirety.

**I.    Qualcomm's Motion for Clarification Merely Reprises Old Arguments and Does Not Establish a Need for Further Clarification.**

    A.    Request for Production No. 37

In its motion to compel, Qualcomm requested this Court require SKGF disclose the "who," "what," when," and "how long" set forth in SKGF's billing/time records pertaining to SKGF's alleged assistance to ParkerVision in suing Qualcomm. *See* D.E. 94, pp. 6-9. In its response, SKGF explained how Request No. 37 is a cleverly crafted request for production which assumes, as part of the request, the "what" information which Qualcomm seeks to compel, i.e., "for work related to this action or enforcement of the Patents-in-Suit." *See* D.E. 101, pp. 11-15. SKGF further explained why such a request was improper since the inclusion of the "what," i.e., the scope of the SKGF-ParkerVision representation, in the

discovery request would necessarily result in a violation of the SKGF-ParkerVision attorney-client privilege. *See id.* at 12 *citing Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 1995 WL 598971 (S.D.N.Y. 1995); *Banks v. Office of the Sergeant-at-Arms*, 241 F.R.D. 376, 382 (D.D.C. 2007); *Fed. Trade Comm'n v. Cambridge Exch., Ltd.*, 845 F.Supp. 872, 874 (S.D. Fla. 1993).

In its ruling, this Court rejected Qualcomm's attempted end-run around the SKGF-ParkerVision attorney-client privilege and held that Qualcomm is entitled to know the "who" and "when" but not the "what," either directly or indirectly, for services rendered by SKGF on behalf of ParkerVision during the period of January 12, 1999 through March 31, 2008 and April 15, 2010 through July 20, 2011. *See* D.E. 113, pp. 4-5. Qualcomm purports to seek clarification that the Order requires production of the aforementioned billing records *only* with respect to SKGF's alleged "work related to this action or enforcement of the Patents-in-Suit." However, such a misguided reading would eviscerate the Court's ruling, i.e., it would require the disclosure of "what" which the Court has already denied.

Moreover, such a reading flies in the face of the rest of the Court's Order. For instance, the Court bases its decision to require the disclosure of "*only* the attorney names and their dates of service," in part, on the relevance of whether a SKGF attorney worked on Qualcomm and ParkerVision matters at the same time. *See id.* at 5 (emphasis in original). Discovery concerning compliance with firewall arrangements between the parties does not (nor should it) require disclosure of the scope of the SKGF-ParkerVision representation. Yet Qualcomm seeks such disclosure in its motion for clarification.

Similarly, the Court bases its decision, in part, on *United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992), finding that the parties were aware of the SKGF-ParkerVision relationship and, therefore, the limited disclosure of the "who" and "when" of SKGF's representation will not threaten the attorney-client privilege. *See* D.E. 113, pp. 4-5. The proffered reading by Qualcomm, i.e., that the "who" and "when" should be limited to a specific category of "what," is inconsistent with this aspect of the Court's ruling since Qualcomm's awareness of the SKGF-ParkerVision attorney-client relationship does not mean it is entitled to delve into the nature of the representation.

Likewise, the Court holds that "specific billing numbers pertinent to this action" need not be disclosed. According to Qualcomm, law firms typically employ separate billing numbers for specific client engagements and, it speculates, SKGF should have a separate billing number for alleged "work it did to help ParkerVision sue Qualcomm." See D.E. 94, p. 7. The proffered reading by Qualcomm, i.e., that the "who" and "when" should be limited to a specific client engagement, is inconsistent with the Court's ruling that SKGF need not identify specific billing numbers which may relate to specific client engagements.

Qualcomm's effort to re-write the Order to fit the scope of relief it initially requested, but which was ultimately rejected, i.e., the "who" and "when" for a defined category of "what," should be denied.

B.  Interrogatory No. 2

Qualcomm purports to seek clarification of the disposition of its motion to compel with respect to Interrogatory No. 2. Specifically, Qualcomm asserts the "Order does not expressly evaluate Qualcomm's motion with respect to this Interrogatory" and goes on to

argue that the reasoning set forth in the Court's Order would not apply with respect to this Interrogatory. *See* D.E. 114, pp. 4-5. Qualcomm is mistaken on both counts.

Interrogatory No. 2 is expressly addressed in the Court's Order. *See* D.E. 113, p. 2 ("Qualcomm seeks … answers to Interrogatories Nos. 1-3"; "Qualcomm is seeking … 'the identity of every [SKGF] attorney who has communicated … with any attorney from [certain law firms] concerning this action and/or the Patents-in-Suit'"). Moreover, the reasoning set forth in the Court's Order applies with equal vigor to each of the discovery requests at issue, i.e., Request for Production No. 37 and Interrogatory Nos. 2 and 3.

