**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKER VISION, INC.,

    Plaintiff,

vs.                                                     CASE NO. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

    Defendant.

_____

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKER VISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC,

    Counterclaim Defendants.

_____

**O R D E R**

This case is before the Court on Qualcomm's Motion to Clarify the Court's June 7, 2012 Order on Qualcomm's Motion to Compel Sterne, Kessler (Doc. #114, Motion to Clarify) and Sterne, Kessler, Goldstein & Fox, PLLC's, ("SKGF") Response to Qualcomm's Motion for Clarification (Doc. #116, Response). The Court has reviewed the Motion and the Response, and has given due consideration to the argument of the parties.

Qualcomm seeks clarification of the Court's Order that addressed Qualcomm's Motion to Compel Sterne Kessler to Answer Requests for Production Nos. 37 and 40 and Interrogatories Nos. 1-3, apparently because in granting the motion in part and denying the motion in part, the Court only specifically discussed the limited discovery it ordered SKGF

to produce to Qualcomm at this time. On the one hand, Qualcomm laments that the Court ordered production of redacted billing records of SKGF attorneys who performed services for Parker Vision during specified periods of time, stating only the names of the attorneys and the dates of service, because the Court's Order does not restrict production to identification of "Sterne Kessler attorneys [who] in fact assisted Parker Vision to bring this lawsuit against Qualcomm while Qualcomm was a Sterne Kessler client." Motion to Clarify at 1-4. On the other hand, Qualcomm requests specific clarification as to the specific disposition of its Motion to Compel concerning Interrogatory No. 2, and the second subpart of Interrogatory No. 3, apparently because the Court did not explicitly state denials of those portions of the Motion to Compel. Motion to Clarify at 4-6. SKGF's arguments in its Response to the instant Motion are well taken and the Court will not undertake to reiterate them other than to confirm, if confirmation is necessary, that the ordered production of records was fashioned to permit discovery concerning compliance with the firewall arrangements between these entities without disclosing the scope of SKGF's representation of Parker Vision.

The Court will **grant** the Motion to Clarify (Doc. #114) and restate its rulings on Qualcomm's Motion to Compel Sterne Kessler to Answer Requests for Production Nos. 37 and 40 and Interrogatories Nos. 1-3 (Doc. #94, Motion to Compel) in more detail to avoid any confusion.

As stated in the earlier order, Qualcomm's Motion to Compel (Doc. #94) is granted and part and denied in part. The Motion to Compel is granted to the extent, and only to the extent, set forth in the Court's Order of June 7, 2012 (Doc. #113). In other words,

1. As to Qualcomm's RFP No. 37, the Motion to Compel is **granted to the extent** SKGF is ordered to produce redacted copies of its billing records for services rendered to Parker Vision from January 12, 1999 through March 31, 2008 and from April 15, 2010 through July 20, 2011. The produced records shall detail only the attorney names and the dates on which these attorneys provided legal services to Parker Vision during the time frame set forth above. The request to compel other information sought by RFP No. 37 is **denied** at this time.

2. As to Qualcomm's RFP No. 40, the Motion to Compel is **denied** at this time.

3. As to Qualcomm's Interrogatory No.1, the Motion to Compel is **denied** at this time.

4. As to Qualcomm's Interrogatory No. 2, the Motion to Compel is **denied** at this time.

5. As to Qualcomm's Interrogatory No. 3, the Motion to Compel is **denied** at this time.

As noted in the prior order, should the ordered discovery produce information that indicates further inquiry in this area may lead to the discovery of admissible evidence, the parties should first attempt to resolve the matter, but may return to the Court if necessary. Attorneys behind a firewall to provide services to Qualcomm, should not have billing for services rendered to Parker Vision while providing services to Qualcomm. Qualcomm should not interpret the Court's phasing of denials "at this time" as indicative of discovery that may be ordered if only sought again in the future. Upon a showing that the same attorneys were providing services simultaneously to Qualcomm and to Parker Vision, the

Court would entertain further motion practice on this matter.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any