THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>QUALCOMM INCORPORATED,<br><br>    *Defendant.*<br><br>QUALCOMM INCORPORATED,<br><br>    *Counterclaim Plaintiff*,<br><br>    v.<br><br>PARKERVISION, INC., and<br>STERNE KESSLER GOLDSTEIN & FOX PLLC<br><br>    *Counterclaim Defendants.* | Case No. 3:11-cv-719-J-37-TEM |

**QUALCOMM'S OBJECTIONS TO MAGISTRATE JUDGE MORRIS' JUNE 7, 2012 AND JULY 20, 2012 ORDERS RESPECTING QUALCOMM'S MOTION TO COMPEL DISCOVERY FROM STERNE KESSLER**

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Qualcomm Incorporated ("Qualcomm") respectfully submits the following objections to Magistrate Judge Thomas E. Morris' Orders dated June 7, 2012 (Dkt. 113, the "June 7 Order") and July 20, 2012 (Dkt. 130, the "July 20 Order") (collectively, the "Orders").

**Preliminary Statement**

As the 9th and 11th counts of its Counterclaim, Qualcomm has sued its former counsel, Sterne, Kessler, Goldstein & Fox PLLC ("SKGF"), for breach of fiduciary duty and breach of contract (the "common law counterclaims"). The theory of Qualcomm's common law counterclaims is that by assisting ParkerVision to bring this action against Qualcomm while

Qualcomm was SKGF's client, SKGF (i) breached the fiduciary duty of loyalty all attorneys owe their clients and (ii) broke an express promise it had made to Qualcomm in a letter dated January 12, 1999 (the "1999 Waiver Letter") that "no one at SKGF would in any future matter take an adversarial position (*e.g.*, participate in litigation against [Qualcomm] on any matters)" for as long as Qualcomm remained a SKGF client. (*See* Dkt. 95-1.)

Qualcomm served SKGF with several document requests and three interrogatories seeking information regarding the nature and extent (but *not* the substance) of the assistance SKGF provided to ParkerVision in preparing for this litigation against Qualcomm. In its objections to these discovery requests, SKGF contended that disclosure of the basic, objective facts concerning SKGF's assistance to ParkerVision—whether its attorneys provided assistance, which of its attorneys provided that assistance, when they provided that assistance and the form that assistance took (*e.g.*, preparation of memoranda, drafting of pleadings)—would disclose information allegedly protected by the attorney-client privilege and the work-product immunity. (*See* Dkt. 95-3; Dkt. 101.) Because these objections are plainly without merit, and because they render it effectively impossible for Qualcomm to obtain discovery concerning its common law counterclaims, Qualcomm moved to compel SKGF to respond to certain of its discovery requests.

In his order granting in part and denying in part the Qualcomm's motion to compel (the "June 7 Order"), and in a subsequent order clarifying the June 7 Order (the "July 20 Order"), Magistrate Judge Morris (the "Magistrate") denied Qualcomm the discovery it was seeking, while ordering SKGF to produce information it had not sought: information concerning whether any *individual* SKGF attorney served both clients simultaneously without regard to whether the representation of ParkerVision related to ParkerVision's enforcement of the Patents-in-Suit against Qualcomm. In the absence of that limitation, the information that the

2

Magistrate ordered to be provided is not probative of or helpful to the determination of the sole question for discovery and trial against SKGF: whether SKGF helped ParkerVision prepare its lawsuit against its then-current client, Qualcomm.

The Magistrate's Orders appear to be premised on a misunderstanding of the bases of Qualcomm's common law counterclaims, and of the governing law. In particular, the Magistrate's focus on simultaneous representation with respect to Qualcomm's claim for breach of fiduciary duty overlooks that conflicts of interest among lawyers associated in a law firm are imputed to the entire law firm. Additionally, the Magistrate's Orders misunderstand the bases for Qualcomm's breach of contract claim to the extent they refer, not to the specific provisions cited in the Counterclaim—concerning litigation by SKGF adverse to Qualcomm—but to a "firewall provision" (the "Firewall Provision") that would preclude simultaneous representation of Qualcomm and ParkerVision by the same SKGF attorney. Qualcomm has never once cited the Firewall Provision in its breach of contract claim or motion papers, nor has it sought discovery specifically designed to elicit whether SKGF has breached that term. The Firewall Provision is simply not relevant to this case.

