**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKERVISION, INC.; and STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**ORDER**

This cause is before the Court on Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Patent Infringement (Doc. No. 89), filed March 16, 2012. ParkerVision opposes the Motion. (Doc. No. 96.)[1]

In this patent infringement action, ParkerVision, Inc. alleges that Qualcomm Incorporated "has utilized and continues to utilize devices, systems or methods that infringe directly, by inducement and/or contributorily, one or more claims" of six U.S.

---

[1] Both parties subsequently filed notices of supplemental authority and similar papers without leave. (Doc. Nos. 97, 98, 115.) The Court will consider such submissions in connection with the pending Motion; however, in all future filings, the parties shall adhere to the requirements of the Local Rules, which direct that "[n]o party shall file any reply or further memorandum directed to a motion or response . . . unless the Court grants leave." Local Rule 3.01(c).

patents directed to methods and systems for down-converting electromagnetic signals. (Doc. No. 88, ¶¶ 9, 11.) ParkerVision alleges further that Qualcomm imports, makes, uses, and sells integrated circuits which infringe the patents. (*Id.*) That is the sum and substance of the First Amended Complaint (the "complaint").

Not only did Qualcomm answer the complaint (Doc. No. 91), but it also filed the pending Motion to Dismiss ParkerVision's Claims of Indirect Patent Infringement (Doc. No. 89). Qualcomm contends that the complaint fails to adequately state a claim for either of the two forms of indirect patent infringement: inducement of infringement or contributory infringement. (*Id.* at 4-8.) Qualcomm also contends that ParkerVision should not be able to amend the complaint further. (*Id.* at 8-9.)

In response, ParkerVision argues that Qualcomm has waived its right to seek dismissal of the indirect infringement claims when it answered the complaint. (Doc. No. 96, pp. 3-4.) On the merits, ParkerVision asserts that the complaint, although sparse, contains sufficient allegations of fact to support its claims of indirect patent infringement. (*Id.* at 4-7.) ParkerVision also argues, in the alternative, that this Court should grant it leave to amend the complaint to cure any deficiencies. (*Id.* at 7-10.)

District courts in the Eleventh Circuit have taken three different approaches when considering motions to dismiss filed contemporaneously with answers, as is the case here. Some courts deny the motion as moot or waived. *See, e.g.*, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, No. 04-80090, 2007 WL 201261, at *4 n.4 (S.D. Fla. Jan. 24, 2007). These courts reason that, because a motion to dismiss challenges the sufficiency of the allegations within the complaint, an answer that admits or denies those allegations (and raises any available affirmative defenses) waives any objection a party may have under Federal Rule of Civil Procedure 12(b)(6) to move to dismiss for

2

failure to state a claim. *See id*. Some courts will consider a motion to dismiss even if a defendant had previously answered the complaint. *See, e.g.*, *Blitz Telecom Consulting, LLC v. Mingo*, No. 6:11-cv-12-Orl-31KRS (M.D. Fla. Mar. 21, 2011), ECF No. 21. Still other courts, in the interest of judicial efficiency, construe such motions as if they were motions for judgment on the pleadings.[2] *See Thornton v. City of St. Petersburg, Fla.*, No. 8:11-cv-2765, 2012 WL 2087434, at *2 (M.D. Fla. Jun. 8, 2012) (citing *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147-48 (S.D. Fla. 1989)).

In this case, after the time for briefing on the Motion had closed, the U.S. Court of Appeals for the Federal Circuit issued an opinion that addressed the pleading standards for indirect infringement.[3] *See In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012). Because the Federal Circuit clearly articulated the pleading standards for claims of indirect infringement in that case, the Court sees no reason to repeat them in this Order. It is plain that the complaint fails to state a plausible claim for relief for either inducement of infringement or contributory infringement under *In re Bill of Lading*.

This being the case, it would be harsh and inequitable to deny the Motion on the basis of waiver. Qualcomm is entitled to notice of the factual circumstances of the claims being made against it. On the other hand, it would be just as harsh and

---

[2] Because the same legal standard is applied to Rule 12(b) and Rule 12(c) motions, see *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), during a review of a Rule 12(c) motion), these later courts are merely following the preference embodied in the Federal Rules of Civil Procedure for substance over form.

[3] Judge Sue L. Robinson of the U.S. District Court for the District of Delaware also discussed the pleading requirements for indirect infringement in two orders published after the close of briefing on Qualcomm's Motion. *See Walker Digital, LLC v. Facebook, Inc.*, No. 11-313, 2012 WL 1129370 (D. Del. Apr. 4, 2012); *Apeldyn Corp. v. Sony Corp.*, No. 11-440, 2012 WL 112371 (D. Del. Apr. 4, 2012).

inequitable for the Court to convert the Motion to one for judgment on the pleadings or to grant the Motion without leave to amend, as Qualcomm has asked this Court to do.

In view of the above, the Court considers Qualcomm's Motion to Dismiss (Doc. No. 89) and finds it is due to be granted. The claims of indirect patent infringement in the First Amended Complaint are hereby dismissed. The Court also finds good cause to grant ParkerVision leave to file a Second Amended Complaint on or before August 31, 2012.[4] *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (concluding under Federal Rule of Civil Procedure 16 that scheduling orders may be modified only for good cause and only when the schedule "cannot be met despite the diligence of the party seeking the extension." (internal quotations omitted)).

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on August 22, 2012.

ROY B. DALTON JR.
United States District Judge

---

[4] If ParkerVision files a Second Amended Complaint in accordance with this Order and Qualcomm chooses to answer, Qualcomm shall re-allege its counterclaims in their entirety as required by Local Rule 4.01. The counterclaims remain pending before the Court, however, as do the motions to dismiss directed at the sufficiency of the counterclaims. Qualcomm shall notify the Court and the Counterclaim Defendants if it changes the allegations in its counterclaims in any way. Further, the Counterclaim Defendants shall notify the Court if any such changes moot the pending motions.

Copies:

counsel of record