**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

Plaintiff,

v.

QUALCOMM INCORPORATED,

Defendant.

/

QUALCOMM INCORPORATED,

Counterclaim Plaintiff,

PARKERVISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

Counterclaim Defendants.

/

CASE NO.: 3:11-cv-719-J-37-TEM

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ParkerVision, Inc. ("ParkerVision"), sues defendant, QUALCOMM Incorporated ("QUALCOMM"), and alleges:

1. ParkerVision seeks damages and injunctive relief against QUALCOMM for QUALCOMM'S infringement of each of ParkerVision's patents (the "Patents-in-Suit"). The Patents-in-Suit are attached hereto as Exhibits 1-6.

2. The Patents-in-Suit are important to ParkerVision because they permit ParkerVision to differentiate its technology from that of its competitors.

3. ParkerVision is a Florida corporation with its principal place of business at 7915 Baymeadows Way, Jacksonville, Florida 32256.

4. QUALCOMM is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121. QUALCOMM conducts business throughout the United States, including the Middle District of Florida.

5. QUALCOMM infringes ParkerVision's patents throughout the United States, including the Middle District of Florida.

6. This is an action arising under the patent laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over QUALCOMM because QUALCOMM is subject to both general and specific jurisdiction in this state and the Middle District of Florida. Moreover, QUALCOMM regularly conducts, engages in or carries on a regular and established business or business venture in this state, and engages in substantial and not isolated activity within this state. QUALCOMM makes, uses, sells and/or offers for sale devices or systems, or performs methods, that infringe one or more claims of each of ParkerVision's Patents-in-Suit in Florida, causing injury in Florida.

8. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9. ParkerVision is the sole and exclusive owner of all rights, title and interest to the following valid and enforceable Patents-in-Suit:

| **U.S. PATENT NO.** | **DATE ISSUED** | **TITLE** |
|---|---|---|
| 6,061,551 | May 9, 2000 | Method and System for Down-Converting Electromagnetic Signals |
| 6,266,518 | July 24, 2001 | Method and System for Down-Converting Electromagnetic Signals by Sampling and Integrating Over Apertures |

| U.S. PATENT NO. | DATE ISSUED | TITLE |
|---|---|---|
| 6,370,371 | April 9, 2002 | Applications of Universal Frequency Translation |
| 6,963,734 | November 8, 2005 | Differential Frequency Down-Conversion Using Techniques of Universal Frequency Translation Technology |
| 7,496,342 | February 24, 2009 | Down-Converting Electromagnetic Signals, Including Controlled Discharge of Capacitors |
| 7,724,845 | May 25,2010 | Method and System for Down-Converting and Electromagnetic Signal, and Transforms for Same |

10. ParkerVision owned the Patents-in-Suit throughout the period of QUALCOMM's infringement and still owns the Patents-in-Suit. ParkerVision has not granted QUALCOMM a license to practice the Patents-in-Suit.

11. QUALCOMM infringes one or more claims of each of the Patents-in-Suit under 35 U.S.C. § 271. QUALCOMM is making, using, selling, offering for sale, and/or importing integrated circuits that contain direct conversion receiver technology which infringes one or more claims of each of the Patents-in-Suit ("the infringing circuits"). QUALCOMM'S infringing circuits include, as examples, the RTR6285 and the QSC6270 integrated circuits found in cellular telephones, mobile devices, etc. that are currently being made, used, sold, offered for sale and/or imported into the United States, including the State of Florida.

12. QUALCOMM indirectly infringes one or more claims of each of the Patents-in-Suit by active inducement under 35 U.S.C. § 271(b). QUALCOMM has induced and continues to induce its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-In-Suit. QUALCOMM specifically intends for its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-In-Suit in the United States because QUALCOMM knew of the Patents-in-Suit before the July 20, 2011 filing of the original complaint by ParkerVision, QUALCOMM designed the

infringing circuits such that they would each infringe one or more claims of each of the Patents-in-Suit if made, used, sold, offered for sale or imported into the United States, and QUALCOMM knows that the customers and/or users of the infringing circuits will directly infringe one or more claims of each of the Patents-in-Suit when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the infringing circuits and/or cellular telephones and mobile devices that include the infringing circuits.

13. QUALCOMM indirectly infringes one or more claims of each of the Patents-in-Suit by contributory infringement under 35 U.S.C. § 271(c). QUALCOMM has contributed to and continues to contribute to the direct infringement of one or more claims of each of the Patents-In-Suit by customers and/or users of its infringing circuits. Qualcomm knew of the Patents-in-Suit before ParkerVision filed the original complaint on July 20, 2011. Since then, Qualcomm has sold, offered to sell, and/or imported in and into the United States the accused circuitry, which Qualcomm has known to be especially made or adapted for use in infringing one or more of the Patents-in-Suit. QUALCOMM designed the infringing circuits such that they would infringe one or more claims of each of the Patents-in-Suit if made, used, sold, offered for sale or imported into the United States. The direct conversion receiver technology within the infringing circuits has no substantial use that does not infringe one or more claims of each of the Patents-in-Suit.

14. QUALCOMM's acts of direct, contributory and induced infringement have caused damage to ParkerVision, and ParkerVision is entitled to recover compensatory damages sustained as a result of QUALCOMM's wrongful acts. Unless enjoined by this Court, QUALCOMM will continue to infringe the Patents-in-Suit, continuing to damage ParkerVision and causing irreparable harm.

15. QUALCOMM lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Moreover, QUALCOMM has long known about each of the Patents-in-Suit. QUALCOMM's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

WHEREFORE, Plaintiff ParkerVision requests that this Court enter such preliminary and final orders and judgments as are necessary to provide ParkerVision with the following requested relief:

A. a preliminary and then permanent injunction enjoining QUALCOMM from continuing to infringe each of the Patents-in-Suit;

B. a judgment that QUALCOMM directly and/or indirectly infringes one or more claims of each of the Patents-in-Suit;

C. an award of damages against QUALCOMM under 35 U.S.C. § 284 in an amount adequate to compensate ParkerVision for QUALCOMM's infringement, but in no event less than a reasonable royalty for the use made by QUALCOMM of the inventions set forth in the Patents-in-Suit, together with pre-judgment interest;

D. an award against QUALCOMM for exemplary damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E. such other and further relief as this Court deems just and proper.

**<u>Jury Trial Request</u>**

ParkerVision requests a trial by jury as to all matters so triable.

August 30, 2012

Respectfully submitted,
**McKOOL SMITH, P.C.**
*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**SMITH HULSEY & BUSEY**
/*s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com
*ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, August 30, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Josh Budwin*

Josh Budwin