UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

v.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**PARKERVISION INC.'S PARTIALLY UNOPPOSED MOTION TO SEAL OR,
IN THE ALTERNATIVE, TO DE-DESIGNATE DOCUMENTS**

## I. INTRODUCTION

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to publically file a redacted version of Exhibit O, or alternatively, to file under seal an unredacted version of Exhibit O to ParkerVision's Motion to Compel Qualcomm's Responses to Interrogatory Nos. 4 and 9, and for Qualcomm to Produce Correspondence With Subpoenaed Third Parties ("Motion to Compel"). Dkt. 159. ParkerVision and Qualcomm agree that the unredacted version of Exhibit O is confidential in nature and that it is necessary to file the unredacted version of this document under seal. ParkerVision however believes that portions of Exhibit O can be redacted, and that with these redactions Exhibit O can be filed publically. Qualcomm disagrees and believes that the entirety of Exhibit O, even with redactions, is confidential and must be sealed. Accordingly, ParkerVision moves for permission to publically file a redacted version of Exhibit O (which Qualcomm opposes), or alternatively, to file under seal the unredacted version of Exhibit O (which Qualcomm does not oppose).

ParkerVision additionally moves to de-designate, or alternatively, to file under seal the unredacted version of its Motion to Compel. ParkerVision's Motion to Compel was filed with redactions that appear on pages four and twenty-two. ParkerVision does not believe that the redacted text is confidential, nor does ParkerVision believe that the body of its Motion to Compel requires any redaction. Nonetheless, in the meet and confer process that preceded the filing of its Motion to Compel, Qualcomm indicated that it believed that the redacted text on pages four and twenty-two of ParkerVision's Motion to Compel included Qualcomm confidential information that required redaction. ParkerVision made the redactions requested by Qualcomm and now moves to de-designate the presently redacted portions of its Motion to Compel, or alternatively, to file under seal an unredacted version of its Motion to Compel.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id*. As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to the unredacted version of Exhibit O, and as such, the Court should grant their request to file the unredacted version of Exhibit O under seal. As to the redacted version of Exhibit O, and the redactions in the body of ParkerVision's Motion to Compel, ParkerVision does not believe that either of these items meet the requirements for a seal. Therefore, pursuant to both the Local Rules and the parties' Confidentiality Agreement (attached hereto as Exhibit A), the burden shifts to Qualcomm to show that the redacted version of Exhibit O and the Qualcomm-requested redactions in the body of ParkerVision's Motion to Compel are confidential.

II. **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

   A. **ParkerVision and Qualcomm Agree: The Unredacted Exhibit O to the Motion to Compel Is Confidential**

ParkerVision and Qualcomm agree that the unredacted version of Exhibit O to ParkerVision's Motion to Compel should be filed under seal.[1] This document is an excerpt from a document produced by both ParkerVision and Qualcomm in this litigation that reflects

---

[1] Pursuant to the Court's protocol, neither the unredacted version or the redacted version of Exhibit O has been submitted to the Court. Should the Court wish to review either document, ParkerVision will submit them for in camera review.

confidential correspondence between the parties. In this excerpt from the correspondence between the parties, ParkerVision and Qualcomm articulate their negotiation positions with respect to a potential business relationship. Because this information could be used against ParkerVision and/or Qualcomm in later negotiations with non-parties to this litigation, this information is confidential. ParkerVision and Qualcomm therefore believe that it is necessary to file the unredacted version of Exhibit O to ParkerVision's Motion to Compel under seal.

### B.  ParkerVision and Qualcomm Disagree: The Redacted Version of Exhibit O to the Motion to Compel Is Not Confidential

As explained in the Introduction, ParkerVision believes that the confidential information in Exhibit O may be redacted and that a redacted version of the document may be publically filed. ParkerVision therefore asks the Court for permission to publically file a redacted version of Exhibit O. Qualcomm opposes this request.

Accordingly, pursuant to Section L of the parties' Confidentiality Agreement, ParkerVision must seek leave to publicly file a redacted version of Exhibit O (even though ParkerVision does not agree with Qualcomm that Exhibit O, with redactions, is confidential). Ex. A. Now that ParkerVision has made the request, the burden shifts to Qualcomm and it "shall serve and file a declaration establishing that the Designated Material [*i.e.* the redacted version of Exhibit O] is sealable and lodge and serve a narrowly-tailored proposed sealing order, or withdraw the Designated Material's confidentiality designation." Ex. A at 23.

