**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKERVISION, INC.; and STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**ORDER**

This is a complex patent case. The patents-in-suit relate to and claim methods, systems and apparatuses for the down-conversion of electromagnetic information signals from higher frequencies to lower frequencies.

The parties presented a non-adversarial tutorial on July 24, 2012. At that time, the Court and the parties discussed whether it would be appropriate and useful for the Court to appoint a technical advisor, which was an issue previously raised by the parties. ParkerVision identified Richard Egan as an individual who had served as an advisor in the past and who had the requisite technical background. Qualcomm did not object at that time to Mr. Egan serving as a technical advisor in this case. The Court has

conferred with Mr. Egan, who advised that he is available to serve in this capacity.

The Court, now having the benefit of the tutorial as well as the parties' briefing and arguments related to claim construction, finds that a technical advisor appointed under the Court's inherent authority would be a valuable asset to the Court given the complex and technical nature of the patents-in-suit. *See generally Patent Case Management Judicial Guide* § 8.1.2.4 (Federal Judicial Center 2009). Accordingly, the Court hereby appoints

>Richard D. Egan
>O'Keefe, Egan, Peterman & Enders, LLP
>1101 South Capital of Texas Highway
>Building C, Suite 200
>Austin, Texas 78746
>Telephone: 512-347-1611
>Fax: 512-347-1615
>email: regan@oepelaw.com

as its technical advisor. The Court may consult with Mr. Egan from time to time, including pretrial and trial, *ex parte*, regarding the technology at issue in this case, including the terms used in the field, the underlying theory or science, and other technical aspects of the case that are presented by the parties. *Id.* The Court will not delegate its decision-making authority in any way; rather, Mr. Egan will assist the Court's analysis by helping think through critical technical problems. *See id.*

The Court will maintain a log of its communications with the technical advisor. Mr. Egan shall keep detailed records of his time and expenses. He shall render detailed monthly bills for his fees and expenses at the same rates ordinarily charged for his consulting services, and such bills shall be paid promptly as follows: fifty percent by ParkerVision and fifty percent by Qualcomm. The monthly bills shall be submitted

directly to counsel for the parties, who shall take responsibility for prompt payment by their respective clients.

Objections, if any, to this Order shall be filed on or before September 21, 2012.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on September 10, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record