# EXHIBIT A

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> Defendant. <br><br> QUALCOMM INCORPORATED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> PARKERVISION, INC., AND STERNE, KESSLER, GOLDSTEIN, & FOX PLLC, <br><br> Counterclaim Defendants. | Case No. 3:11-cv-719-J-37TEM |

**PLAINTIFF PARKERVISION INC.'S DISCLOSURE OF
ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Plaintiff ParkerVision, Inc. ("ParkerVision") hereby makes the following disclosure of asserted claims and infringement contentions under the agreed case management report with respect to U.S. Patent Nos. U.S. Patent Nos. 6,061,551 (the "'551 patent"), 6,266,518 (the "'518 patent"), 6,370,371 (the "'371 patent"), 6,963,734 (the "'734 patent"), 7,496,342 (the "'342 patent"), and 7,724,845 (the "'845 patent") (collectively, the "patents-in-suit"), to Defendant Qualcomm Inc. ("Qualcomm" or "Defendant").

ParkerVision's investigation is ongoing, and discovery is in its early stages. Accordingly, these disclosures are based on information available to ParkerVision at this time. ParkerVision reserves the right to supplement this disclosure after further discovery from Qualcomm,

-1-

-2-

particularly documents and other discovery regarding Qualcomm's accused instrumentalities. ParkerVision also reserves the right to assert additional claims of the patents-in-suit, accuse different instrumentalities, or assert alternative literal and/or equivalent infringing elements in Qualcomm's accused instrumentalities.

## I. INFRINGEMENT CONTENTIONS

### A. Asserted Claims

ParkerVision contends that Qualcomm has infringed and continues to infringe claims 1, 2, 3, 8, 9, 12, 16, 20, 23, 24, 25, 26, 31, 32, 39, 41, 50, 54, 55, 57, 92, 93, 108, 113, 126, 135, 149, 150, 161, 192, 193, 195, 196, 198, 202, and 203 of the '551 patent; claims 1, 2, 3, 12, 17, 24, 27, 77, 81, 82, 90 91 of the '518 patent; claims 1, 2, 22, 23, 25, 31 of the '371 patent; claims 1, 4, 5, 6, 9, 12, 13, 14, 15 of the '734 patent; claims 18, 19, 20, 21, 22, 23 of the '342 patent; and claims 1, 3, 4, 5, 6, 7, 8, 9, 12, 13, 17, 18, 19, 20, 22, 23, 24 of the '845 patent (collectively, the "asserted claims").

ParkerVision reserves the right to seek leave of the Court to add, delete, substitute, or otherwise amend this list of asserted claims should further discovery, the Court's claim construction, or other circumstances so merit.

### B. Accused Instrumentalities and Accused Products

ParkerVision identifies Qualcomm's MDM6085, MDM6200, MDM6270, MDM6600, MDM6610, MDM8200, MDM8200A, MDM8215, MDM8220, MDM8225, MDM8615, MDM8655, MDM9200, MDM9225, MDM9600, MDM9625, QSC1100, QSC1110, QSC6010, QSC6020, QSC6055, QSC6065, QSC6075, QSC6085, QSC6130, QSC6145, QSC6155, QSC6165, QSC6175, QSC6185, QSC6195, QSC6240, QSC6270, QSC6295, QSC6695, QSD8250, QSD8650, QTR8200, QTR8600, QTR8600L, QTR8601, QTR8615, QTR8615L, RFR6120, RFR6122, RFR6125, RFR6135, RFR6155, RFR6170, RFR6175, RFR6185,

-3-

RFR6500, RFR6525, RTR6285, RTR6350, RTR6500, RTR8600, RTR8600L, RTR8601, RTR8605, RTR8700, RTR9605, WCD9304, WCD9310, WCD9320, WCN1310, WCN1312, WCN1320, WCN2243, WCN3660, WTR1605, and WTR1605L products as "Accused Products." Of the Accused Products, ParkerVision identifies Qualcomm's QSC6010, QSC6020, QSC6055, QSC6065, QSC6075, QSC6085, QSC6130, QSC6145, QSC6155, QSC6165, QSC6175, QSC6185, QSC6195, QSC6240, RFR6120, RFR6122, RFR6125, RFR6135, RFR6155, RFR6170, RFR6175, RFR6185, RFR6500, RFR6525, RTR6285, RTR6350, RTR6500, WCD9304, WCD9310, WCD9320, WCN1310, WCN1312, WCN1320, WCN2243, and WCN3660 products as "Fifty Percent Duty Cycle Accused Products."  As discovery is ongoing, ParkerVision reserves the right to update or modify its list of Accused Products and Fifty Percent Duty Cycle Accused Products.

==The circuitry in the Accused Products that converts a signal on a carrier frequency to baseband without conversion to an intermediate frequency, as identified in claims charts, is the Accused Instrumentality.==

    C. <u>Claim Charts</u>

Claim charts showing infringement of the asserted claims by the Accused Products are set forth as Attachments A.1 through A.6.

    D.    <u>Literal Infringement and Doctrine of Equivalents</u>

Except as stated otherwise in the claim charts, ParkerVision asserts that, under the proper construction of the asserted claims, every limitation of the Asserted Claims of the Patents-in-Suit is literally present in Qualcomm's Accused Products.  The claim charts further indicate where ParkerVision contends that a claim limitation is met under the doctrine of equivalents in addition to and as an alternative to literal infringement.  ParkerVision reserves its right to amend its

infringement contentions to specifically assert infringement under the doctrine of equivalents to account for Qualcomm's proposed claim constructions.

    E.    Priority Dates

ParkerVision contends that the asserted claims of the patents in suit are entitled to a priority date of no later than the dates specified in the following chart:

| Patent | Priority Date |
| --- | --- |
| 6,061,551 | October 21, 1998 |
| 6,266,518 | October 21, 1998 |
| 6,370,371 | claim 1: March 3, 1999<br>all other asserted claims: October 21, 1998 |
| 6,963,734 | March 14, 2000 |
| 7,496,342 | May 16, 2001 |
| 7,724,845 | March 9, 2000 |

    F.    ParkerVision's Products that Practice the Asserted Claims

ParkerVision's Ellis product practices all asserted claims. ParkerVision's PV20xx series integrated circuits practice all asserted claims.

**II.    DOCUMENT PRODUCTION**

ParkerVision intends to produce all relevant, non-privileged documents at this time. However, the search for documents is ongoing, and ParkerVision reserves the right to supplement its production and disclosures as deemed appropriate and necessary in the future.

Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the dates of applications for the patents-in-suit are located at PV00028373-PV00028427.

The file histories of the patents in suit are located at PV00000214-PV00008384, PV00008592-PV00010418, PV00010518-PV00012433, PV00012577-PV00013566, PV00013971-PV00015654, and PV00015843-PV00028372.

January 30, 2012                              Respectfully submitted,

**McKOOL SMITH, P.C.**
*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/*s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF*
*PARKERVISION, INC.*

-7-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, January 30, 2012, the foregoing document was electronically served via email on counsel of record per the parties' agreement.

*/s/ Austin Curry*
John Austin Curry