# EXHIBIT B

# McKool Smith

Austin Curry
Direct Dial: (214) 978-4207
acurry@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, Texas 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

February 17, 2012

*VIA EMAIL (dgreenwald@cravath.com)*
David Greenwald
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

RE:   *ParkerVision Inc. v. Qualcomm Inc.* (Civil Action No. 3:11-cv-719)

Mr. Greenwald:

I write in response to your February 13, 2012 letter regarding ParkerVision's Infringement Contentions. For your convenience, this letter will mirror the organization of your letter.

**A.   Explanation of Theories, Etc.**

ParkerVision's infringement contentions specifically disclose its infringement contentions, and Qualcomm is undisputedly on notice as to what those theories are. Indeed, ParkerVision's infringement contentions even explain its infringement theories, even though there is no requirement to do so. *See Juxtacomm-Texas Software LLC v. Axway, Inc. et al.*, Civil Action No. 6:10-cv-11 (E.D. Tex. October 13, 2010) ("While a plaintiff's PICs should set forth particular theories of infringement a plaintiff is not required to explain its infringement theories in its PICs.") (internal citation removed).

As you know, the parties specifically negotiated for the right to provide one set of infringement contentions for identical Accused Instrumentalities. This benefits both parties. Particularly, this agreement presents Qualcomm with ParkerVision's crystallized infringement theories. If we had charted separate infringement contentions for each one of Qualcomm's products, then Qualcomm would have to bear the unnecessary expense of comparing each chart to determine where and how our infringement contentions differ. If ParkerVision is incorrect in its contention that the relevant circuitry in Qualcomm's Accused Products is identical, then Qualcomm can (and is obligated to) disclose all differences in response to ParkerVision's Interrogatory No. 4. We are willing to amend or supplement our charts to account for actual, relevant differences, and we can serve any amended/supplemental contentions by the Court's

February 17, 2012
Page 2

==deadline of March 2, 2012. But for us to do this, Qualcomm must give us a complete response to ParkerVision's Interrogatory No. 4 on the day it is due.==

Finally, I think you're mistaken about the RTF6285, RTR6500, and QSC6085 products. These products are included in the definition of both Accused Products and 50% Duty Cycle Accused Products. (Maybe we're talking past each other on this. If you think that's the case, please let me know.)

### B. Identification of Claim Elements

Your complaint about charting certain claim elements is misplaced. For illustration, method step 1 of the '551 patent is "receiving a carrier signal." This does not mean that we are required to point to something on Qualcomm's chipsets that is, itself, a carrier signal (such as a capacitor or a resistor). Rather, the method step simply requires that we disclose evidence that Qualcomm's Accused Products have the ability to receive a carrier signal, which is exactly what we did. Also, we are not required to cite the corresponding structure from the specification for claim terms governed by 35 U.S.C. § 112 ¶ 6. That is a claim construction issue. Instead, we were required to identify structure in Qualcomm's Accused Products that perform the recited function, and we complied with that requirement.

### C. Identification of Formulas

Again, infringement contentions need only disclose **what** it is in a defendant's accused product that infringes a patent claim. There is no requirement to explain **why** or **how**. As such, your assertion that ParkerVision was required to "provide any explanation of how or why" is premised on a false assumption. Also, it is wrong. ParkerVision's infringement contentions provide a wealth of evidence and explanation as to how every claim limitation, including those involving formulas, is met.

### D. Disclosure of Direct/Indirect Infringement Theories

You are incorrect that we were required to specify whether Qualcomm's actions constitute direct or indirect infringement. *See Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 17536 (E.D. Tex. Feb. 26, 2010) ("Defendants assertion that P.R. 3-1 requires explicit disclosure of inducement allegations in the infringement contentions is incorrect."). And to correct your assumption, ParkerVision alleges that Qualcomm directly and indirectly infringes ParkerVision's patents.

### E. Citation Format

We cited to documents in our infringement contentions with the information that was available to us. To assist you in your review of Qualcomm's infringement, we will produce the cited documents.

### F. The CircuitVision Report

Since your February 6, 2012 letter to Mr. Cawley, we have been trying to figure out a way to print this report. Unfortunately, the report is not a report that can be printed like a *.doc or *.pdf file. Instead, the report is an interactive file that is protected by digital rights

February 17, 2012
Page 3

management that we do not control and cannot modify. If there were a way for us to print or produce this report, we would. (We could send an electronic version of it, but you wouldn't be able to open it.) In any event, our inability to produce this report does not prejudice Qualcomm in any way as our infringement contentions contain pictures from this file for the corresponding claim terms.

Please feel free to call me about any of these issues.

Regards,

John Austin Curry