# EXHIBIT D

## CRAVATH, SWAINE & MOORE LLP

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO

ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1922

MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI

TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

February 13, 2012

<u>ParkerVision, Inc. v. Qualcomm Incorporated / Qualcomm
Incorporated v. ParkerVision, Inc. and SKGF P.L.L.C.</u>
Civil Action No. 3:11-cv-719-J-37-TEM

Dear Mr. Curry:

      I write with regard to ParkerVision's Disclosure of Asserted Claims and Infringement Contentions (the "Infringement Contentions"). As explained below, ParkerVision's Infringement Contentions fail to satisfy the agreed-upon requirements set forth in Section IV.G of the Joint Case Management Report.

1.    *ParkerVision's Failure to Describe How Each of the Accused Products Infringe the Patents-in-Suit.*

      ParkerVision lists 72 Qualcomm part numbers as "Accused Products" and identifies "circuitry in the Accused Products that converts a signal on a carrier frequency to baseband without conversion to an intermediate frequency" as the "Accused Instrumentality." For each of the Patents-in-Suit, ParkerVision provides an infringement chart containing specific allegations relating <u>only</u> to Qualcomm's QSC6270 product. There are no specific allegations regarding any of the other accused products.

      The infringement charts for the '551 and '845 Patents also include references to additional Qualcomm products—*i.e.*, the RTR6285, RTR6500 and the QSC6085 products, which ParkerVision identifies as "50% Duty Cycle Asserted Products." However, ParkerVision does not provide any analysis regarding how these additional products allegedly infringe the asserted claims, providing only the name of an article and/or a die photo of a chip that ParkerVision labels as one of the Accused Products.

      The Joint Case Management Report provides that "[i]f the party asserting patent infringement contends that an *identical* Accused Instrumentality is contained in multiple products, then that Accused Instrumentality is required to be charted only once with an accompanying identification of the products that allegedly contain that Accused

Instrumentality." (Dkt. 69 at 15 (emphasis added).) But nowhere in the Infringement Contentions does ParkerVision state or provide support for the position that the "circuitry in the Accused Products that converts a signal on a carrier frequency to baseband without conversion to an intermediate frequency," is identical from product to product for each element of each asserted claim. Indeed, in many of the Accused Products, such circuitry is different from that found in the QSC6270 and, in some instances, does not exist at all. Further, to sufficiently identify an "Accused Instrumentality" that ParkerVision alleges is identical from product to product, ParkerVision must identify a particular chip along with circuitry within each chip that it alleges contains each element of each asserted claim. Accordingly, ParkerVision is obligated to provide infringement charts for each chip within the products that it alleges infringe the asserted claims.

2. *ParkerVision's Failure to Identify Claim Elements.*

ParkerVision fails to identify in its Infringement Contentions where in the Accused Products can be found many of the relevant signals and other claim elements, such as, for example, carrier signal, lower frequency signal, baseband signal, signals called out by the claimed methods and the value of "N" allegedly used in claim 1 of the '551 patent. Examples of the claim charts that have this deficiency are those for claims 1, 23, 135, 149, 150, 161, 192, 195, 198 and 203 of the '551 Patent. Additionally, ParkerVision fails to identify for means-plus-function claims the identify of the structure(s) found in the specification that perform the claimed function. Examples of the claim charts that have this deficiency are those for claims 82 and 90 of the '518 Patent and claim 1 of the '371 Patent.

Additionally, for many asserted claims, including claims 1, 12, 16, 20, 25, 41, 57, 92, and 113 of the '551 Patent, ParkerVision fails to identify any link between the claim language and the disclosed information and/or alleged diagrams of Qualcomm's product. Rather, in nearly every case, ParkerVision includes a purported diagram of Qualcomm's QSC6270 product that is labeled using language that differs from the claim terms. Such unlabeled or mislabeled diagrams are insufficient to inform Qualcomm of the bases for ParkerVision's allegations of infringement.

3. *ParkerVision's Failure to Identify Formulas.*

While several of the asserted claims include as limitations certain mathematical formulas, ParkerVision fails to provide any explanation of how or why it believes the Accused Products meet the formula based limitations or how the formulas it provides in the explanations are relevant. *See* '518 Patent – A.2, pp. 14; '371 Patent – A.3, p. 26; '845 Patent – A.6, pp. 24-25, 29.

4. *ParkerVision's Failure to Specify Direct/Indirect Infringement.*

ParkerVision's infringement contentions do not identify, as the Joint Case Management Report requires, whether ParkerVision contends Qualcomm has infringed each asserted claim of the Patents-in-Suit directly or indirectly. If ParkerVision contends that Qualcomm indirectly infringes any element of any asserted claims, it is obligated to identify the entity or entities who are alleged to infringe directly. Because ParkerVision

did not provide the requisite contentions concerning indirect infringement, Qualcomm will assume that ParkerVision alleges only direct infringement of the asserted claims.

5. *ParkerVision's Missing and Mislabeled Citations.*

Throughout the Infringement Contentions, ParkerVision attempts to show that certain claim limitations are met by including quotes from or images of articles and/or white papers without providing citations to those references. Please provide full citations for at least the following:

- A slide and excerpts from the slide identified as being derived from a presentation by Prof. Ali M. Niknejad. *See* '551 Patent – A.1 p. 12; '518 Patent – A.2, p. 23; '317 Patent – A.3, p. 25; '845 Patent – A.6, p. 27.

- An excerpt from an unidentified reference with the following title "A. RC Integrator and Low Pass Filters." *See* '551 Patent – A.1, p. 17 (and also p. 43); '518 Patent – A.2, p. 17; '371 Patent – A.3, p. 60; '734 Patent – A.4, p. 33; '845 Patent –A.6, p. 32.

- Die photos alleged to be derived from representative RTR6285, RTR6500, and QSC6085 products, but for which there is no indication of the source from which the pictures were obtained. *See* '551 Patent – A.1, p. 53; '845 Patent – A.6, pp. 24-25, 36.

6. *ParkerVision's Failure to Produce the CircuitVision Report.*

ParkerVision repeatedly refers to and includes excerpts from a CircuitVision report on Qualcomm's QSC6270, but has not produced to Qualcomm a copy of that report. On February 6, 2012, I wrote Mr. Cawley a letter requesting that ParkerVision produce immediately all nonprivileged documents cited in or relied upon in the preparation of its infringement contentions, including but not limited to the CircuitVision analysis. We have not yet received a response.

We expect ParkerVision to correct the deficiencies identified below by the deadline set forth in the Case Management and Scheduling Order, which requires ParkerVision to serve its infringement contentions by March 2, 2012.

Very truly yours,

David Greenwald

J. Austin Curry
   McKool Smith, P.C.
      Suite 1500
         300 Crescent Ct
           Dallas, TX 75201

BY ELECTRONIC MAIL

Copy To:

Counsel of Record

BY ELECTRONIC MAIL