# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

       Plaintiff,

v.

QUALCOMM INCORPORATED,

       Defendant.

---

QUALCOMM INCORPORATED,

       Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

       Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**PLAINTIFF PARKERVISION, INC.'S FIRST REQUEST FOR THE PRODUCTION OF**
**DOCUMENTS, ESI, AND THINGS TO DEFENDANT QUALCOMM INCORPORATED**

McKool 438514v1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 3.03(d) of the U.S. District Court for the Middle District of Florida, ParkerVision, Inc. ("ParkerVision") requests that Qualcomm Inc. ("Qualcomm") produce for inspection and copying the documents, electronically stored information and things within its possession, custody or control that are described below.  Qualcomm must serve written responses to these request and produce the requested documents, electronically stored information and things to the undersigned counsel for ParkerVision at the offices of McKool Smith PC, 300 Crescent Court, Suite 1500, Dallas, Texas 75201 within 30 days from the date of service of these requests or at a time and place to which the parties otherwise agree.

## DEFINITIONS

The following terms and definitions shall apply to each Interrogatory contained herein:

1.     The use of any term in the Definitions section of these Interrogatories should be understood to include any and all variations of that term necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

2.     The term "ParkerVision" is defined as ParkerVision Inc., the Plaintiff in this litigation, and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

3.     The terms "Defendant" and "Qualcomm" should be understood to refer to Defendant Qualcomm, Inc. and include any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, consultants, subsidiaries foreign or domestic, parents, affiliates, divisions, successors, predecessors, and any others acting on behalf of

McKool 438514v1

Defendant or under Defendant's direction and control, and any and all assets or entities that have been acquired by Defendant or to which Defendant has succeeded to rights or obligations.

4.      The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intra-company communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is

-3-

considered a separate document within the meaning of the term.  A draft or non-identical copy is a separate document within the meaning of the term.

5.      The term "communication" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

6.      The term "product" should be understood to include anything sold by Defendant.

7.      The term "person" should be understood to include any natural person or any corporate, business, legal, or governmental entity or association.

8.      The term "identify," when used with reference to:

a.      a natural person, means to state his/her full name, present or last known employer, job title, present or last known residence, address and telephone number, and present or last known business addresses and telephone number, and any other information which would establish his/her relationship to Defendant;

b.      a business entity, means to state: (i) the full name and address of the entity, (ii) the identity of all individual(s) in connection with the entity who have knowledge of the information requested, and (iii) the positions held by such individual(s) in relation to the entity;

c.      a document, means to state: (i) the type of document (*e.g.*, letter, memorandum, *etc.*), (ii) the date the document was prepared or created, (iii) the identity of the preparer of the document, (iv) the identity of all recipients of the document, (v) the title or heading and the number of pages of the document, (vi) the identity of the custodian or other

person last known to have possession of the document, and (vii) the present or last known location of the document;

d.     a communication, means to state: (i) the date of the communication, (ii) the form of the communication (*e.g.*, in person meeting or presentation, telephonic communication, *etc.*), (iii) the place where the communications was made, (iv) the identity of each person who was a party to or was present at the time of the communication, and (v) a summary of the communication;

e.     a product, means to state: (i) its manufacturer or producer, (ii) its version number, model number or other model designation, (iii) the date(s) of compilation, manufacture or production, and (iv) the identity of any recipient(s).

9.     Whenever Defendant is asked to identify and/or describe an event or chain of events, such identification and description of the event or chain of events should be understood to include: (i) a statement of the date(s) of each occurrence relevant to the event; (ii) identification of all individuals having information about any aspect of the event including, but not limited to, those involved in witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event and/or those who can corroborate or refute the described circumstances of the event; and (iii) a description of the role and/or contribution of each person so identified.

10.    The terms "relate to," "related to," "in relation to" and "relating to" should be understood to include any and all communications or documents that bear upon, constitute, contain, embody, evidence, comprises, reflect, identify, pertain to, state, comment on, respond to, describe, analyze, or are in any way relevant to that subject matter, whether directly or indirectly or in whole or in part, including without limitation documents related to the subject of inquiry or the existence of other documents relating to the subject.

McKool 438514v1

11.     The term "including" is defined as "including, without limitation."

12.     The term "each" is defined as including "every," and the term "every" is defined as including "each."

13.     The term "any" is defined as including "all," and the term "all" is defined as including "every."

14.     The terms "infringe" and "infringement" should be understood to include direct infringement, contributory infringement, inducement of infringement, literal infringement, and infringement by the doctrine of equivalents.

15.     The disjunctive shall be construed as the conjunctive, and the conjunctive shall be construed as the disjunctive, and the connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

16.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

17.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

18.     The term "infringement contentions" is defined as ParkerVision Inc.'s infringement contentions as ordered by the Court, including any amended or supplemented version(s) of the infringement contentions as of the date that such amended or supplemented version is served upon Defendant.

