THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>          *Plaintiff,*<br><br>      v.<br><br>QUALCOMM INCORPORATED,<br><br>          *Defendant.* | Case No. 3:11-cv-719-J-37-TEM |
| QUALCOMM INCORPORATED,<br><br>          *Counterclaim Plaintiff,*<br><br>      v.<br><br>PARKERVISION, INC., and<br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br><br>          *Counterclaim Defendants.* | |

**QUALCOMM'S MOTION TO DISMISS PARKERVISION'S CLAIMS OF
INDIRECT INFRINGEMENT IN ITS THIRD AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Qualcomm moves to dismiss with prejudice ParkerVision's claims for inducement of infringement and contributory infringement (the "indirect infringement" claims) asserted in ParkerVision's Third Amended Complaint. Because the indirect infringement claims are not supported by adequately particular and plausible allegations, the claims should be dismissed.

## Preliminary Statement

When this Court previously dismissed the indirect infringement claims in ParkerVision's First Amended Complaint, it provided ParkerVision with detailed guidance regarding the appropriate standards for pleading allegations of indirect infringement and granted ParkerVision leave to amend its claims to meet those standards. ParkerVision failed to follow this Court's guidance. Instead, ParkerVision again pleaded claims consisting solely of conclusory recitations of the *elements* of induced and contributory infringement, without any *factual allegations* to support a plausible inference that Qualcomm has indirectly infringed any claim of any of the patents-in-suit.

Six patents and over eighty claims remain at issue. Yet, ParkerVision has not alleged *any fact* to permit a plausible inference that Qualcomm had pre-suit knowledge of the asserted patents, a prerequisite to any claim for induced or contributory infringement. Neither has ParkerVision alleged *any fact* to support a plausible inference that Qualcomm knew its customers were directly infringing the patents within the United States or that Qualcomm knew its chips were especially designed for an infringing use within the United States or elsewhere. ParkerVision's indirect infringement claims, therefore, still do not satisfy the pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-63 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), or the cases this Court cited for the guidance they would offer ParkerVision in amending its complaint again.

ParkerVision has had enough chances to plead its indirect infringement claims properly, and the Court should dismiss them with prejudice.  Despite having clear guidance from the Court on how to amend its complaint, and despite having litigated this case now for well over a year, ParkerVision has not provided *any* factual support for its indirect infringement claims.  ParkerVision has already amended its complaint *three* times, the February 13, 2012 deadline to amend pleadings has long past and the end of discovery is approaching.  ParkerVision's repeated and continued refusal to identify what exactly is at issue in this case, of which its failure properly to plead its indirect infringement claims is merely one aspect, has worked serious prejudice on Qualcomm and will continue to operate to Qualcomm's detriment.  The conclusory allegations of indirect infringement in ParkerVision's Third Amended Complaint are plainly inadequate and should, at this point, be dismissed with prejudice.

### Factual Background

Qualcomm makes and sells chipsets for use in wireless devices, including cell phones and tablets.  Qualcomm has scores of customers who make these consumer devices and sell them for use in dozens of countries all around the world.  Most of Qualcomm's customers manufacture these cell phones, tablets and other devices in factories *outside* of the United States.  ParkerVision apparently intends to argue that many of the over eighty claims at issue in this case are directly infringed by Qualcomm's customers, or by consumers, in the United States, and only indirectly infringed by Qualcomm.  In this circumstance, the law properly requires attention to detail in pleading a viable basis for indirect infringement.

ParkerVision filed its initial complaint on July 20, 2011, alleging direct and indirect infringement by Qualcomm of seven different patents relating to technology said to cover directly down-converting radio frequency ("RF") signals to baseband in wireless devices.  ParkerVision contended that Qualcomm *directly* infringed those patents by "importing, making,

using and/or selling integrated circuits that contain direct conversion receiver technology."
(Dkt. 1 ¶ 11.)  ParkerVision also alleged that Qualcomm *indirectly* infringed the seven asserted
patents, with only a barebones allegation that Qualcomm "has utilized and continues to utilize
devices, systems or methods that infringe directly, *by inducement and/or contributorily*, one or
more claims of the Patents-in-Suit." (Dkt. 1 ¶ 11 (emphasis added).)  No other allegation of
indirect infringement was pleaded.

