# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PARKERVISION, INC.,

       Plaintiff,

v.

QUALCOMM INCORPORATED,

       Defendant.

QUALCOMM INCORPORATED,          Case No. 3:11-cv-719-J-37TEM

       Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

       Counterclaim Defendants.

**PARKERVISION INC.'S RESPONSE IN OPPOSITION TO QUALCOMM'S MOTION TO DISMISS PARKERVISION'S CLAIMS OF INDIRECT INFRINGEMENT IN ITS THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................2

III. LEGAL STANDARD ............................................................................................3

IV. PARKERVISION'S COMPLAINT STATES A CLAIM FOR
INDIRECT INFRINGEMENT ...............................................................................4

    A. Qualcomm Erroneously Seeks to Impose *Exergen*'s
Heightened Rule 9 Pleading Standard on Claims of Induced
Infringement....................................................................................................4

    B. ParkerVison's Third Amended Complaint Conforms to
*Twombly, Iqbal*, and *In re Bill of Lading*, As Well as
*Walker Digital* and *Apeldyn* .........................................................................7

        1. *ParkerVision Has Adequately Pled Inducement of
Direct Infringement*........................................................................8

        2. *ParkerVision Has Adequately Pled Qualcomm's
Pre-suit Knowledge of the Patents-in-Suit*.....................................9

        3. *ParkerVision Has Adequately Pled Qualcomm's
Knowledge of Direct Infringement by Its Users or
Customers and Its Intent to Induce Infringement* .......................12

        4. *ParkerVision Has Adequately Pled Qualcomm's
Knowledge That the Combination for Which its
Components Are Especially Designed Is both
Patented and Infringing* ...............................................................14

    C. No Basis Exists to Limit ParkerVision's Indirect
Infringement Claims to Post Filing Conduct or Two
Accused Products..........................................................................................14

        1. *The Indirect Infringement Claims Should Not be
Limited to Post-Filing* .................................................................14

        2. *ParkerVision's Claims Cannot Be Limited to the
Two Exemplary Products Stated in its Complaint* .......................16

V. IF THE COURT CONCLUDES THAT PARKERVISION'S
COMPLAINT FALLS SHORT, IT SHOULD GRANT
PARKERVISION LEAVE TO RE-PLEAD ....................................................17

A.     ParkerVision Has Demonstrated Diligence and Has Not
Unduly Delayed ........................................................................................................17

B.     ParkerVision Filed its Third Amended Complaint in Good
Faith, With the Understanding that its Complaint Satisfies
*Bill of Lading* ..........................................................................................................19

C.     Qualcomm Will Suffer No Prejudice Resulting from A
Fourth Amended Complaint ...................................................................................20

VI.    CONCLUSION.............................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apeldyn Corp. v. Sony Corp.*,
    No. 11-440-SLR, 2012 U.S. Dist. LEXIS 47734 (D. Del. April 4, 2012)........................11, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................5, 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................5, 6, 10

*Bon Air Hotel, Inc. v. Time, Inc.*,
    376 F.2d 118 (5th Cir. 1967) ................................................................................................20

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
    No 10-CV-03428-LHK, 2011 U.S. Dist. LEXIS 30227 (N.D. Cal. Mar. 23, 2011) ..............13

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................8

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)..............................................................................................5

*Fellner v. Cameron*,
    No. 2:10-cv-155-FtM, 2012 U.S. Dist. LEXIS 65466 (M.D. Fla. May 10, 2012) ............18, 19

*Fellowes, Inc. v. Michilin Prosperity Co., Ltd.*,
    491 F. Supp. 2d 571 (E.D. Va. 2007) ...................................................................................11

*Friedlander v. Nims*,
    755 F.2d 810 (11th Cir. 1985) ..............................................................................................19

*Global Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011).........................................................................................................14

*Groupon, Inc. v. Mobgob, LLC*,
    No. 0 C 7456, 2011 U.S. Dist. LEXIS 56937 (E.D. Ill. May 25, 2011)................11, 13, 14, 16

*Hawthorne v. Mac Adjustment, Inc.*,
    140 F.3d 1367 (11th Cir. 1998) ..............................................................................................4

*HSM Portfolio, LLC v. Fujitsu Ltd.*,
    No. 11-770, 2012 U.S. Dist. LEXIS 92167 (D. Del. July 3, 2012) .........................................12

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012) ........................................................................ passim

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
    No. C-11-6239, 2012 U.S. Dist. LEXIS 128660 (N.D. Cal. Sept. 10, 2012) ................... 11, 16

*Inmotion Imagery Techs. v. Brain Damage Films*,
    No. 2:11-CV-414, 2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug. 10, 2012) .............. 7, 8, 13

*Joao Control & Monitoring Sys. of Cal., LLC v. Sling Media, Inc.*,
    No. C-11-6277, 2012 U.S. Dist. LEXIS 110907 (N.D. Cal. Aug. 7, 2012) ........................... 19

*Levine v. World Fin. Network Nat'l Bank*,
    437 F.3d 1118 (11th Cir. 2006) ....................................................................................... 4

*Lochner Techs., LLC v. AT Labs Inc.*,
    No. 2:11-CV-242-JRG, 2012 U.S. Dist. LEXIS 92924 (E.D. Tex. July 3, 2012) ....... 11, 14, 16

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
    No. 2:11-CV-00319, 2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 11, 2012) ................... 8

*Lord v. Fairway Elec. Corp.*,
    223 F. Supp. 2d 1270 (M.D. Fla. 2002) ..................................................................... 17, 18

*Mesh Comm, LLC v. EKA Sys.*,
    No. 8:09-cv-1064-T-33TGW, 2010 U.S. Dist. LEXIS 19452 (M.D. Fla. Mar. 4, 2010) .... 7, 14

*National Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976) ..................................................................................................... 19

*PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*,
    No. 3:11-cv-273-J-37TEM, 2012 U.S. Dist. LEXIS 8367 (M.D. Fla. Jan. 25, 2012) ... 4, 17, 18

*Proxyconn, Inc. v. Microsoft Corp.*,
    11-1681, 2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) ..................................... 12

*Randall v. Scott*,
    610 F.3d 701 (11th Cir. 2010) ...................................................................................... 4, 5

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008) .............................................................................. 8, 13, 14

*Speaker v. United States HHS CDC & Prevention*,
    623 F.3d 1371 (11th Cir. 2010) ....................................................................................... 4

*Suffolk Techs., LLC. v. AOL, Inc.*,
    No. 1:12-cv-625 (E.D. Va. Sept. 7, 2012) ....................................................................... 6

*Trading Techs. Int'l v. BCG Partners, Inc.*,
No. 10 C 715, 2011 U.S. Dist. LEXIS 99415 (N.D. Ill. Sept. 2, 2011)....................................13

*Walker Digital, LLC v. Facebook, Inc.*,
No. 11-313-SLR, 2012 U.S. Dist. LEXIS 48080 (D. Del. Apr. 4, 2012) ..........................11, 15

*Watts v. Fla. Int'l Univ.*,
495 F.3d 1289 (11th Cir. 2007) ..............................................................................................4

**OTHER AUTHORITIES**

E.D. Tex. L. R. 3-1...................................................................................................................16

Fed. R. Civ. P. 8 ............................................................................................................... passim

Fed. R. Civ. P. 9 ...............................................................................................1, 4, 5, 6, 10, 19

Fed. R. Civ. P. 12 .............................................................................................................4, 19

Fed. R. Civ. P. 15 .............................................................................................................17, 18

Fed. R. Civ. P. 16 .............................................................................................................17, 18

# I.    INTRODUCTION

Qualcomm asks this Court to subject ParkerVision to an unprecedented pleading standard for Rule 8 claims, unmoored from *Bill of Lading*, *Twombly*, or *Iqbal*. Qualcomm would have the Court impose *Exergen*'s heightened Rule 9(b) pleading standards on claims of indirect infringement. Qualcomm contends that ParkerVision's Third Amended Complaint is deficient because in addition to pleading facts consistent with Qualcomm's induced and contributory infringement (*i.e.*, Qualcomm's pre-suit knowledge of the patents, its intent to infringe and no substantial non-infringing use for the accused products), ParkerVision has not set forth specific *evidence* establishing the veracity of those facts. This is not the rule of *Bill of Lading*.

After the Court's Order dismissing ParkerVision's First Amended Complaint, ParkerVision amended its pleading in conformity with its understanding of the teachings of *Bill of Lading*. The *Bill of Lading* case was decided by the Federal Circuit on June 7, 2012—some ten months after ParkerVision filed its First Amended Complaint. The *Bill of Lading* case changed the standard for pleading indirect infringement, and following its issuance parties and district courts have struggled with the proper interpretation of this decision. Without question, ParkerVision's Third Amended Complaint provides Qualcomm with adequate notice of ParkerVision's claims of indirect infringement.

Qualcomm's Motion to Dismiss, like its Motion to Strike ParkerVision's Infringement Contentions (Dkt. 165), is an attempt by Qualcomm to raise case dispositive issues outside of a motion for summary judgment or JMOL. Whether the facts as pled by ParkerVision can be proven by a preponderance of the evidence is a question for a dispositive motion or trial—it is not properly raised in a motion to dismiss a pleading. This is particularly true where, as here, fact discovery is well underway. Accordingly, Qualcomm's Motion to Dismiss should be denied.

## II. FACTUAL BACKGROUND

Following the Federal Circuit's issuance of *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012), which issued ten months after ParkerVision filed its First Amended Complaint, this Court dismissed ParkerVison's claims of indirect infringement in its First Amended Complaint for failure to adhere to the newly articulated "pleading standards for claims of indirect infringement in that case." Dkt. 150 at 3. In addition to the *Bill of Lading* pleading standards for indirect infringement, the Court also directed the parties' attention to two pre-*Bill of Lading* decisions by Judge Robinson of the U.S. District Court for the District of Delaware that discuss the pleading requirements for indirect infringement. *Id*. Observing that it would be "harsh and inequitable" for the Court to dismiss ParkerVision's Complaint without leave to amend, the Court granted ParkerVision leave to file a Second Amended Complaint. *Id*. at 4.

ParkerVision took the Court's Order seriously. After studying the requirements set forth in *Bill of Lading*, ParkerVision filed its Second Amended Complaint on August 30, 2012. Per the Court's Order, ParkerVision added additional factual allegations in support of its claims of indirect infringement. *Compare* Dkt. 1 at ¶¶ 7, 11 *with* Dkt. 157 at ¶¶ 7, 11-13; *see* Ex. B. ParkerVision re-pled its indirect infringement claims consistent with its understanding of the Court's Order and *Bill of Lading*. That same day, ParkerVision filed a Third Amended Complaint—*solely for the purpose of correcting a minor typographical error*. The only difference between the Second Amended Complaint and the Third Amended Complaint is the deletion of an "(a)" from the first sentence of paragraph 11, which mistakenly referred to "271(a)" when it should have referred only to "271."[1] *Compare* Dkt. 157 ¶11 *with* Dkt. 158 ¶11.

