## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>*Defendant.* | Case No. 3:11-cv-719-J-37-TEM |
| QUALCOMM INCORPORATED,<br><br>*Counterclaim Plaintiff,*<br><br>v.<br><br>PARKERVISION, INC., and<br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br><br>*Counterclaim Defendants.* | |

## QUALCOMM'S NOTICE OF SUPPLEMENTAL COUNTERCLAIMS CONCERNING PARKERVISION'S MISAPPROPRIATION OF QUALCOMM'S TRADE SECRETS

Qualcomm respectfully submits this Notice that it intends to file supplemental counterclaims when it answers ParkerVision's complaint following disposition of Qualcomm's pending motion to dismiss ParkerVision's claims of indirect infringement.  The supplemental counterclaims will be directed to ParkerVision's misappropriation over the course of several years of Qualcomm's valuable trade secrets and other confidential information, including trade secrets and confidential information related to the technology at issue in this case and to Qualcomm products accused of infringing the patents-in-suit.  Qualcomm currently intends to file supplemental counterclaims for at least claims of misappropriation of trade secrets under Florida's Uniform Trade Secrets Act, Fla. Stat. §§ 688.001-688.009, and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*

<u>Procedural Background</u>

In this Court's August 22, 2012 Order dismissing ParkerVision's indirect infringement claims (the "August 22 Order"), the Court directed Qualcomm to notify the Court and the other parties if Qualcomm changes the allegations of its counterclaims and if those changes moot any of the pending motions to dismiss Qualcomm's original counterclaims, which remain pending before the Court:

> If ParkerVision files a Second Amended Complaint in accordance with this Order and Qualcomm chooses to answer, Qualcomm shall re-allege its counterclaims in their entirety as required by Local Rule 4.01. The counterclaims remain pending before the Court, however, as do the motions to dismiss directed at the sufficiency of the counterclaims. *Qualcomm shall notify the Court and the Counterclaim Defendants if it changes the allegations in its counterclaims in any way. Further, the Counterclaim Defendants shall notify the Court if any such changes moot the pending motions.*

(August 22 Order at 4 n.4 (emphasis added).)

On August 30, 2012, ParkerVision filed both a Second Amended Complaint and a Third Amended Complaint.  Because of the possibility, noted in the Court's August 22 Order,

that answering the Complaint might operate as a waiver of the grounds for dismissal that Qualcomm has asserted, Qualcomm elected only to move to dismiss the indirect infringement allegations set forth in the Third Amended Complaint and not to answer the complaint.  That motion remains pending and, accordingly, Qualcomm has not yet answered the Third Amended Complaint.

Consistent with the August 22 Order, this Notice is intended to notify the Court and the other parties that Qualcomm expects to bring additional counterclaims, detailed below, when it files its answer and counterclaims after the Court disposes of Qualcomm's pending motion to dismiss.  The new counterclaims do not moot any of the pending motions to dismiss filed by ParkerVision and Sterne Kessler against Qualcomm's original counterclaims.

<u>ParkerVision's Misappropriation and its Recent Discovery by Qualcomm</u>

Qualcomm has very recently discovered that since at least 2005 ParkerVision employees and high-ranking executives have engaged in a systematic course of conduct to obtain and use Qualcomm's trade secrets and confidential information.  Qualcomm was wholly unaware of this vast misappropriation until ParkerVision started producing, in September and October 2012, (i) large amounts of Qualcomm's confidential and proprietary documents, and (ii) e-mails evidencing ParkerVision's efforts to obtain those documents from Qualcomm's customers, who are under strict obligations to keep them confidential.  The length and scope of ParkerVision's misappropriation and the involvement of virtually all of ParkerVision's high-ranking executives make this theft of Qualcomm's trade secrets and confidential information particularly shocking.  Indeed, it appears that the misappropriated information may have been used by ParkerVision in bringing this case and the theft appears to have continued even after ParkerVision filed its complaint.

