**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| PARKERVISION, INC., | |
| *Plaintiff,* | |
| v. | Case No. 3:11-cv-719 |
| QUALCOMM INCORPORATED, | |
| *Defendant.* | |
| QUALCOMM INCORPORATED, | |
| *Counterclaim Plaintiff,* | |
| v. | |
| PARKERVISION, INC., and STERNE KESSLER GOLDSTEIN FOX | |
| *Counterclaim Defendants.* | |

**QUALCOMM'S UNOPPOSED MOTION TO SEAL**

I.      INTRODUCTION

        Qualcomm moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to file under seal (i) the Addendum to its Motion for In Camera Review of Certain Recalled Documents (the "Motion for In Camera Review" and the "Addendum"), and (ii) Exhibit 1 to the Declaration of David Greenwald attached to the Motion for In Camera Review ("Exhibit 1").  The Addendum consists of an index listing dates, senders, recipients, subject lines and attachments to various documents that have been designated Confidential by ParkerVision, while Exhibit 1 consists of a letter containing a similar,  broader index.  ParkerVision has requested that the Addendum and Exhibit 1 be filed under seal and, in deference to ParkerVision and because Qualcomm is not in a position to assess the basis for ParkerVision's assertion that the Addendum and Exhibit 1 contain confidential information, Qualcomm has consented.

        In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing.  M.D. Fla. L. R. 1.09.  The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal.  *Id*.  As demonstrated below, Qualcomm has met each of these requirements as to the Addendum and Exhibit 1.

II.     **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

It is necessary for Qualcomm to file the Addendum to identify the specific documents that Qualcomm would like the Court to inspect *in camera*, and to file Exhibit 1 to provide the context for Qualcomm's request for in camera review of the documents identified in the Addendum.  However, the Confidentiality Agreement between the parties requires Qualcomm not to disclose publicly any part of any document that has been designated as "Confidential" by ParkerVision under that Agreement.  The documents identified in Exhibit 1 and the Addendum have been so designated, so, in an abundance of caution, Qualcomm has consented to ParkerVision's request that Exhibit 1 and the Addendum (which do not contain the designated documents, but which merely describe certain basic information concerning the underlying documents) be filed under seal.[1]

III.    **DURATION OF SEAL**

Qualcomm and ParkerVision agree that the Addendum and Exhibit 1 should be sealed for the duration of this lawsuit and any subsequent appeal.  Good cause exists to extend the typical one year limit on the seal because of ParkerVision's assertion that the indexed communications/documents in fact contain confidential information, and the potential for breach of the Confidentiality Agreement through disclosure.

---

[1] In filing this motion to seal, Qualcomm does not concede that either the Addendum or Exhibit 1 contains information protected by the attorney-client privilege, nor does Qualcomm concede that the propriety of filing the Addendum and/or Exhibit 1 under seal is in any way probative of whether the documents indexed therein are privileged.  Whether a document is sufficiently confidential to qualify for designation under the parties' Confidentiality Agreement is not probative of whether it is privileged. To the contrary, parties regularly designate non-privileged documents as confidential under such agreements. Whether the underlying documents are in fact privileged is the precise question whose resolution Qualcomm seeks through its motion.

IV.     **AUTHORITY IN SUPPORT OF SEALING THE ADDENDUM AND EXHIBIT 1**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The Addendum and Exhibit 1 may present just such an instance. The information contained in both the Addendum and Exhibit 1, so far as Qualcomm can discern, does not appear to relate to "public officials or public concerns," but instead to the internal business communications of a party to this suit, which communications that party has produced with the understanding that such documents would remain confidential; Qualcomm risks breaching the Confidentiality Agreement between the parties by disclosing the Addendum and Exhibit 1 to the public. Further, ParkerVision has asserted that the documents indexed in the Addendum and Exhibit 1 are protected by the attorney-client privilege (the propriety of which assertion Qualcomm seeks to assess through the underlying motion). And, because the Addendum and Exhibit 1 contain no content other than descriptions or discussions of documents designated as Confidential by ParkerVision, there is no "less onerous" alternative to

sealing these documents that would ensure that their contents remain confidential while allowing the Court to review them as necessary to reach a decision on the merits of Qualcomm's motion.

## V.        CONCLUSION

Accordingly, Qualcomm respectfully requests permission to file the Addendum and Exhibit 1 under seal.

November  8, 2012

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

By:      s/ Keith R. Hummel

Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
khummel@cravath.com
David Greenwald (admitted pro hac vice)
dgreenwald@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
cgrimm@bedellfirm.com
Florida Bar No. 953740
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

-and-

CADWALADER, WICKERSHAM & TAFT LLP
 Christopher A. Hughes (admitted pro hac vice)
 Christopher.Hughes @cwt.com
 1 World Financial Center
 New York, New York 10281
 Telephone:  (212) 504-6000
 Facsimile:  (212) 504-6666

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*
