**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.

QUALCOMM INCORPORATED,

    Defendant.

———————————————————

Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKERVISION, INC. and STERNE,
KESSLER, GOLDSTEIN & FOX PLLC,

    Counterclaim Defendants.

———————————————————

## ORDER

This cause is before the Court on the following:

1. Defendant Qualcomm's Answer to ParkerVision's First Amended Complaint and Qualcomm's Counterclaim and Demand for Jury Trial (Doc. No. 91), filed March 16, 2012;

2. Counterclaim-Defendant, Sterne, Kessler, Goldstein & Fox PLLC's Motion to Dismiss with Prejudice or to Strike Portions of Qualcomm's Counterclaim and Demand for Jury Trial or, in the Alternative, Motion to Abate Qualcomm's Counterclaim and Demand for Jury Trial (Doc. No. 99),

    filed April 6, 2012; and

 3. Qualcomm Incorporated's Memorandum of Law in Opposition to Sterne, Kessler, Goldstein & Fox's Motion to Dismiss, Strike or Abate Portions of Qualcomm's Counterclaim and Demand for Jury Trial (Doc. No. 104), filed April 23, 2012.

Upon consideration, the Court hereby grants the motion to dismiss.

## BACKGROUND

Plaintiff ParkerVision filed a complaint against Defendant Qualcomm, alleging patent infringement. (Doc. No. 88.) In response, Qualcomm answered the complaint and filed a counterclaim against ParkerVision, alleging, *inter alia*, that ParkerVision aided Counterclaim-Defendant Sterne, Kessler, Goldstein & Fox (SKGF) in breaching its duties to Qualcomm. (Doc. No. 91.) To the ParkerVision counterclaim, Qualcomm joined breach of fiduciary duty and breach of contract counterclaims against SKGF. (*Id.* at 50, 63, Counts 9, 11.) SKGF moves to dismiss the counterclaims against it. (Doc. No. 99.)

## STANDARDS

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility

2

determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Qualcomm's factual allegations against SKGF, in pertinent part, are these: (1) SKGF worked concurrently for both ParkerVision and Qualcomm (Doc. No. 91, ¶¶ 135, 136, 140–41); (2) Robert Sterne, a partner at SKGF, is on the board of ParkerVision (*id.* ¶ 137); and (3) ParkerVision's CEO made statements that its "legal counselors" helped ParkerVision to verify the alleged infringements at issue and that SKGF was "very involved in the creation and prosecution" of the patents-in-suit (*id.* ¶¶ 150, 152). The Court accepts these allegations as true for the purposes of considering this motion to dismiss.

From these bare-bones assertions, Qualcomm asks this Court to draw an attenuated chain of inferences leading to the legal conclusion that SKGF breached its fiduciary and contractual duties to Qualcomm by assisting ParkerVision in procuring the instant suit. Essentially, Qualcomm argues that because SKGF prosecuted the patents at issue and Robert Sterne is associated with ParkerVision, SKGF must have helped prepare for this litigation and Robert Sterne must have participated in discussions with ParkerVision about initiating this litigation. (*Id.* ¶¶ 172–73.) While Qualcomm's claims are perhaps conceivable, the factual underpinnings are simply not present to nudge such speculation into the realm of plausibility.

Other than Qualcomm's innuendo about SKGF's "cagey" promises and "carefully crafted" denials (Doc. No. 104, pp. 8, 14), it pleads no facts that truly suggest that SKGF

3

breached its duties or that such breach caused injury to Qualcomm. Therefore, its counterclaims against SKGF are insufficient and SKGF's motion to dismiss is due to be granted.

The Court also grants SKGF's request to abate Qualcomm's counterclaims against it until the primary claims in this case are resolved. If and when the abatement is lifted, the Court will grant Qualcomm leave to file an amended counterclaim against SKGF. However, the Court reminds Qualcomm of its obligations under Federal Rule of Civil Procedure 11(b) and cautions it that the Court will carefully scrutinize any amended counterclaim for Rule 11 compliance.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Counterclaim-Defendant, Sterne, Kessler, Goldstein & Fox PLLC's Motion to Dismiss with Prejudice or to Strike Portions of Qualcomm's Counterclaim and Demand for Jury Trial or, in the Alternative, Motion to Abate Qualcomm's Counterclaim and Demand for Jury Trial (Doc. No. 99) is **GRANTED in part**.

2. Counts Nine and Eleven of Defendant Qualcomm's Answer to ParkerVision's First Amended Complaint and Qualcomm's Counterclaim and Demand for Jury Trial (Doc. No. 91) are **DISMISSED WITHOUT PREJUDICE**.

3. Qualcomm's counterclaims against Sterne, Kessler, Goldstein & Fox PLLC are **ABATED** pending further determination of this Court.

4. If and when this Court lifts the abatement, Qualcomm will have leave to file an amended counterclaim against Sterne, Kessler, Goldstein & Fox

PLLC.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on November 16, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record