**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        Plaintiff,

v.

QUALCOMM INCORPORATED,

        Defendant.

_____

QUALCOMM INCORPORATED,           Case No. 3:11-cv-719-J-37TEM

        Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

        Counterclaim Defendants.

_____

**PARKERVISION INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO QUALCOMM'S MOTION PURSUANT TO FED. R. CIV. P. 26(b)(5)(B) FOR IN CAMERA REVIEW OF CERTAIN RECALLED DOCUMENTS AND SUPPORTING MEMORANDUM OF LAW (DKT. 183)**

ParkerVision and Sterne Kessler believe that the Court's November 21, 2012 Order dismissing and abating Qualcomm's counterclaims against Sterne Kessler (dkt. 197) ("Order"), moots Qualcomm's pending Motion Pursuant to Fed. R. Civ. P. 26(b)(5)(B) for In Camera Review of Certain Recalled Documents (dkt. 183) ("Motion").  Qualcomm has agreed that its Motion should be withdrawn in light of the Court's Order, but is unable to formally withdraw its Motion today, November 26, 2012—the due date for any opposition to Qualcomm's Motion. Accordingly, the parties have all agreed that the deadline for any opposition to Qualcomm's Motion should be extended from Monday, November 26, 2012 to Friday, November 30, 2012, in order to permit Qualcomm the time needed to formally withdraw its Motion.

## I.       BACKGROUND FACTS

On November 8, 2012, Qualcomm filed its Motion.  In its Motion, Qualcomm requested that the Court conduct an in camera inspection of more than 120 documents that ParkerVision contends are attorney-client privileged and/or attorney work product and were inadvertently produced to Qualcomm.  In its Motion, Qualcomm's Preliminary Statement provided that the basis for its requested in camera inspection was that it had "pleaded counterclaims against both ParkerVision and Sterne Kessler whose gravamen is that Sterne Kessler breached its duty of loyalty to its then-current client, Qualcomm, by helping ParkerVision prepare its patent infringement lawsuit against Qualcomm."  Dkt. 183 at 1.

On November 21, 2012, the Court issued its Order.  In its Order, the Court struck Counts nine and eleven of Qualcomm's Answer to ParkerVision's First Amended Complaint and Qualcomm's Counterclaim and Demand for Jury Trial.  Dkt. 197 at 4.  The Court's Order also abated Qualcomm's counterclaims against Sterne Kessler, pending further determination of the Court.  *Id*.  Accordingly, the Court's Order dismissed and abated all claims against Sterne Kessler related to any alleged breach of Sterne Kessler's duty of loyalty to Qualcomm.

In light of the Court's Order, on Wednesday, November 21, 2012, counsel for ParkerVision sent correspondence to counsel for Qualcomm asking it to withdraw its Motion. The next day (Thanksgiving morning), counsel for Qualcomm responded, asking for time to confer with its client, and, in light of the Thanksgiving Holiday offered to extend the due date for any opposition for its Motion from Monday, November 26, 2012 to Friday, November 30, 2012. On November 22, 2012, counsel for Sterne Kessler indicated its desire to file an opposition to Qualcomm's Motion and likewise requested an extension.

On November 26, 2012, Qualcomm confirmed its intention to withdraw its Motion, but was unable to do so before the deadline for ParkerVision and/or Sterne Kessler to file their Opposition to Qualcomm's Motion.  Accordingly, the parties have all agreed that the deadline for any opposition to Qualcomm's Motion should be extended from Monday, November 26, 2012 to Friday, November 30, 2012, in order to permit Qualcomm the time needed to formally withdraw its Motion.

## II.     ARGUMENT

"Rule 6(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part that, '[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . before the original time or its extension requires.'" *Hill v. Lee County Sheriffs Office*, 2012 U.S. Dist. LEXIS 132075, *2-3 (M.D. Fla. Sept. 17, 2012).  Due to the issuance of the Court's Order after the filing of Qualcomm's Motion, and the intervening Thanksgiving Holiday, and Qualcomm's expressed intention to withdraw its Motion, the parties believe that good cause exists to extend the deadline for any opposition to Qualcomm's Motion from Monday, November 26, 2012 to Friday, November 30, 2012.

### III.     CONCLUSION

In light of the foregoing, good cause exists to extend the deadline for ParkerVision and

Sterne Kessler to file any opposition to Qualcomm's Motion from Monday, November 26, 2012

to Friday, November 30, 2012.


November 26, 2012

Respectfully submitted,

**McKOOL SMITH, P.C.**

*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

*/s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF*
*PARKERVISION, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day, November 26, 2012, I served the foregoing on all counsel of record via ECF.

*/s/ Josh Budwin*

Josh Budwin

## <u>CERTIFICATE OF COUNSEL</u>

I HEREBY CERTIFY that, on November 21, 22 and 26, 2012, counsel for ParkerVision and Sterne Kessler conferred with counsel for Qualcomm. Qualcomm does not oppose the relief requested herein.

*/s/ Josh Budwin*

Josh Budwin
