**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,
Plaintiff,
v.
QUALCOMM INCORPORATED,
Defendant.

Case No. 3:11-cv-719-J-37TEM

**PARKERVISION'S *UNOPPOSED* MOTION TO ABATE COUNTS TEN AND TWELVE OF QUALCOMM'S COUNTERCLAIM**

Plaintiff ParkerVision, Inc. moves without opposition to abate Counts Ten and Twelve of defendant Qualcomm's counterclaim (Doc. No. 91) until the primary claims in this case are resolved, and in support says:

1. Counts Nine and Eleven of Qualcomm's counterclaim allege that Counterclaim-Defendant Sterne, Kessler, Goldstein & Fox, PLLC's ("SKGF") "breached its fiduciary and contractual duties to Qualcomm by assisting ParkerVision in procuring the instant suit" (the Court's November 21, 2012 Order (Doc. No. 197), page 3 (the "Order")). Counts Ten and Twelve of Qualcomm's counterclaim correspondingly allege that ParkerVision aided SKGF "in breaching its duties to Qualcomm" (the Order, page 2).[1] Counts Nine through Twelve are referred to collectively as "Qualcomm's Breach Claims."

[1] On April 9, 2012, ParkerVision moved to dismiss Counts Ten and Twelve of Qualcomm's counterclaim (Doc. No. 100). That motion remains pending. This motion seeks the *additional* relief of abatement.

2. The Court granted SKGF's motion to dismiss Qualcomm's Breach Claims against SKGF, finding that Qualcomm pled "no facts that truly suggest that SKGF breached its duties or that such breach caused injury to Qualcomm" (the Order, pages 3-4). The dismissal was without prejudice.

3. The Court also granted "SKGF's request to abate Qualcomm's counterclaims against it until the primary claims in this case are resolved" (the Order, page 4). As SKGF argued, Qualcomm's Breach Claims against SKGF are "premature" and Qualcomm's purported damages "are speculative" until this action is resolved (Doc. No. 99, pages 24-25).[2] Moreover, Qualcomm's Breach Claims further complicate an already complicated case.

4. Qualcomm's Breach Claims against ParkerVision for aiding SKGF in allegedly breaching SKGF's duties to Qualcomm are contingent upon Qualcomm's Breach Claims against SKGF for allegedly breaching those duties. The Court found that the factual underpinnings for Qualcomm's Breach Claims against SKGF "are simply not present to nudge [Qualcomm's] speculation into the realm of plausibility" (the Order, page 3).

5. For the same reasons that the Court abated Qualcomm's Breach Claims against SKGF (Counts Nine and Eleven), ParkerVision requests that the Court also abate Qualcomm's Breach Claims against ParkerVision (Counts Ten and Twelve) until the primary claims in this case are resolved.

[2] SKGF cited *Blumberg v. USAA*, 790 So. 2d 1061, 1065 (Fla. 2001); *Hold v. Manzini*, 736 So. 2d 138, 142 (Fla. 3d DCA 1999); and *Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. 3d DCA 1994).

6. ParkerVision's attorneys certify pursuant to Local Rule 3.01(g) that they have conferred in good faith with Qualcomm's attorneys, who consent to the relief requested in this motion.

**McKOOL SMITH, P.C.**
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
E-mail: gwhite@mckoolsmith.com

300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**SMITH HULSEY & BUSEY**

By: *s/James A. Bolling*
Stephen D. Busey
James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

Attorneys for ParkerVision, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.




Attorney

817959.2