**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.                                                            CASE NO. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.
_____

**O R D E R**

This case comes before the Court *sua sponte*. In preparation for the discovery motions hearing, scheduled before the undersigned on December 17, 2012 at 2:30 p.m., it is hereby **ORDERED:**

    1.    **Prior to 10:00 a.m.**, **Monday**, **December 17**, **2012**, Plaintiff and Defendant shall each separately submit its list of "accused devices" in the primary lawsuit to the Court for an *in camera* review. For each accused device, identify which ParkerVision patent or patents is allegedly infringed. At this time, the submissions shall be made *ex parte* and shall be sent to the chambers of the undersigned by a means which will ensure delivery before 10:00 a.m., December 17, 2012.

    2.    The hearing is limited to **no more** than one hour in length. Each party shall have a maximum of thirty (30) minutes to present its argument, including responses to Court inquiries.

    3.    At the hearing, **Qualcomm shall be prepared to respond to the following inquiries** with argument, and tangible discovery items, if applicable:

        A.    What is the smallest saleable unit within any accused device that

allegedly infringes on ParkerVision's stated patents? A detailed description of the smallest saleable unit that allegedly infringes ParkerVision's stated patents will be required.

        B.      Can the schematics of each accused device be divided to exclude non-infringing parts, while fully showing the schematics or diagrams related to the allegedly infringing part? If yes, explain.

        C.      Since May 2000, what business records are kept in the normal course of business that identify the sales of Qualcomm by product or category of products? A description of the business records will be required. An example of such records for the Court's review would be helpful.

        D.      Since May 2000, what business records are kept in the normal course of business that identify the sales of Qualcomm by geographic area? A description of the business records will be required. An example of such records for the Court's review would be helpful. Any distinction identifying the percentage of sales for any given year as domestic or international, or by particular country, should be disclosed.

        E.      Since May 2000, what business records are kept in the normal course of business that identify the percentage of Qualcomm revenue by product or category of products? A description of the business records will be required. An example of such records for the Court's review would be helpful.

        F.      Since May 2000, what percentage of records are kept in the normal course of business that identify the percentage of Qualcomm revenue by geographic area? A description of the business records will be required. An example of such records for the Court's review would be helpful. Any distinction identifying the percentage of sales for any

given year as domestic or international, or by particular country, should be disclosed.

4. At the hearing, **ParkerVision shall be prepared to respond to the following inquiries** with argument, and tangible discovery items, if applicable:

A. Provide the complete set of twenty-five interrogatories propounded upon Qualcomm, to date.

B. Provide the complete set of responses to the twenty-five interrogatories by Qualcomm.

C. What is the date Qualcomm allegedly first infringed any of the ParkerVision patents identified in the Amended Complaint?

D. Define pre-infringement and post-infringement as those terms are used in ParkerVision's argument regarding Interrogatory No. 9.

E. Why is Qualcomm's "pre and post-infringement revenue information for all of Qualcomm's chipsets" relevant to this litigation? Provide legal authority.

F. Other than the possible impeachment of witnesses, state the relevance of the third party correspondence sought by the September Motion to Compel (Doc. #159).[1] Provide legal authority.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of December, 2012.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[1] The unredacted version of the Motion to Compel (Doc. #159) can be found under docket entry no. 171.