**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　CASE NO. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.

_____

**O R D E R**

This case came before the Court on December 17, 2012 on ParkerVision's Motion to Compel Qualcomm's Responses to Interrogatory Nos. 4 and 9, and for Qualcomm to Produce Correspondence with Subpoenaed Third-Parties (Doc. #159, "September Motion to Compel"), as well as ParkerVision Inc.'s Motion to Compel Qualcomm's 30(b)(1) Deposition, Interrogatory Response, Production of Documents and Production of Schematics (Doc. #180, "November Motion to Compel").[1] Qualcomm objected to the relief sought by both motions (*see* Doc. #172, "September Opposition" and Doc. #187, "November Opposition"). ParkerVision asserted the responses received to the interrogatories referenced in the motions were insufficient, as was the production of documents received in response to the requests for production ("RFPs") contained within the subject motions. ParkerVision further claimed it was entitled to obtain all

---

[1] In its consideration of this matter, the Court has fully reviewed ParkerVision Inc.'s Unredacted Motion to Compel Qualcomm's Responses to Interrogatory Nos. 4 and 9, and for Qualcomm to Produce Correspondence with Subpoenaed Third-Parties (Doc. #171), as well as all related filings (*see* Docs. #160, #170, #172, #173, #174), including the unredacted version of Exhibit O to the Motion to Compel (Doc. #S-1). The Court also has fully reviewed all filings related to the November Motion to Compel (*see* Docs. #181, #187, #188), including the sealed items (Docs. #S-2, #S-3, #S-4).

communications Qualcomm and its attorneys may have had with the third-parties to which Qualcomm has issued subpoenas in this case.

Prior to the December hearing, the Court ordered the parties each to provide an *in camera*, *ex parte* submission of its list of accused devices that allegedly infringe the ParkerVision patents in this action (*see* Doc. #218, "Court Order on Pre-Hearing Matters"). ParkerVision was also directed to provide the Court with its complete sets of interrogatories and requests for production that had been propounded upon Qualcomm.  *See id.*  Despite having amassed a significant paper record in this case, the parties surprisingly managed to omit some of the discovery requests underlying the disputes raised by the instant motions.  Both parties complied with the Court Order on Pre-Hearing Matters.  The Court notes that the parties remain in disagreement concerning the "accused devices."

The Court notes that late on the evening before the December 17 hearing, the parties filed a Joint Notice of Resolution of Disputed Issues (Doc. #221, Joint Notice).  In particular, the parties resolved the issue of "all communications between Qualcomm and counsel for Qualcomm and the third-parties upon [which] Qualcomm has served subpoenas in this litigation," the issue regarding ParkerVision's RFP No. 91, and the issue regarding the "production of all of the schematic diagrams printed by ParkerVision's reviewer during the agreed-upon inspection of schematics in San Diego."  Joint Notice at 1-2.  Thus, the disputed matters were narrowed to Interrogatory Nos. 4, 9, 17 and ParkerVision's Notice for a Rule 30(B)(1) deposition.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery

orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in "substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir. 1991); *see also*, *Commercial Union Ins. Co.*, 730 F.2d at 731. In order to decide whether a motion to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b). Rule 26(b) provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1).

Having heard the parties' oral argument, having considered the positions of the parties as stated in the filings related to these motions to compel, and having conducted independent research, the Court rules as follows:

1. The September Motion to Compel is **DENIED** as to Interrogatory No. 4. Here, ParkerVision seeks to require Qualcomm "[i]dentify and describe all differences between the products disclosed in response to Interrogatory No. 2 with respect to the receiver (or receiver function) that performs direct conversion." September Motion to Compel at 2, 6-9. Qualcomm responded to this interrogatory by referencing a previous exhibit in which it identified Qualcomm devices that perform downward conversion and relying on the schematics produced under Rule 33 of the federal Rules of Civil Procedure to supply the further detail sought by ParkerVision . *See id.*; *also see* September Opposition at 2-7.

On this issue, the Court finds the production of business records in lieu of a narrative response is appropriate and satisfies Qualcomm's obligation to respond to Interrogatory No. 4. Specifically, Rule 33(d) states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). The value of visual depictions of complex electronics or machinery has been acknowledged by courts overseeing patent infringement disputes in cases such as this one. *See Brunswick Corp. v. Chrysler Corp.*, 43 F.R.D. 208, 209 (E.D. Wis. 1967) (finding drawings furnished by defendants to plaintiff in patent infringement case were sufficient for plaintiff to determine whether the challenged product fell within the scope of the plaintiff's patent claims and defendants would not be required to further respond to the challenged interrogatories). Rule 33 is to be liberally construed. *See Puerto Rico Aqueduct and Sewer Authority v. Clow Corp.*, 108 F.R.D. 304, 307 (D. P. R. 1985) (internal citation omitted). In this patent litigation, the Court finds a picture may very well be worth a thousand words and the schematics are responsive to ParkerVision's request. Reliance of Rule 33(d) is appropriate in this instance.

