**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

      Plaintiff,

vs.                                        CASE NO. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

      Defendant.
_____
QUALCOMM INCORPORATED,

      Counterclaim Plaintiff,

vs.

PARKERVISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC,

      Counterclaim Defendants.
_____

## O R D E R

      This case is before the Court on ParkerVision Inc.'s Motion to Compel Qualcomm's Response to Interrogatory Nos. 21-25 and Request for Additional Relief (Doc. #206, "December Motion to Compel"), filed December 5, 2012.  Qualcomm's Memorandum of Law in Opposition to ParkerVision's Motion to Compel. . . (Doc. #223, "December Opposition") was filed on December 21, 2012.  The subject of the instant motion to compel is whether Qualcomm has any obligation to respond to the final five interrogatories propounded by ParkerVision on October 31, 2012.  *See generally*, December Motion to Compel.  Qualcomm maintains that the agreement reached among the parties during the case management conference controls in this instance.  *See generally*, December

Opposition.

As is typical in civil litigation, the parties participated in a case management conference ("CMC") to prepare a joint case management report for the Court (*see* Doc. #69, Joint Case Management Report ("CMR")).  *See also*, M.D. Fla. Loc. R. 3.05(c)(2) ("Counsel . . . shall meet. . . regardless of the pendency of any undecided motions, *for the purpose of preparing and filing* a Case Management Report in the form prescribed below.") (emphasis added).  Counsel for all parties, including Counterclaim Defendant Sterne, Kessler, Goldstein & Fox, PLLC ("SKGF"), participated in the case management conference and the preparation of the resulting CMR.[1]  Among other things, the CMC participants agreed to the exchange of twenty (20) interrogatories between ParkerVision and Qualcomm and the exchange of five (5) interrogatories between Qualcomm and SKGF.  CMR at 13.   The Court, however, declined to adopt the proposed limits on interrogatories and issued its Case Management and Scheduling Order (Doc. #84, "CMSO") specifying that "[a]bsent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts."  CMSO at 5.  It should go without saying that upon the issuance of a court order, the order becomes binding on the parties, irrespective of past agreements among the parties that touch upon matters contained in the order.   Moreover, it is explicitly stated in the CMSO, "This order controls the subsequent course of this proceeding."  CMSO at 4

In this instance, though, the Court permitted the parties the flexibility to "agree by stipulation on other limits on discovery within the context of the limits and deadlines

---

[1]The claims against SKGF have since been abated by the Court pending further determination (*see* Doc. #197, Court Order).

established by this [CMSO], but the parties may not alter the terms of this Order without leave of Court." *Id.* ParkerVision and Qualcomm now argue over whether the conduct of the CMC, as memorialized in the CMR, represents an agreed stipulation to vary from the CMSO and limit the number of interrogatories that may be exchanged between these entities to twenty. Notably, although SKGF was a participant in the CMC that led to the agreement of the terms spelled out in the CMR, it is absent from this dispute as its claims have been abated. Thus, an integral part of the initial agreement has been materially altered with the removal of one of the parties from the fray. If the parties argue over the interpretation of the terms, the Court finds it evident there is no agreed stipulation. Thus, Qualcomm should have responded to Interrogatory Nos. 21-25.

This matter is further complicated, however, by the fact ParkerVision propounded these interrogatories a mere thirty (30) days prior to the close of fact discovery and Qualcomm's responses were given on the November 30, 2012 discovery deadline. *See* Amended Case Management and Scheduling Order (Doc. #108) at 2. In an apparent effort to dissuade eleventh hour discovery disputes, the Court included language in the CMSO specifically noting the Court may deny any motion to compel as untimely if filed after the discovery deadline. *See* CMSO at 5-6. Thus, the procedural flaw of ParkerVision failing to move the Court to compel substantive responses to Interrogatories 21-25 on the same day the responses were received permits denial of the December Motion to Compel without consideration on the merits. Furthermore, courts in this district have not hesitated to deny untimely motions to compel when such motions have been filed after the close of discovery. *See, e.g., Chevola v. Cellco Partnership*, No. 8:06-cv-1312-T-30MAP, 2007 WL 3379779 (M.D. Fla. Nov. 14, 2007) (noting this district "follows the rule that the completion

3

date for discovery means just that- *all discovery must be completed by that date*" and all interrogatories must be served *more than* thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline); *Jim Boast Dodge, Inc. v. Daimler Chrysler Motors Co., LLC*, No. 8:05-CV-1999-T-30MAP, 2007 WL 4409781 (M.D. Fla. Jan. 16, 2007) (denying motion to compel on the same basis as *Chevola*).

Nonetheless, district courts have wide discretion and authority to control their cases. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).   The trial court's exercise of discretion regarding discovery orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in "substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir. 1991); *see also*, *Commercial Union Ins. Co.*, 730 F.2d at 731.

Here the Court finds it should exercise its discretion to allow the untimely motion remain in the record.  In making this determination, the Court has heavily weighed the earlier consensus between Qualcomm and ParkerVision to enlarge fact discovery through December 31, 2012 (*see* Doc. #178, Joint Motion to Extend Deadlines That Will Be Impacted by the Claim Construction Ruling) and the swiftness with which the December Motion to Compel was filed after the close of the discovery deadline.  *See Chevola*, 2007 WL 3379779 at *1 (noting in *dicta* that courts expect discovery disputes to be addressed before the discovery deadline or "soon thereafter").  Although the Court has declined to

further enlarge the time for fact discovery in general, it finds good cause to require Qualcomm to provide substantive responses to Interrogatory Nos. 21-25 from ParkerVision's Fifth Set of Interrogatories.  The Court also, however, will allow Qualcomm to assert any substantive objections in responding to these final five interrogatories.

The parties are admonished that the Court will not entertain any further motion practice on this matter absent a showing of extreme, extraordinary circumstance.  *See Chevola*, 2007 WL 3379779 at *1 (noting parties should not expect the Court to resolve their post-deadline discovery disputes).  Counsel in this case are experienced attorneys from whom nothing less than civility and professionalism is expected.  Turning over legitimate discovery to the other side furthers the interests of justice and fairness, and decreases the chances of trial by ambush.  *Shelak v. White Motor Co.,* 581 F.2d 1155, 1159-60 (5th Cir.1978) (discussing same);[2] *also see Wammock v. Celotex Corp.*, 793 F.2d 1518, 1527 (11th Cir. 1986).

Thus, Qualcomm's present objections to Interrogatories 21-25 are overruled and Qualcomm is directed to respond to these interrogatories by **January 25, 2013**.

**DONE AND ORDERED** at Jacksonville, Florida this 9th   day of January, 2013.


Copies to all counsel of record

_Thomas E. Morris_
THOMAS E. MORRIS
United States Magistrate Judge

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.