THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>   *Plaintiff*,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>   *Defendant*.<br><br>QUALCOMM INCORPORATED,<br><br>   *Counterclaim Plaintiff*,<br><br>v.<br><br>PARKERVISION, INC., and<br>STERNE KESSLER GOLDSTEIN FOX PLLC<br><br>   *Counterclaim Defendants*. | Case No. 3:11-cv-719 |

**QUALCOMM'S RESPONSE TO PARKERVISION'S
CITATION OF SUPPLEMENTAL AUTHORITY**

With the permission of the Court (Dkt. 234 at 53), Qualcomm submits this response to ParkerVision's citation of *Powell v. Home Depot USA, Inc.*, 663 F. 3d 1221 (Fed. Cir. 2011) during the January 10, 2013 oral argument on ParkerVision's Motion to Dismiss Qualcomm's Answer to ParkerVision's First Amended Complaint (Dkt. 100). *Powell* presents an entirely inapposite fact pattern, and its holding is, accordingly, not relevant to the evaluation of ParkerVision's motion.

In *Powell*, the patentee failed to disclose to the PTO that the ground on which he had sought expedited prosecution—that he believed he was obligated to sell his inventive products to Home Depot—no longer applied. 663 F.3d at 1235. Qualcomm, however, does not allege that ParkerVision *failed* to disclose the Parssinen reference to the PTO. Qualcomm alleges

the opposite: that ParkerVision's submission of Parssinen to the PTO in an ordinary Information Disclosure Statement (or "IDS") was a material misrepresentation about the significance of Parssinen to the patentability of the application for the '551 patent. Critically, Qualcomm alleges that under the PTO rules, "the disclosure of a prior art reference in an IDS filed after the granting of a petition to make special *constitutes a representation* by an applicant to the PTO that the newly submitted reference *is less material* than the prior art cited in the original petition to make special." (Dkt. 91 ¶ 26 (emphasis added).) Thus, by submitting an IDS that identified Parssinen but not updating its earlier Petition that omitted it, ParkerVision made an affirmative representation (by operation of the above-referenced PTO rules) that Parssinen was *less* material than the twenty-one references that were identified in the earlier Petition. (*Id.* ¶ 26.) Accordingly, *Powell*, which involved an omission only, not an affirmative misrepresentation, is not instructive.

Moreover, while as the Federal Circuit held, the information Powell concealed was not material to patentability, *see* 663 F.3d at 1235—it related only to whether expedited treatment of the application was warranted—ParkerVision's misrepresentation about the significance of the Parssinen reference was plainly material to patentability (*i.e.*, whether ParkerVision's application should be granted). The Federal Circuit held that Powell's "failure to update the record to inform the PTO that the circumstances which support a Petition to Make Special no longer exist . . . does not constitute inequitable conduct" because it "obviously fails the but-for materiality standard and is not the type of unequivocal act, 'such as the filing of an unmistakably false affidavit,' that would rise to the level of 'affirmative egregious misconduct.'" *Id.* (quoting *Therasense Inc. v. Becton, Dickinson & Co.*, 649 F. 3d 1276, 1292 (Fed. Cir. 2011)). Here, Qualcomm specifically alleges that ParkerVision, in submitting the Parssinen reference only in an IDS "affirmatively misrepresented to the PTO that Parssinen 1997 was 'less material' than

the references contained in the Petition to Make Special." (Dkt. 91 ¶ 26.)  This type of affirmative, egregious misconduct satisfies the *Therasense* standard for inequitable conduct.  *See Therasense*, 649 F. 3d at 1292.

January 17, 2013

        CRAVATH, SWAINE & MOORE LLP

        By:    s/ Keith R. Hummel
            Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
            khummel@cravath.com
            David Greenwald (admitted pro hac vice)
            dgreenwald@cravath.com
            Worldwide Plaza
            825 Eighth Avenue
            New York, New York  10019
            Telephone:  (212) 474-1000
            Facsimile:  (212) 474-3700

        -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
    John A. DeVault, III
    Florida Bar No. 103979
    jad@bedellfirm.com
    Courtney K. Grimm
    cgrimm@bedellfirm.com
    Florida Bar No. 953740
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone:  (904) 353-0211
    Facsimile:  (904) 353-9307

        -and-

CADWALADER, WICKERSHAM & TAFT LLP
    Christopher A. Hughes (admitted pro hac vice)
    Christopher.Hughes @cwt.com
    1 World Financial Center
    New York, New York 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666

    -and-

GOODWIN PROCTER, LLP
    Steven A. Moore (admitted pro hac vice)
    samoore@goodwinprocter.com
    Richard W. Thill (admitted pro hac vice)
    rthill@goodwinprocter.com
    4365 Executive Drive, Suite 3000
    San Diego, CA 92121
    Telephone: (858) 202-2700
    Facsimile: (858) 457-1255

*Counsel for Defendant, Counterclaim Plaintiff Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
*Attorney for Defendant,*
*Counterclaim Plaintiff*