**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKERVISION, INC.; and STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**ORDER**

This matter is before the Court on the following:

1. Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Infringement in Its Third Amended Complaint (Doc. 169), filed September 17, 2012; and

2. ParkerVision's Response in Opposition to Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Infringement in Its Third Amended Complaint (Doc. 177), filed October 4, 2012.

Upon consideration, the Court hereby denies the motion.

**BACKGROUND**

This is the second time that the Court has been asked to determine whether Plaintiff ParkerVision, Inc.'s complaint sufficiently alleges facts in support of its claims that Defendant Qualcomm Incorporated indirectly infringed the claims of six United States patents. In response to the first request, the Court dismissed ParkerVision's claims of indirect infringement in view of the pleading standards articulated in *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012). (*See* Doc. 150, pp. 2–4.) Because the previous complaints in this action were filed before the U.S. Court of Appeals for the Federal Circuit issued its opinion in that case, the Court granted ParkerVision leave to amend its complaint. (*Id.*)

In its Third Amended Complaint, ParkerVision alleges that Qualcomm designs, manufactures and sells integrated circuits that infringe (or are made such that they infringe when used) the claims of the patents-in-suit, which relate generally to the down-conversion of electromagnetic signals from a higher to a lower frequency. (Doc. 158, ¶¶ 11–13.) ParkerVision alleges that Qualcomm knew of the patents and "specifically intends for its customers and/or users of" these integrated circuits, which are found in cellular telephones and other devices, to directly infringe the patent claims. (*Id.* ¶ 12.) ParkerVision further avers that Qualcomm's integrated circuits were "especially made or adapted for use in infringing" the asserted claims if such devices were "made, used, sold, offered for sale, or imported in and into the United States." (*Id.* ¶ 13.)

Qualcomm moves to dismiss ParkerVision's claims of contributory and induced infringement. (Doc. 169.) ParkerVision opposes. (Doc. 177.)

**STANDARDS**

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

**ANALYSIS**

There are two accepted theories of indirect infringement: (1) induced infringement; and (2) contributory infringement. *In re Bill of Lading*, 681 F.3d at 1336–40.

Induced infringement is prohibited by 35 U.S.C. § 271(b), which provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To demonstrate induced infringement, a plaintiff must establish: (1) that there has been direct infringement; and (2) that the alleged indirect infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The plaintiff must allege that the alleged induced infringer knowingly induced the direct infringement and possessed a specific intent to encourage

3

the direct infringement. *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). In other words, "[i]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.*

Contributory infringement is prohibited by 35 U.S.C. § 271(c), which provides that a contributory infringer is one who:

> offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

Like the induced infringement subsection that precedes it, Section 271(c) also requires a showing that the indirect infringer "knew that the combination for which its components were especially made was both patented and infringing and that [its] components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). To state a claim for contributory infringement, a plaintiff must therefore plead facts suggesting that the components sold or offered for sale have no substantial non-infringing uses. *In re Bill of Lading*, 681 F.3d at 1337. A substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.*

The allegations of ParkerVision's Third Amended Complaint satisfy these requirements and therefore state claims for both induced and contributory infringement.[1]

---

[1] In the context of a motion to dismiss, the Court must limit its consideration to "the well-pleaded factual allegations" of the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). As such, the Court has not considered the information outside the pleadings that the parties reference in their papers.

The Third Amended Complaint alleges that: (1) Qualcomm designs and manufactures integrated circuits that are used in cellular telephones and other devices; (2) Qualcomm knew of the patents-in-suit; and (3) the integrated circuits, when used in the manner intended, infringe the claims of the asserted patents. (Doc. 158, ¶¶ 11–13.) Construed in the light most favorable to the plaintiff, one may plausibly infer from these allegations that Qualcomm knew of the direct infringement of its customers and the users of its circuits. One may also plausibly infer from Qualcomm's sale of the integrated circuits it designed and manufactured that it specifically intended to induce its customers to directly infringe the claims of the patents-in-suit, and that such circuits have no substantial non-infringing uses.[2]

No further specificity is required, as "[s]pecific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rather, the factual allegations "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Unlike claims for inequitable conduct, the allegations of indirect and induced infringement are not required to meet a heightened pleading standard. *See Exergen v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318, 1330 (Fed. Cir. 2009). Thus, upon review of the allegations, and in view of its judicial experience and common sense, the Court concludes that ParkerVision's Third Amended Complaint sufficiently puts Qualcomm on notice of ParkerVision's claims and the grounds on which they rest.

---

[2] Qualcomm also contends that that ParkerVision failed to allege any facts from which this Court could plausibly infer that Qualcomm was aware of each of the patents-in-suit prior to the commencement of this action. (Doc. 169, pp. 9–10.) This argument has no merit because Federal Rule of Civil Procedure 9(b) permits a plaintiff to allege generally conditions of mind such as malice, intent, and knowledge.

**CONCLUSION**

Accordingly, it is hereby **ORDERED and ADJUDGED** that Qualcomm's Motion to Dismiss ParkerVision's Claims of Indirect Infringement in its Third Amended Complaint (Doc. 169) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on March 27, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record