**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,           Case No. 3:11-cv-719-J-37TEM

    Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

    Counterclaim Defendants.

**PARKERVISION'S MOTION TO COMPEL**
**EXPERT DISCOVERY, INCLUDING REPORTS AND TESTIMONY**
**BY QUALCOMM'S EXPERTS IN PRIOR ACTIONS ON BEHALF OF QUALCOMM**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. LOCAL RULE 3.04 STATEMENT ....................................................................................2

III. STATEMENT OF FACTS ...................................................................................................3

IV. LEGAL STANDARD...........................................................................................................6

V. ARGUMENT & AUTHORITIES ........................................................................................7

    A. Relevance: Williams' and Leonard's Prior Opinions and Testimony Relate to Their Expected Expert Testimony in This Case..............................................................................................................7

        1. Leonard's And Williams' Previous Testimony And Reports Overlap With Opinions They Have Expressed In This Case................................................................................7

        2. Leonard And Williams Express Opinions In This Case That Extend Well-Beyond The Receiver/Transceiver Functionality Accused By ParkerVision. .........................................................................................9

        3. Leonard's And Williams' Prior Opinions Are Relevant For Impeachment. ......................................................................10

    B. Timeliness: ParkerVision Requested the Discovery Within the Period for Expert Discovery ..........................................................................11

    C. Burden: ParkerVision's Request is Narrow in Scope and the Discovery Sought is Within Qualcomm's Custody and Control ............................................................................................................11

    D. Confidentiality: Any Material Produced Will be Redacted and Subject to the Confidentiality Agreement in this Case. ................................12

VI. CONCLUSION....................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arthrex, Inc. v. Parcus Med., LLC*,
   No: 2:11-CV-694, 2012 U.S. Dist. LEXIS 124173 (M.D. Fla. Aug. 31, 2012) ........................7

*Broadcom, Inc. v. Qualcomm, Inc.*,
   08-cv-01607 (S.D. Cal. 2008) ................................................................................................3, 8

*Brown v. Overhead Door Corp.*,
   No.06 C 50107, 2008 U.S. Dist. LEXIS 34879 (N.D. Ill. Apr. 29, 2008) ............................7, 8

*Commercial Union Ins. Co. v. Westrope*,
   730 F.2d 729 (11th Cir. 1984) ...................................................................................................7

*In re Certain Baseband Processor Chips and Chipsets, Transmitter and Receiver (Radio)
Chips, Power Control Chips, and Products Containing Same, Including Cellular
Telephone Handsets*,
   Inv. No. 337-TA-543 (U.S.I.T.C.) ............................................................................................3

*Jenks v. N.H. Motor Speedway, Inc.*,
   No. 09-cv-205-JD, 2011 U.S. Dist. LEXIS 113988 (D.N.H. Oct. 3, 2011) ..........................6, 9

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ..................................................................................................................6

*Panola Land Buyers, Ass'n v. Shuman*,
   762 F.2d 1550 (11th Cir. 1985) .................................................................................................6

*SEC v. Huff*,
   No. 08-60315-CIV-Rosenbaum, 2010 U.S. Dist. LEXIS 6916 (S.D. Fla. Jan. 13,
   2010) ...............................................................................................................................6, 9, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1) ......................................................................................................6, 7, 9

Fed. R. Civ. P. 37(a) .................................................................................................................7

Local Rule 3.01(g) ..................................................................................................................13

Local Rule 3.04 ........................................................................................................................2

**I.     INTRODUCTION**

Expert discovery closes May 10, 2013.  *See* Endorsed Order (Dkt. 250).  As part of presently-ongoing expert discovery in this case, Plaintiff ParkerVision, Inc. ("ParkerVision") respectfully moves the Court for an order compelling Defendant Qualcomm Incorporated ("Qualcomm") to produce the expert reports, deposition transcripts, and trial transcripts of its experts, Dr. Tim Williams ("Williams") and Dr. Gregory Leonard ("Leonard"), from other litigations in which these experts offered opinions on behalf of Qualcomm related to wireless telecommunications technologies.

In addition to Williams' March 4, 2013 report, on April 5, 2013, Qualcomm served reports from both Williams and Leonard.  On April 11 and April 16, 2013, shortly after receiving the Williams and Leonard reports, ParkerVision requested that Qualcomm produce the expert reports, deposition transcripts, and trial transcripts of Williams and Leonard from prior cases where they testified on Qualcomm's behalf.  Qualcomm refused, asserting that the requested materials are not relevant, it also pointed to the absence of any controlling authority and the alleged untimeliness of the request. Qualcomm's objections lack merit.  The prior testimony of Qualcomm's own experts, on behalf of Qualcomm, in cases that relate to wireless telecommunications technologies, is demonstrably relevant (at the very least for impeachment purposes).  And, ParkerVision's request is timely:  it was made during the expert discovery period, mere days after the Williams and Leonard reports were served.

Given the fast-approaching close of expert discovery, the timeliness of ParkerVision's request, the relevance of this discovery to corroborating or impeaching the opinions of Qualcomm's experts in the present matter, and Qualcomm's meritless justification for withholding the discovery at issue, ParkerVision requests that the Court order Qualcomm to promptly provide the requested expert discovery.

1

## II.     LOCAL RULE 3.04 STATEMENT

As early as March 13, 2012, ParkerVision served the following requests for production of documents on Qualcomm, *see* Ex. J, which as discussed below would encompass Williams and Leonard's expert reports and testimony on Qualcomm's behalf in prior actions:

> 52. All documents relating to improvements embodied in the Accused Products, including, without limitation, all internal and external studies related to customer demand for any individual feature of the Accused Products.
>
> 54. Documents related to or evincing the costs of developing features relating to RF technology for the Accused Products.
>
> 92. All documents relating to any competitive analysis of markets in which Qualcomm sells the Accused Products or products or services related thereto.

On April 11, 2013, within the expert discovery period provided for by the scheduling order, *see* Dkt. 225 at 2; Dkt. 250, ParkerVision requested that Qualcomm produce:

> [C]opies of Dr. Williams' expert reports, deposition transcripts, and trial testimony transcripts (with any non-Qualcomm confidential information redacted, if necessary) from any matter in which Dr. Williams has served as an expert for Qualcomm. . .

Ex. A at 2. Qualcomm responded to ParkerVision's request on April 15, 2013 by refusing to provide the materials requested on the basis that:

> Under the Federal Rules, the Local Rules and the Case Management Order, Qualcomm has no obligation to produce the materials you request.

Ex. A at 2. Despite ParkerVision's requests for further specificity, Qualcomm provided no clarification about which federal rules, local rules, and portion of the case management order Qualcomm relies. *See* Ex. A at 2. During the meet and confer between Qualcomm and ParkerVision on April 16, 2013, ParkerVision again requested that Qualcomm produce:

> [C]opies of any depositions, expert reports, or trial testimony by Leonard or Williams for Qualcomm, with non-Qualcomm confidential information redacted.

2

Ex. A at 1. Qualcomm took the position that it would not provide the materials requested for Leonard or for Williams on the basis of relevance. Ex. A at 1. Qualcomm subsequently added that it also refused to provide the requested discovery based on its assertions that it has no obligation to produce the materials and that ParkerVision's request was untimely. Ex. A at 1.

### III.   STATEMENT OF FACTS

Qualcomm hired Williams and Leonard to provide expert testimony in this case.  As required by the Confidentiality Agreement between the parties, Williams and Leonard each provided a disclosure of: their CV; any previous or current relationship with any of the parties; a list of other cases in which they have testified (at trial or deposition) within the last six years; and a list of all companies with which they have consulted or by which they have been employed within the last four years and a brief description of the subject matter of the consultancy or employment. *See* Exs. B, C, and D. Based on Williams' disclosure, the docket sheets for the cases that he has identified, and other publicly available information, it is ParkerVision's understanding that Williams has provided an expert report and/or testimony on behalf of Qualcomm in at least *Broadcom, Inc. v. Qualcomm, Inc.*, 08-cv-01607 (S.D. Cal. 2008) and *In re Certain Baseband Processor Chips and Chipsets, Transmitter and Receiver (Radio) Chips, Power Control Chips, and Products Containing Same, Including Cellular Telephone Handsets*, Inv. No. 337-TA-543 (U.S.I.T.C.) (hereafter "*In re Certain Baseband Processor Chips and Chipsets*"). *See* Ex. E at 908 (identifying pages to Williams' testimony). Leonard's disclosure reflects that he also provided an expert report and/or testimony on behalf of Qualcomm in at least *In re Certain Baseband Processor Chips and Chipsets*. *See* Ex. E at p.908 (also identifying pages to Leonard's testimony).

Williams and Leonard have each submitted expert reports on behalf of Qualcomm in this case, will provide deposition testimony on May 2nd and April 26th respectively, and will

3

presumably testify at trial. In his expert report, served on April 5, 2013, Leonard, Qualcomm's damages expert, offers broad opinions regarding—among many other topics related to calculating the value of a license to wireless telecommunication receiver technology—the reliability of Qualcomm's 1998-1999 internal analysis (conducted by Qualcomm personnel) evaluating the value of ParkerVision's technology, Qualcomm's operating profit margins, the value of receivers relative to transceivers, the value of non-patent intellectual property (i.e., know-how, trade secrets) relative to patent rights, the utility of evaluating royalty rates agreed to in contracts entered into many years after the date of the hypothetical negotiation, and the appropriate treatment of implementation costs. *See, e.g.*, Ex. F at pp.10-11, 19, 21-24, 35, 40-41, 47, 66-70, 73-74, 77, 83-84, 89-91, 104-105. In his March 4, 2013 expert report concerning the objective indicia of non-obviousness and his April 5, 2013 rebuttal expert report, Williams opines on the features of Qualcomm's products that drive demand for its products, the relative importance and value of specific components of RF technology (such as phase lock loop technology), which technologies enable power reduction and cost savings in Qualcomm's products, the various factors accounting for Qualcomm's commercial success, the engineering concerns and efforts involved in receiver design, and the difficulty level for cellular device designers to conform to wireless standards specifications. *See, e.g.*, Ex. G at pp.8-12, 28, 43-45, 85-105; Ex. H at pp.3-5, 11-14, 18-19, 26-30, 43-45, 58-59, 68-73, 83-84, 90-96. As this makes clear, the scope of Leonard's and Williams' opinions in this case are broad.

As summarized above, on April 11th and April 16th, soon after receiving the expert reports of Leonard and Williams in this case and during the period allowed for expert discovery pursuant to the Court's scheduling order, ParkerVision requested copies of the deposition transcripts, trial transcripts, and expert reports from the cases in which Qualcomm had retained

4

Williams and Leonard to provide testimony on its behalf. ParkerVision's Requests for Production of Documents Nos. 52, 54, and 92 encompassed this more specific request for the Williams and Leonard expert materials. Ex. J. Prior to the service of the Williams and Leonard reports, ParkerVision did not previously know which of the seven potential experts disclosed by Qualcomm pursuant to the Confidentiality Agreement would actually be submitting expert reports on Qualcomm's behalf. Indeed, ParkerVision did not know that Williams would submit an opening expert report on behalf of Qualcomm until March 4, 2013, nor did ParkerVision know that Williams would submit a rebuttal expert report until April 5, 2013. Likewise, ParkerVision did not know that Leonard would submit any expert report until April 5, 2013.[1]

As ParkerVision explained to Qualcomm during the meet and confer process, Williams' and Leonard's opinions addressing the implementation and value of Qualcomm's wireless telecommunications technology in those prior cases relate to the opinions expressed in their reports in this case, relate to the testimony they will likely present in this case, and are relevant to revealing inconsistent opinions adopted by the experts. ParkerVision has also made clear that it is not requesting that Qualcomm disclose to it any confidential information of any third-party adverse to Qualcomm in the prior litigations, specifically requesting that Qualcomm redact non-Qualcomm confidential information from the expert materials sought. Ex. A.

Qualcomm has not produced any documents responsive to ParkerVision's request. Qualcomm has instead taken the position that ParkerVision is not entitled to obtain Williams' or Leonards' reports or testimony from prior cases where Williams and Leonard provided opinions on Qualcomm's behalf relating to wireless telecommunications technology. Qualcomm's arguments for withholding this discovery: relevance, the alleged untimeliness of the request, and

---

[1] Presumably, the other experts that Qualcomm disclosed pursuant to the Confidentiality Agreement, but has not submitted reports from, are assisting Qualcomm in some sort of non-testifying, advisory or consulting role.

the assertion that it has no obligation to produce the materials under (unspecified) Federal Rules, Local Rules, and (unspecified portions of) the Case Management Order. *See* Ex. A. For the reasons discussed below, Qualcomm's arguments are meritless. Pursuant to Federal Civil Procedure Rules 26 and 37, ParkerVision is entitled to review Williams' and Leonard's prior transcripts and reports as part of expert discovery in this case.

## IV. LEGAL STANDARD

Rule 26(b) provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1)). "Relevancy" under Rule 26(b)(1) is construed broadly, allowing for the discovery of any evidence "reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978) (citations omitted). The burden rests on the party resisting discovery to show why the objected-to discovery is unreasonable or irrelevant. *Panola Land Buyers, Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Federal Courts have recognized that prior testimony and expert reports of an expert witness are relevant and discoverable. *See, e.g.*, *SEC v. Huff*, No. 08-60315-CIV-Rosenbaum, 2010 U.S. Dist. LEXIS 6916, at *16-17 (S.D. Fla. Jan. 13, 2010) (ordering production of expert's prior testimony); *Jenks v. N.H. Motor Speedway, Inc.*, No. 09-cv-205-JD, 2011 U.S. Dist. LEXIS 113988, at *13-14 (D.N.H. Oct. 3, 2011) (granting motion to compel production of expert reports in prior cases); *Brown v. Overhead Door Corp.*, No.06 C 50107, 2008 U.S. Dist. LEXIS 34879, at *5 (N.D. Ill. Apr. 29, 2008) (ordering production of prior deposition and trial testimony of disclosed experts). Here, because ParkerVision's request is narrowly tailored to prior reports and testimony on behalf of Qualcomm, the relevance and discoverability is heightened.

Federal Rule of Civil Procedure 37 provides that when a party serving discovery does not receive an adequate response, then the serving party may request an order compelling disclosure. *Arthrex, Inc. v. Parcus Med., LLC*, No: 2:11-CV-694, 2012 U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. Aug. 31, 2012); Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

## V. ARGUMENT & AUTHORITIES

ParkerVision asks this Court to compel Qualcomm to produce relevant, non-privileged reports and transcripts for Williams and Leonard from a limited number of prior cases in which Williams and Leonard expressed opinions on Qualcomm's behalf in cases involving wireless telecommunications technologies.

### A. Relevance: Williams' and Leonard's Prior Opinions and Testimony Relate to Their Expected Expert Testimony in This Case.

ParkerVision is entitled to complete information regarding Williams' and Leonard's opinions on the implementation and value of Qualcomm's wireless telecommunications technology—the very issues their prior reports and testimony relate to. Contrary to Qualcomm's assertion that Williams' and Leonard's opinions and testimony from prior cases are not relevant, prior opinions expressed by an expert are relevant and discoverable under Federal Rule 26(b)(1) to allow the opposing party to explore the expert's prior testimony and to uncover any inconsistencies between the opinions that they express in this case and opinions expressed in other cases. *See Brown*, 2008 U.S. Dist. LEXIS 34879, at *5.

    1. <u>Leonard's And Williams' Previous Testimony And Reports Overlap With Opinions They Have Expressed In This Case.</u>

In this patent infringement case, ParkerVision has accused Qualcomm's receiver and transceivers of infringing ParkerVision's patents. And, in this case, Leonard and Williams have

7

provided expert reports that discuss Qualcomm's accused receivers and transceivers. *See* Exs. C, D, and E. In prior patent infringement cases, Leonard and Williams have provided reports and testimony on behalf of Qualcomm that relate to Qualcomm's receivers and transceivers. Indeed, based on the heavily redacted, publicly available transcript of the testimony provided by both Williams and Leonard in *In re Certain Baseband Processor Chips and Chipsets, Transmitter and* **_Receiver (Radio) Chips_**, *Power Control Chips*, **_and Products Containing Same, Including Cellular Telephone Handsets_** (emphasis added), it appears that Williams (and Leonard in related part) offered expert opinions specifically addressing Qualcomm's receivers and transceivers— the very same products at issue in this case. *See, e.g.*, E at pp.650, 653, 768-772, 835-844.

In the prior case *Broadcom, Inc. v. Qualcomm, Inc.*, 08-cv-01607 (S.D. Cal. 2008), it appears that Williams provided a report on Qualcomm's behalf related to compliance with standards-setting organizations and Qualcomm's control of the CDMA specification. *See* Ex. I. The Second Amended Complaint filed in that case suggests that in an expert report filed in that case, Williams addressed the structure of the mobile device industry, the importance of compliance with specifications set by standards-setting organizations, and Qualcomm's monopolistic control in CDMA chipset markets—exactly as he discusses in his report in this case. *See id.*; Ex. H at pp.68, 70, 73-77. In this case, Williams has offered opinions regarding the role of compliance with the specifications set by standards-setting organizations and ParkerVision's ability to develop products that comply with the specifications set by standards-setting organizations. *See, e.g.*, Ex. G at pp.8, 12, 125-127; Ex. H at pp.68, 70, 73-77. And, Leonard bases his opinions in this case in large part on Williams' analysis. *See, e.g.*, Ex. F at pp.16-18. Any opinion expressed by Williams regarding Qualcomm's unique ability in the cell phone industry to implement CDMA-compliant devices is directly relevant to his opinions

expressed in this case, as Williams has opined that ParkerVision's alleged failure to develop a fully functional CDMA-compliant prototype caused the failure of ParkerVision and Qualcomm's late 1990's licensing negotiation. *See* Ex. H at pp.68-69.

Williams' and Leonard's prior opinions addressing Qualcomm's receivers and transceivers, along with Williams' prior opinions on Qualcomm's wireless telecommunications technology, standards-setting and its control over CDMA technology come squarely within the scope of Rule 26(b)(1), and overlap with the opinions they have expressed in this case. *See Huff*, 2010 U.S. Dist. LEXIS 6916, at *16; *Jenks*, 2011 U.S. Dist. LEXIS 113988, at *14. Such prior opinions and testimony are therefore relevant.

      2. **Leonard And Williams Express Opinions In This Case That Extend Well-Beyond The Receiver/Transceiver Functionality Accused By ParkerVision.**

In this case, Williams and Leonard have both opined about issues regarding Qualcomm's baseband processor and components of Qualcomm's transceivers and receivers, which they contend do not relate to ParkerVision's infringement allegations. *See, e.g.*, Ex. F at pp.3-4, 16-17, 27-29, 31-32, 53-54. In other words, Williams' and Leonard's opinions in this case include a discussion and analysis of aspects of Qualcomm's products that extend well-beyond the receiver and transceiver functionality that is accused of infringement by ParkerVision. Due to the breadth of the opinions offered by Williams and Leonard in this case, their opinions here overlap with the subject matter of the prior opinions they offered on Qualcomm's behalf.

For example, in this case, Leonard offers broad opinions regarding the relative value of the components included in Qualcomm's receivers and how components sold by Qualcomm, other than those specifically accused of infringement by ParkerVision (*e.g.*, baseband processors), are the alleged drivers of value in Qualcomm's products. *See* Ex. F at pp.3, 21, 40-41. Leonard also offers opinions regarding the most appropriate means of calculating the royalty

9

rate that Qualcomm would have agreed to pay ParkerVision during the hypothetical negotiation, specifically, reliance on a license agreement entered into by ParkerVision that encompassed over 100 different patents relating to a wide-range of wireless telecommunications technologies. *See* Ex. F at p.3. Leonard also offers opinions regarding Qualcomm's business model and specific calculations of its financials, such as operating profit and investment in R&D. *See* Ex. F at pp.5-6, 53, 66, 74, 84, 91, 99. Leonard's prior opinions likely related to the value of components other than the accused receivers/transceiver and the drivers of demand for Qualcomm's products.

Like Leonard, Williams attempts to diminish the value of ParkerVision's patented inventions by offering generalized opinions regarding demand for various features and functions in Qualcomm's accused products, including features and functions beyond those accused of infringement by ParkerVision. *See, e.g.*, Ex. G at pp.43 (reduced power consumption, cost savings), 85-97; Ex. H at pp. 58-59, 90-92. Williams' prior opinions related to various features and functions, *see, e.g.*, Ex. E at pp.835-844 (duty cycle, frequency, RF environment), and likely related to the demand for various features and functions in Qualcomm's accused products, and as set forth above included standards-compliance. *See, e.g.*, Ex. E at p.769:13-14 (power saving feature).

### 3. Leonard's And Williams' Prior Opinions Are Relevant For Impeachment.

To the extent Williams' or Leonard's opinions in this case do not directly overlap with the opinions or analysis offered in prior cases, ParkerVision is entitled to discover those opinions and challenge Williams or Leonard on the differences. Production of Williams' and Leonard's prior opinions and testimony on Qualcomm's behalf as related to wireless telecommunications technology is reasonably calculated to lead to admissible evidence in that, at the very least, they constitute possible impeachment evidence. *Huff*, 2010 U.S. Dist. LEXIS 6916, at *16. "Impeachment evidence is a classic example of the type of evidence that should be discoverable

in litigation." *Id.* at *16-17 (citing *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV-Dimitrouleas/Torres, 2007 U.S. Dist. LEXIS 37134, at *7 (S.D. Fla. May 22, 2007) (citation omitted)). Thus, ParkerVision's discovery request is well within the bounds of permissible discovery. *Id.* at *16-17. Accordingly, this Court should compel Qualcomm to produce Williams' and Leonard's prior reports and testimony.

### B. Timeliness: ParkerVision Requested the Discovery Within the Period for Expert Discovery

The Court's Scheduling Order of December 26, 2012 provides for an expert discovery deadline of April 29, 2012, which was initially extended to May 3, 2013. *See* Dkt. 225 and Dkt.245. The Court has also granted the parties' joint motion to extend the deadline for conducting expert discovery until May 10, 2013. Dkt. 250. ParkerVision requested that Qualcomm produce the materials from Williams and Leonard well in advance of the May 10, 2013 deadline for the close of expert discovery. Moreover, ParkerVision requested the Williams and Leonard materials on April 11 and 16, 2013, mere days after the April 5, 2013 service of the Williams and Leonard reports. Additionally, prior to the service of the Williams and Leonard reports on March 5, 2013 and April 5, 2013, ParkerVision did not previously know which of the seven potential experts disclosed by Qualcomm pursuant to the Confidentiality Agreement would actually be submitting expert reports on Qualcomm's behalf. Accordingly, ParkerVision's request was timely.

### C. Burden: ParkerVision's Request is Narrow in Scope and the Discovery Sought is Within Qualcomm's Custody and Control

ParkerVision has limited its request to only those cases in which Williams or Leonard provided expert reports, deposition testimony, or trial testimony for Qualcomm, where the testimony related to wireless telecommunications technology. Ex. A. ParkerVision specifically instructed Qualcomm to redact any third-party confidential material. Ex. A. To the best of

11

ParkerVision's knowledge, based on the experts' disclosures pursuant to the parties' Confidentiality Agreement, the scope of ParkerVision's request is limited to reports and testimony from just a handful of prior cases.

The discovery sought is not obtainable from some other source that is more convenient, less burdensome, or less expensive. These are copies of opinions and testimony provided on behalf of Qualcomm in prior cases, addressing Qualcomm's wireless communications technology, rendered by the same experts hired by Qualcomm to provide opinions on Qualcomm's wireless telecommunications technology in this case. The discovery sought is within Qualcomm's possession, custody, or control—in all probability, the discovery sought is already in the possession of Qualcomm's legal department and/or Qualcomm's outside legal counsel. Accordingly, ParkerVision's discovery request imposes little to no burden on Qualcomm.

**D. Confidentiality: Any Material Produced Will be Redacted and Subject to the Confidentiality Agreement in this Case.**

Production of the expert reports and testimony generated by Williams and Leonard in prior cases for Qualcomm would in no way jeopardize the confidentiality of the third-party information contained in those materials. As ParkerVision has represented to Qualcomm, it is not interested in third-party confidential materials, the redaction of which will resolve any confidentiality concerns, leaving only public information or Qualcomm information subject to the confidentiality protections in this case. Ex. B.  ParkerVision's agreement that any such confidential third-party information should be redacted from the discovery sought, together with the Confidentiality Agreement in place in this case, ensures that Qualcomm would in no way fail to comply with its confidentiality obligations to the adverse parties from the prior litigations. *See* Ex. B (Confidentiality Agreement); Ex. A at 2 (regarding redactions).

12

## VI.  CONCLUSION

For the foregoing reasons, ParkerVision requests that the Court GRANT this Motion and enter an Order compelling Qualcomm to promptly produce Williams' and Leonard's prior expert reports, deposition testimony, and trial testimony from any previous litigation involving wireless telecommunications technology in which they provided expert reports or testimony on behalf of Qualcomm.

## LOCAL RULE 3.01(g) CERTIFICATION

On April 16, 2013, counsel for ParkerVision conferred with counsel for Qualcomm via phone, as recounted in Exhibit A attached hereto, in a good faith effort to resolve the issues raised by this motion. Qualcomm opposes this motion.

McKool 881057v3

April 19, 2013

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| */s/ Douglas A. Cawley* | /*s/ James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard Kamprath | Florida Bar Number 901253 |
| Texas State Bar No. 24078767 | 225 Water Street, Suite 1800 |
| E-mail: rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| 300 Crescent Court, Suite 1500 | (904) 359-7700 |
| Dallas, Texas 75201 | (904) 359-7708 (facsimile) |
| Telephone: (214) 978-4000 | jbolling@smithhulsey.com |
| Telecopier: (214) 978-4044 | |
| | *ATTORNEYS FOR PLAINTIFF* |
| T. Gordon White | *PARKERVISION, INC.* |
| Texas State Bar No. 21333000 | |
| gwhite@mckoolsmith.com | |
| Kevin L. Burgess | |
| Texas State Bar No. 24006927 | |
| kburgess@mckoolsmith.com | |
| Josh W. Budwin | |
| Texas State Bar No. 24050347 | |
| jbudwin@mckoolsmith.com | |
| Leah Buratti | |
| Texas State Bar No. 24064897 | |
| lburatti@mckoolsmith.com | |
| McKool Smith P.C. | |
| 300 West Sixth Street, Suite 1700 | |
| Austin, Texas 78701 | |
| Telephone: (512) 692-8700 | |
| Telecopier: (512) 692-8744 | |

McKool 881057v3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, April 19, 2013, the foregoing was served on all counsel of record via ECF.

*/s/ Leah Buratti*

Leah Buratti
