# EXHIBIT A

| | |
|---|---|
| **From:** | Josh Budwin |
| **Sent:** | Wednesday, April 17, 2013 8:57 PM |
| **To:** | Aaron Karp; Leah B. Buratti |
| **Cc:** | David Greenwald; James Canning; Joseph Lasher; Keith Hummel; ParkerVision |
| **Subject:** | RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts |

Aaron -

Thank you. Other than the "relevance" objection, what specific "federal rules, local rules and [portion of] the case management order are you referring to? As to timeliness, we are in the court-ordered *expert* discovery period, are we not?

Thanks, and please let us know if you'd like to meet and confer again. I'd really like you to articulate which specific federal rules, local rules and portion of the case management order you are referring to.

Thanks again.

---

**From:** Aaron Karp [AKarp@cravath.com]
**Sent:** Wednesday, April 17, 2013 6:36 PM
**To:** Leah B. Buratti
**Cc:** David Greenwald; Josh Budwin; James Canning; Joseph Lasher; Keith Hummel; ParkerVision
**Subject:** RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts

Leah,

Regarding ParkerVision's request for prior expert reports and testimony of Dr. Williams and Dr. Leonard, Qualcomm also mentioned (via email) that it has no obligation under the Federal Rules, the Local Rules and the Case Management Order to produce this information. Additionally, ParkerVision's request is untimely.

Attached please find a list containing the court and case number of nearly all of the matters listed in Dr. Williams's CV. I note that this list is over-inclusive and is not limited to matters in which Dr. Williams testified at deposition or at trial. We are working to track down the remaining information.

I also draw your attention to a typographical error in the CV. The entry that currently reads "Qualcomm, Inc. v. Nortel, Inc." should read "Qualcomm, Inc. v. Nokia, Inc." I have made that change in the attachment.

Aaron

---

| | |
|---|---|
| **From:** | "Leah B. Buratti" <lburatti@McKoolSmith.com> |
| **To:** | Aaron Karp <AKarp@cravath.com>, Josh Budwin <jbudwin@McKoolSmith.com> |
| **Cc:** | David Greenwald <DGreenwald@cravath.com>, James Canning <JCanning@cravath.com>, Joseph Lasher <JLasher@cravath.com>, Keith Hummel <KHummel@cravath.com>, ParkerVision <ParkerVision@McKoolSmith.com> |
| **Date:** | 04/16/2013 04:44 PM |
| **Subject:** | RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts |

Aaron,

I left off of my earlier email that during today's meet and confer, Qualcomm also agreed to get back to ParkerVision by the end of the week as to whether it will be producing its communications with Nozawa and the other authors of alleged prior art. Please let me know if you have a different understanding of today's meet and confer.

Thanks,
Leah

---

**From:** Leah B. Buratti
**Sent:** Tuesday, April 16, 2013 2:55 PM
**To:** 'Aaron Karp'; Josh Budwin
**Cc:** David Greenwald; James Canning; Joseph Lasher; Keith Hummel; ParkerVision
**Subject:** RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts

Aaron,

To follow up on our meet and confer from this morning, ParkerVision has requested that Qualcomm produce copies of any depositions, expert reports, or trial testimony by Leonard or Williams for Qualcomm, with non-Qualcomm confidential information redacted. Qualcomm has refused to produce these materials on the basis of relevance. ParkerVision reserves the right to seek relief from the Court.

Additionally, it appears that Tim Williams' disclosure pursuant to the parties' Confidentiality Agreement does not adequately disclose (as required by section D) "a list of other cases in which the individual has testified (at trial or deposition) within the last six years" with information sufficient to identify the case, i.e., including the court and case number. Please provide this information by the end of the day tomorrow.

Thank you,
Leah

---

**From:** Aaron Karp [mailto:AKarp@cravath.com]
**Sent:** Monday, April 15, 2013 5:07 PM
**To:** Josh Budwin
**Cc:** David Greenwald; James Canning; Joseph Lasher; Keith Hummel; Leah B. Buratti; ParkerVision
**Subject:** RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts

Yes. 212 474 1654.

| | |
|---|---|
| From: | Josh Budwin <jbudwin@McKoolSmith.com> |
| To: | Aaron Karp <AKarp@cravath.com> |
| Cc: | David Greenwald <DGreenwald@cravath.com>, James Canning <JCanning@cravath.com>, Joseph Lasher <JLasher@cravath.com>, Keith Hummel <KHummel@cravath.com>, "Leah B. Buratti" <lburatti@McKoolSmith.com>, ParkerVision <ParkerVision@McKoolSmith.com> |
| Date: | 04/15/2013 06:03 PM |
| Subject: | RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts |

Great, should we call your office tomorrow at 10am central?

---

**From:** Aaron Karp [mailto:AKarp@cravath.com]
**Sent:** Monday, April 15, 2013 5:03 PM
**To:** Josh Budwin
**Cc:** David Greenwald; James Canning; Joseph Lasher; Keith Hummel; Leah B. Buratti; ParkerVision
**Subject:** RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts

Yes.  We are available at 10am central.

| | |
|---|---|
| From: | Josh Budwin <jbudwin@McKoolSmith.com> |
| To: | Aaron Karp <AKarp@cravath.com>, "Leah B. Buratti" <lburatti@McKoolSmith.com> |
| Cc: | James Canning <JCanning@cravath.com>, ParkerVision <ParkerVision@McKoolSmith.com>, Keith Hummel <KHummel@cravath.com>, David Greenwald <DGreenwald@cravath.com>, Joseph Lasher <JLasher@cravath.com> |
| Date: | 04/15/2013 05:55 PM |
| Subject: | RE: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts |

Aaron -

When are you available to meet and confer as we intend to move to compel this information in advance of expert depositions.  Do you contend that this information is not relevant?  On what basis do you refuse to provide it?

Can you meet and confer tomorrow at 10am central?

---

**From:** Aaron Karp [mailto:AKarp@cravath.com]
**Sent:** Monday, April 15, 2013 4:53 PM
**To:** Leah B. Buratti
**Cc:** James Canning; ParkerVision; Keith Hummel; David Greenwald; Joseph Lasher
**Subject:** Re: ParkerVision/Qualcomm - Williams Expert Reports and Transcripts

Leah,

Under the Federal Rules, the Local Rules and the Case Management Order, Qualcomm has no obligation to produce the materials you request.

Aaron


Aaron I. Karp
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1654 (Bus.)
(212) 474-3700 (Fax)

| | |
|---|---|
| From: | "Leah B. Buratti" <lburatti@McKoolSmith.com> |
| To: | Aaron Karp <AKarp@cravath.com> |
| Cc: | James Canning <JCanning@cravath.com>, ParkerVision <ParkerVision@McKoolSmith.com> |
| Date: | 04/11/2013 01:13 PM |
| Subject: | ParkerVision/Qualcomm - Williams Expert Reports and Transcripts |

Aaron,

It appears that Dr. Williams has served as an expert for Qualcomm in at least three other matters. Please produce copies of Dr. Williams' expert reports, deposition transcripts, and trial testimony transcripts (with any non-Qualcomm confidential information redacted, if necessary) from any matter in which Dr. Williams has served as an expert for Qualcomm by Thursday, April 18th. Additionally, please let me know by Monday, April 15th if Qualcomm refuses to produce the requested Williams expert reports and transcripts so that we can promptly schedule a meet and confer.

Thank you,
Leah

**Leah Bhimani Buratti | McKool Smith**
300 W. 6th Street, Suite 1700 | Austin, Texas 78701
ph: 512.692.8733

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is  SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL.  It is intended only for the individual or entity designated above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.   Any e-mail erroneously transmitted to you should be immediately destroyed.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is
unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.