# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

       Plaintiff,

v.

QUALCOMM INCORPORATED,

       Defendant.

QUALCOMM INCORPORATED,

       Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

       Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**PLAINTIFF PARKERVISION, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, ESI, AND THINGS TO DEFENDANT QUALCOMM INCORPORATED**

51.     All documents otherwise constituting or concerning any license, royalty, technology transfer, or authorization-to-use agreements entered into by Qualcomm relating in any way to the Accused Products, whether or not formal agreement was ever reached, that Qualcomm contends is relevant to a determination of a reasonable royalty in this case.

52.     All documents relating to improvements embodied in the Accused Products, including, without limitation, all internal and external studies related to customer demand for any individual feature of the Accused Products.

53.     All documents relating to the time to market for the Accused Products and/or costs of delaying the release for sale of any Accused Product.

54.     Documents related to or evincing the costs of developing features relating to RF technology for the Accused Products.

55.     All documents that discuss, refer to, evince, were used in, or otherwise relate to any internal or external advertising, promotion, marketing, branding, or sales effort, by or for Qualcomm, of one or more of the Accused Products, including, but not limited to:

> a) advertising, promotion, marketing, branding, or sales effort plans or reports related to one or more of the Accused Products, or documents discussing, referring to, or evincing same;
>
> b) documents explaining Qualcomm's advertising, promotion, marketing, branding, or sales effort related to one or more of the Accused Products, including but not limited to, explanations of the methods used by or for Qualcomm to advertise, promote, market, brand, or sell the Accused Products, explanations of how much these methods cost and how they arc paid for, or explanations of the use of documents and other materials in these efforts; and
>
> c) documents provided or published by or for Qualcomm to customers or prospective customers as part of the advertising, promotion, marketing, branding, or sales efforts related to one or more of the Accused Products, including, but not

86.     All communications with Mike Farmwald or Barb Paldus or anyone else related to PV Notes.

87.     All communications with anyone listed on Qualcomm's initial disclosures (including any supplements).

88.     Documents sufficient to reflect all usernames used by any Qualcomm employees or Qualcomm agents in posting to the Yahoo ParkerVision Message Board between January 1, 1998 and the present and to identify the persons associated with those usernames.

89.     All documents and communications relating to stock or stock option grants or exercises to or by Qualcomm employees, officers, or directors.

90.     All documents and communications relating to any foreign or Swiss bank accounts held by Qualcomm or any of Qualcomm's employees, officers, directors, or agents.

91.     All documents and communications relating to any investigation or investigations of Qualcomm by any government agency, including the Securities and Exchange Commission.

92.     All documents relating to any competitive analysis of markets in which Qualcomm sells the Accused Products or products or services related thereto.

93.     All documents relating to the impact the patents-in-suit could have on Qualcomm, including, without limitation, damages, liability, injunctive relief, or required product changes.

94.     All documents relating to the quality, value, usability, performance, demand, or benefits of Accused Products, including but not limited to the quality, value, usability, performance, demand, or benefits of the Accused Instrumentality.

95.     All of Qualcomm's annual and quarterly reports (or equivalents) and conference call transcripts from 2000 to the present.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2012, I served the foregoing document on opposing counsel via email.


<u> /s/ Austin Curry        </u>

John Austin Curry

McKool 438514v1