**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.

QUALCOMM INCORPORATED,

    Defendant.

---

QUALCOMM INCORPORATED,             Case No. 3:11-cv-719-J-37 TEM

    Counterclaim Plaintiff,

v.

PARKERVISION, INC., AND STERNE,
KESSLER, GOLDSTEIN, & FOX PLLC,

    Counterclaim Defendants.

---

**PARKERVISION INC.'S UNOPPOSED MOTION TO SEAL**

I. **INTRODUCTION**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to file under seal unredacted versions of Exhibits F, G, and H to its Motion to Compel Production of Reports and Testimony Provided by Defendants Qualcomm, Inc.'s ("Qualcomm") Experts in Prior Litigation for Qualcomm ("Motion"). ParkerVision and Qualcomm agree that the unredacted versions of Exhibits F, G, and H to the Motion are confidential in nature and that it is necessary to file the unredacted versions of these documents under seal.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id*. As demonstrated below, ParkerVision has met each of these requirements as to the unredacted versions of Exhibits F, G, and H to the Motion, and as such, the Court should grant the request to file the unredacted versions of Exhibits F, G, and H to the Motion.

II. **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

Exhibits F, G, and H to the Motion are confidential expert reports authored by Qualcomm's damages expert and industry expert. ParkerVision and Qualcomm agree that the

unredacted versions of Exhibits F, G, and H to the Motion should be filed under seal.[1] Each of these documents contains expert discussion or analysis of or relating to Qualcomm technology and financials. Qualcomm has designated these reports as "Outside Attorneys' Eyes Only" pursuant to both the parties' Confidentiality Agreement (attached hereto as Exhibit A), and ParkerVision has not disputed that designation at this time. Because the expert reports in question contain discussion or analysis of a confidential nature, the nature and content of these communications should not be accessible to the public. ParkerVision and Qualcomm therefore believe that it is necessary to file the unredacted versions of Exhibits F, G, and H to the Motion under seal.

### III. DURATION OF SEAL AS TO THE UNREDACTED VERSIONS OF EXHIBITS F, G, AND H

ParkerVision and Qualcomm agree that the unredacted versions of Exhibits F, G, and H to the Motion should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the discussion and analysis and the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of Exhibits F, G, and H to the Motion will persist beyond one year.

### IV. AUTHORITY IN SUPPORT OF SEALING EXHIBITS F, G, AND H

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether

---

[1] Pursuant to the Court's protocol, the unredacted versions of Exhibits F, G, and H to the Motion have not been submitted to the Court at this time. Should the Court wish to review either document, ParkerVision will submit them for in camera review.

allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.,* No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted versions of Exhibits F, G, and H to the Motion present just such an instance. The likelihood of injury to Qualcomm if the unredacted versions of Exhibits F, G, and H to the Motion are placed into the public domain is great, and filing it under seal would protect its confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc.*, et al., No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted versions of Exhibits F, G, and H to the Motion are not related to "public officials or public concerns" and there is not a "less onerous" alternative to sealing the unredacted versions of the document that would ensure its contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision respectfully requests that the unredacted versions of Exhibits F, G, and H to the Motion be sealed.

April 19, 2013

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| */s/ Douglas A. Cawley* | */s/ James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard Kamprath | Florida Bar Number 901253 |
| Texas State Bar No. 24078767 | 225 Water Street, Suite 1800 |
| E-mail: rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| McKool Smith P.C. | (904) 359-7700 |
| 300 Crescent Court, Suite 1500 | (904) 359-7708 (facsimile) |
| Dallas, Texas 75201 | jbolling@smithhulsey.com |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | *ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.* |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, April 19, 2013, I served the foregoing on all counsel of record ECF.

                                                              */s/ Leah Buratti*
                                                              Leah Buratti

## CERTIFICATE OF COUNSEL

I HEREBY CERTIFY that, on April 18, 2013, counsel for ParkerVision conferred with counsel for Qualcomm. Qualcomm does not oppose this motion.

                                                              */s/ Leah Buratti*
                                                              Leah Buratti