Case 3:11-cv-00719-RBD-TEM   Document 265   Filed 05/06/13   Page 1 of 6 PageID 8322

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> Defendant. <br><br> QUALCOMM INCORPORATED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> PARKERVISION, INC., AND STERNE, KESSLER, GOLDSTEIN, & FOX PLLC, <br><br> Counterclaim Defendants. | Case No. 3:11-cv-719-J-37 TEM |

**PLAINTIFF PARKERVISION, INC.'S ANSWER TO
COUNTERCLAIMS OF QUALCOMM INCORPORATED**

Plaintiff/Counterclaim Defendant ParkerVision, Inc. ("ParkerVision") hereby answers the Counterclaims of Defendant/Counterclaim Plaintiff Qualcomm Incorporated ("Qualcomm"), dated April 11, 2013, as follows:

**Parties**

1.      ParkerVision admits that Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California.  ParkerVision admits that Qualcomm is a corporation engaged in the design, manufacture, and sale of wireless

McKool 884675v2

communication equipment and technology, including, primarily, cell phone technology. ParkerVision is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in paragraph 1 of Qualcomm's Counterclaims and therefore denies such allegations.

2.  ParkerVision admits that it is a Florida corporation with its principal place of business at 7915 Baymeadows Way, Jacksonville, Florida 32256.

### Jurisdiction

3.  ParkerVision admits the allegations set forth in paragraph 3 of Qualcomm's Counterclaims.

4.  ParkerVision admits that Qualcomm seeks declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, but denies that Qualcomm is entitled to the relief sought under its Counterclaims.

5.  ParkerVision admits the allegations set forth in paragraph 5 of Qualcomm's Counterclaims.

### First Count

### (Declaration of Non-Infringement of the Patents-in-Suit)

6.  ParkerVision repeats and reasserts its responses set forth in paragraphs 1 through 5 above as though fully set forth herein.

7.  ParkerVision admits that it is the sole and exclusive owner of all rights, title and interest to the Patents-in-Suit.

8.  ParkerVision admits that it has accused Qualcomm of infringement of the Patents-in-Suit, and because of that, has created a substantial, immediate, and real controversy between the parties as to the infringement of the Patents-in-Suit.

9. ParkerVision denies the allegations set forth in paragraph 9 of Qualcomm's Counterclaims.

## Second Count

### (Declaration of Invalidity of the Patents-in-Suit)

10. ParkerVision repeats and reasserts its responses set forth in paragraphs 1 through 5 above as though fully set forth herein.

11. ParkerVision admits that the Patents-in-Suit are valid. ParkerVision denies the remaining allegations set forth in paragraph 11 of Qualcomm's Counterclaims.

12. ParkerVision denies the allegations set forth in paragraph 12 of Qualcomm's Counterclaims.

13. ParkerVision denies the allegations set forth in paragraph 13 of Qualcomm's Counterclaims. The allegations also constitute legal conclusions to which no response is required.

14. ParkerVision denies the allegations set forth in paragraph 14 of Qualcomm's Counterclaims. The allegations also constitute legal conclusions to which no response is required. ParkerVision lacks information or knowledge sufficient to form a belief as to the truth of the allegation that "Qualcomm has provided additional details concerning its allegations that all of the claims have been asserted against it are invalid in its invalidity contentions and served on February 13, 2012, as well as in the expert reports served" and on that basis denies those allegations to the extent any response is required.

## Prayer for Relief

ParkerVision denies that Qualcomm is entitled to the requested relief or any other relief.

McKool 884675v2

## Jury Demand

ParkerVision respectfully demands a jury trial as to all issues raised in Qualcomm's Counterclaims which are triable to a jury in this action.

May 6, 2013                                                     Respectfully submitted,

**McKOOL SMITH, P.C.**

*/s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Richard Kamprath
Texas State Bar No.: 24078767
rkamprath@mckoolsmith.com
Ivan Wang
Texas State Bar No.: 24042679
E-mail: iwang@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700

Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/*s/ James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF*
*PARKERVISION, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, May 6, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Leah Buratti

Leah Buratti