UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

v.                                Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.

**PARKERVISION'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL, AND TO FILE IN PAPER FORMAT ITS RESPONSE TO QUALCOMM'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND PRUCNAL DECLARATION AND EXHIBITS 2-27, 48, 53, 55-63, AND 68 IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to (i) publicly file a redacted version of its Response to Qualcomm's Motion for Partial Summary Judgment (Dkt. 270) ("ParkerVision's Response"); (ii) file under seal the unredacted version of ParkerVision's Response; (iii) file under seal Exhibits 2-27, 48, 53, 55-63, and 68 to ParkerVision's Response; and (iv) file under seal the Declaration of Paul Prucnal, Ph.D. in Support of ParkerVision's Response to Qualcomm's Motion for Partial Summary Judgment ("Prucnal Declaration").

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason

1

that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to Exhibits 2-27, 48, 53, 55-63, and 68 and the unredacted version of ParkerVision's Response, and as such, the Court should grant their request to file Exhibits 2-27, 48, 53, 55-63, and 68, the Prucnal Declaration, and the unredacted version of ParkerVision's Response under seal.

## II. LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE

### A. Exhibits 2-27, 48, 53, 55-63, And 68 Contain Confidential and Proprietary Technical Information About Qualcomm Products.

ParkerVision and Qualcomm agree that the following exhibits contain confidential technical information and should be filed under seal:

(1) Exhibit 2 is a copy of the opening expert report of ParkerVision's expert Paul Prucnal, Ph.D., in which Dr. Prucnal opines on the infringement of the Patents-in-Suit;

(2) Exhibit 3 contains excerpts from the report of Qualcomm expert Robert M. Fox, Ph.D., in which Dr. Fox opines on the manner in which Qualcomm products function;

(3) Exhibit 4 contains excerpts from a document for the Qualcomm BTS4020 product that contains details regarding the technical functioning of that product;

(4) Exhibit 5 contains excerpts from a design review document for the Qualcomm LCU product that contains details regarding the technical functioning of that product;

(5) Exhibit 6 contains excerpts from a technical document for the Qualcomm QSC6240/QSC6270 product that contains details regarding the technical functioning of that product;

(6)     Exhibit 7 contains excerpts from a design review document for the Qualcomm Eagleray product that contains details regarding the technical functioning of that product;

(7)     Exhibit 8 contains excerpts from a specification document for the Qualcomm Hercules product that contains details regarding the technical functioning of that product;

(8)     Exhibit 9 contains excerpts from a design review document for the Qualcomm Hercules product that contains circuit schematics and details regarding the technical functioning of that product;

(9)     Exhibit 10 contains excerpts from a design review document for the Qualcomm Iris product that contains details regarding the technical functioning of that product;

(10)     Exhibit 11 contains excerpts from a design review document for the Qualcomm Iris product that contains details regarding the technical functioning of that product;

(11)     Exhibit 12 contains excerpts from a design review document for the Qualcomm WCN1312 product that contains details regarding the technical functioning of that product;

(12)     Exhibit 13 contains excerpts from a test review document for the Qualcomm Marimba product that contains details regarding the technical functioning of that product;

(13)     Exhibit 14 contains excerpts from a design review document for the Qualcomm Marimba product that contains details regarding the technical functioning of that product;

(14)     Exhibit 15 contains excerpts from a technical document for the Qualcomm MBP2600/MBP2700 product that contains details regarding the technical functioning of that product;

(15)     Exhibit 16 contains excerpts from a technical document for the Qualcomm Volans product that contains details regarding the technical functioning of that product;

(16)     Exhibit 17 contains excerpts from a design review document for the Qualcomm BTS 4054 product that contains details regarding the technical functioning of that product;

(17)     Exhibit 18 contains excerpts from a design review document for the Qualcomm Eagleray product that contains details regarding the technical functioning of that product;

(18) Exhibit 19 contains excerpts from a design review document for the Qualcomm Fury product that contains circuit schematics and details regarding the technical functioning of that product;

(19) Exhibit 20 contains excerpts from a design review document for the Qualcomm Fury product that contains details regarding the technical functioning of that product;

(20) Exhibit 21 contains excerpts from a design review document for the Qualcomm Fury product that contains details regarding the technical functioning of that product;

(21) Exhibit 22 contains excerpts from a design review document for the Qualcomm Fury product that contains circuit schematics and details regarding the technical functioning of that product;

(22) Exhibit 23 contains excerpts from a design review document for the Qualcomm RTR6285 product that contains details regarding the technical functioning of that product;

(23) Exhibit 24 contains excerpts from a Qualcomm technical document describing the technical functioning of the RTR6237/RTR6236 product;

(24) Exhibit 25 contains excerpts from a design review document for the Qualcomm Ramsis product that contains details regarding the technical functioning of that product;

(25) Exhibit 26 contains excerpts from a design review document for the Qualcomm Voltron product that contains details regarding the technical functioning of that product;

(26) Exhibit 27 contains excerpts from a design review document for the Qualcomm Ywing product that contains details regarding the technical functioning of that product;

(27) Exhibit 48 contains information regarding the internal designation and grouping of Qualcomm's products;

(28) Exhibit 53 contains excerpts from a design review document for the Qualcomm RTR6285 product that contains details regarding the technical functioning of that product;

(29) Exhibit 55 contains excerpts from a design review document for the Qualcomm Astra product that contains details regarding the technical functioning of that product;

4

(30)  Exhibit 56 contains excerpts from a design review document for the Qualcomm Iris product that contains details regarding the technical functioning of that product;

(31)  Exhibit 57 contains excerpts from a design review document for the Qualcomm Ramsis product that contains details regarding the technical functioning of that product;

(32)  Exhibit 58 contains Appendix A to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '551 Patent by Qualcomm's products;

(33)  Exhibit 59 contains Appendix B to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '518 Patent by Qualcomm's products;

(34)  Exhibit 60 contains Appendix C to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '845 Patent by Qualcomm's products;

(35)  Exhibit 61 contains Appendix D to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '342 Patent by Qualcomm's products;

(36)  Exhibit 62 contains Appendix E to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '734 Patent by Qualcomm's products;

(37)  Exhibit 63 contains Appendix F to the Opening Expert Report of ParkerVision's expert Paul Prucnal, Ph.D., regarding of the '371 Patent by Qualcomm's products; and

(38)  Exhibit 68 is a copy of the rebuttal expert report of ParkerVision's expert Paul Prucnal, Ph.D., in which Dr. Prucnal opines on the development of Qualcomm's accused products.

Because these documents contain Qualcomm confidential technical information, they should not be accessible to the public.

**B. The Unredacted Version of ParkerVision's Response And The Prucnal Declaration Contain Descriptions of the Confidential Content of the Above-Described Documents.**

The redacted sections on pages 11 and 14-19 of ParkerVision's Response and the Prucnal Declaration contain confidential information from the documents described above. Because of the technical, confidential content, those excerpts from ParkerVision's Response and the Prucnal Declaration should be filed under seal.

**III.   DURATION OF SEAL**

Qualcomm and ParkerVision agree that Exhibits 2-27, 48, 53, 55-63, and 68, the Prucnal Declaration, and the redacted ParkerVision Response should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the communications, discussion and analysis and the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of an unredacted version of Exhibits 2-27, 48, 53, 55-63, and 68, the Prucnal Declaration, and the Response will persist beyond one year.

**IV.   AUTHORITY IN SUPPORT OF SEALING AN UNREDACTED VERSION OF THE MOTION, THE PRUCNAL DECLARATION AND EXHIBITS 2-27, 48, 53, 55-63, AND 68 TO THE RESPONSE.**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted version of ParkerVision's Response, the Prucnal

6

Declaration, and Exhibits 2-27, 48, 53, 55-63, and 68 present just such an instance. The likelihood of injury to the parties if these documents are placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted version of ParkerVision's Response, the Prucnal Declaration, and Exhibits 2-27, 48, 53, 55-63, and 68 is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the documents that would ensure that their contents remain confidential while allowing the Court to review them as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision and Qualcomm respectfully request that the unredacted version of ParkerVision's Response, the Prucnal Declaration, and Exhibits 2-27, 48, 53, 55-63, and 68 be sealed.

June 24, 2013                              Respectfully submitted,

                                           **McKOOL SMITH, P.C.**

                                           */s/  Douglas A. Cawley*
                                           Douglas A. Cawley, Lead Attorney
                                           Texas State Bar No. 04035500
                                           E-mail: dcawley@mckoolsmith.com
                                           Richard A. Kamprath
                                           Texas State Bar No.: 24078767
                                           rkamprath@mckoolsmith.com
                                           Ivan Wang
                                           Texas State Bar No.: 24042679
                                           E-mail: iwang@mckoolsmith.com
                                           McKool Smith P.C.
                                           300 Crescent Court, Suite 1500
                                           Dallas, Texas 75201
                                           Telephone: (214) 978-4000
                                           Telecopier: (214) 978-4044

                                           T. Gordon White
                                           Texas State Bar No. 21333000
                                           gwhite@mckoolsmith.com
                                           Kevin L. Burgess
                                           Texas State Bar No. 24006927
                                           kburgess@mckoolsmith.com
                                           Josh W. Budwin
                                           Texas State Bar No. 24050347
                                           jbudwin@mckoolsmith.com
                                           Leah Buratti
                                           Texas State Bar No. 24064897
                                           lburatti@mckoolsmith.com
                                           Mario A. Apreotesi
                                           Texas State Bar No. 24080772
                                           mapreotesi@mckoolsmith.com
                                           McKool Smith P.C.
                                           300 West Sixth Street, Suite 1700
                                           Austin, Texas 78701
                                           Telephone: (512) 692-8700
                                           Telecopier: (512) 692-8744

                                           **SMITH HULSEY & BUSEY**

                                           /*s/ James A. Bolling*

8

Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

*ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.*

McKool 902251

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, June 24, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                          */s/ Leah B. Buratti*
                                                          Leah B. Buratti

McKool 902251