**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff,*

      v.

QUALCOMM INCORPORATED,

        *Defendant.*

Case No. 3:11-cv-719-J-37-TEM

## QUALCOMM'S UNOPPOSED MOTION TO SEAL

I.      INTRODUCTION

Qualcomm moves pursuant to Middle District of Florida Local Rule 1.09 for

permission to file under seal unredacted versions of Exhibits 4, 5, and 6 to its Opposition to

ParkerVision's Motion for Summary Judgment of No Invalidity (the "Opposition") (Dkt. 275).

Exhibits 4 to 6 are confidential in nature, and it is necessary to file these documents under seal.

ParkerVision does not oppose Qualcomm's motion.

In this district, a party seeking to file under seal must first comply with the

procedural requirements set forth in the Middle District of Florida's Local Rules.  The party

must file a motion to seal, including (1) an identification and description of each item proposed

for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item

is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to

preserve the interest advanced by the movant in support of the seal; (5) the proposed duration

of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R.

1.09(a).  As demonstrated below, Qualcomm has met each of these requirements as to Exhibits 4

to 6.

II.     **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

A.      Exhibits 4 to 6 Contain Confidential and Proprietary Technical Information About Qualcomm Products.

The following exhibits contain confidential technical information about

Qualcomm products that is relied on in Qualcomm's Opposition to support Qualcomm's

argument that ParkerVision's expert agrees with Qualcomm's position on the claim scope.

Qualcomm takes great efforts to protect the confidential technical information in Exhibits 4 to 6

by limiting its access within Qualcomm to those that have a "need-to-know," and by not

sharing this information external to Qualcomm (outside of litigation discovery) under any circumstances:

    i.    Exhibit 4 is an appendix to the Opening Expert Report of Dr. Paul Prucnal and contains technical information regarding the QSC6270 Integrated Circuit chip, including a block diagram of a receiver module and purported descriptions of Qualcomm receiver circuit design architectures;

    ii.    Exhibit 5 is an appendix to the Opening Expert Report of Dr. Paul Prucnal and contains technical information regarding the QSC6270 chip, including purported descriptions of Qualcomm's receiver circuit design architectures; and

    iii.    Exhibit 6 is an appendix to the Opening Expert Report of Dr. Paul Prucnal and contains technical information regarding the QSC6270 chip, including purported descriptions of Qualcomm's receiver circuit design architectures.

The information in Exhibits 4 to 6, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing important, proprietary product-designs to Qualcomm's competition.  This information is extremely difficult (and perhaps impossible) to independantly ascertain, so its secrecy has great value to Qualcomm.  Because these documents contain this confidential and proprietary technical information, they should not be accessible to the public.

III.    **DURATION OF SEAL**

Exhibits 4 to 6 should be sealed for the duration of this lawsuit and any subsequent appeal.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the communications, discussion and analysis and the potential for breach of the Confidentiality Agreement through disclosure.  Additionally, the concerns regarding disclosure of the contents of Exhibits 4 to 6 will persist beyond one year.

IV.     **AUTHORITY IN SUPPORT OF SEALING AN UNREDACTED VERSION OF THE MOTION AND EXHIBITS 4 TO 6 TO THE OPPOSITION**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm if Exhibits 4 to 6 are placed into the public domain is great because doing so would expose Qualcomm's confidential information to its competitors and potential business partners, and filing them under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc.*, et al., No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the highly technical information contained in Exhibits 4 to 6 is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing Exhibits 4 to 6 that would ensure their contents remain confidential while allowing the Court to review them as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm respectfully requests that Exhibits 4 to 6 be sealed.

## V.    CONCLUSION

Accordingly, Qualcomm respectfully requests permission to file an unredacted

version of Exhibits 4, 5, and 6 to Qualcomm's Opposition (Dkt. 275) under seal.


June 25, 2013

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP


By:   s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
khummel@cravath.com
David Greenwald (admitted pro hac vice)
dgreenwald@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

-and-

COOLEY LLP
Stephen C. Neal (admitted pro hac vice)
nealsc@cooley.com
Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5182
Facsimile:  (650) 849-7400

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 25th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                s/ Keith R. Hummel
                Keith R. Hummel (admitted pro hac vice)
                khummel@cravath.com
                Worldwide Plaza
                825 Eighth Avenue
                New York, New York  10019
                Telephone:  (212) 474-1000
                Facsimile:  (212) 474-3700
                *Attorney for Defendant Qualcomm Incorporated*

1146568/HN