**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff,*

     v.

QUALCOMM INCORPORATED,

        *Defendant.*

Case No. 3:11-cv-719-J-37-TEM

## QUALCOMM'S UNOPPOSED MOTION TO SEAL

## I.      INTRODUCTION

Qualcomm moves pursuant to Middle District of Florida Local Rule 1.09 for permission to file under seal Exhibit 8 to Qualcomm's Reply Memorandum in Support of its Motion for Partial Summary Judgment (the "Reply") and an unredacted version of Exhibit 5 to the Reply.  Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply are confidential in nature, and it is necessary to file these documents under seal.  ParkerVision does not oppose Qualcomm's motion.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules.  The party must file a motion to seal, including (1) an identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R. 1.09(a).  As demonstrated below, Qualcomm has met each of these requirements as to each document.

## II.     LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE

### A.      Exhibits 5 and 8 to the Reply Contain Confidential and Proprietary Technical Information About Qualcomm Products.

Exhibits 5 and 8 to the Reply contain confidential technical information about Qualcomm products that is relied on in Qualcomm's Reply to support Qualcomm's argument that a certain category of Accused Products do not infringe the Patents-in-Suit.  Qualcomm takes great efforts to protect the confidential technical information in Exhibits 5 and 8 to the

Reply by limiting its access within Qualcomm to those that have a "need-to-know," and by not sharing this information external to Qualcomm (outside of litigation discovery) under any circumstances:

      i.      The unredacted version of Exhibit 5 is a portion of the Opening Expert Report of Dr. Paul Prucnal and contains technical information regarding the RTR8600; and

      ii.     Exhibit 8 is Appendix K to the Opening Expert Report of Dr. Paul Prucnal and contains simulation models of various Qualcomm products.

The information in Exhibits 5 and 8 to the Reply, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing important, proprietary product-designs to Qualcomm's competition.  This information is extremely difficult (and perhaps impossible) to independantly ascertain, so its secrecy has great value to Qualcomm.  Because these documents contain this confidential and proprietary technical information, they should not be accessible to the public.

## III.    DURATION OF SEAL

Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply should be sealed for the duration of this lawsuit and any subsequent appeal.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the technical information and the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply will persist beyond one year.

## IV.    AUTHORITY IN SUPPORT OF SEALING EXHIBIT 8 TO THE REPLY AND AN UNREDACTED VERSION OF EXHIBIT 5 TO THE REPLY

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents.  *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).  Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

   The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The likelihood of injury to Qualcomm if Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply are placed into the public domain is great because doing so would expose Qualcomm's confidential information to its competitors and potential business partners, and filing them under seal would protect the confidential nature of that information.  *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc.*, et al., No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the highly technical information contained in Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply that would ensure their contents remain confidential while allowing the Court to review them as necessary to reach a decision on the merits.  *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that Exhibit 8 to the Reply and an unredacted version of Exhibit 5 to the Reply be sealed.

3

V.     CONCLUSION

         Accordingly, Qualcomm respectfully requests permission to file Exhibit 8 to

Qualcomm's Reply Memorandum in Support of its Motion for Partial Summary Judgment and

an unredacted version of Exhibit 5 to the Reply under seal.


July 11, 2013

                              Respectfully submitted,

                        COOLEY LLP

                        By:    s/ Timothy S. Teter
                               Stephen C. Neal (admitted pro hac vice)
                               nealsc@cooley.com
                               Timothy S. Teter (admitted pro hac vice)
                               teterts@cooley.com
                               Five Palo Alto Square
                               3000 El Camino Real
                               Palo Alto, CA 94306-2155
                               Telephone:  (650) 843-5182
                               Facsimile:  (650) 849-7400

                                   -and-

                        CRAVATH, SWAINE & MOORE LLP
                               Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
                               khummel@cravath.com
                               David Greenwald (admitted pro hac vice)
                               dgreenwald@cravath.com
                               Worldwide Plaza
                               825 Eighth Avenue
                               New York, New York 10019
                               Telephone:  (212) 474-1000
                               Facsimile:  (212) 474-3700

                                   -and-

                                    4

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.

John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="margin-left: 40%;">

s/ Timothy S. Teter

Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5182
Facsimile:  (650) 849-7400
*Attorney for Defendant Qualcomm Incorporated*

</div>

6