**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

      Plaintiff,

vs.                                     CASE NO. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

      Qualcomm.

_____

QUALCOMM INCORPORATED,

      Counterclaim Plaintiff,

vs.

PARKERVISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC,

      Counterclaim Defendants.

_____

## O R D E R

    This case is before the Court on ParkerVision's Motion to Compel Expert Discovery (Doc. #255, "Motion to Compel") and Qualcomm's Response to ParkerVision's Motion to Compel Expert Discovery (Doc. #267, "Response").  ParkerVision seeks to compel Qualcomm to produce expert reports, deposition transcripts, and trial transcripts from previous cases in which Qualcomm's experts, Dr. Tim A. Williams and Dr. Gregory Leonard, testified on behalf of Qualcomm regarding wireless telecommunications technologies.  Motion to Compel at 1.  The Court has reviewed the Motion to Compel and the Response and has given due consideration to the arguments of the parties.

ParkerVision argues the experts' reports and testimony from previous cases are discoverable for several reasons.  ParkerVision first argues the information is relevant because it relates to the expected testimony in this case, and even if not, ParkerVision claims it is entitled to use the information for impeachment purposes.  Motion to Compel at 7-11.  Second, ParkerVision states the request is timely because it was filed prior to the expert discovery deadline of May 10, 2013.  Motion to Compel at 11.  Third, ParkerVision asserts its request is narrowly tailored and not unduly burdensome because it is only requesting previous reports and testimony from cases in which the experts testified on behalf of Qualcomm, and it is likely that Qualcomm either has the information on hand or can access it with relative ease.  Motion to Compel at 11-12.  Finally, ParkerVision states it will redact anything that could jeopardize the confidentiality of any third-party information contained in the materials requested, and all other information contained in the materials will be subject to the parties' Confidentiality Agreement in this case.[1]  Motion to Compel at 12.

Conversely, Qualcomm argues it should not be compelled to produce the information requested by ParkerVision, also  for several reasons.  First, Qualcomm claims that neither the Federal Rules of Civil Procedure or the Local Rules require the disclosure of this information as expert discovery.  Response at 3-6.  Second, Qualcomm argues the request is untimely as the last date for ParkerVision to request this type of information was 30 days prior to the close of the fact discovery deadline of November 30, 2012.  Response at 6-11.  Qualcomm additionally argues the information requested is irrelevant as the testimony of

---

[1] An executed copy of the parties' Confidentiality Agreement may be found attached as Exhibit B to the Motion to Compel.

Qualcomm's experts in previous cases is unrelated to their expected testimony in this case, and ParkerVision has failed to show any basis for its claimed entitlement to these materials for impeachment purposes.  Response at 11-17.

After much review and consideration of this matter, the Court finds ParkerVision's Motion to Compel seeks information outside the scope of expert discovery under Rule 26(b)(4) and outside the expert disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Under a broad construction of ParkerVision's request for prior expert reports, prior expert deposition transcripts and prior trial testimony transcripts, however, the Court finds these discovery materials fall within the ambit of Rule 26(b)(1) for general fact discovery.[2]  Whereas the scope of expert discovery set forth in Rule 26(a)(2) and 26(b)(4) is specific and limited by the terms stated in the rule sub-parts, general fact discovery under Rule 26(b)(1) is to be broadly and liberally interpreted within its terms.  *See Hickman v. Taylor*, 329 U.S. 495, 506 (1947) (stating deposition discovery rules are to be accorded broad and liberal treatment); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir.  2011) (stating under Rule 26(b)(1) the district courts have broad authority to control the scope of discovery); *Giraldo v. Drummond Co. Inc.*, No. 2:09-CV-01041-RDP, 2012 WL 2358297, *1 (N.D. Ala. Jun. 15, 2012) (finding courts are required to accord discovery a broad and liberal scope) (citations omitted); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, *1 (S.D. Fla. May 22,

---

[2]The Court recognizes that in many instances a scheduling order may not make any distinction, including deadlines, for expert discovery and general fact discovery.  In this case, however, the distinction was established with the original CMSO (Doc. #84) and the parties have been aware of it throughout the progress of this case.  Moreover, it is the parties disagreement over discovery matters that has led the Court to draw the distinctions discussed herein.

2007) (finding "[e]ven after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of discovery rules") (citations omitted).

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.1993); *Lee v. Etowah County Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir.1992). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion, which resulted in "substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir.1991)*; see also, Commercial Union Ins. Co.,* 730 F.2d at 731. In order to decide whether motions to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . " Fed. R. Civ. P. 26(b)(1). On the facts presented, the Court finds discovery of prior expert reports and prior testimony of Qualcomm's current experts is relevant to both claims and defenses raised in this action, and may lead to the discovery of admissible evidence. However, the inquiry and analysis does not stop at this point.

The enlarged fact discovery period closed on November 30, 2012 (*see* Doc. #108, Amended Case Management and Scheduling Order (Amended "CMSO") at 2). After entry of the Amended CMSO, the expert discovery deadline was again extended twice, ultimately to May 10, 2013, at the request of the parties (*see* Endorsed Orders at Docs. #245, #255).

ParkerVision's Motion to Compel Expert Discovery was filed on April 19, 2013.

Qualcomm disclosed to ParkerVision its hiring of Dr. Leonard as a consultant in connection with this matter on July 17, 2012. *See* Response, Ex. 1.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and the parties' Confidentiality Agreement, Qualcomm provided a list of all other cases in which Dr. Leonard testified within the previous six years. Response, Ex. 1 at 15-19, 23-26.  On September 19, 2012, Qualcomm disclosed to ParkerVision the hiring of Dr. Williams and provided a list of cases in which Dr. Williams had testified within the previous six years. *See* Response, Ex. 2.  With disclosure of the lists of cases, ParkerVision was put on notice that Qualcomm had used these experts in  past litigations.  When Qualcomm disclosed these experts to ParkerVision in 2012, it also put ParkerVision on notice that Dr. Leonard and Dr. Williams would be viewing the confidential and proprietary discovery materials subject to the mutually agreed upon Confidentiality Agreement. *See Response*, Ex. 1 at 1, Ex. 2 at 1.

ParkerVision argues the fact it requested these materials from Qualcomm "mere days after the . . . service of the Williams and Leonard reports" demonstrates its request in the instant motion is timely made.  Motion to Compel at 11.   Qualcomm argues the requested materials fall outside its disclosure and report requirements for experts, and thus at best would be considered an untimely request for fact discovery.  Response at 1-11.  Thus, the present dispute hinges on the determination of whether the sought materials fall under the umbrella of fact discovery versus expert discovery.

During the fact discovery period, ParkerVision propounded discovery requests, similar to what is presently in dispute, on Qualcomm and on a third party involving expert reports and various documents from previous litigations.  On August 14, 2012, ParkerVision

5

served its Third Request for Production of Documents, ESI, and Things to Defendant Qualcomm Incorporated.  *See* Response, Ex. 5.  This Rule 34 request for the production of documents pertained solely to the earlier case of *Qualcomm, Inc. v. Broadcom, Inc.*, Civ. Action No. 05-CV-1958-B(BLM), in the Southern District of California.  *See id.*   Among other things, ParkerVision asked Qualcomm to produce its expert reports and non-confidential documents attached as exhibits to those reports.   *Id.*   In response on September 17, 2012, Qualcomm objected to each request, in part due to relevancy and burden.   Response, Ex. 6.   Additionally, it is notable that ParkerVision also sought information from the business of which one of Qualcomm's other experts in this case is the CEO and chairman of the board.   *See* Response at Ex. 1.  James Malackowski, of an IP consulting firm called Ocean Tomo was disclosed to ParkerVision on July 17, 2012.  *See id.*  On September 28, 2012 ParkerVision issued a subpoena duces tecum out of the Northern District of Illinois to Ocean Tomo requesting documents showing any work the company had done for Qualcomm in the past five years, a request which presumably encompassed similar documents ParkerVision now seeks to compel from Qualcomm. *See* Response, Ex. 8.  Ocean Tomo responded by filing objections to the subpoena on October 15, 2012 in the Northern District of Illinois, but the Court has not been advised as to the resolution of that matter.  *See* Response at 12 n.5 & Ex. 9.  Qualcomm, however, states it believes Ocean Tomo did not produce anything in response to the subpoena.  Response at 12 n.5.

On these facts, it is clear ParkerVision sought substantially similar discovery from Qualcomm and from another of Qualcomm's experts disclosed in this case during the fact discovery period.  It is also clear, ParkerVision was made aware in September-October

2012 that Qualcomm would not produce this type of discovery unless ordered by the Court, nor would Malackowski's consulting firm, Ocean Tomo.   Additionally, ParkerVision acknowledges its belief the disputed discovery under the present Motion to Compel existed "[a]s early as March 13, 2012," which it could have sought to compel upon the disclosure of experts Drs. Leonard and Williams in July and September 2012.  *See* Motion to Compel at 2.  Yet, ParkerVision did not move the Court to compel such discovery until *less than* thirty days before the expert discovery deadline of May 10, 2013.

While both parties make arguments pertaining to the issue of the timeliness of the request, neither cited any authoritative law that clarifies whether a request for the production of such materials should be subject to the expert discovery deadline provided in the Amended CMSO.[3]  The question is left to the Court's discretion. *See Lee v. Etowah County Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir.1992) (finding discovery matters are committed to the discretion of the district court); *Commercial Union Insurance Co.,* 730 F.2d at 731 (finding the district courts are to exercise sound discretion in discovery matters).  In this instance, based on the specifics of the request and the circumstances of this case, the prior reports and prior testimony of Qualcomm's experts properly fall under the umbrella of overall fact discovery and any discovery of these items was subject to the enlarged November 30, 2012 deadline.

The undersigned agrees with Qualcomm that the expert discovery period in the Amended CMSO does not provide an extended period of document discovery related to

---

[3]The initial CMSO (Doc. #84) outlines the parameters of the Disclosure of Expert Testimony, the overall Limits on Discovery, and the "Discovery Deadline."  CMSO at 5-6.

7

the disclosed experts; rather, it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions. *See* Response at 10-11. The reason both parties asked the Court to extend the expert discovery deadline from May 3, 2013 to May 10, 2013 was to provide additional time to complete depositions of the experts (*see* Doc. # 250, "Joint Motion to Extend Expert Discovery").

The plain language of Federal Rule of Civil Procedure 16(b) requires the party seeking to enlarge an established deadline demonstrate good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not define good cause, but the advisory committee note indicates that good cause exists if the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.*, No. 11-14534, 2013 WL 2436467, *2 (11th Cir. Jun. 6, 2013).[4] In this instance, the party seeking to compel additional discovery is the party seeking to obtain that discovery outside of the established deadline.

Although ParkerVision may argue it was unaware that the discovery sought by the instant Motion to Compel would not be accepted by the Court as "expert discovery," such argument is not persuasive given the army of lawyers employed to pursue ParkerVision's interests in this action, and the plain language of Rule 26(a)(2) and Rule 26(b)(4).[5] Moreover, as noted above, ParkerVision sought this same discovery, or same type of

---

[4]Unpublished opinions have been cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

[5]The undersigned notes Qualcomm's army of lawyers is of similar strength and size.

discovery, earlier in these proceedings.  The cases cited by ParkerVision in support of its Motion to Compel are not persuasive on the facts before this Court.  In *Jeld-Wen*, the court utilized the overall liberal discovery standard in determining whether to compel a prior relevant settlement agreement.  *See Jeld-Wen*, 2007 WL 1526649 at *1-4.  In *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 U.S. Dist. LEXIS 34879 (N.D. Ill. Apr. 29, 2008), the court found prior deposition and trial testimony of the plaintiff's six disclosed experts was relevant "under Fed. R. Civ. P. 26(b)(1)."  2008 U.S. Dist. LEXIS 34879 at *2-5.  In *Jencks v. New Hampshire Motor Speedway, Inc.*, No. 09-cv-205-JD, 2011 U.S. Dist. LEXIS 113988 (D.N.H. Oct. 3, 2011), the court quoted from Rule 26(b)(1) in determining whether prior deposition testimony and opinions of experts in other cases should be compelled, ultimately directing counsel to confer about the best means for searching the expert's records.  2011 U.S. Dist. LEXIS 113988 at *9-14.  In *SEC v. Huff*, No. 08-60315-CIV-ROSENBAUM, 2010 U.S. Dist. LEXIS 6916 (S.D. Fla. Jan. 13, 2010), the court construed SEC's motion in limine as a motion to compel, found it timely filed, quoted relevant parts of Rule 26(b) and used the Advisory Committee Notes to Rule 26 to "allow a broad search for facts" of the expert's "documents reflecting sworn testimony given . . . in the last four years."  2010 U.S. Dist. LEXIS 6916 at *11-17.

Well before November 30, 2012 passed, ParkerVision knew, or should have known, the information it now seeks may fall within the broad parameters of Rule 26(b)(1), but not the more limited scope of expert discovery.  Review of the record reveals neither side has been hesitant to file motions to compel in this litigation.  The instant Motion to Compel should have been filed prior to the close of the fact discovery period.  ParkerVision has not made the requisite showing of good cause that it was unable to move to compel the

previous expert reports and testimony transcripts of Qualcomm's current experts before the close of the fact discovery period. *See* Fed. R. Civ. P. 16(b)(4).

For the reasons stated herein, ParkerVision's Motion to Compel Expert Discovery (Doc. #255) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 17th    day of July, 2013.

Copies to all counsel of record
        and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

10