**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

vs.

QUALCOMM INCORPORATED,

    Defendant.

QUALCOMM INCORPORATED,

    Counterclaim Plaintiff,

vs.

PARKERVISION, INC.; and STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

    Counterclaim Defendants.

Case No. 3:11-cv-719-J-37TEM

**ORDER**

This cause is before the Court on ParkerVision's Unopposed Motion to Reschedule Pretrial Conference (Doc. 315), filed July 31, 2013. In its motion, ParkerVision seeks a continuance of the final pretrial conference because its "three senior lead counsel in this action" will be participating in an administrative proceeding before the U.S. International Trade Commission ("ITC") from September 17 through September 24. (*Id.*) Qualcomm does not oppose the motion. (*Id.*) ParkerVision proposes continuing the final pretrial conference to September 25, 26, or 27. (*Id.*)

Local Rule 3.09(a) provides that a court proceeding cannot be continued by agreement of counsel alone, but that a proceeding may be continued "by order of the

Court for good cause shown." In this case, the motion is short on specifics. ParkerVision provides no details regarding the conflict other than to identify the ITC trial dates.

The pretrial conference in this action was set on December 26, 2012. The Court is informed that there is a matter pending before Administrative Law Judge David Shaw of the ITC on the dates specified in which PakerVision's counsel's *law firm* has appeared. The Court is also informed that Judge Shaw set the trial in that matter on April 18, 2013. The motion, however, did not provide this information and did not specify the date on which counsel became aware of the conflict. On this record, ParkerVision has not shown good cause to continue the final pretrial conference.

Nor does the Court believe that a continuance is necessary. The Case Management and Scheduling Order requires only lead trial counsel and local counsel to appear in person at the pretrial conference. (Doc. 18, p. 14); *see also* Local Rule 3.06(d). Of the three attorneys identified in the motion only Mr. Cawley, who has been consistently designated as lead counsel of a team of sixteen attorneys, is therefore required to attend the final pretrial conference in this action. The Court recognizes that Mr. Cawley may be deemed indispensable to the prosecution or defense of the matter before the ITC. Therefore, the Court grants leave to ParkerVision to designate an attorney to appear at the final pretrial conference in his place. If ParkerVision chooses to designate an attorney to appear at the Final Pretrial Conference in place of Mr. Cawley, it shall inform Qualcomm and the Court's courtroom deputy, Virginia Flick, no later than August 30, 2013. Any attorney who is so designated shall be familiar with all aspects of the case and shall have full authority to resolve any issue that is raised at the final pretrial conference.

Further, while sympathetic to reasonable requests from counsel, the Court

cannot accommodate the continuance requested in this matter.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

ParkerVision's Unopposed Motion to Reschedule Pretrial Conference (Doc. 315) is **DENIED**. ParkerVision may designate an attorney to appear at the Final Pretrial Conference in place of Mr. Cawley as discussed in this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on August 1, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record