UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

        *Plaintiff*,

        v.

QUALCOMM INCORPORATED,

        *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

# QUALCOMM'S MOTION TO PHASE TRIAL PROCEEDINGS

This patent case presents two discrete sets of issues. First, the jury must apply the asserted claims as construed by the Court to the accused products and prior art. Second, to the extent any claims are found valid and directly infringed, the jury must decide the issues of inducement, willfulness and damages. Addressing those issues requires scrutinizing large volumes of evidence regarding both (1) Qualcomm's state of mind over the last fifteen years and (2) the incremental monetary value, if any, of the claimed inventions in light of the prior art, the numerous unclaimed features included in the accused products and Qualcomm's own contributions to designing, manufacturing, marketing, and selling the accused products.

To aid the jury and promote judicial and party economies, Qualcomm respectfully moves to phase the trial into a first phase for direct infringement and validity and a second phase for indirect infringement, willful infringement and damages. Qualcomm requests that the same jury hear both phases and that these phases run sequentially. As detailed below, phasing has many benefits: it would allow the jury to focus on applying the claims to the accused products and prior art, and it could dramatically narrow or eliminate the need to address inducement, willfulness and damages.

**Argument**

Rule 42(b) gives district courts broad discretion to bifurcate or phase trials. Fed. R. Civ. P. 42(b) ("[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues"). Both the Federal Circuit and the Eleventh Circuit have made clear that district courts have the power to try issues separately. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319 (Fed. Cir. 2013) ("we wish to make clear that district courts, in their discretion, may bifurcate willfulness and damages issues from liability issues in any given case"); *Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1078 (11th Cir. 1994).

Courts in this District have used this authority to phase patent trials into sequential portions. For example, the Court phased the trial in *Rembrandt Vision Technologies*; because the jury rendered a verdict of no liability in the first phase, the jury, the parties and the Court avoided the need to address the remaining issues in that case. *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, Case No. 3:11-cv-819-J-32JRK, dkt. 249 at 1 (M.D. Fla. Apr. 23, 2012).[1]

A.  **Phasing Would Allow the Jury To Focus on the Threshold Issues of Infringement and Validity.**

Trial of this matter should be phased to allow the jury to focus first on direct infringement and validity. The evidence on these matters will largely, if not exclusively, be given through the parties' technical experts. ParkerVision currently accuses 71 Qualcomm products—including those for cell phones, Wi-Fi equipment, Bluetooth devices and GPS devices—of infringing 84 claims of the patents-in-suit. (*See* dkt. 270-26 at 113.) The jury will be presented with expert testimony about the circuits in these products and how they compare to the asserted claims. In addition, the parties' technical experts will testify regarding multiple prior art references that Qualcomm contends invalidate the asserted claims. (*See* dkt. 248 at 2-4.)

In contrast to direct infringement and invalidity, the remaining issues present a morass of distinct, fact-intensive issues. Indirect infringement imposes a high mental-state requirement. For inducement, ParkerVision must prove that Qualcomm knew that the asserted claims were infringed and valid or subjectively believed there was a high probability of

---

[1] *See also Medtronic Xomed, Inc. v. Gyrus ENT LLC,* 440 F. Supp. 2d 1333, 1338 (M.D. Fla. 2006); *Belmont Textile Machinery Co. v. Superba, S.A.,* 48 F. Supp. 2d 521, 526 (W.D.N.C. 1999); *Hewlett–Packard Co. v. Genrad, Inc.,* 882 F. Supp. 1141, 1158 n. 21 (D. Mass. 1995) (denying motion for bifurcation but encouraging defendant to move for phased proceeding before single jury); *Laitram Corp. v. Hewlett–Packard Co.,* 791 F. Supp. 113, 116 (E.D. La. 1992).

infringement and validity and took deliberate steps to avoid knowing those issues. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Likewise, ParkerVision's willfulness claim requires proof by clear and convincing evidence that Qualcomm infringed the patents-in-suit "despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that this "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

In an attempt to prove these difficult state-of-mind elements, ParkerVision has submitted expert reports with dozens of pages regarding the interactions between ParkerVision and Qualcomm in 1998-99. ParkerVision's exhibit list likewise includes more than 300 exhibits related to the 1998-99 interactions. As detailed in previous briefs, the parties have dramatically different interpretations of this evidence. Presenting those differences to the jury will require a vast array of fact testimony, expert opinions and documentary evidence.

In addition, assessing damages will require detailed analysis of the "hypothetical negotiation" in light of the fifteen *Georgia-Pacific* factors. Again, ParkerVision focuses on the 1998-99 interactions. ParkerVision asserts that the hypothetical negotiation for a non-exclusive, U.S.-only, bare patent license in 2006 should be based on (1) an offer for a risk-free option to an exclusive, worldwide, technology agreement in 1999 and (2) a 9.54-times multiplier manufactured from miscellaneous spreadsheets created during the 1998-99 timeframe. The parties vehemently disagree on the relevance and weight that should be given to those interactions for damages, all of which may be rendered irrelevant if the jury renders a verdict of no liability in the first phase.

In sum, phasing would allow the jury to concentrate on the already difficult tasks of comparing the accused products to the asserted claims (direct infringement) and comparing

3

the asserted claims to the prior art (validity) without getting bogged down in the mountain of additional—and distinct—evidence that will have to be presented to the jury concerning indirect infringement, willful infringement and damages. *See Medtronic*, 440 F. Supp. 2d at 1337.

**B.     Phasing Would Allow the Jury To Hear Only The Evidence on Indirect Infringement, Willful Infringement and Damages That Is Relevant to the Products, If Any, That Have Been Found To Infringe.**

If the jury does not find that any of the accused products directly infringe any valid claims, then evidence does not need to be presented on indirect infringement, willful infringement or damages, resulting in several fewer days of trial. *See Medtronic*, 440 F. Supp. 2d at 1337. The jury would not have to hear testimony from either party's damages expert or supporting fact testimony about Qualcomm's sales and revenue data for Qualcomm products. Testimony from numerous fact witnesses concerning the parties' unsuccessful 1998-99 negotiations would also be unnecessary because those negotiations would not be addressed during the direct infringement and validity phase. Even a finding of liability in the first phase may drastically streamline the evidence needed to be presented in the second phase. If the jury finds that some but not all of the 71 accused products infringe some but not all of the 84 asserted claims, the evidence on the remaining issues can be restricted to only those products and claims. Much time will have been saved by avoiding the presentation of unnecessary evidence, and the jury will be able to more easily tailor any damages award to the products and time periods for which it has found liability.

**Conclusion**

For the reasons set forth above, Qualcomm respectfully requests that the Court phase the upcoming trial, first addressing direct infringement and validity, and then addressing indirect infringement, willful infringement and damages.

August 29, 2013

<div style="padding-left: 2em">

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP


By: <u>s/ Keith R. Hummel</u>
    Keith R. Hummel (admitted pro hac vice) (Trial Counsel)
    khummel@cravath.com
    David Greenwald (admitted pro hac vice)
    dgreenwald@cravath.com
    Worldwide Plaza
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000
    Facsimile: (212) 474-3700


COOLEY, LLP

    Stephen C. Neal (admitted pro hac vice) (Trial Counsel)
    nealsc@cooley.com
    Timothy S. Teter (admitted pro hac vice)
    teterts@cooley.com
    Five Palo Alto Square
    3000 El Camino Real
    Palo Alto, CA 94306-2155
    Telephone: (650) 843-5182
    Facsimile: (650) 849-7400

    -and-

</div>

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 29th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      s/ Keith R. Hummel
      Keith R. Hummel (admitted pro hac vice)
      khummel@cravath.com
      Worldwide Plaza
      825 Eighth Avenue
      New York, New York 10019
      Telephone: (212) 474-1000
      Facsimile: (212) 474-3700
      *Attorney for Defendant Qualcomm Incorporated*

**Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, Defendant's counsel has conferred with counsel for Plaintiff, and counsel for Plaintiff objects to this Motion.

s/ Keith R. Hummel
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
*Attorney for Defendant Qualcomm Incorporated*