**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| PARKERVISION, INC., *Plaintiff*, v. QUALCOMM INCORPORATED, *Defendant*. | Case No. 3:11-cv-719-J-37-TEM |

**QUALCOMM'S UNOPPOSED MOTION TO SEAL**

**I.      INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to file under seal Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18 to its Motions in Limine. Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18 to the Motions in Limine, as well as portions of the Motion itself, are confidential in nature, and it is necessary to file unredacted versions of these documents under seal.  ParkerVision does not oppose this motion.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules.  The party must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R. 1.09.  As demonstrated below, Qualcomm has met each of these requirements as to Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18, and to the Motion in Limine.  As such, the Court should grant Qualcomm's request to file under seal Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18, and an unredacted version of Qualcomm's Motions in Limine.

**II.     LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, AND REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE**

  **A.     Exhibits 1 and 12 Contain Confidential Information About Past Negotiations Between Qualcomm and ParkerVision.**

The following exhibits contain confidential business information regarding past negotiation between Qualcomm and ParkerVision that is relied on in the Motions in Limine to

1

support Qualcomm's arguments regarding the parties' relationship and past history. Qualcomm takes great efforts to maintain the confidentiality of any business strategy related to negotiations with third parties. Because the following exhibits contain Qualcomm confidential information, they should be filed under seal:

1. The unredacted version of Ex. 1 is an internal Qualcomm email, dated May 28, 1999, and contains details regarding confidential terms for a potential agreement between Qualcomm and ParkerVision; and

2. The unredacted version of Ex. 12 is a portion of the Supplemental Expert Report of ParkerVision expert Paul C. Benoit and contains details regarding confidential terms for a potential agreement between Qualcomm and ParkerVision.

The information in Exhibits 1 and 12, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing confidential business strategy relating to its negotiations with third parties. Because these documents contain this confidential information, they should not be accessible to the public.

B. **Exhibits 2, 4, 6, 8, 9, 16 and 18 Contain Confidential and Proprietary Technical Information About ParkerVision's Technology or Business Information.**

1. Exhibit 2 is a Memorandum that Qualcomm sent to ParkerVision on March 25, 1999 regarding Qualcomm's assessment of ParkerVision's D2D technology and contains confidential information regarding ParkerVision's technology;

2. The unredacted version of Exhibit 4 is a letter, dated August 12, 2013, between counsel for Qualcomm and counsel for ParkerVision and contains confidential and proprietary technical information about ParkerVision's technology;

3. Exhibit 6 is an excerpt from the datasheet for PVD2510R that is labeled "Confidential – NDA Required" and contains confidential and proprietary technical information about ParkerVision's technology;

4. Exhibit 8 is an excerpt from ParkerVision's Frequency Downconverter Test, dated May 7, 2013, that is marked "Outside Attorneys' Eyes Only" and contains confidential and proprietary technical information about ParkerVision's technology;

2

    **5.**    The unredacted version of Exhibit 9 is a letter, dated August 16, 2013, between counsel for Qualcomm and counsel for ParkerVision and contains confidential and proprietary technical information about ParkerVision's technology; and

    **6.**    Exhibit 16 is an excerpt from the transcript of the deposition taken of ParkerVision's expert, Dr. Paul Prucnal, on May 9, 2013 and contains confidential and proprietary technical information about ParkerVision's technology and confidential business information.

    **7.**    Exhibit 18 is an excerpt from the transcript of the deposition taken of Jeffrey Parker on December 12, 2012 and contains confidential and proprietary information concerning ParkerVision's technology and business strategy.

Because Exhibits 2, 4, 6, 8, 9, 16 and 18 contain ParkerVision confidential and proprietary information, they should not be accessible to the public.

    **C.**    **Exhibits 11, 13, 16, and 17 Contain Confidential and Proprietary Technical Information About Qualcomm Products.**

The following exhibits contain confidential technical information about Qualcomm products that is relied on in the Motions in Limine to support Qualcomm's arguments regarding the relative value of the technology at issue in this litigation. Qualcomm takes great efforts to protect the confidential technical information in Exhibits 11, 16, and 17 by limiting access within Qualcomm to those that have a "need-to-know," and by not sharing this information external to Qualcomm (outside of litigation discovery) under any circumstances:

    **1.**    Exhibit 11 is a portion of the expert report of Qualcomm's expert, Robert M. Fox, Ph.D, and contains a technical analysis of the design architecture of various components in Qualcomm Accused Products.

    **2.**    The unredacted version of Exhibit 13 is a portion of the expert report of ParkerVision's expert, Dr. Paul Prucnal, and contains a technical analysis of the design architecture of various components in Qualcomm Accused Products;

    **3.**    Exhibit 16 is an excerpt from the transcript of the deposition taken of ParkerVision's expert, Dr. Paul Prucnal, on May 9, 2013 and contains

    confidential and proprietary technical information about Qualcomm's products.

  **4.** Exhibit 17 is an excerpt from simulations completed by ParkerVision's expert, Dr. Paul Prucnal, and contains confidential and proprietary technical information about Qualcomm's products.

The information in Exhibits 11, 13, 16, and 17, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing important, proprietary product details to Qualcomm's competition, including details about its confidential design process. This information is extremely difficult (and perhaps impossible) to independently ascertain, so its secrecy has great value to Qualcomm. Because these documents contain this confidential and proprietary technical information, they should not be accessible to the public.

  **D.** **Qualcomm's Motions in Limine Contain Descriptions of Confidential Content Contained in the Above-Described Documents**

The redacted sections on pages 3, 10, 11, and 21 of the Motions in Limine contain confidential information from the confidential documents described above. Because those documents are of a confidential nature, any portions of the Motions in Limine that reflect confidential information from those documents should remain confidential.

## III. DURATION OF SEAL

Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18, and the unredacted version of Qualcomm's Motions in Limine should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the communications, discussion, and analysis, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of these documents will persist beyond one year.

IV.  **AUTHORITY IN SUPPORT OF SEALING EXHIBITS 1, 2, 4, 6, 8, 9, 11, 12, 13, 16 17 AND 18, AS WELL AS AN UNREDACTED VERSION OF THE MOTIONS IN LIMINE**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm and ParkerVision if Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18 to the Motions in Limine and an unredacted copy of the Motions in Limine are placed into the public domain is great because doing so would expose Qualcomm's and ParkerVision's confidential information to their competitors and potential business partners. Filing these documents under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in these documents is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17 and 18, and an unredacted version of the Motions in Limine that would ensure the confidential contents of these

5

documents remain confidential, while allowing the Court to review them as necessary to reach a decision on the merits.  *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17  and 18 to Qualcomm's Motions in Limine, and an unredacted version of the Motion itself be sealed.

**V.    CONCLUSION**

Qualcomm respectfully requests that the Court seal Exhibits 1, 2, 4, 6, 8, 9, 11, 12, 13, 16, 17  and 18, as well as an unredacted version of Motions in Limine.

August 29, 2013

                      Respectfully submitted,

                      COOLEY LLP

                      By:  /s/ Timothy S. Teter
                            Stephen C. Neal (admitted pro hac vice)
                            nealsc@cooley.com
                            Timothy S. Teter (admitted pro hac vice)
                            teterts@cooley.com
                            Five Palo Alto Square
                            3000 El Camino Real
                            Palo Alto, CA 94306-2155
                            Telephone:  (650) 843-5182
                            Facsimile:  (650) 849-7400

                                  -and-

                      CRAVATH, SWAINE & MOORE LLP
                          Keith R. Hummel (admitted pro hac vice)
                          khummel@cravath.com
                          David Greenwald (admitted pro hac vice)
                          dgreenwald@cravath.com
                          Worldwide Plaza
                          825 Eighth Avenue
                          New York, New York 10019
                          Telephone:  (212) 474-1000
                          Facsimile:  (212) 474-3700

                                  -and-

                BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
                        John A. DeVault, III
                        Florida Bar No. 103979
                        jad@bedellfirm.com
                        Courtney K. Grimm
                        Florida Bar No. 953740
                        cgrimm@bedellfirm.com
                        The Bedell Building
                        101 East Adams Street
                        Jacksonville, Florida 32202
                        Telephone:  (904) 353-0211
                        Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Timothy S. Teter
Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5182
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*