**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| PARKERVISION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> *Defendant*. | Case No. 3:11-cv-719-J-37-TEM |

## QUALCOMM'S OPPOSED MOTION FOR LEAVE TO FILE A 30-PAGE OPPOSITION TO PARKERVISION'S MOTION FOR RULE 37 SANCTIONS AND MOTIONS *IN LIMINE*

## I.   INTRODUCTION

Qualcomm moves for leave to file a 30-page opposition to ParkerVision's Motion for Rule 37 Sanctions and Motions *In Limine* in order to adequately respond to unfair accusations that ParkerVision has made regarding the third-party VIA production.[1]   ParkerVision received and used an additional 10 pages in its motion to address the VIA production.   The Court's Case Management Order requires that responses to motions *in limine* be "limited to 20 pages without leave of court."   (Dkt. 84 at 4, 9.)   In light of this rule and due to the complex nature of this case, as well as ParkerVision's extended motion for Rule 37 sanctions, Qualcomm is unable to fully brief its opposition within the 20-page limit.   Accordingly, Qualcomm seeks an additional 10 pages to address ParkerVision's allegations about the VIA production.

### A.     ParkerVision Has Sought a Drastic Sanction

Good cause exists for granting Qualcomm the right to file an oversize brief.   In its Rule 37 Motion for Sanctions, ParkerVision seeks a drastic discovery sanction.   Due to an inadvertent error by Qualcomm's outside counsel, the third party VIA production was not transmitted to ParkerVision's outside counsel.   However, as will be explained in the opposition, counsel for Qualcomm had reason to believe and did believe that it had sent the production to ParkerVision in October 2012.   Now, because of the inadvertent mistake by outside counsel, ParkerVision seeks to exclude all evidence about VIA, including the license agreement ParkerVision itself entered with VIA.   Such exclusion would be a drastic and unnecessary response to this discovery error.

Moreover, ParkerVision was not prejudiced by the late production with regard to the license agreement.   As a party to the agreement, ParkerVision has had access to the agreement—

---

[1] Qualcomm certifies that it has met and conferred regarding this motion as required by Local Rule 3.01(g), and that ParkerVision objects to the relief requested in this motion.

and any documents exchanged with VIA during the course of the negotiations—throughout this case. Indeed, ParkerVision produced the VIA license agreement almost 10 different times during discovery. Moreover, because the license agreement is fully integrated, any internal documents from VIA do not and cannot have any impact on its terms.

ParkerVision has rejected Qualcomm's attempts to craft a mutually agreeable remedy for the transmittal error. Instead, ParkerVision seeks to take advantage of this mistake by expanding any exclusion of evidence well past any non-cumulative documents that were not forwarded. For example, ParkerVision seeks to exclude any and all references to the ParkerVision-VIA license agreement itself, which refutes ParkerVision's exorbitant damages claim in this case. Because ParkerVision's drastic request overreaches any reasonable remedy for the transmittal error made by Qualcomm's outside counsel, Qualcomm seeks leave to address the VIA production fully in its response.

### B.   ParkerVision Requested and Received Leave to File 10 Extra Pages

On August 28, 2013, ParkerVision requested and received an additional 10 pages for its motions *in limine* in order to set forth its version of the facts regarding the VIA production. Qualcomm respectfully requests that it be given a fair opportunity to adequately respond to these allegations—particularly because ParkerVision's motion is incomplete and misleading in material respects. Qualcomm requests an additional 10 pages in its opposition, so that it has an opportunity to provide the court with a full picture of the production issue without, at the same time, having to forfeit arguments to other ParkerVision motions *in limine.* ParkerVision has raised 19 motions *in limine* in addition to the motion for Rule 37 sanctions. The additional 10 pages that Qualcomm now requests are necessary in order to adequately respond to both ParkerVision's Motion for Rule 37 Sanctions and Motions *In Limine.*

While Qualcomm intends to tailor its opposition to ParkerVision's motion as narrowly and directly as possible, the true facts concerning the VIA production require full and accurate explanation.  For these reasons, Qualcomm respectfully asserts that it has shown good cause to increase the page limit by 10 pages for its opposition to ParkerVision's Motion for Rule 37 Sanctions and Motions *In Limine*.

## II.   CONCLUSION

ParkerVision sought and was granted leave to file a 35-page motions *in limine* brief, so that it could move for Rule 37 sanctions precluding the VIA evidence.  Qualcomm now respectfully requests the same 10-page extension, for a total of 30 pages, in order to adequately respond to ParkerVision's incomplete and inaccurate accusations and the drastic evidentiary sanctions it now seeks.

September 9, 2013

Respectfully submitted,

COOLEY LLP

By:      /s/ Timothy S. Teter
          Stephen C. Neal (admitted pro hac vice)
          nealsc@cooley.com
          Timothy S. Teter (admitted pro hac vice)
          teterts@cooley.com
          Five Palo Alto Square
          3000 El Camino Real
          Palo Alto, CA 94306-2155
          Telephone:  (650) 843-5182
          Facsimile:  (650) 849-7400

              -and-

CRAVATH, SWAINE & MOORE LLP
    Keith R. Hummel (admitted pro hac vice)
    khummel@cravath.com
    David Greenwald (admitted pro hac vice)
    dgreenwald@cravath.com
    Worldwide Plaza
    825 Eighth Avenue
    New York, New York 10019
    Telephone:  (212) 474-1000
    Facsimile:  (212) 474-3700

        -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
    John A. DeVault, III
    Florida Bar No. 103979
    jad@bedellfirm.com
    Courtney K. Grimm
    Florida Bar No. 953740
    cgrimm@bedellfirm.com
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone:  (904) 353-0211
    Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on this 9th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="margin-left:35%;">

/s/ Timothy S. Teter
_____
Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5182
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*

</div>