UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

v.                                                                            Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.

## PARKERVISION'S UNOPPOSED MOTION
## FOR LEAVE TO FILE UNDER SEAL

**I.   INTRODUCTION**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to (i) publicly file a redacted version of its Opposition to Qualcomm's Motion in Limine ("ParkerVision's MIL Opposition"); (ii) file under seal the unredacted version of ParkerVision's MIL Opposition; (iii) file under seal Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition and (iv) file under seal Exhibits 7 and 8 to ParkerVision's Opposition to Qualcomm's Motion to Phase Trial Proceedings ("ParkerVision's Phase Opposition").

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the

1

proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition, Exhibits 7 and 8 to ParkerVision's Phase Opposition, and the unredacted version of ParkerVision's MIL Opposition. As such, the Court should grant their request to file these documents under seal.

II.  **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

   A.  **Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition and Exhibits 7 and 8 to ParkerVision's Phase Opposition Contain Confidential and Proprietary Information About Qualcomm's Financials, Qualcomm's Contracts, ParkerVision's Contracts, and ParkerVision's Technology**

ParkerVision and Qualcomm agree that the following exhibits contain confidential information and should be filed under seal:

(1) Exhibit 1 to ParkerVision's MIL Opposition includes excerpts from Paul Benoit's Opening Report, in which he discusses the 1998-1999 licensing negotiations between ParkerVision and Qualcomm that contain confidential and proprietary information.

(2) Exhibit 4 to ParkerVision's MIL Opposition includes excerpts from Paul Prucnal's Opening Report, in which he discusses ParkerVision designs and device performance, that contain confidential and proprietary information.

(3) Exhibit 5 to ParkerVision's MIL Opposition includes excerpts from Paul Prucnal's Rebuttal Report, in which he opines on Qualcomm's analysis and internal discussions of ParkerVision's technology, that contain confidential and proprietary information.

(4) Exhibit 10 to ParkerVision's MIL Opposition is a technical overview of a new ParkerVision product that includes confidential and proprietary information.

(5) Exhibit 16 to ParkerVision's MIL Opposition includes excerpts from ParkerVision's interrogatory responses describing confidential technology, knowledge, and files of ParkerVision and its executives.

(6) Exhibit 18 to ParkerVision's MIL Opposition includes excerpts from ParkerVision's interrogatory responses describing confidential technology, knowledge, and files of ParkerVision and its executives.

(7) Exhibit 19 to ParkerVision's MIL Opposition is a ParkerVision planning document that includes confidential and proprietary technical and financial information.

(8) Exhibit 23 to ParkerVision's MIL Opposition contains excerpts from the deposition of Jeff Parker that include confidential and proprietary information.

(9) Exhibit 24 to ParkerVision's MIL Opposition also contains excerpts from the deposition of Jeff Parker that include confidential and proprietary information.

(10) Exhibit 29 to ParkerVision's MIL Opposition contains excerpts from the deposition of Tim Williams that include confidential and proprietary information.

(11) Exhibit 31 to ParkerVision's MIL Opposition contains excerpts from the deposition of Robert Fox that include confidential and proprietary information.

(12) Exhibit 33 to ParkerVision's MIL Opposition is an appendix to Paul Prucnal's Opening Report, in which he discusses simulations and results from simulations related to Qualcomm's technology, that contains confidential and proprietary information.

(13) Exhibit 34 to ParkerVision's MIL Opposition contains excerpts from the deposition of Dr. Paul Prucnal that include confidential and proprietary information.

(14) Exhibit 35 to ParkerVision's MIL Opposition is an internal ParkerVision email chain between Jeffrey Leach, Gregory Rawlins, and Jeff Yarnell which contains confidential and proprietary information.

(15) Exhibit 7 to ParkerVision's Phase Opposition includes excerpts from Paul Prucnal's Opening Report, in which he opines that certain Qualcomm documents and communications establish strong secondary considerations of non-obviousness, that contain confidential and proprietary analysis.

(16) Exhibit 8 to ParkerVision's Phase Opposition includes excerpts from Paul Prucnal's Rebuttal Report, in which he opines that certain Qualcomm documents and communications establish strong secondary considerations of non-obviousness, that contain confidential and proprietary analysis.

    **B.**    **The Unredacted Version of ParkerVision's MIL Opposition Contains Descriptions of the Confidential Content of the Above-Described Documents.**

The redacted sections of ParkerVision's MIL Opposition contain confidential information from the documents described above. Because of the confidential financial, business, and technical content, those excerpts from ParkerVision's MIL Opposition should be filed under seal.

**III.**    **DURATION OF SEAL**

Qualcomm and ParkerVision agree that the unredacted version of ParkerVision's MIL Opposition, Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition, and Exhibits 7 and 8 to ParkerVision's Phase Opposition should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the communications, discussion and analysis and the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of an unredacted version of Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition, Exhibits 7 and 8 to ParkerVision's Phase Opposition, and the unredacted version of ParkerVision's MIL Opposition will persist beyond one year.

**IV.**    **AUTHORITY IN SUPPORT OF SEALING AN UNREDACTED VERSION OF PARKERVISION'S MIL OPPOSITION, EXHIBITS 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 TO PARKERVISION'S MIL OPPOSITION, AND EXHIBITS 7 AND 8 TO PARKERVISION'S PHASE OPPOSITION.**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of

and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted version of ParkerVision's MIL Opposition, Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition, and Exhibits 7 and 8 to ParkerVision's Phase Opposition present just such an instance. The likelihood of injury to the parties if these documents are placed into the public domain is great, and filing under seal would protect their confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted version of ParkerVision's MIL Opposition, Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to ParkerVision's MIL Opposition, and Exhibits 7 and 8 to ParkerVision's Phase Opposition is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the documents that would ensure that their contents remain confidential while allowing the Court to review them as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision and Qualcomm respectfully request that the unredacted version of ParkerVision's MIL Opposition, Exhibits 1, 4, 5, 10, 16, 18, 19, 23, 24, 29, 31, and 33-35 to

ParkerVision's MIL Opposition, and Exhibits 7 and 8 to ParkerVision's Phase Opposition be sealed.

September 16, 2013

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| /s/ *Douglas A. Cawley* | /s/ *James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard A. Kamprath | Florida Bar Number 901253 |
| Texas State Bar No.: 24078767 | 225 Water Street, Suite 1800 |
| rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| Ivan Wang | (904) 359-7700 |
| Texas State Bar No.: 24042679 | (904) 359-7708 (facsimile) |
| E-mail: iwang@mckoolsmith.com | jbolling@smithhulsey.com |
| McKool Smith P.C. | |
| 300 Crescent Court, Suite 1500 | **ATTORNEYS FOR PLAINTIFF** |
| Dallas, Texas 75201 | **PARKERVISION, INC.** |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, September 16, 2013, I served the foregoing on all counsel of record via ECF.

*/s/ Leah Buratti*
Leah Buratti

## LOCAL RULE 3.01(g) CERTIFICATION

On September 16, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

*/s/ Leah Buratti*
Leah Buratti