Qualcomm asserts Interrogatory No. 2 merely seeks "discovery of the identities of certain [SKGF] attorneys – not the substance of their communications." *See* D.E. 114, p. 4. However, this is a misleading characterization of the discovery request. Interrogatory No. 2 requests SKGF "[i]dentify every [SKGF] attorney who has communicated orally or in writing with any attorney [representing ParkerVision in this action] <u>concerning this action and/or the Patents-in-Suit</u>." The discovery request itself dictates the "what" of the purported communication, i.e., "concerning this action and/or the Patents-in-Suit." The Court's Order, in the context of all of the complained of discovery requests, addresses the issue of whether Qualcomm is entitled to explore the "what" of the SKGF-ParkerVision relationship and found that it may not. Rather, it is limited solely to explore the "who" and "when" of the SKGF-ParkerVision relationship.

Qualcomm's proffered reading, with respect to Interrogatory No. 2, flies in the face of the Court's Order for the same reasons discussed above with respect to Request for Production No. 37. There is no, nor can it be legitimately argued, any uncertainty regarding

the scope of the relief afforded in the Court's Order. Qualcomm's effort to re-argue its motion to compel to delve into the nature of the SKGF-ParkerVision relationship is inappropriate and its motion for clarification should be denied.

    C.    <u>Interrogatory No. 3</u>

Qualcomm purports to seek clarification of the disposition of its motion to compel with respect to the second subpart of Interrogatory No. 3. Specifically, Qualcomm asserts "[i]t is not clear whether the Order addresses Qualcomm's motion as it relates to this portion of the interrogatory" and goes on to re-raise an argument asserted by Qualcomm in its motion to compel. *See* D.E. 114, p. 5. Qualcomm is, again, mistaken on both counts.

Interrogatory No. 3 is expressly addressed in the Court's Order. *See* D.E. 113, p. 1 ("Qualcomm seeks … answers to Interrogatories Nos. 1-3"; "Qualcomm is seeking … all analysis, presentations, pleadings, etc. which inured to the benefit of Plaintiff/Counterclaim Defendant, ParkerVision"). Moreover, the reasoning set forth in the Court's Order applies with equal vigor to the second subpart of Interrogatory No. 3.

Qualcomm asserts Interrogatory No. 3 merely seeks "a general description/identification of [all analysis, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision]," as opposed to their actual production. *See* D.E. 114, p. 5. However, this is yet another misleading characterization of the discovery request. Interrogatory No. 3, in pertinent part, requests SKGF "*[d]escribe all steps you took to assist ParkerVision in analyzing Qualcomm's products or preparing to enforce the Patents-in-Suit against Qualcomm*, including by … (ii) identifying all analysis, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision or its attorneys and

identifying the authors recipients and date that each document was created." Yet again, the discovery request is cleverly crafted to assume, as part of the interrogatory, the "what" information which Qualcomm seeks to compel, i.e., "to assist ParkerVision in analyzing Qualcomm's products or preparing to enforce the Patents-in-Suit against Qualcomm." The Court's Order, in the context of all of the complained of discovery requests, addresses the issue of whether Qualcomm is entitled to explore the "what" of the SKGF-ParkerVision relationship and found that it may not. Rather, it is limited solely to explore the "who" and "when" of the SKGF-ParkerVision relationship.

Qualcomm also argues that the information requested is "the very type of description that Sterne Kessler is required to provide in a privilege log." *See* D.E. 114, p. 5. This argument was previously raised in Qualcomm's motion to compel (D.E. 94, p. 14) and it is inappropriate to re-raise the same argument in a motion for clarification. *Bossett*, 2006 WL 1284460 at *1. Moreover, as discussed in SKGF's response to the motion to compel, Qualcomm's argument that SKGF would be required to provide this same information in a privilege log is misplaced. *See* D.E. 101, pp. 14-15 *citing Nevin v. Palm Beach County School Board*, 958 So.2d 1003, 1008 (Fla. 1st DCA 2007); *Republic Serv.'s Inc. v. American Int'l Specialty Lines Ins. Co.*, 2008 WL 4691836, at *3 (S.D. Fla. Oct. 21, 2008); *S.E.C. v. Thrasher*, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996).

Qualcomm's proffered reading, with respect to Interrogatory No. 3, flies in the face of the Court's Order for the same reasons discussed above with respect to Request for Production No. 37 and Interrogatory No. 2. There is no uncertainty regarding the scope of the relief afforded in the Court's Order. Qualcomm's effort to re-argue its motion to compel

to further delve into the nature of the SKGF-ParkerVision relationship is inappropriate and its motion for clarification should be denied.

**II. Prior to Any Invasion into the "What" Aspect of the SKGF-ParkerVision Relationship, the Qualcomm Claims Against SKGF Should be Bifurcated and Stayed or, Alternatively, the Scope of the Consent Issue Should be Decided.**

In the event the Court believes that a response - beyond the scope of that set forth in the Court's Order - to Request for Production No. 37 and/or Interrogatory Nos. 2 and 3 may be necessary as a result of the pending motion for clarification, SKGF respectfully re-submits, and incorporates by reference in its entirety, its argument that in order to protect against the unwarranted invasion into the SKGF-ParkerVision attorney-client privilege, the Court should stay the requested discovery and bifurcate the fiduciary duty and contract claims until the completion of the underlying patent action or, at a minimum, have the parties brief, and the Court rule upon, the scope of the consent provided SKGF in the 2010 Engagement Letters. *See* D.E. 101, pp. 16-20.

## CONCLUSION

In conclusion, SKGF respectfully submits that because there is no ambiguity or uncertainty in the Court's Order concerning the scope of relief afforded Qualcomm on its motion to compel, the pending motion for clarification should be denied in its entirety. Conversely, in the event the Court believes further consideration is necessary concerning the potential production of attorney-client privileged materials, SKGF respectfully submits that any such action should be delayed until the close of the underlying patent infringement actions, or at least until after the consent issue has been resolved.

Dated: July 2, 2012          By:   /s/ David M. Wells
                                    David M. Wells – Trial Counsel

>Florida Bar #309291
>David R. Atkinson
>Florida Bar #767239
>*Counsel for Sterne, Kessler, Goldstein*
>*& Fox PLLC*
>GUNSTER, YOAKLEY & STEWART, P.A.
>225 Water Street, Suite 1750
>Jacksonville, FL 32202
>Telephone: 904-354-1980
>Facsimile: 904-354-2170
>dwells@gunster.com
>datkinson@gunster.com

.

**CERTIFICATE OF SERVICE (Documents filed via CM/ECF)**

I hereby certify that on the 2nd day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/ s/ David M. Wells_____
>David M. Wells

**ELECTRONIC MAIL SERVICE LIST**
**CASE NO.: 3:11-cv-719-J-37-TEM**

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

John A. DeVault, III
jad@bedellfirm.com
Courtney Kneece Grimm
cgrimm@bedellfirm.com
Bedell, Dittman, DeVault, Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL  32202
Phone:  904-353-0211
Facsimile:  904-353-9307
FLABAR#103979

Keith R. Hummel
khummel@cravath.com
David Greenwald
dgreenwald@cravath.com
Joseph Everett Lasher
jlasher@cravath.com
Peter A. Emmi
pemmi@cravath.com
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019-7475
Phone:  212-474-1000
Fax:  212-474-3700

Christopher A. Hughes
Christopher.Hughes@cwt.com
John Moehringer
John.moehringer@cwt.com
Robert Pollaro
Robert.pollaro@cwt.com
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Phone:212-504-6000
Fax:  212-504-6666

*Counsel for Plaintiff, Counterclaim Defendant, ParkerVision*
Ava K. Doppelt
adoppelt@addmg.com
Brian R. Gilchrist
bgilchrist@addmg.com
Jeffrey Scott Boyles
jboyles@addmg.com
Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA
255 S Orange Ave – Ste 1401
PO BOX 3791
Orlando, FL  32801
Phone:  407-841-2330
Fax:  407-841-2343

Stephen D. Busey
busey@smithhulsey.com
James Arthur Bolling
jbolling@smithhulsey.com
Smith, Hulsey & Busey
225 Water St – Ste 1800
PO BOX 53315
Jacksonville, FL  32202-3315
Phone:  904-359-7700
Fax:  904-359-7708

T. Gordon White
gwhite@mckoolsmith.com
McKool Smith P.C.
300 West 6th Street, Suite 1700
Austin, TX 78701
Phone:  512-692-8700

J. Austin Curry
acurry@mckoolsmith.com
Douglas Cawley
dcawley@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
Phone:  214-978-4000
Fax: 214-978-4044

JAX_ACTIVE 3198267.2