Finally, the Magistrate's Orders are also incorrect as a matter of law to the extent they denied discovery on the grounds that the information Qualcomm was seeking is protected by attorney-client privilege or work-product immunity. Qualcomm was careful in its discovery requests not to seek such information, and the Magistrate's conclusions to the contrary were erroneous.

**Background**

    A.    <u>Qualcomm's Discovery Requests</u>

On January 30, 2012, Qualcomm served several document requests and three interrogatories on SKGF. Request for Production No. 37 and Interrogatories Nos. 2 and 3 seek

information concerning the nature of the assistance SKGF provided to ParkerVision in preparing to sue Qualcomm. This information goes to the very heart of Qualcomm's common law counterclaims: SKGF's assistance to ParkerVision in suing SKGF's then-current client is the basis for these claims.

Request for Production ("RFP") No. 37 and Interrogatories Nos. 2 and 3, and SKGF's responses thereto, are as follows:

RFP No. 37 seeks:

> All billing records or internal time records of SKGF attorneys for work related to this action or enforcement of the Patents-in-Suit.

SKGF has objected to RFP No. 37 as follows:

> SKGF hereby incorporates by reference, as if fully set forth herein, its General Objections as set forth above. SKGF objects to this Request because it is vague and indefinite. To the extent the Request seeks billing records between SKGF and ParkerVision, SKGF objects to this Request because it knowingly and improperly seeks to invade upon the attorney-client relationship between SKGF and ParkerVision. Any response which would either admit or deny the existence of responsive documents relating to this action or any enforcement of the Patents-in-Suit against the Counterclaim-Plaintiff would necessarily result in the disclosure of the substance of attorney-client communications between SKGF and ParkerVision. To the extent the Request seeks internal billing records relating to the action, SKGF objects to this Request because it seeks information protected by the Attorney-Client privilege and/or Work Product immunity doctrine as such work would have been performed at the request and direction of litigation counsel. SKGF further objects to this Request because it is vague, overbroad and unduly burdensome in that it is indeterminate whether "enforcement of the Patents-in-Suit" is intended to be limited to the present action or encompass activities not involving the Counterclaim-Plaintiff.

Interrogatory No. 2 asks:

> Identify every SKGF attorney who has communicated orally or in writing with any attorney from the law firms of McKool Smith, P.C., Smith Hulsey & Busey, or Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. concerning this action and/or the Patents-in-Suit.

SKGF has objected to Interrogatory No. 2 as follows:

> SKGF hereby incorporates by reference, as if fully set forth herein, its General Objections as set forth above. SKGF objects to this Interrogatory because it knowingly and improperly seeks to invade upon the attorney-client and joint defense privileges between SKGF and ParkerVision. SKGF further objects to this Interrogatory because it seeks information protected by the Attorney-Client privilege and Work Product immunity doctrine. SKGF further objects to this Interrogatory because it seeks information protected by the Joint Defense privilege, or Common Interest rule. SKGF further objects to this Interrogatory because it is overbroad and unduly burdensome as it requests information not relevant to the underlying action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 3 asks:

> Describe all steps you took to assist ParkerVision in analyzing Qualcomm's products or preparing to enforce the Patents-in-Suit against Qualcomm, including by (i) stating the total number of hours expended by SKGF attorneys during 2010 and 2011, whether or not recorded or billed, in connection with such assistance, and (ii) identifying all analyses, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision or its attorneys and identifying the authors, recipients and date that each document was created.

SKGF has objected to Interrogatory No. 3 as follows:

> SKGF hereby incorporates by reference, as if fully set forth herein, its General Objections as set forth above. SKGF objects to this Interrogatory because it knowingly and improperly seeks to invade upon the attorney-client and joint defense privileges between SKGF and ParkerVision. Any response would necessarily result in the disclosure of

>   the substance of attorney-client communications between
>   SKGF and ParkerVision.

### B. Qualcomm's Motion to Compel and Motion for Clarification

Because SKGF's privilege objections rendered it effectively impossible for Qualcomm to obtain discovery concerning its common law counterclaims, on March 30, 2012, Qualcomm moved to compel SKGF to produce the documents requested by RFP No. 37 and to answer Interrogatories Nos. 2 and 3 (Dkt. 94, the "Motion to Compel").

On June 7, 2012, the Magistrate issued an order granting in part and denying in part Qualcomm's motion (Dkt. 113, the "June 7 Order"). The Magistrate declined to order SKGF to produce the documents requested through RFP No. 37 or to answer any of the interrogatories Qualcomm had served. However, the Magistrate directed SKGF to produce in response to RFP No. 37 billing records for *all* matters SKGF had handled for ParkerVision for the periods of January 12, 1999 through March 31, 2008 and April 15, 2010 through July 20, 2011 (the "periods of concurrent representation"), detailing "only the attorney names and their dates of service for ParkerVision." (Dkt. 113 at 4-6.) The Magistrate explained his reasoning as follows:

> [D]iscovery of whether *any attorney* worked on Qualcomm and ParkerVision matters *at the same time* is certainly relevant to Qualcomm's counterclaims of breach of contract and breaches of fiduciary duty. The January 12, 1999 "Waiver of Conflict" letter contains a "firewall" provision so that attorneys who had represented, or were expected to represent, Qualcomm would not have access to the confidential information of ParkerVision.

(Dkt. 113 at 5 (emphasis added, internal citations omitted).) Thus, the apparent basis for the June 7 Order was the Magistrate's apprehension that Qualcomm's claims turn on whether the same individual SKGF attorneys represented both Qualcomm and ParkerVision at the same time, in violation of the Firewall Provision of the 1999 Waiver Letter. (*Id.*)

6

On June 13, 2012, Qualcomm filed a motion seeking clarification of the June 7 Order (Dkt. 114, the "Motion to Clarify"), with respect to RFP No. 37 and Interrogatories Nos. 2 and 3. In particular, Qualcomm sought clarification that, with respect to RFP No. 37, the June 7 Order compelled production of only those redacted billing records within the scope of the request—*i.e.*, those relating to this action or the enforcement of the Patents-in-Suit against Qualcomm. This clarification was necessary because the production of all billing records for service to ParkerVision, without regard to subject matter, would serve only to bury and obscure the relevant information—whether the matters SKGF handled for ParkerVision involved SKGF in helping ParkerVision sue Qualcomm. Additionally, Qualcomm sought clarification of the Magistrate's ruling with respect to Interrogatory No. 2, on which the June 7 Order is entirely silent, and Interrogatory No. 3, which the Magistrate's June 7 Order appeared to misinterpret as requesting *production* of SKGF work-product for ParkerVision, while the interrogatory seeks only privilege log-type descriptions of such documents.

On July 20, 2012, the Magistrate granted the Motion to Clarify, stating that Qualcomm's Motion to Compel was granted in part with respect to RFP No. 37 and "denied at this time" with respect to the other discovery requests. (Dkt. 130, "the July 20 Order," at 3.) In the July 20 Order, the Magistrate once again relied on the Firewall Provision from the 1999 Waiver Letter. (*See id.* at 2 (noting that "the ordered production of [redacted billing] records was fashioned to permit discovery concerning compliance with the firewall arrangements between [Qualcomm and ParkerVision] without disclosing the scope of SKGF's representation of ParkerVision"), 3-4 ("Upon a showing that the same attorneys were providing services simultaneously to Qualcomm and ParkerVision, the Court would entertain further motion practice on this matter.").

In response to the June 7 Order, SKGF produced over 12,000 pages of billing records ranging in date from February 24, 1999 to August 11, 2011, a period that mostly comprised years predating the period in which ParkerVision contends it contacted counsel to investigate Qualcomm's alleged infringement. This voluminous body of billing records was redacted to eliminate anything but the date on which and the initials of the SKGF attorney who during that twelve-year period provided service to ParkerVision—any service, regardless of whether it related to this litigation. As a result, the voluminous records SKGF produced in response to the June 7 Order, in most cases pre-dating this action by many ears, do not permit one to draw any inference about whether or not SKGF assisted ParkerVision in bringing this action against Qualcomm.

## Standard of Review

Under Rule 72(a), a party may object to a magistrate judge's order on a non-dispositive, pre-trial matter within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also SEC v. Kramer*, 778 F. Supp. 2d 1320, 1326-28 (M.D. Fla. 2011) (sustaining objection to magistrate's order denying motion to compel a Rule 30(b)(6) deposition, as the magistrate's conclusion that the deposition would necessarily intrude on work-product privilege was "clearly erroneous" where the defendant "sought to discover only the facts underlying the claim against him and not the mental impressions of . . . counsel").

**Argument**

I.  **The Magistrate's Orders are Clearly Erroneous and Contrary to Law.**

  A.  <u>The Magistrate's Orders Disregard the Factual and Legal Bases for Qualcomm's Common Law Counterclaims.</u>

The Magistrate's Orders denying Qualcomm's motion to compel are premised on a fundamental misunderstanding of the nature of Qualcomm's common law counterclaims, a misapplication of the law, or both. By ordering SKGF to produce billing records for ParkerVision matters detailing "only the attorney names and their dates of service for ParkerVision," the Magistrate has effectively limited the scope of Qualcomm's discovery of SKGF's representation of ParkerVision to information concerning whether any *individual* SKGF attorney served both clients *simultaneously*. But simultaneous representation by the same lawyer is, at best, tangential to the central question for discovery and trial on Qualcomm's common law counterclaims: whether SKGF helped ParkerVision prepare its lawsuit against its current client, Qualcomm.

Qualcomm's claim for breach of fiduciary duty concerns the allegation that SKGF breached its duty of loyalty to Qualcomm by undertaking a representation of ParkerVision adverse to Qualcomm—*i.e.*, the preparation of this lawsuit—while Qualcomm was a current SKGF client. Such conduct by any lawyer within SKGF is a clear violation of Florida Rule 4-1.7(a), which prohibits a lawyer from representing one client in a matter that is directly adverse to another client. *See* R. Reg. Fla. Bar 4-1.7(a). Critically, the conflict of interest that prevents an individual SKGF attorney working for Qualcomm from assisting ParkerVision in a matter directly adverse to Qualcomm is imputed to all lawyers in the same law firm. *See* R. Reg. Fla. Bar 4-1.10 ("[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule 4-1.7

9

or 4-1.9"); *Harrison v. Fisons Corp.*, 819 F. Supp. 1039, 1041 (M.D. Fla. 1993) (disqualifying entire law firm where different attorneys within the firm represented adverse parties to the litigation); *Baybrook Homes, Inc. v. Banyan Const. & Dev., Inc.*, 991 F. Supp. 1440, 1444 (M.D. Fla. 1997) ("Because Doppelt's prior relationship with Nehmahtallah precludes her from representing Baybrook pursuant to Rule 4–1.9, Rule 4–1.10 imputes her disqualification to the entire Allen, Dyer, Doppelt firm.")  Thus, the breach of duty and of ethics are the same, regardless of whether the SKGF attorney who helped ParkerVision sue Qualcomm was him/herself working on Qualcomm matters at the same time.

It is apparent from the Orders that the Magistrate ignored this fundamental principle of imputation by assuming (incorrectly) that SKGF's representation of ParkerVision is impermissible only if any individual SKGF attorney served both Qualcomm and ParkerVision at the same time.  To prevail on its breach of fiduciary duty claim, however, Qualcomm need not prove that any individual SKGF attorney represented both clients; it must prove that *any* SKGF attorney represented ParkerVision *in a matter adverse to Qualcomm*.  The Magistrate's order compelling SKGF to produce billing records for ParkerVision matters detailing "only the attorney names and their dates of service for ParkerVision," without regard to the subject matter of that service, therefore provides Qualcomm with answers to questions it never asked and denies Qualcomm precisely the information it needs to assess whether SKGF breached its fiduciary duty *not to be adverse to Qualcomm*.  (*See* Dkt. 114 at 2-4.)

Qualcomm's breach of contract claim concerns the allegations that SKGF breached promises made in the 1999 Waiver Letter that (i) "no one at [SKGF] would in any future matter take an adversarial position (*e.g.*, participate in litigation against [Qualcomm] on any matters)" for as long as Qualcomm remained a SKGF client; and (ii) "if [the] negotiations [between Qualcomm and ParkerVision] were unsuccessful and . . . resulted in some dispute

between the parties, SKGF would not represent either party in connection with such a dispute." (*See* Dkt. 91 ¶¶ 142-143.)  A separate provision in that agreement (the "Firewall Provision"), provides that "[SKGF] would anticipate [creating] a 'fire wall' so that [confidential] information is not shared between [SKGF] lawyers undertaking the respective representations [of ParkerVision and Qualcomm]."  In none of its pleadings or papers to date has Qualcomm cited the Firewall Provision, and it has not sought any discovery directed to whether SKGF walled off attorneys from working for ParkerVision and Qualcomm simultaneously.

In appears from the Orders, however, that the Magistrate believed breach of the Firewall Provision to be the primary basis for Qualcomm's common law counterclaims.  (*See* Dkt. 113 at 5 ("Discovery of whether *any attorney* worked on Qualcomm and ParkerVision matters *at the same time* is certainly relevant to Qualcomm's counterclaims of breach of contract and breaches of fiduciary duty.") (emphasis added); Dkt. 130 at 2 (noting that "the ordered production of [redacted billing] records was fashioned to permit discovery concerning compliance with the firewall arrangements between [Qualcomm and ParkerVision] without disclosing the scope of SKGF's representation of ParkerVision").)  That appears to be why the Magistrate, while denying Qualcomm the other discovery it had moved to compel, nonetheless ordered SKGF to produce billing records for ParkerVision matters detailing "only the attorney names and their dates of service for ParkerVision" but without regard to whether that service related to SKGF's assistance to ParkerVision in this action. The effect of that ruling has been to provide Qualcomm with discovery concerning an answer it already knew to a question it never asked.  Qualcomm knew, and it is public knowledge (*see, e.g.*, Dkt. 39-1 at 5, 11; Dkt. 39-2), that SKGF attorneys have regularly provided legal services to ParkerVision, a fact that the voluminous redacted records SKGF produced amply confirm.  The only issue on which Qualcomm sought to learn information through discovery was whether any of those services

11

included assisting ParkerVision in this case. On that question, the discovery ordered affords no information whatsoever, because it is very heavily redacted (in accordance with the Orders) and is not limited (as Qualcomm's discovery requests were) to information concerning SKGF's assistance to ParkerVision in enforcing the Patents-in-Suit against Qualcomm.

      B.      <u>SKGF Should Be Compelled to Produce Billing Records Pertaining to Its Assistance of ParkerVision in Suing Qualcomm (RFP No. 37)</u>

In addition to misunderstanding the theory of the counterclaims Qualcomm is asserting, the Magistrate also accepted SKGF's erroneous arguments that information concerning the subject matter of its work for ParkerVision is protected by attorney-client privilege and/or work-product immunity. (*See* Dkt. 113 at 5 (citing concerns relating to work-product); Dkt. 130 at 2 (stating that SKGF's arguments are "well taken" and noting that the prior order was intended to protect from discovery information concerning the "scope of SKGF's representation of ParkerVision")). That is incorrect as a matter of law.

As explained in detail in the Motion to Compel (*see* Dkt. 94 at 8-10), billing records are privileged only to the extent they contain "descriptions of services rendered *which reveal the mental impressions and opinions of counsel*." *Brown Distrib. Co. of West Palm Beach v. Marcel*, 866 So. 2d 160, 161 (Fla. Dist. Ct. App. 2004) (emphasis added) (approving an order compelling production of redacted billing records). That is because the attorney-client privilege protects only the substance of attorney-client communications related to the provision of legal advice. *See, e.g.*, *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690-91 (M.D. Fla. 2005). The privilege does not shield from discovery factual information, even

12

where such information concerns the existence of and basic facts concerning legal representation.[1]

Indeed, the information sought by Qualcomm's motion to compel—basic descriptions in billing records of work performed by an attorney—is no more likely to reveal privileged communications or work-product than the "general subject matter descriptions" that parties are required to include on a privilege log. While it is unlikely that the descriptions of SKGF's work for ParkerVision contain any protected client confidences or work-product, any legitimately protectible information could be redacted in the produced billing records, and Qualcomm has never contended otherwise. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So.2d 1128, 1129 (Fla. Dist. Ct. App. 1991) (even in the "peculiar" circumstance that billing records contain privileged information, "there is no reason why the trial court cannot order the immediate furnishing of [redacted copies]"); *Jacob v. Barton*, 877 So. 2d 935, 938 (Fla. Dist. Ct. App. 2004) (requiring redaction of privileged information from billing records before production).

Accordingly, Qualcomm's objections should be sustained and SKGF should be ordered to produce, in response to RFP No. 37, billing records and internal time records (redacted, to the limited extent necessary, to eliminate the disclosure of genuinely privileged information) "of SKGF attorneys for work related to this action or enforcement of the Patents-in-Suit" against Qualcomm. *See Kramer*, 778 F. Supp. 2d at 1328.

---

[1] *See Finol v. Finol*, 869 So.2d 666 (Fla. Dist. Ct. App. 2004) (billing information that does not reveal mental impressions or opinions of counsel is not privileged); *Fed. Trade Comm'n v. The Cambridge Exch., Ltd.*, 845 F. Supp. 872, 874 (S.D. Fla. 1993) ("billing records . . . which do not reveal client communications are not protected by the attorney-client privilege").

    C.    <u>SKGF Should Be Compelled to Respond to Interrogatory No. 2</u>

The Magistrate's Orders are silent as to his reasoning for denying Qualcomm's motion to compel SKGF to respond to Qualcomm's Interrogatory No. 2, which seeks the identity of every SKGF attorney who has communicated orally or in writing with any attorney from ParkerVision's counsel of record in this litigation. The denial, however, appears to be based also on the Magistrate's acceptance of SKGF's argument that such information is protected by attorney-client privilege or work-product immunity. This too is wrong as a matter of law.

As detailed in the Motion to Compel (*see* Dkt. 94 at 12-14), SKGF's assertion of privilege with respect to Interrogatory No. 2 has no basis in law. The attorney-client privilege protects from discovery only *the substance* of attorney-client communications related to the provision of legal advice, not the fact that such communications took place or the parties to the communications. *See*, *e.g.*, *Universal City Dev. Partners., Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005). A list of names—which Qualcomm needs to determine which SKGF attorneys to depose—cannot possibly reveal any hint of SKGF's substantive legal advice to ParkerVision. If it did, privilege logs would themselves be privileged.

SKGF's invocation of work-product immunity is similarly unavailing because the doctrine applies only to documents that reveal an attorney's "mental impressions, conclusions, opinions, or legal theories." *See Hickman v. Taylor*, 329 U.S. 495, 508-12 (1947). Work-product immunity does not apply to facts. *See Allstate Ins. Co. v. Levesque*, No. 8:08-cv-2253, 2010 WL 668181, at *1-2 (M.D. Fla. Feb. 5, 2010). Because the information sought by Interrogatory No. 2 are merely facts—the names of SKGF attorneys who communicated about ParkerVision's counsel of record—it cannot possibly reveal the mental impressions, conclusions, opinions or legal theories of the attorneys who are named.

14

    D.    <u>SKGF Should Be Compelled to Respond to Interrogatory No. 3</u>

The Magistrate's denial of Qualcomm's motion to compel SKGF to provide a response to Interrogatory No. 3 is also incorrect as a matter of law because it is based on either a fundamental misunderstanding of the scope of the interrogatory or an incorrect assertion of work-product immunity.

In his Order denying Qualcomm's Motion to Compel with respect to Interrogatory No. 3, the Magistrate mischaracterized the motion as a "request that SKGF be compelled to *produce* . . . all 'analyses, presentations, draft pleadings, or other documents prepared for the benefit of ParkerVision.'" (Dkt. 113 at 5 (emphasis added).) But Interrogatory No. 3 does not request, and Qualcomm did not move to compel, *production* of "analyses, presentations, draft pleadings," etc. Qualcomm sought only a general description/identification of such documents, the very type of description that Sterne Kessler is required to provide in a privilege log. *See, e.g.*, *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FTM-36 SPC, 2010 WL 2653223, at *3-4 (M.D. Fla. July 2, 2010) (setting forth the requirements of a privilege log). While Qualcomm's Motion for Clarification sought an explanation of this language, the July 20 Order did not include any further explanation of the Magistrate's ruling with respect to Interrogatory No. 3. To the extent the Magistrate's Orders are based on a misinterpretation of Interrogatory No. 3, however, they are clearly erroneous.

Further, to the extent the Magistrate's denial of the Motion to Compel with respect to Interrogatory No. 3 was based on SKGF's blanket assertion of work-product immunity, it is incorrect as a matter of law. As set forth above, the attorney-client privilege protects only the substance of attorney-client communications, not the fact of the communication or the existence of the representation. *See*, *e.g.*, *Universal City*, 230 F.R.D. at 690. Descriptions of the basic facts of meetings or conference calls ParkerVision or its other counsel

15

had with SKGF concerning enforcement of ParkerVision's patents against Qualcomm are proper subjects of discovery. *See Provenzano v. Singletary*, 3 F. Supp. 2d 1353, 1366-67 (M.D. Fla. 1997) (description of circumstances of meeting, including client's behavior, not privileged because it did not relate to a confidential communication). Similarly proper are broad descriptions of all the analyses, draft pleadings, and other documents SKGF prepared to assist ParkerVision in suing Qualcomm, together with information about who authored the document, when, and its general nature (*e.g.*, memorandum, presentation, draft complaint, Rule 11 analysis) and subject matter. Contrary to the Magistrate's conclusion that this request would "run afoul of the work product privilege," the type of information Interrogatory No. 3 seeks is precisely the type of information parties ordinarily provide in a privilege log. *See Hernandez*, 2010 WL 2653223, at *3-4.[2]

       Critically, if SKGF had not violated its contractual and ethical duties by assisting ParkerVision in preparing this litigation, then it could have simply answered Interrogatory No. 3 by stating that it took no steps to assist ParkerVision in bringing this action. Such a response would not have invaded any privilege or immunity, nor would it have violated any duties owed to ParkerVision. That SKGF instead made blanket assertions of privilege and work-product immunity only further highlights that SKGF did in fact assist ParkerVision to bring this action against Qualcomm. SKGF should not be permitted to conceal its misconduct behind overbroad and improper assertions of privilege.

---

[2] To the extent the Court agrees with the Magistrate's understanding that Interrogatory No. 3 seeks more than the information that would ordinarily be found in a privilege-log, Qualcomm requests that the Court order SKGF to provide a response to Interrogatory No. 3 limited to such information.

**Conclusion**

For the foregoing reasons, Qualcomm respectfully requests this Court sustain Qualcomm's objections and modify Magistrate Judge Morris' Orders dated June 7, 2012 and July 20, 2012 to compel SKGF to produce documents responsive to Qualcomm's RFP No. 37 and to respond to Qualcomm's Interrogatories Nos. 2 and 3.

August 3, 2012

        CRAVATH, SWAINE & MOORE LLP

        By:    s/ Keith R. Hummel
            Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
            khummel@cravath.com
            David Greenwald (admitted pro hac vice)
            dgreenwald@cravath.com
            Worldwide Plaza
            825 Eighth Avenue
            New York, New York 10019
            Telephone: (212) 474-1000
            Facsimile: (212) 474-3700

            -and-

        BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
            John A. DeVault, III
            Florida Bar No. 103979
            jad@bedellfirm.com
            Courtney K. Grimm
            cgrimm@bedellfirm.com
            Florida Bar No. 953740
            The Bedell Building
            101 East Adams Street
            Jacksonville, Florida 32202
            Telephone: (904) 353-0211
            Facsimile: (904) 353-9307

            -and-

       CADWALADER, WICKERSHAM & TAFT LLP
             Christopher A. Hughes (admitted pro hac vice)
             christopher.hughes@cwt.com
             James T. Bailey (admitted pro hac vice)
             james.bailey@cwt.com
             1 World Financial Center
             New York, New York 10281
             Telephone:  (212) 504-6000
             Facsimile:  (212) 504-6666

             -and-

       GOODWIN PROCTER, LLP
             Steven A. Moore (admitted pro hac vice)
             samoore@goodwinprocter.com
             Richard W. Thill (admitted pro hac vice)
             rthill@goodwinprocter.com
             4365 Executive Drive, Suite 3000
             San Diego, CA 92121
             Telephone:  (858) 202-2700
             Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*