### C. ParkerVision and Qualcomm Disagree: The Qualcomm-Requested Redactions in ParkerVision's Motion to Compel Are Not Confidential

ParkerVision requests that the Court de-designate the disputed content on pages four and twenty-two of its the Motion to Compel.[2] As explained in the Introduction, Qualcomm requested that ParkerVision make these redactions. However, because the redacted information relates only to objective facts, and not confidential information, ParkerVision does not believe that the redacted material on pages four and twenty-two of is Motion to Compel is confidential. ParkerVision therefore moves the Court to de-designate the disputed content on pages four and twenty-two of its Motion to Compel. Qualcomm opposes this request.

Because Qualcomm has designated the redacted portions of ParkerVision's Motion to Compel as confidential pursuant to the parties' Confidentiality Agreement, ParkerVision was required to make Qualcomm-requested redactions in the public version of its Motion to Compel, even though it did not agree that they were required. Ex. A, at Section L. Now, the burden shifts to Qualcomm and it "shall serve and file a declaration establishing that the Designated Material [*i.e.* the redactions on pages four and twenty-two of ParkerVision's Motion to Compel] is sealable and lodge and serve a narrowly-tailored proposed sealing order, or withdraw the Designated Material's confidentiality designation." Ex. A at 23.

### III. DURATION OF SEAL AS TO THE UNREDACTED VERSION OF EXHIBIT O

ParkerVision and Qualcomm agree that the unredacted version of Exhibit O should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of this document and the

---

[2] As with Exhibit O, and pursuant to the Court's protocol, the unredacted version of ParkerVision's Motion to Compel has not been submitted to the Court. Should the Court wish to review this document, ParkerVision will submit it for in camera review.

potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of Exhibit O will persist beyond one year.

IV. **AUTHORITY IN SUPPORT OF SEALING THE UNREDACTED VERSION OF EXHIBIT O AND DE-DESIGNATING THE REDACTED VERSION OF EXHIBIT O AND THE BODY OF PARKERVISION'S MOTION TO COMPEL**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.,* No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted version of Exhibit O presents just such an instance. The likelihood of injury to the parties if the unredacted version of Exhibit O is placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc.*, et al., No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted version of Exhibit O is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the unredacted version of the document that would ensure its contents

remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision and Qualcomm respectfully request that the unredacted version of Exhibit O be sealed.

In contrast, neither the redacted version of Exhibit O, nor the redactions that Qualcomm requested that ParkerVision make in the body of ParkerVision's Motion to Compel, contain material subject to a legitimate privacy interest. Neither the redacted version of Exhibit O, nor the redacted information in the body of ParkerVision's Motion to Compel set forth the specific terms of the potential business between the parties. Rather, they both set forth objective, non-confidential facts. There is no likelihood of injury to the parties should these objective facts be made public. Accordingly, ParkerVision respectfully requests that the redacted version of Exhibit O be de-designated and that ParkerVision be given leave to file its Motion to Compel without the Qualcomm-requested redactions.

September 7, 2012

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| */s/ Douglas A. Cawley* | /*s/ James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| John Austin Curry | Florida Bar Number 901253 |
| Texas State Bar No. 24059636 | 225 Water Street, Suite 1800 |
| E-mail: acurry@mckoolsmith.com | Jacksonville, Florida 32202 |
| McKool Smith P.C. | (904) 359-7700 |
| 300 Crescent Court, Suite 1500 | (904) 359-7708 (facsimile) |
| Dallas, Texas 75201 | jbolling@smithhulsey.com |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | *ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.* |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, September 7, 2012, I served the foregoing on all counsel of record ECF.

                                                        */s/ Josh Budwin*
                                                        Josh Budwin

## CERTIFICATE OF COUNSEL

I HEREBY CERTIFY that, on September 6 and 7, 2012, counsel for ParkerVision conferred with counsel for Qualcomm. Qualcomm joins this motion in part and opposes this motion in part.

                                                        */s/ Josh Budwin*
                                                        Josh Budwin