-6-

-7-

19.     The term "patents-in-suit" is defined as the patent asserted by ParkerVision in its Complaint in this litigation, including U.S. Patent Nos. 6,061,551, 6,266,518, 6,370,371, 7,496,342, 7,515,896, 7,724,845, and 7,822,401.  Any additional patent or patents asserted by ParkerVision in any amended version(s) of the Complaint are within the meaning of the term as of the date that such amended version is filed with the Court.

20.     The term "asserted claims" is defined as the claims of the patent-in-suit that ParkerVision identified in its infringement contentions.  Any additional claims identified by ParkerVision in any amended version(s) of its infringement contentions are within the meaning of the term as of the date that such amended version is served on Defendant.

21.     The term "accused instrumentalities" is defined as including any product or component that ParkerVision identified as infringing in its infringement contentions, and any reasonably similar products or components.  Any additional accused instrumentalities identified by ParkerVision in any amended or supplemented version(s) of its infringement contentions are within the meaning of the term as of the date that such amended version is served on Defendant.

### INSTRUCTIONS

1.     These requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require you, consistent with your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any documents or things that you reasonably may acquire, obtain, locate or identify.

2.     You shall produce paper documents as they are kept in the usual course of business or shall organize and label them to correspond to the categories in this request. You shall produce electronically stored information in a form in which it is ordinarily maintained or in a reasonably usable form.

McKool 438514v1

3.     If no documents or things are responsive to a particular request, state that no responsive

materials exist.

4.     Each requested document or thing shall be produced in its entirety and with all

attachments, without deletions or excisions, regardless of whether you consider the entire

document or any attachment thereto to be relevant to this case or responsive to these requests. If

any document or thing cannot be produced in full, it shall be produced to the extent possible and

accompanied by an explanation that states why production of the remainder is not possible.

5.     If you object or otherwise refuse to respond or produce documents or things in response

to any portion of a document request, you shall (1) state the objection or reason for such refusal,

and (2) provide all documents or things called for by that portion of the request for production to

which you do not object and/or refuse to respond.

6.     If any document is withheld from production on the basis of privilege, immunity or any

similar claim, produce a log within a reasonable time as agreed by the parties or as ordered by

the Court that includes: (i) the date of the document; (ii) the identity of all persons who prepared

or signed the document; (iii) the identity of all persons designated as addressees or copyees; (iv)

the subject matter of the document; (v) the type of document (memorandum, pamphlet, report,

etc.); (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product

doctrine, etc.); (vii) an explanation of the basis for withholding the document; and (viii) any

other information required by Federal Rule of Civil Procedure 26(b)(5) or the local rules for the

District Court for the Middle District of Florida.

7.     Unless otherwise stated, these requests require the production of documents or things that

were prepared, created, written, sent, dated or received at any time.

8.      The geographic scope of these requests is worldwide, to the extent that there is a reasonable basis to believe that locations outside of the United States may contain responsive documents that cannot be found inside the United States.

9.      ParkerVision reserves the right to propound additional requests.

## DOCUMENT REQUESTS

1.      Chip-level schematics of Qualcomm's Accused Products.

2.      All documents that document the design process and operation of the Accused Products including, but not limited to, design notes, plans, pseudocode, process flow charts, and data flow diagrams.

3.      All source code for Qualcomm's Accused Products.

4.      Chip-level schematics of all Qualcomm's products that contain a receiver or receiver function that directly converts a signal via passive mixers.

5.      Chip-level schematics for one or more representative chipset products that Qualcomm currently sells that contains a receiver or receiver function that does not directly convert a signal via passive mixers.

6.      Chip-level schematics of one or more representative Qualcomm products that contain a receiver or receiver function that directly converts a signal via active mixers.

7.      Chip-level schematics of one or more representative Qualcomm products that contain a receiver or receiver function that does not directly convert a signal.

8.      Chip-level schematics of one or more representative Qualcomm products sold by Qualcomm during the time that ParkerVision and Qualcomm were discussing licensing ParkerVision's patents (including pending patent applications).

9.      Design documents relating to Qualcomm's decision(s) to implement passive mixers as the mechanism to directly convert a signal including all documents showing who was involved in these decision(s) and when these decision(s) were made.

10.     All documents relating to or referring to ParkerVision.

11.     All documents relating to or referring to ParkerVision's patents.

12.     All documents relating to or referring to ParkerVision's pending patent applications.

13.     All documents relating to or referring to ParkerVision's technology.

14.     All documents relating to Qualcomm's licensing negotiations with ParkerVision.

15.     All documents internal to Qualcomm and relating to Qualcomm's licensing negotiations with ParkerVision

16.     All documents relating to Qualcomm's technical analysis of ParkerVision's patents (including pending patent applications).

17.     All documents relating to Qualcomm's economic/financial analysis related to ParkerVision's patents (including pending patent applications).

18.     All documents relating to how Qualcomm accounted for or addressed ParkerVision's patents during its development of the Accused Products (if at all).

19.     All documents evidencing any attempt by Qualcomm to design around ParkerVision's patents.

20.     All documents relating to the subject matter requested by any interrogatory propounded by ParkerVision in this case.

21.     All documents relating to Qualcomm's sales activities within the United States for the Accused Products, including but not limited to: (i) all location of Qualcomm's offices that

-10-