ParkerVision filed its First Amended Complaint seven months later, on February
28, 2012.  It dropped two of the original asserted patents, but added another.  ParkerVision,
however, did not alter its allegations of indirect infringement.  (*See* Dkt. 88 ¶ 11.)  In particular,
ParkerVision made no allegation permitting a plausible inference for its indirect infringement
claims, including a factual basis for inferences (i) that Qualcomm's accused products are
destined for the United States (in the absence of which there can be no underlying direct
infringement), (ii) that Qualcomm has knowledge that such products will be imported into, sold
and/or used in the United States, or (iii) that Qualcomm had "knowledge of the existence of the
patent[s] that [are] infringed," *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068
(2011).  In its First Amended Complaint, ParkerVision did not even attempt to plead intent,  an
indispensable element of a claim for induced or contributory infringement (unlike direct
infringement, which does not require a showing of intent).

Qualcomm moved on March 16, 2012 to dismiss the indirect infringement claims
in the First Amended Complaint.  (*See* Dkt. 89.)  ParkerVision opposed the motion, relying on
district court cases holding that adherence to the minimal level of detail set forth in Fed. R. Civ.
P. 84, Form 18, relating to direct infringement, would suffice for indirect infringement.  (*See* Dkt.
96 at 4-7.)

Subsequently, on June 7, 2012, the United States Court of Appeals for the Federal Circuit issued its opinion in *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012).  In that case, the Federal Circuit rejected Form 18 pleading standards for indirect infringement and held that plaintiffs alleging that type of infringement must satisfy the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal*.

On August 23, 2012, this Court dismissed ParkerVision's indirect infringement claims, recognizing "that the complaint fails to state a plausible claim for relief for either inducement of infringement or contributory infringement under *In re Bill of Lading*." (Dkt. 150 at 3, the "August 23 Order.")  The Court also directed the parties' attention to two recent opinions by Judge Sue L. Robinson of the U.S. District Court for the District of Delaware discussing the pleading requirements for indirect infringement.  *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012), and *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568 (D. Del. 2012). (Dkt. 150 at 3 n.3.)  While the Court granted Qualcomm's motion to dismiss the indirect infringement claims, it also granted ParkerVision leave to amend its complaint. (Dkt. 150 at 4.)

On August 30, 2012, ParkerVision filed its Second Amended Complaint and Third Amended Complaint.[1]

The entirety of ParkerVision's amended allegations of *inducing* infringement is set forth in a three-sentence paragraph consisting solely of formulaic statements, as follows:

> QUALCOMM indirectly infringes one or more claims of each of the Patents-in-Suit by active inducement under 35 U.S.C. § 271(b).

---

[1] ParkerVision explained in a letter to the Court that the Third Amended Complaint was filed to correct a typographical error in one paragraph of the Second Amended Complaint.

QUALCOMM has induced and continues to induce its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-in-Suit.

QUALCOMM specifically intends for its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-in-Suit in the United States because

  i.    QUALCOMM knew of the Patents-in-Suit before the July 20, 2011 filing of the original complaint by ParkerVision,

  ii.   QUALCOMM designed the infringing circuits such that they would each infringe one or more claims of each of the Patents-in-Suit if made, used, sold, offered for sale or imported into the United States, and

  iii.  QUALCOMM knows that the customers and/or users of the infringing circuits will directly infringe one or more claims of each of the Patents-in-Suit when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the infringing circuits and/or cellular telephones and mobile devices that include the infringing circuits.

(Dkt. 158 ¶ 12 (formatting altered).)

The entirety of ParkerVision's amended allegations of *contributory* infringement

is set forth in a six-sentence paragraph also consisting solely of formulaic statements, as follows:

QUALCOMM indirectly infringes one or more claims of each of the Patents-in-Suit by contributory infringement under 35 U.S.C. § 271(c).

QUALCOMM has contributed to and continues to contribute to the direct infringement of one or more claims of each of the Patents-in-Suit by customers and/or users of its infringing circuits.

Qualcomm knew of the Patents-in-Suit before ParkerVision filed the original complaint on July 20, 2011.

Since then, Qualcomm has sold, offered to sell, and/or imported in and into the United States the accused circuitry, which

Qualcomm has known to be especially made or adapted for use in infringing one or more of the Patents-in-Suit.

QUALCOMM designed the infringing circuits such that they would infringe one or more claims of each of the Patents-in-Suit if made, used, sold, offered for sale or imported into the United States.

The direct conversion receiver technology within the infringing circuits has no substantial use that does not infringe one or more claims of each of the Patents-in-Suit.

(Dkt. 158 ¶ 13.)

ParkerVision's new complaint fails to meet the standard specified by this Court for pleading indirect infringement and fails to meet the requirements of the Supreme Court and the Federal Circuit. While the new complaint may have added more words to its previous indirect infringement allegations, those words merely parrot the legal elements of indirect infringement, without any fact supporting a reasonable inference of indirect infringement in this particular case. Four tries is enough; the indirect infringement claims now should be dismissed without leave to file a fifth complaint in this more than year-old action that is more than half way toward trial.

### Request for Oral Argument

Pursuant to Local Rule 3.01(j), Qualcomm respectfully requests oral argument on its Motion so that the parties may present their respective positions. Qualcomm estimates that a hearing time of forty-five (45) minutes will be sufficient for oral argument.

### Legal Standard

A complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level" and must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555, 555 n.3. In other words, the complaint must state a claim that is "plausible"—not merely conceivable—on its face. *Iqbal*, 556 U.S. at 677-79.

7

In determining whether a complaint states a plausible claim for relief, a court must take all well-pleaded factual allegations as true, but it need not accept those allegations that are "bare assertions," "legal conclusions," or "formulaic recitation[s] of the elements" of a cause of action. *Iqbal*, 556 U.S. at 678-81. The general principles of *Twombly* and *Iqbal* apply to the pleading of claims of indirect infringement, *In re Bill of Lading*, 681 F.3d at 1337, and require a plaintiff to allege "facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement." *Id.* at 1339.

## Argument

### I.   ParkerVision's Third Amended Complaint Fails to State a Claim for Indirect Infringement.

A.   The Third Amended Complaint Fails to Allege Facts Supporting a Plausible Inference that Qualcomm Actively Induced Infringement by a Third Party.

To prevail on a claim for inducement of infringement, a patentee must show (i) that there has been direct infringement, and (ii) that the alleged indirect infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (affirming judgment of no induced infringement). The patentee must establish that the alleged indirect infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). To survive a motion to dismiss, a complaint alleging inducement of infringement "must contain facts *plausibly showing* that [the defendant] *specifically intended* [its] customers to infringe the [patents-in-suit] and *knew that the customer's acts constituted infringement*." *In re Bill of Lading*, 681 F.3d at 1339 (emphasis added). While "'knowledge' and 'intent' may be averred generally, [Federal Circuit] precedent . . . requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that

a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (discussing pleading requirements for the knowledge and intent elements of inequitable conduct).

   The Third Amended Complaint does not contain the requisite factual allegations to support a plausible inference that Qualcomm actively induced infringement of the Patents-in-Suit. With respect to the underlying direct infringement and Qualcomm's inducement of that alleged infringement, ParkerVision asserts only that "[Qualcomm's] infringing circuits include, as examples, the RTR6285 and the QSC6270 integrated circuits found in cellular telephones, mobile devices, etc. that are currently being made, used, sold, offered for sale and/or imported into the United States, including the State of Florida" and that "[Qualcomm] has induced and continues to induce its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-in-Suit." (Dkt. 158 ¶¶ 11-12.) This is precisely the type of Form 18 (notice) pleading that the Federal Circuit has explicitly held does not satisfy the requirements for pleading indirect infringement. ParkerVision has not pleaded *any* fact permitting a plausible inference that Qualcomm knowingly induced and possessed specific intent to encourage another's infringement of the Patents-in-Suit.

   With respect to Qualcomm's knowledge that the induced acts are infringing and Qualcomm's specific intent to induce infringement, ParkerVision alleges that "[Qualcomm] knew of the Patents-in-Suit before the July 20, 2011 filing of the complaint by ParkerVision." (Dkt. 158 ¶ 12.) This type of conclusory assertion, without any supporting factual allegation, has been found repeatedly to be insufficient to support a claim for inducement of infringement. *See HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge."); *DR Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0932,

2012 WL 1068995, at *2-3 (S.D. Cal. Mar. 29, 2012) (dismissing inducement of infringement claim because plaintiff's allegations that the defendant "ha[d] actual knowledge of the . . . patent" and acted "knowingly and intentionally" were too conclusory to state a plausible claim); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Indeed, in *Apeldyn*, to which this Court specifically directed the parties' attention in the August 23 Order as an example of a recent case considering the standards for indirect infringement, Judge Robinson held that allegations of pre-suit knowledge of asserted patents that were *far more detailed* than ParkerVision's conclusory allegation were "speculative." *Apeldyn*, 852 F. Supp. 2d at 573. Apeldyn had alleged that Sony had pre-filing knowledge of the patent-in-suit (1) through routine review and operation of Sony's legal and intellectual property departments, which are tasked with identifying and reviewing new patents pertaining to LCD technology; and (2) as a result of its joint ownership of S-LCD and business relationship with Samsung for the manufacture of Sony's televisions, because Apeldyn sent Samsung a notice letter citing the patent-in-suit in 2004, and it was reasonable to infer that Samsung would have shared this information with its business associate, Sony. *Id.* at 571.

Here, ParkerVision alleges *no* fact (not even a speculative one) to support a plausible inference that Qualcomm was aware of each of the Patents-in-Suit prior to the July 20, 2011 filing of the original complaint. Indeed, one of the Patents-in-Suit, U.S. Patent No. 6,963,734 (the "'734 Patent"), was not even asserted in the initial complaint, but was asserted only in the First Amended Complaint, filed on February 28, 2012. It is particularly implausible to infer that Qualcomm had knowledge of the '734 Patent prior to July 20, 2011, at which time

no allegation of infringement of the '734 Patent had yet been made.[2]  It is precisely this type of conclusory pleading, unsupported by any fact known to the plaintiff, that *Twombly/Iqbal* prohibits.

       To allow ParkerVision to take further discovery at this point would eviscerate the fundamental point of *Twombly/Iqbal* – namely, to eliminate costly discovery concerning claims for which the plaintiff lacks any plausible factual basis at the pleading stage.  In *Twombly/Iqbal*, the Supreme Court recognized that the plaintiff has an obligation to show at the pleading stage that it has a "plausible" claim to entitlement to relief that would justify the time and expense of the discovery process:  "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).  In this case, at the time it filed its Third Amended Complaint, in addition to the facts ParkerVision learned through any pre-suit investigation (about which ParkerVision's founder, Jeff Parker, bragged to investors and analysts at a conference shortly after the filing of the initial complaint, (*see* Dkt. 91 ¶ 150)), ParkerVision had the benefit of months of discovery from Qualcomm (something *Twombly/Iqbal* presumes a pleader will not have).  Yet ParkerVision still failed to plead facts sufficient to support a plausible claim to relief.  As such, ParkerVision has failed to establish an entitlement to additional discovery regarding its indirect infringement claims.  *See Iqbal*, 556 U.S. at 678-79

---

[2] Moreover, by the time ParkerVision filed its Third Amended Complaint, it had already received discovery from Qualcomm directly relevant to the issue of pre-suit knowledge.  In its April 30, 2012 response to ParkerVision's Interrogatory No. 13, Qualcomm expressly told ParkerVision that "[b]ased upon a reasonable examination, Qualcomm did *not* have knowledge of at least four of the Patents-in-Suit—*i.e.*, the '518, '734, '342 and '845 Patents—prior to the filing of this lawsuit." (Emphasis added.) ParkerVision's allegation – in the face of this response – that Qualcomm had knowledge of "the Patents-in-Suit before the July 20, 2011 filing of the complaint" is not just implausible, but demonstrably inaccurate.

("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

ParkerVision's remaining allegations with respect to Qualcomm's knowledge and intent with respect to inducement are that "[Qualcomm] specifically intends for its customers and/or users of the infringing circuits to directly infringe one or more claims of each of the Patents-in-Suit in the United States," that "[Qualcomm] designed the infringing circuits such that they would each infringe one or more claims of each of the Patents-in-Suit if made, used, sold, offered for sale or imported into the United States" and that "[Qualcomm] knows that the customers and/or users of the infringing circuits will directly infringe one or more claims of the Patents-in-Suit when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the infringing circuits and/or cellular telephones and mobile devices that include the infringing circuits." (Dkt. 158 ¶ 12.)  These are also bare conclusory assertions, without any supporting factual allegations, and do not raise a plausible inference that Qualcomm knows its customers are directly infringing the Patents-in-Suit.

Nowhere has ParkerVision pleaded a single fact that would plausibly show that Qualcomm has knowledge of direct infringement through sale or use of its allegedly infringing circuits by customers or users *within the United States*.  Indeed, ParkerVision knows from discovery it has received from Qualcomm in this case that Qualcomm manufactures and sells the vast majority of the accused products *outside* the United States.  Qualcomm does not manufacture and sell end-user devices in the United States or elsewhere; it supplies semiconductors and related software.  Whether and to what extent its semiconductor products are incorporated into products destined for shipment to/use within the United States depends upon the technical specifications of the semiconductor component products (some of which may make them ineligible for use within any approved U.S. devices) and upon the commercial

choices of the manufacturers, over which Qualcomm has no control.  ParkerVision's complaint is silent on the subject of which component products can be used in U.S.-destined devices and whether such products are in fact in devices in use today, and how Qualcomm knows any of these facts.  As such, it fails to allege any fact plausibly supporting an inference of actionable intent to actively induce any direct infringement of the Patents-in-Suit under U.S. patent law.

ParkerVision has completely failed to allege adequate facts to support a plausible inference that Qualcomm knowingly induced infringement and possessed specific intent to encourage another's infringement of the Patents-in-Suit through the sale, import, or use by others of any of these Accused Products.  Accordingly, its inducement of infringement claim should be dismissed.[3]

B.    The Third Amended Complaint Fails to Allege Facts Supporting a Plausible Inference that Qualcomm Knowingly Contributed to Infringement by a Third Party.

To prevail on a claim for contributory infringement, a plaintiff must show (i) that the defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine [or an] apparatus for use in practicing a patented process, constituting a material part of the invention," (ii) with knowledge that the component is "especially made or especially adapted for use in an infringement of such patent," and (iii) the component is "not a staple article or commodity of commerce suitable for a substantial

_____

[3] *See, e.g., DR Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0932, 2012 WL 1068995, at *2-3 (S.D. Cal. Mar. 29, 2012) (dismissing inducement of infringement claim where plaintiff's bald allegation that the defendant "ha[d] actual knowledge of the . . . patent" was too conclusory to set out a plausible claim); *MONEC Holding AG v. Motorola Mobility, Inc.*, No. 11-798, 2012 WL 3201744, at *4-5, 8 (D. Del. Aug. 3, 2012) (recommending dismissal of inducement of infringement claim where the complaint did not allege sufficient facts to support a plausible inference that each defendant actually knew of the re-examined patent-in-suit before the action was filed); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681, 2012 WL 1835680, at *5-7 (C.D. Cal. May 16, 2012) (granting motion to dismiss inducement of infringement claim where plaintiff could specifically allege that the defendants had knowledge of the patent-in-suit only as of the filing of the original complaint).

noninfringing use."  35 U.S.C. § 271(c); *see DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293,

1303 (Fed. Cir. 2006).  Section 271(c) "require[s] a showing that the alleged contributory

infringer *knew that the combination for which [its] component was especially designed was both*

*patented and infringing*."  *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)

(emphasis added).

      The Third Amended Complaint fails to allege any fact to support a plausible

inference that Qualcomm has knowledge "that the combination for which [its] component[s are]

especially designed [is] both patented and infringing."  *Id*.  ParkerVision's allegations with

respect to Qualcomm's pre-suit knowledge of the Patents-in-Suit are again limited to the

conclusory statement that "Qualcomm knew of the Patents-in-Suit before ParkerVision filed the

original complaint on July 20, 2011."  (Dkt. 158 ¶ 13.)  For the reasons set out above, this

conclusory allegation does not permit a plausible inference that Qualcomm had pre-suit

knowledge of each of the asserted patents.  *See HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770,

2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a

patent as of a certain date is insufficient to provide a factual basis for alleging knowledge."); *DR*

*Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0932, 2012 WL 1068995, at *3-4 (S.D. Cal. Mar. 29, 2012)

(dismissing contributory infringement claim because the complaint failed to allege facts

sufficient to show that the defendant had knowledge of the patent-in-suit).

      ParkerVision's remaining allegations with respect to the knowledge element of

contributory infringement are that (1) "Qualcomm has sold, offered to sell, and/or imported in

and into the United States the accused circuitry, which Qualcomm has known to be especially

made or adapted for use in infringing one or more of the Patents-in-Suit"; (2) "[Qualcomm]

designed the infringing circuits such that they would infringe one or more claims of each of the

Patents-in-Suit if made, used, sold, offered for sale or imported into the United States"; and (3)

"[t]he direct conversion receiver technology within the infringing circuits has no substantial use that does not infringe one or more claims of each of the Patents-in-Suit." (Dkt. 158 ¶ 13.)  No specific fact appears in the complaint that would support any of these conclusions.  They are mere "formulaic recitation[s] of the elements" of contributory infringement, and as such, do not meet the pleading standard set out by the Supreme Court in *Twombly* and *Iqbal*.  *Iqbal*, 556 U.S. at 678-81.  The contributory infringement claim should therefore be dismissed.[4]

C.   <u>If Not Dismissed Entirely Without Leave to Amend, the Indirect Infringement Claims Should be Limited to Post-Filing Conduct and the Two Named Accused Products.</u>

If the indirect infringement claims are not dismissed entirely without leave to amend, then they should be limited to conduct following the date each Patent-in-Suit was identified in a complaint filed in this case and to the two products specifically identified in the complaint.

"[T]here is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct." *Apeldyn*, 852 F. Supp. 2d at 573.  This is the approach Judge Robinson took in *Apeldyn*, where the allegations of pre-filing knowledge were speculative (as opposed to here, where they are missing) and she limited the indirect infringement claims to post-filing conduct only.  Judge Robinson followed the identical approach in *Walker Digital*, the other case to which this Court directed ParkerVision in its August 23 Order.  *Walker Digital*, 852

---

[4] *See, e.g., DR Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0932, 2012 WL 1068995, at *2-4 (S.D. Cal. Mar. 29, 2012) (dismissing contributory infringement claim where plaintiff's bald allegation that the defendant "ha[d] actual knowledge of the . . . patent" was too conclusory to set out a plausible claim); *MONEC Holding AG v. Motorola Mobility, Inc.*, No. 11-798, 2012 WL 3201744, at *4-5, 8 (D. Del. Aug. 3, 2012) (recommending dismissal of contributory infringement claim where the complaint did not allege sufficient facts to support a plausible inference that each defendant actually knew of the re-examined patent-in-suit before the action was filed); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681, 2012 WL 1835680, at *5-7 (C.D. Cal. May 16, 2012) (granting motion to dismiss contributory infringement claim where plaintiff could specifically allege that the defendants had knowledge of the patent-in-suit only as of the filing of the original complaint).

F. Supp. 2d at 565-66 (where the only allegation of knowledge was that the defendant knew of the asserted patents "at least as early as the filing of the initial complaint," the indirect infringement allegations stated a claim for post-filing conduct only and were allowed to proceed on that basis). That approach is particularly appropriate in this case, in which the complaint contains no pleaded fact supporting pre-suit knowledge, in which discovery is approaching completion, and in which ParkerVision has had several opportunities to amend its complaint, but has been unable to remedy that pleading's long-existing defects.

ParkerVision's indirect infringement claims should also be limited to allegations relating to the two accused products that are identified in the Third Amended Complaint: the RTR6285 and QSC6270. In its proposed Supplemental Infringement Contentions, ParkerVision accuses 85 Qualcomm products of infringing its patents. (*See* Dkt. 152-1.) Despite having detailed knowledge of these 85 products, ParkerVision nonetheless declined to identify *any* additional product in its Third Amended Complaint, or to set out factual allegations supporting an inference that Qualcomm knows that any of the products not identified in the Third Amended Complaint are destined to be used or sold in the United States. Whereas the pleading of direct infringement with respect to only two accused products may be enough to satisfy the minimal requirements of Form 18 and thereby permit ParkerVision's allegations of *direct* infringement to stretch to cover additional, unnamed products, the pleading of *indirect* infringement requires more specificity. *See, e.g.*, *In re Bill of Lading* at 1337. Applying *Twombly/Iqbal* to this latest complaint requires that ParkerVision's allegations of indirect infringement should, if allowed, be limited to the two named products. While ParkerVision, in its opposition, will undoubtedly make the (irrelevant) argument that it should receive the benefit of additional discovery that will purportedly enable it to allege facts permitting an inference of indirect infringement, that speculative argument will not afford ParkerVision any

conceivable excuse for its not having made allegations with respect to the products it contends infringe the Patents-in-Suit.  Therefore, even if this Court upholds ParkerVision's indirect infringement allegations, or affords it yet another chance to replead, the current or future allegations should be limited to the two originally accused products.

## II.   ParkerVision Should Not Receive Leave to File a Fourth Amended Complaint

When a party moves for leave to amend its pleadings after a scheduling order deadline for amendment has passed, the motion is subject to the heightened standards of Rule 16(b), which provides that a scheduling order "may be modified *only for good cause* and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998) (affirming denial of motion for leave to amend complaint outside the time prescribed by the court's scheduling order).  "Thus, when a party seeks leave to amend after a scheduling order deadline has passed, the party must demonstrate good cause for the untimely amendment under Rule 16(b) before the court may consider whether the proposed amendment is proper under Rule 15."  *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-V-273-J-37-TEM, 2012 WL 243346, at *2 (M.D. Fla. Jan. 25, 2012) (Dalton, J.).

To establish good cause for an untimely amendment, the moving party must demonstrate diligence in seeking leave to amend.  *See Sosa*, 133 F.3d at 1418.  The Eleventh Circuit has instructed district courts to consider three factors in assessing the diligence of a party seeking to amend its pleadings:  (i) whether the movant failed to ascertain facts prior to filing the pleading and to acquire information early during the discovery period; (ii) whether the information supporting the proposed amendment was available to the movant prior to the deadline to amend the pleading; and (iii) whether the movant delayed in seeking leave to amend after receiving the information.  *Sosa*, 133 F.3d at 1419.  "A finding of lack of diligence on

the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

Having failed repeatedly to provide Qualcomm with adequate notice of the content of its claims of indirect infringement, and having failed to follow the Court's direction to cure the pleading defects and plead indirect infringement claims in accordance with *In re Bill of Lading*, ParkerVision should not receive the opportunity to give the proverbial apple another bite. *See Joao Control & Monitoring Sys. of Cal., LLC v. Sling Media, Inc.*, No. C-11-6277, 2012 WL 3249510, at *8-9 (N.D. Cal. Aug. 7, 2012) (denying leave to file a third amended complaint to plead indirect infringement because the plaintiff "ha[d] been given multiple chances to amend its complaint to allege any and all claims" and the plaintiff had dropped its indirect infringement allegations in a previous amendment). *Twombly/Iqbal* set out a standard for pleading that is intended to foreclose the time and cost expenditure of the discovery process on claims that cannot be pleaded with adequate plausibility without such discovery. Plaintiffs have an obligation to support their claims with sufficient factual allegations to show a plausible entitlement to relief; it is this plausible entitlement to relief that justifies subjecting the parties to the "inevitably costly and protracted discovery phase." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). ParkerVision's anticipated speculation that future discovery might provide it with facts that would support the indirect infringement claims it has pleaded (which Qualcomm vigorously denies) is of no moment in the context of a motion directed at the adequacy of pleadings.

## Conclusion

ParkerVision's claims of indirect infringement should be dismissed with prejudice.  In the alternative, ParkerVision's claims of indirect infringement should be limited to post-filing conduct and the two accused products named in the Third Amended Complaint, and ParkerVision should be denied leave to further amend its allegations, even though that alternative gives ParkerVision much more than the circumstances here warrant.

September 17, 2012

CRAVATH, SWAINE & MOORE LLP

By:     s/ Keith R. Hummel
        Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
        khummel@cravath.com
        David Greenwald (admitted pro hac vice)
        dgreenwald@cravath.com
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York  10019
        Telephone:  (212) 474-1000
        Facsimile:  (212) 474-3700

        -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
        John A. DeVault, III
        Florida Bar No. 103979
        jad@bedellfirm.com
        Courtney K. Grimm
        cgrimm@bedellfirm.com
        Florida Bar No. 953740
        The Bedell Building
        101 East Adams Street
        Jacksonville, Florida 32202
        Telephone:  (904) 353-0211
        Facsimile:  (904) 353-9307

        -and-

CADWALADER, WICKERSHAM & TAFT LLP
      Christopher A. Hughes (admitted pro hac vice)
      christopher.hughes@cwt.com
      1 World Financial Center
      New York, New York 10281
      Telephone:  (212) 504-6000
      Facsimile:  (212) 504-6666

          -and-

GOODWIN PROCTER, LLP
      Steven A. Moore (admitted pro hac vice)
      samoore@goodwinprocter.com
      Richard W. Thill (admitted pro hac vice)
      rthill@goodwinprocter.com
      4365 Executive Drive, Suite 3000
      San Diego, CA 92121
      Telephone:  (858) 202-2700
      Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<u>s/ Keith R. Hummel</u>
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*