---

[1] Although Qualcomm acknowledges the wholly benign reason for ParkerVision filing a Third Amended Complaint on the same day ParkerVision filed its Second Amended Complaint, *see* Dkt. 169 at 5 n.1, it nonetheless inexplicably asks the Court to place great import on the fact that ParkerVision has "amended its complaint *three times*," *id*. at 3 (emphasis is Qualcomm's). And Qualcomm misleadingly argues that "four tries is enough"—but

On September 13, 2012, Qualcomm informed ParkerVision that it believed that ParkerVision's Third Amended Complaint still failed to adequately plead indirect infringement. *See* Ex. A. Although ParkerVision maintained (and still maintains) that its Third Amended Complaint meets the standards of *Bill of Lading* and this Court's Order, ParkerVision offered to re-plead its Complaint with further detail in order to avoid unnecessary motion practice. Qualcomm, however, refused to agree to this compromise. *Id.*

And so, although Qualcomm clearly has notice of ParkerVision's allegations in this case—indeed, Qualcomm admits pre-suit knowledge of two of the patents-in-suit, and ParkerVision has provided interrogatory responses, produced over 156,000 documents, filed volumes of briefing, and served detailed infringement contentions—Qualcomm nonetheless pursues a second Motion to Dismiss and baselessly claims lack of notice and prejudice.

## III.    LEGAL STANDARD

Allegations of indirect infringement must conform to the *Twombly* and *Iqbal* pleading standards. *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Under these standards, a complaint alleging indirect infringement must simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And the indirect infringement allegations need only include "enough factual matter" that, when taken as true, allows "the reasonable inference that the defendant is liable for the misconduct alleged." *In re Bill of Lading*, 681 F.3d at 1337 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Specific facts are not necessary: *the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.* at 1332 (emphasis in original)

---

ParkerVision has filed just one amended complaint in order to cure the shortcomings identified by the Court in light of the recently-issued *Bill of Lading* case. *Id.* at 7.

(quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)) (internal citations and quotations omitted). *Twombly* made clear that the Supreme Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). And *Iqbal* is "clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2). . ." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting *Twombly*, 550 U.S. at 556).[2]

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A court may consider "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273-J-37TEM, 2012 U.S. Dist. LEXIS 8367, at *11 (M.D. Fla. Jan. 25, 2012) (Dalton, J.) (internal quotations omitted).

## IV.   PARKERVISION'S COMPLAINT STATES A CLAIM FOR INDIRECT INFRINGEMENT

### A.  Qualcomm Erroneously Seeks to Impose *Exergen*'s Heightened Rule 9 Pleading Standard on Claims of Induced Infringement

Without any basis in precedent, Qualcomm asks this Court to impose heightened pleading requirements on claims of indirect infringement. Addressing allegations of inducement

---

[2] In patent cases, the law of the regional circuit governs a motion to dismiss for failure to state a claim. *In re Bill of Lading*, 681 F.3d at 1331.

of infringement, Qualcomm asserts that:

> While "'knowledge' and 'intent' may be averred generally, [Federal Circuit] precedent . . . requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (discussing pleading requirements for the knowledge and intent elements of inequitable conduct).

Dkt. 169 at 8-9. As noted, *Exergen* addressed the standards for pleading knowledge and intent for inequitable conduct (i.e., fraud on the Patent Office) under FED. R. CIV. P. 9(b). *See Exergen*, 575 F.3d at 1326-27.

But the Federal Circuit does not apply *Exergen*'s heightened pleading requirements to claims of indirect infringement.[3] In *Bill of Lading*, the Federal Circuit had every opportunity to apply a heightened requirement to pleadings of indirect infringement, but did not do so. *See In re Bill of Lading*, 681 F.3d at 1337-40. To the contrary, it explicitly held that the Rule 8 (*Twombly* and *Iqbal*) pleading standards control—nothing more. *Id.* at 1337; *see also Randall*, 610 F.3d at 710 ("After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2) . . . All that remains is the Rule 9 heightened pleading standard.").

Throughout its brief, Qualcomm attempts to hold ParkerVision to the inapplicable higher pleading standard of Rule 9. Under the guise of demanding "facts" Qualcomm is actually demanding summary judgment type "evidence" to support the veracity of ParkerVision's factual allegations. To highlight just a few of the numerous examples:

- Qualcomm "told ParkerVision that '[b]ased upon a reasonable examination, Qualcomm did *not* have knowledge of at least four of the Patents-in-Suit… prior to the filing of this lawsuit.'…ParkerVision's allegation – in the face of this response – that Qualcomm had knowledge of the Patents-in-Suit before the July 20, 2011 filing of the complaint'…is

---

[3] *Bill of Lading* held that "the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims." 681 F.3d at 1337. *Twombly* and *Iqbal*, in turn, addressed only those claims governed by Rule 8 (not claims of fraud or mistake under Rule 9(b)). *See Twombly*; 550 U.S. at 557; *Iqbal*, 556 U.S. at 684 ("*Twombly* . . . was based on our interpretation and application of Rule 8.").

demonstrably inaccurate." *Id*. at 11 n. 2. Qualcomm thus requests that the Court dismiss ParkerVision's Complaint simply because Qualcomm denies that it had pre-suit knowledge of four of the six patents-in-suit.

- "Qualcomm does not manufacture and sell end-user devices in the United States or elsewhere; it supplies semiconductors and related software. Whether and to what extent its semiconductor products are incorporated into products destined for …the United States depends upon the technical specifications of the semiconductor component products…" *Id*. at 12. Again, Qualcomm requests dismissal because it denies that it undertakes actions in the United States which subject it to infringement liability.

- Qualcomm argues that "ParkerVision's complaint is silent on the subject of which component products can be used in U.S. destined devices and whether such products are in fact in devices in use today. . ." Dkt. 169 at 13. Yet again, Qualcomm requests dismissal because it denies that its products can be included in infringing combinations.

Properly understood, Qualcomm's complaint is *not* about the absence of facts in ParkerVision's Third Amended Complaint—Qualcomm's argument is that the facts as pled by ParkerVision are wrong. Unsurprisingly, defendants in patent cases—like Qualcomm here— challenge the veracity of the facts stated in the plaintiff's pleading. But denial of the plaintiff's allegations does not warrant dismissal. To hold otherwise would require a plaintiff to bring a patent infringement case only in circumstances where the defendant admits the predicate facts of its infringement. Qualcomm cites no authority justifying dismissal of a complaint merely because a defendant challenges the veracity of the facts set forth in a plaintiff's pleading.

The proper way for Qualcomm to challenge the veracity of the facts pled by ParkerVision is in a motion for summary judgment or at trial, not in a motion to dismiss at the pleading stage. *See* Ex. C, Tr. of Hearing at 25-28, *Suffolk Techs., LLC. v. AOL, Inc*., No. 1:12-cv-625 (E.D. Va. Sept. 7, 2012); Ex. D, Order, *Suffolk Techs.*, No. 1:12-cv-625 (Sept. 7, 2012) (denying defendant's 12(b)(6) motion to dismiss).[4]

---

[4] In *Suffolk*, the court observed that the defendant's motion to dismiss argued in relevant part that "as a pleading matter, the claims of inducement to infringe must be dismissed for failing to allege, and specifically, the claim is that the allegations do not adequately allege that [defendant] knew that [the end user's] acts constituted infringement on either of the two patents." *Id*. at 25. The court reasoned that the argument was "not persuasive because it's in effect an effort to move to the pleading stage what is typically resolved at the summary judgment or trial stage." *Id*. The

**B. ParkerVision's Third Amended Complaint Conforms to *Twombly, Iqbal*, and *In re Bill of Lading*, As Well as *Walker Digital* and *Apeldyn***

Applying the proper pleading standards, ParkerVision has adequately alleged facts to support a plausible inference that Qualcomm induced infringement of the patents-in-suit. Indeed, post-*Twombly* and *Iqbal*, courts in the Middle District of Florida have denied 12(b)(6) motions to dismiss based on far sparser pleadings of indirect infringement. *See Mesh Comm, LLC v. EKA Sys.*, No. 8:09-cv-1064-T-33TGW, 2010 U.S. Dist. LEXIS 19452, at *5 (M.D. Fla. Mar. 4, 2010) ("Plaintiff has alleged all of the required elements to assert a claim for direct and indirect or contributory patent infringement."); Ex. E.

Although Qualcomm recites that it has suffered prejudice as a result of ParkerVision's complaint, *see* Dkt. 169 at 3, it fails to articulate how. "A 'patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend.'" *Inmotion Imagery Techs.*, 2012 U.S. Dist. LEXIS 112630, at *3-4 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)). Qualcomm has suffered no prejudice as a result of ParkerVision's Third Amended Complaint. The Third Amended Complaint adequately provides notice of ParkerVision's claims and factual allegations. In any event, Qualcomm cannot legitimately argue that it is not already well aware of the substantial evidence in support of those allegations. *See* Dkts. 156-4 and 156-10 (infringement contentions explaining Qualcomm's infringement); Dkt. 60 at ¶¶ 151, 155, 204, 217-224 (discussing the business relationship between the parties); Ex. F (Qualcomm discovery response admitting pre-suit knowledge of two of the patents-in-suit).[5]

---

court concluded that "to prevail on inducing infringement, of course, [plaintiff] will have to show that [defendant]… knew that [defendant] was infringing. And that's going to be an issue that I'm sure consumes my interest and attention at the summary judgment, but not at this stage." *Id.* at 28.

[5] Moreover some of ParkerVision's recently-served discovery, which Qualcomm has yet to answer, is aimed at discovering additional facts related to Qualcomm's indirect infringement. *See e.g.* Ex. G at Interrogatory No. 17

1. *ParkerVision Has Adequately Pled Inducement of Direct Infringement*

Qualcomm claims that ParkerVision's complaint fails to adequately allege that it engaged in actions to induce infringement of the patents in suit. Dkt. 169 at 3. ParkerVision's Third Amended Complaint, however, plainly alleges the facts that:

> (1) Qualcomm designs and makes integrated circuits that directly infringe the patents-in-suit, such as the RTR6285 and the QSC6270, *see* Dkt. 158 at ¶¶11-12;

> (2) Qualcomm itself and/or Qualcomm's customers then import those integrated circuits, or the cellular telephones and mobile devices that include the infringing circuits, into the United States, *id*. at ¶12; and

> (3) the infringing circuits can be found in cellular telephones and mobile devices currently being used by in the United States, *see id*. at ¶11.

Qualcomm's acts of designing, making, and importing for re-sale constitute "affirmative steps taken to foster infringement" of each of the patents-in-suit. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *see Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) ("[Defendant's] role as the designer and manufacturer of the optical drives in question may evidence an intent sufficiently specific to support a finding of inducement.").

Contrary to Qualcomm's contention, nothing further is required. *See Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319, 2012 U.S. Dist. LEXIS 129979, at *9-11 (E.D. Tex. Sept. 11, 2012) (denying a 12(b)(6) motion to dismiss claims of inducement of infringement based on the plaintiff's allegation that the defendant "has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas."); Ex. H at ¶¶5, 15; *In re Bill of Lading*, 681 F.3d at 1336 (to state a claim for indirect infringement "a plaintiff need not

---

(ParkerVision Interrogatory asking about Qualcomm's design of the accused products to comply with U.S. telecommunications standards—showing Qualcomm's knowledge that those products will be imported into the U.S.); *id.* at Interrogatory No. 16 (ParkerVision Interrogatory asking Qualcomm to identify the largest importers into the U.S. of the accused products); *id.* at Interrogatory No. 18 (ParkerVision Interrogatory asking about the relationship between Qualcomm, Inc.—the U.S. entity that designs the accused products—and Qualcomm's various international subsidiaries that Qualcomm contends build and sell the accused products).

identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."). And Qualcomm does not state what type of additional facts it believes are missing. Dkt. 169 at 9.

In any event, Qualcomm has well-documented notice of the detailed facts underlying ParkerVision's allegations of inducement. *See* Dkt. 152-1. ParkerVision's infringement contentions explain how ParkerVision contends that Qualcomm designs and makes integrated circuits that directly infringe the patents-in-suit. *See* Dkt. 158 at ¶¶11-12. Qualcomm's discovery responses establish that it imports some of the accused products into the U.S. itself and that the international subsidiaries it controls sell those products to handset manufactures, who additionally import the accused products into the U.S. *See* Ex. I at 10.

### 2. *ParkerVision Has Adequately Pled Qualcomm's Pre-suit Knowledge of the Patents-in-Suit*[6]

Qualcomm's Motion to Dismiss focuses largely on its argument that ParkerVision allegedly has failed to plead facts to support the inference that Qualcomm knew of the patents-in-suit prior to the July 20, 2011 filing of ParkerVision's complaint. Dkt. 169 at 10. Qualcomm's arguments fail for a number of reasons: (1) knowledge need only be alleged generally; (2) Qualcomm's knowledge of the patents-in-suit can be reasonably inferred from its admitted pre-suit knowledge of two of the patents-in-suit and negotiations with ParkerVision; and (3) the Federal Circuit and district courts addressing the knowledge element for inducement have held that service of the complaint demonstrates that the defendant had knowledge of the patents-in-suit as of that date.

First, the knowledge requirement "does not mean . . . that [a plaintiff] must prove its case

---

[6] Because Qualcomm raises virtually identical challenges to ParkerVision's pleading that Qualcomm had pre-suit knowledge of the patents-in-suit for claims of induced and contributory infringement, ParkerVision responds to both claims together.

at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339. Further, even if Rule 9 pleading was required, Rule 9(b) specifically provides that knowledge may be pleaded generally. *Iqbal*, 556 U.S. at 686 (Rule 9(b) allows "'intent, knowledge, and other conditions of a person's mind [to] be alleged generally'"). ParkerVision has expressly pled the fact of Qualcomm's pre-suit knowledge of the patents-in-suit: "[Qualcomm] knew of the Patents-in-Suit before the July 20, 2011 filing of the original complaint by ParkerVision." Dkt. 158 at ¶12.

Second, Qualcomm's pre-suit knowledge of the patents-in-suit is not only plausible, but fundamentally undisputed as to at least two of the patents-in-suit. Qualcomm admits that "certain individuals at Qualcomm" had knowledge of at least the '551 and '371 patents. *See* Dkt. 169 at 11; Ex. F. Qualcomm does not deny the family relationship between the two patents-in-suit it admits knowledge of and the other asserted patents. Ex. J, Markman Hr'g Tr. at 73:9-14. Additionally, Qualcomm acknowledges that many years before the filing of this lawsuit, it negotiated with ParkerVision regarding "direct conversion receiver technology…which is the subject of one or more of the asserted patents…" Dkt. 60 at ¶155. Qualcomm's pre-suit knowledge of the other patents may be reasonably inferred from its admitted pre-suit knowledge of the '551 and '371 patents, the family relationship between these patents and the others at issue, and the negotiations between the parties regarding the technology at issue in this litigation. *See* Ex. K at 6-7. Contrary to Qualcomm's arguments, *see* Dkt. 169 at 11, discovery is permissible to flesh out these allegations. *See Twombly*, 550 U.S. at 556 (the plausibility rule "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.").

And third, a complaint may adequately plead knowledge of the patents through allegations that the defendant had knowledge of the patents prior to or as of date of service of the

complaint. Indeed, the Federal Circuit has rejected Qualcomm's argument: in *Bill of Lading*, the plaintiff argued that it was reasonable to infer intent to induce based on the fact that the defendant "was aware of the patent as of June 2009, if not earlier, when it was served with the complaint." *In re Bill of Lading*, 681 F.3d at 1345. Reversing the dismissal of the indirect infringement claim, the Federal Circuit concluded that, "[w]hen properly viewed, the… Amended Complaint states a claim for induced infringement that is certainly plausible on its face. Accordingly, the district court erred by dismissing it." *Id*. at 1346. Numerous district courts have correctly taken the same approach as *Bill of Lading* with respect to allegations of pre-suit knowledge of the patents at issue in those cases.[7]

The Delaware cases cited by the Court likewise hold—contrary to Qualcomm's mischaracterization of *Apeldyn*, *see* Dkt. 169 at 10—that allegations that the defendant "knew of the patents-in-suit at least as early as the filing of the initial complaint…" pass muster under Rule 8. *Walker Digital, LLC v. Facebook, Inc*., No. 11-313-SLR, 2012 U.S. Dist. LEXIS 48080, at *13 (D. Del. Apr. 4, 2012); *see Apeldyn Corp. v. Sony Corp.*, No. 11-440-SLR, 2012 U.S. Dist. LEXIS 47734, at *10 (D. Del. April 4, 2012) ("Sony indisputably became aware of the '382 patent through litigation of the 08-568 case in this court, filed in September 2008.…The court

---

[7] *See Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C-11-6239, 2012 U.S. Dist. LEXIS 128660, at *11-12 (N.D. Cal. Sept. 10, 2012) (denying motion to dismiss where the plaintiff "identifie[d] the latest date, as well as the manner, by which [the defendant] allegedly became aware of each of the asserted patents namely, the date of Infineon's Complaint"); Ex. L at ¶28; Ex. D, Order, *Suffolk Techs.*, No. 1:12-cv-625 (Sept. 7, 2012) (denying defendant's 12(b)(6) motion to dismiss, which argued that knowledge after filing of the initial complaint is not sufficient to plead knowledge for indirect infringement, where the First Amended Complaint alleged that: "as early as June 7, 2012 when this action was filed, AOL was aware that the way Google generates Snippets infringes the '132 patent.…"); Ex. M at ¶41, *Suffolk Techs.*, No. 1:12-cv-625 (Aug. 3, 2012); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 U.S. Dist. LEXIS 92924, at *10 (E.D. Tex. July 3, 2012) (failing to allege pre-suit knowledge "is not a basis to dismiss . . . indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the [ ] Defendants had knowledge of the asserted patent for at least some time during the infringing period."); *Groupon, Inc. v. Mobgob, LLC*, No. 0 C 7456, 2011 U.S. Dist. LEXIS 56937, at *8-9 (E.D. Ill. May 25, 2011); Ex. N; *Fellowes, Inc. v. Michilin Prosperity Co., Ltd.*, 491 F. Supp. 2d 571, 589-90 (E.D. Va. 2007) (granting JMOL of induced infringement in plaintiffs' favor for the period beginning May 2006, based on defendants being aware of the patents when the plaintiffs filed the case).

concludes that plaintiff's allegations pass muster under Rule 8…"). Although district courts have split on this issue, the Court should reject the reasoning of the cases relied upon by Qualcomm[8] and join those district courts that, like Judge Robinson, hold that—at a minimum—allegations of knowledge after the plaintiff served the initial complaint sufficiently plead knowledge for indirect infringement.[9]

In sum, ParkerVision has expressly pled the fact of Qualcomm's pre-suit knowledge, and there is a plausible basis to infer such pre-suit knowledge in light of Qualcomm's admission of pre-suit knowledge of two of the patents-in-suit, the family relationship between those patents and the others at issue, and the negotiations between the parties regarding the technology at issue in this litigation. Thus, the Court need not reach the question of whether allegations of post-filing knowledge suffice. Should the Court reach the question, however, it should follow those courts that have concluded that allegations of post-filing knowledge adequately plead the knowledge element for indirect infringement.

3. *ParkerVision Has Adequately Pled Qualcomm's Knowledge of Direct Infringement by Its Users or Customers and Its Intent to Induce Infringement*

ParkerVision's Third Amended Complaint contains sufficient allegations to support the plausible inference of Qualcomm's knowledge of direct infringement and its intent to induce infringement. Intent to cause infringement "may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting

---

[8] Notably, in *HSM*, relied upon by Qualcomm, the court concluded that the plaintiff had failed to allege knowledge of the patent-in-suit because the complaint merely alleged that the "defendant was *on notice* of a patent." *HSM Portfolio, LLC v. Fujitsu Ltd.*, No. 11-770, 2012 U.S. Dist. LEXIS 92167, at *8 (D. Del. July 3, 2012). *HSM* does not apply here: ParkerVision has clearly alleged that Qualcomm "knew of the Patents-in-Suit." Dkt. 158 at ¶12.

[9] *See Proxyconn, Inc. v. Microsoft Corp.*, 11-1681, 2012 U.S. Dist. LEXIS 70614, at *12-14 (C.D. Cal. May 16, 2012) (recognizing the "split of authority" on the issue).

infringement." *Ricoh*, 550 F.3d at 1342.[10] For example, in *Groupon, Inc. v. Mobgob, LLC,* the district court held that where the plaintiff alleged that the defendant had knowledge of the patent and "created the infringing system itself or had someone else create the system for it," it was "reasonable to infer that… [the defendant] intentionally uses its website to host and run the system and to give others the opportunity to use the infringing system to promote goods and services. Thus, [plaintiff] need not plead any more and the Court denies [defendant's] motion to dismiss." *Groupon,* 2011 U.S. Dist. LEXIS 56937, at *8-9; *see* Ex. N.

As discussed *supra*, ParkerVision has adequately pled both that:

(1) Qualcomm had knowledge of each of the Patents-in-Suit, Dkt. 158 at ¶12; and

(2) Qualcomm designs and makes integrated circuits that that directly infringe, *id.* at ¶¶11-12.

No further allegations of fact are required. *See* footnote 10, *supra*; *see also Ricoh*, 550 F.3d at 1343 ("[Defendant's] role as the designer and manufacturer of the optical drives in question may evidence an intent sufficiently specific to support a finding of inducement.").

Qualcomm faults ParkerVision's Third Amended Complaint because it does not specifically address "which component products can be used in U.S.-destined devices." Dkt. 169 at 13. On this point, Qualcomm cites no legal authority whatsoever. The reason is clear: there is no requirement that an induced direct infringer must know exactly how the infringing product or service works, nor that a plaintiff must allege such a fact in its complaint. The *Global-Tech* case defines the requirements for pleading indirect infringement, and does not contain the embellishments that Qualcomm would like to tack onto the elements of an indirect infringement

---

[10] *See also Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414, 2012 U.S. Dist. LEXIS 112630, at *8 (E.D. Tex. Aug. 10, 2012); *Groupon*, 2011 U.S. Dist. LEXIS 56937, at *8-9; *Trading Techs. Int'l v. BCG Partners, Inc.*, No. 10 C 715, 2011 U.S. Dist. LEXIS 99415, at *17 (N.D. Ill. Sept. 2, 2011); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No 10-CV-03428-LHK, 2011 U.S. Dist. LEXIS 30227, at *22-23 (N.D. Cal. Mar. 23, 2011) (*citing Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004)).

claim. *See Global Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). ParkerVision

has adequately pled that Qualcomm "specifically intends for its customers and/or users of the

infringing circuits to directly infringe *in the United States*." Dkt. 158 at ¶12 (emphasis added).

ParkerVision need not plead precisely how each accused component product and the underlying

technology worked in the United States—that evidence will be developed in discovery.

    4.   *ParkerVision Has Adequately Pled Qualcomm's Knowledge That the Combination for Which its Components Are Especially Designed Is both Patented and Infringing*

ParkerVision's allegations of contributory infringement state sufficient facts to satisfy

Rule 8 for the same reasons as its allegations of induced infringement. The Third Amended

Complaint contains the following factual allegations:

> (1) Qualcomm designs and makes integrated circuits that that directly infringe, such as the RTR6285 and the QSC6270, *see* Dkt. 158 at ¶¶11-12;

> (2) Qualcomm sells, offers to sell, or imports these integrated circuits into the United States; *see id.* at ¶13;

> (3) "Qualcomm knew of the Patents-in-Suit before ParkerVision filed the original complaint on July 20, 2011" and knew that the accused integrated circuits were made or adapted for use in infringing one or more of the Patents-in-Suit, *see id.*; and

> (4) the "direct conversion receiver technology within the infringing circuits has no substantial use that does not infringe one of more claims of the patents in suit," *id. See Ricoh Co.*, 550 F.3d at 1338 ("When a manufacturer includes in its product a component that can *only* infringe, the inference that infringement is intended is unavoidable.").

These factual allegations suffice for a claim of contributory infringement. *See Lochner Techs.,*

2012 U.S. Dist. LEXIS 92924, at *10; *Groupon*, 2011 U.S. Dist. LEXIS 56937, at *8-9; *Mesh*

*Comm*, 2010 U.S. Dist. LEXIS 19452, at *5.

  **C.**  **No Basis Exists to Limit ParkerVision's Indirect Infringement Claims to Post Filing Conduct or Two Accused Products**

    1.   *The Indirect Infringement Claims Should Not be Limited to Post-Filing*

ParkerVision's indirect infringement claims should not be limited to after the date that it

initiated suit because ParkerVision alleges Qualcomm's pre-suit knowledge, alleges ample facts in support of that allegation, and because sound authority weighs in favor of allowing the claims of pre-suit indirect infringement to proceed. As discussed above in section IV.B.2, ParkerVision has alleged that Qualcomm knew of the patents-in-suit prior to the date that it filed this action. Qualcomm's admitted pre-suit knowledge of at least two of the patents-in-suit (all of which deal with the same technology), in conjunction with the family relationship between those patents and the others in suit, as well as the negotiations and disclosures of technology between Qualcomm and ParkerVision in the late 1990s, lead to the reasonable inference that Qualcomm knew of each of the patents-in-suit prior to this litigation. *See* Dkt. 169 at 11; Ex. F; Ex. K.

Unlike here, in both *Apeldyn* and *Walker Digital*, the plaintiff had not, as ParkerVision does here, directly alleged the defendant's pre-suit knowledge. *Apeldyn*, 2012 U.S. Dist. LEXIS 47734, at *10; *Walker Digital*, 2012 U.S. Dist. LEXIS 48080, at *13-14. Instead those plaintiffs alleged that "Sony has been aware of the '382 Patent since at least Apeldyn accused Sony of infringing the patent in a complaint filed on September 8, 2008…*On information and belief*, Sony was aware of the '382 Patent prior to the 2008 Complaint…" and the defendants "had knowledge of the [patent-in-suit] and Walker Digital's infringement contentions since at least April 11, 2011 or before…" (emphasis added). Ex. O at ¶¶36-38; *Walker Digital*, 2012 U.S. Dist. LEXIS 48080, at *10. Here, in contrast, Qualcomm admits that some of its employees had pre-suit knowledge of at least two of the patents-in-suit. Ex. F. And ParkerVision directly asserts Qualcomm's pre-suit knowledge: "[Qualcomm] knew of the Patents-in-Suit before the July 20, 2011 filing of the original complaint by ParkerVision." Dkt. 158 at ¶12.

Regardless, the Court should follow those cases that permit a case to progress without limitation to post-filing infringement where the plaintiff alleges—as ParkerVision does here—

the fact of the defendants' pre-filing knowledge. *See Lochner Techs.,* 2012 U.S. Dist. LEXIS 92924, at *10; *Infineon Techs.*, 2012 U.S. Dist. LEXIS 128660, at *16-17; *Groupon,* 2011 U.S. Dist. LEXIS 56937, at *8-9.

### 2. *ParkerVision's Claims Cannot Be Limited to the Two Exemplary Products Stated in its Complaint*

Qualcomm cites no authority holding that each and every accused product must be listed by name in a plaintiff's complaint—nor can it. Limiting a plaintiff alleging infringement to only those specific product models named in its complaint would be entirely unprecedented. Qualcomm's request egregiously overreaches the bounds of the law and common sense. Requiring a plaintiff to state by name and model number each and every accused product in the complaint would render pointless infringement contentions, for which the local rules of district courts around the country explicitly provide, and which the Court required in this case. *See, e.g.* E.D. Tex. Patent L.R. 3-1, N.D. Cal. Patent L.R. 3-1; *see also Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C-11-6239, 2012 U.S. Dist. LEXIS 128660, at *7-8 (N.D. Cal. Sept. 10, 2012) ("Volterra's [12(b)(6) Motion to Dismiss] argument that it is entitled to know which specific circuitry within said products assertedly infringes is more appropriately addressed in the course of discovery conducted under the Patent Local Rules of this district. *See, e.g.*, Patent L.R. 3-1, 4-1. Indeed, a motion challenging the sufficiency of Infineon's Infringement Contentions is currently pending…").

In any event, ParkerVision's Third Amended Complaint provides Qualcomm with notice as to which products it accuses, even if it does not provide an exhaustive listing of those products by name. *See* Dkt. 158 at ¶11. Moreover, pursuant to the infringement contentions served by ParkerVision, Qualcomm obviously has actual notice of the products that ParkerVision alleges indirectly infringe. *See* Dkt. 152-1. Accordingly, the purpose of Rule 8 has been satisfied.

## V.    IF THE COURT CONCLUDES THAT PARKERVISION'S COMPLAINT FALLS SHORT, IT SHOULD GRANT PARKERVISION LEAVE TO RE-PLEAD

Should the Court conclude that ParkerVision's Third Amended Complaint does not comply with *In re Bill of Lading*, ParkerVision requests leave to file a Fourth Amended Complaint to add any necessary further detail to its allegations of indirect infringement. When a party seeks leave to amend after a scheduling order deadline has passed, the party must first demonstrate good cause under Rule 16(b). *PPS Data,* 2012 U.S. Dist. LEXIS 8367, at *6-7. As Qualcomm notes, to establish good cause the party must show that the deadlines could not have been met despite the party's diligence. *Id*. at *7. Upon a showing of diligence, the district court then evaluates whether to grant leave to amend based on Rule 15(a), considering factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party by virtue of allowance of the amendment. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1275-77 (M.D. Fla. 2002) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

Leave to amend would be warranted, as addressed in greater detail below, because (1) ParkerVision has demonstrated diligence and has not unduly delayed; (2) ParkerVision has attempted in good faith to comply with the requirements of *In re Bill of Lading*; (3) and Qualcomm would suffer no prejudice.

### A.  ParkerVision Has Demonstrated Diligence and Has Not Unduly Delayed

With respect to rule 16(b), the Eleventh Circuit has directed district courts to consider three factors when ascertaining a party's diligence in order to determine whether good cause exists for leave to amend: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring

information, whether the plaintiff delayed in asking for amendment. *PPS Data,* 2012 U.S. Dist. LEXIS 8367, at *7. Rule 15(a) similarly provides for consideration of the party's delay, dilatory, motive, or repeated failure to cure deficiencies by amendments previously allowed. *Lord*, 223 F. Supp. 2d at 1275.

Here, ParkerVision has exhibited diligence in ascertaining the facts of Qualcomm's infringement prior to filing suit and seeking discovery (some of which is still outstanding, *see* footnote 5, *supra*) and has not unduly delayed nor repeatedly failed to cure deficiencies. *See, e.g.*, Dkt. 159. ParkerVision does not seek to amend in light of new facts; the facts revealed in ParkerVision's pre-trial investigation and discovery have only corroborated ParkerVision's claims. *See* Dkt. 165 at 3-4. Rather, in the event that the Court believes that the *Bill of Lading* standard requires allegations of additional facts, ParkerVision seeks leave to add those detailed facts to support its existing claims.

ParkerVision has (in effect) amended just once to remedy its complaint in light of the Court's dismissal based on *Bill of Lading*. The *Bill of Lading* case only recently issued—well-after ParkerVision filed its First Amended Complaint—and Qualcomm has moved to dismiss for a second time, in light of new and unsettled law. This does not rise to the level of "repeated failure to cure deficiencies." *Lord*, 223 F. Supp. 2d at 1275; *see Fellner v. Cameron*, No. 2:10-cv-155-FtM, 2012 U.S. Dist. LEXIS 65466, at *15, 18-19 (M.D. Fla. May 10, 2012) (Dalton, J.) (granting a second motion to dismiss without prejudice for failure to satisfy Rule 9's pleading requirements and allowing the plaintiff to file a fourth amended complaint).

Qualcomm has not presented any argument that would justify dismissal with prejudice. Notably, Qualcomm cites only one case denying leave to amend to cure a pleading found to be deficient in light of *Bill of Lading*. Dkt. 169 at 18. There, however, the court denied leave to

amend the complaint to add allegations of indirect infringement in part because the plaintiff "expressly removed its indirect infringement claims in a prior round of amendments." *See Joao Control & Monitoring Sys. of Cal., LLC v. Sling Media, Inc.*, No. C-11-6277, 2012 U.S. Dist. LEXIS 110907, at *30 (N.D. Cal. Aug. 7, 2012). ParkerVision has maintained its indirect infringement claims since the inception of this litigation. In sum, it would be extraordinary for the Court to dismiss ParkerVision's claims of indirect infringement with prejudice. *See Fellner,* 2012 U.S. Dist. LEXIS 65466, at *15, 18-19. Should the Court not outright deny Qualcomm's motion, the more appropriate remedy would be to allow ParkerVision to amend its complaint.

### B. ParkerVision Filed its Third Amended Complaint in Good Faith, With the Understanding that its Complaint Satisfies *Bill of Lading*

The Eleventh Circuit has expressed its preference resolving Rule 12(b)(6) motions without prejudice:

> [A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.

*Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). "Dismissal of a complaint with prejudice is such a drastic remedy that a court should apply it only in extreme circumstances." *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967). Dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976).

ParkerVision has not acted in bad faith. ParkerVision took the Court's Order seriously, and in good faith sought to comply with the new standard set out by the Federal Circuit in *Bill of Lading*. ParkerVision revised its complaint to conform to its understanding of these cases, with every intention of adhering to this Court's Order.

### C. Qualcomm Will Suffer No Prejudice Resulting from A Fourth Amended Complaint

Qualcomm would suffer no prejudice if ParkerVision files a Fourth Amended Complaint: the amended pleading would add no new claims; it would provide the additional detail that Qualcomm asserts that it requires; it would in no way delay the proceedings in this Court; and it would add details that Qualcomm is already well-aware of through discovery that it has provided or has received from ParkerVision.

### VI. CONCLUSION

ParkerVision has adequately pled the requirements of induced infringement and Qualcomm has received fair notice of ParkerVision's infringement claims and the grounds upon which they rest. Accordingly, Qualcomm's motion should be denied. In the event that the Court deems ParkerVision's allegations of indirect infringement insufficient, ParkerVision requests leave to amend.

October 4, 2012

Respectfully submitted,

**McKOOL SMITH, P.C.**

*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
acurry@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Richard Kamprath
Texas State Bar No.: 24078767
rkamprath@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/*s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, October 4, 2012, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

*/s/ Leah Buratti*

Leah Buratti