In the course of Qualcomm's review of thousands of documents produced by ParkerVision, Qualcomm discovered dozens of copies of highly confidential and proprietary Qualcomm documents that should never have been in ParkerVision's possession.[1]  Among these misappropriated confidential materials are technical documents concerning many of Qualcomm's integrated circuits ("IC"), including highly detailed device specifications, performance parameters and design guidelines, and detailed road maps of Qualcomm's plans to introduce new ICs.

The documents uncovered, at this stage, in ParkerVision's files contain vast amounts of Qualcomm's confidential information and trade secrets.  For example, the Qualcomm technical documents found in ParkerVision's possession describe every aspect of the operation and construction of numerous Qualcomm ICs, including operational parameters.  The information contained in these documents was created by Qualcomm through thousands of hours of work by its engineers and millions of dollars in research and development.  Unauthorized access to the documents plainly provides an unfair competitive advantage to the recipients.

Qualcomm does not make these types of documents, with their highly sensitive information, available to the public.  The documents are provided to manufacturers of wireless devices and wireless carriers so that they may integrate Qualcomm's ICs into cell phones that will operate in the wireless carrier's systems around the world.  Qualcomm provides these documents to such qualified recipients only under non-disclosure agreements with strict

---

[1] Once Qualcomm realized that ParkerVision misappropriated its trade secrets, Qualcomm wrote to ParkerVision's counsel on October 19 requesting the collection, sequestration and production of all Qualcomm confidential and proprietary information, and an accounting of ParkerVision's acts of misappropriation.  ParkerVision has not responded substantively to this letter.

confidentiality and other restrictions.  The recipients of these documents are well aware that they are not allowed to share them or the information within them with anyone other than authorized recipients.  From time to time, Qualcomm's confidential and proprietary documents are improperly posted on various websites, including websites in China and Russia.  Despite the availability of those documents, it is clear from their markings that they are confidential to Qualcomm.  Moreover, Qualcomm maintains an active program to search the internet for leaked copies of its confidential documents and endeavors to have any such improperly-disclosed information taken down or returned to Qualcomm.

The documents misappropriated from ParkerVision are all clearly marked confidential.  Each of these prominently displays the legend "Qualcomm Proprietary" or "Qualcomm Confidential and Proprietary."  Many of the documents also bear the following  or a similar warning on the front page:

### QUALCOMM Confidential and Proprietary

**Restricted Distribution.** Not to be distributed to non-employees of QUALCOMM or its subsidiaries without the express approval of QUALCOMM's Configuration Management.

Not to be used, copied, reproduced in whole or in part, nor its contents revealed in any manner to others without the express written permission of QUALCOMM.

QUALCOMM is a registered trademark and registered service mark of QUALCOMM Incorporated. Other product and brand names may be trademarks or registered trademarks of their respective owners. CDMA2000 is a registered certification mark of the Telecommunications Industry Association, used under license. ARM is a registered trademark of ARM Limited. QDSP is a registered trademark of QUALCOMM Incorporated in the United States and other countries.

Export of this technology may be controlled by the United States Government. Diversion contrary to U.S. law prohibited.

**QUALCOMM Incorporated**
**5775 Morehouse Drive**
**San Diego, CA 92121-1714**
**U.S.A.**

**Copyright © 2004–2006 QUALCOMM Incorporated. All rights reserved.**

It is clear that ParkerVision has been engaged in a systematic course of conduct, over many years, to obtain and use Qualcomm's confidential and proprietary information. ParkerVision's efforts to obtain Qualcomm confidential information started at least in 2005 and continued regularly since then.  While a few of these confidential and proprietary documents were produced as stand-alone documents, the majority were produced as attachments to ParkerVision's emails.  ParkerVision actively sought out Qualcomm's confidential information using connections in Asia to obtain Qualcomm confidential information from Asian sources.[2] ParkerVision then widely circulated the confidential Qualcomm documents internally within ParkerVision, whose employees then used the documents and the highly sensitive information therein to attempt to design products.  On at least one occasion, ParkerVision even sent confidential Qualcomm documents to one of Qualcomm's competitors.

ParkerVision was well aware that the information it was seeking was Qualcomm's confidential information and that ParkerVision had no business possessing these documents.  It is clear that ParkerVision and its employees, including executives, and ParkerVision's sources, understood that their activity was illegal and that the documents they had illegally obtained provided them with valuable information about Qualcomm's products.

It is also clear that ParkerVision continued to acquire, and circulate among its employees, Qualcomm confidential documents in the period leading up to initiation of this lawsuit, including documents relating to certain of the Qualcomm products accused of infringement.  ParkerVision has continued to obtain Qualcomm confidential information,

---

[2] Many of the documents found in ParkerVision's files bear electronic watermarks indicating the Qualcomm customer who had originally received that particular copy of Qualcomm's proprietary document.   Qualcomm watermarks its confidential documents so that it can identify the source of any document it discovers is in the possession of a person who should not possess it.

outside of the bounds of discovery, since the filing of this suit.  Therefore, it appears that ParkerVision's illegal conduct may be directly related to this action.

The misappropriation and misuse of Qualcomm confidential information are serious matters of significant importance to Qualcomm.  Qualcomm did not and could not have known about this ongoing and broad effort by ParkerVision to steal Qualcomm trade secret information before discovering the evidence in ParkerVision's recent document productions. Qualcomm is acting with all reasonable expediency to address these issues now rather than seeking to delay this action in any way.

Qualcomm's Supplemental Counterclaims

Once Qualcomm's motion to dismiss ParkerVision's indirect infringement claims (Dkt. 169) is decided, Qualcomm intends to file an answer to all remaining claims pursuant to Fed. R. Civ. P. 12(a)(4).  In addition, in accordance with the Middle District of Florida's Local Rule 4.01 and this Court's August 22 Order, Qualcomm will re-allege its counterclaims in their entirety when it files its answer.  At that time, Qualcomm intends also to file supplemental counterclaims against ParkerVision for at least claims of misappropriation of trade secrets under Florida's Uniform Trade Secrets Act, Fla. Stat §§ 688.001-688.009, and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*

Qualcomm intends to proceed with discovery as to the new counterclaims during the current period for fact discovery.  Qualcomm will require discovery to determine the full scope of ParkerVision's misappropriation, including the purpose(s) for which ParkerVision acquired these confidential Qualcomm documents, how ParkerVision acquired Qualcomm's confidential information, the exact nature of ParkerVision's relationship with its sources in Asia and the full extent of ParkerVision's dissemination and use of Qualcomm's confidential information.  Because the deadline to complete fact discovery is fast-approaching, Qualcomm

intends to seek discovery on issues related to these supplemental counterclaims now, without

waiting until the counterclaims are formally filed.  However, because Qualcomm only recently

discovered the misappropriation, Qualcomm does not yet know whether it will need additional

time or depositions fully to discover the extent of ParkerVision's misappropriation. [3]


October 31, 2012

                            CRAVATH, SWAINE & MOORE LLP

                    By:   s/ Keith R. Hummel
                          Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
                          khummel@cravath.com
                          David Greenwald (admitted pro hac vice)
                          dgreenwald@cravath.com
                          Worldwide Plaza
                          825 Eighth Avenue
                          New York, New York  10019
                          Telephone:  (212) 474-1000
                          Facsimile:  (212) 474-3700

---

[3] Under the existing Case Management and Scheduling Order, fact discovery is currently scheduled to end on November 30, 2012. (Dkt. 84 at 3.)  On October 4, 2012, the parties filed a Joint Motion to Extend Deadlines that Will Be Impacted by the Claim Construction Ruling that would extend the fact discovery deadline, and certain other deadlines, by one month, without changing the trial date.  (Dkt. 178.)

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

-and-

CADWALADER, WICKERSHAM & TAFT LLP
Christopher A. Hughes (admitted pro hac vice)
Christopher.Hughes @cwt.com
1 World Financial Center
New York, New York 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

-and-

GOODWIN PROCTER, LLP
Steven A. Moore (admitted pro hac vice)
samoore@goodwinprocter.com
Richard W. Thill (admitted pro hac vice)
rthill@goodwinprocter.com
4365 Executive Drive, Suite 3000
San Diego, CA 92121
Telephone:  (858) 202-2700
Facsimile:  (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*