    2.    The September Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as to Interrogatory No. 9. This interrogatory requests:

> Separately for each product identified in response to Interrogatory No. 1, disclose on a quarter-by-quarter basis to the present the following financial data: (a) revenues net of any returns, allowances, or credits for the product itself; (b) revenues for maintenance, upgrades, support, etc. associated with the product net of any returns, allowances, or credits; (c) costs, (d) all other expenses, with the data segregated by whatever classifications made in the normal course of business; (e) profits before taxes net of any returns, allowances, or credits; (f) the identity of documents sufficient to show financial data requested by (a) through (e); and (g) the

4

> identity of all persons who have knowledge related to the information requested in this interrogatory.

September Motion to Compel at 3.  In summary, Qualcomm has provided some financial data, but maintains some of the sought financial information is not kept by Qualcomm within the parameters set forth in Interrogatory No. 9.  *Id.* at 19-23; September Opposition at 12-18.  Qualcomm additionally argues ParkerVision seeks financial data beyond the scope of the alleged patent infringement in this case with the "speculative nature of ParkerVision's convoyed sales suggestion" that requests financial data on chipset products that "do not include any allegedly patent-practicing feature."  September Opposition at 15-16.

      Qualcomm is directed to respond to Interrogatory No. 9 with all financial data within its possession, custody or control to the extent such financial data is kept in the ordinary course of business by Qualcomm, or already exists within any of Qualcomm's databases, on the devices identified by Qualcomm in Exhibit B to ParkerVision's Interrogatory No. 2 (also identified as Exhibit A to the September Motion to Compel).  Qualcomm is not required to reformat, reconfigure, or independently generate this financial data to satisfy the parameters set forth in Interrogatory No. 9.  In other words, Qualcomm is directed to provide financial information to ParkerVision that already exists.  It is understandable that Qualcomm may compile its financial data differently from the parameters identified in Interrogatory No. 9.  In responding to this interrogatory, Qualcomm shall provide financial information for the smallest saleable unit, on which financial data is kept, that allegedly infringes a ParkerVision patent.  The financial data shall be provided from the date of the patent application (or applications) that each Qualcomm device identified in Qualcomm's

Exhibit B to Interrogatory No. 2 allegedly infringes.[2]  At this time, the financial data responsive to Interrogatory No. 9 shall be provided for "Outside Attorneys' Eyes Only" to counsel for ParkerVision under the provision of the private Confidentiality Agreement that precludes disclosure of this information to the client or other entities or individuals (*see* Doc. #180-9).

Response is due by January 18, 2013.  If all responsive financial information has already been provided to ParkerVision, Qualcomm shall affirmatively advise ParkerVision by sworn statement.

3. The November Motion to Compel is **DENIED** as to Interrogatory No. 17. This interrogatory and response presently are filed under seal.  The Court finds Qualcomm has provided a full response to Interrogatory 17, to the extent such information is maintained by Qualcomm within geographical categories.  **Qualcomm is reminded of its obligation to supplement its responses if new information becomes available**.  New information would include the manner in which data responsive to this interrogatory is sorted and maintained by Qualcomm.

4. To the extent set forth at the hearing and subsequently agreed upon by the parties, the November Motion to Compel is **GRANTED** as to ParkerVision's request to depose a witness (or witnesses) under Rule 30(b)(1) of the Federal Rules of Civil Procedure.[3]  The Court hereby accepts and adopts the Joint Notice of Stipulation (Doc.

---

[2] The Court notes the earliest application date for the ParkerVision patents is October 28, 1998 for the 551 Patent.

[3] The transcript of the December 17, 2012 hearing can be found in the record at docket entry 227.

#230) filed by the parties on January 4, 2013 as an enlargement to the time for fact discovery (*see* Second Amended Case Management and Scheduling Order (Doc. #225, "Second CMSO") that keeps in effect all other terms and conditions of the Case Management and Scheduling Order (Doc. #84) and the Amended Case Management and Scheduling Order (Doc. #108) that were not modified by the Second CMSO).

5. The September Motion to Compel (Doc. #159, unredacted as Doc. #171) and the November Motion to Compel (Doc. #180, unredacted as Doc. #S-4 under seal) are otherwise **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of January, 2013.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge