## UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PARKERVISION, INC.,

                *Plaintiff*,

        v.                          Case No. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

                *Defendant*.

## QUALCOMM'S UNOPPOSED MOTION TO SEAL

**I.     INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to file under seal Exhibits A, C, E, G, H, and L to its Opposition to ParkerVision, Inc.'s ("ParkerVision") Motions In Limine and Request for Rule 37 Sanctions (the "Opposition").  Exhibits A, C, E, G, H, and L to the Opposition, as well as portions of the Opposition itself, are confidential in nature, and it is necessary to file unredacted versions of these documents under seal.  ParkerVision does not oppose this motion.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules.  The party must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R. 1.09.  As demonstrated below, Qualcomm has met each of these requirements as to Exhibits A, C, E, G, H, and L and to the Opposition itself.  As such, the Court should grant Qualcomm's request to file under seal Exhibits A, C, E, G, H, and L and an unredacted version of Qualcomm's Opposition.

**II.    LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, AND REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE**

**A.     Exhibit L Contains Confidential Information About An Agreement Entered into by ParkerVision with a Third Party.**

The following exhibit contains confidential business information regarding ParkerVision's agreement with a third party that is relied on in the Opposition to support

Qualcomm's arguments regarding ParkerVision's history of licensing and product development and the damages analysis in this case.

      **1.**    Ex. L is a portion of the confidential licensing agreement between ParkerVision and Via Telecom Co., Ltd., a third party.

Because this document contains ParkerVision confidential business information, it should not be accessible to the public.

    **B.**    **Exhibits C and E Contain Confidential and Proprietary Technical Information About ParkerVision's Technology or Business Strategy.**

The following exhibits contain confidential information regarding ParkerVision's technology or business strategy that is relied on in the Opposition to support Qualcomm's arguments regarding the parties' relationship and past history and the technology at issue in this case. Because the following exhibits contain ParkerVision confidential information, they should be filed under seal:

      **1.**    Exhibit C is a ParkerVision document regarding NASDAQ Compliance that contains confidential information regarding ParkerVision's business strategy and is marked Outside Attorneys' Eyes Only; and

      **2.**    Exhibit E is a portion of the expert report of ParkerVision's expert, Dr. Paul Prucnal, and contains a technical analysis of ParkerVision's energy sampling technology.

The information in Exhibits C and E, if made public, would cause ParkerVision substantial competitive harm in the marketplace by revealing confidential technology and business information. Because these documents contain this confidential information, they should not be accessible to the public.

    **C.**    **Exhibits A, G and H Contain Confidential and Proprietary Technical Information About Qualcomm Products and Confidential Information Regarding Qualcomm Product Sales.**

The following exhibits contain confidential technical information about Qualcomm products that is relied on in the Opposition to support Qualcomm's arguments regarding the

relative value of the technology at issue in this litigation. Qualcomm takes great efforts to protect the confidential technical information in Exhibits A, G and H by limiting access within Qualcomm to those that have a "need-to-know," and by not sharing this information external to Qualcomm (outside of litigation discovery) under any circumstances:

1. Exhibit A is a portion of the Expert Report of ParkerVision's expert, Paul C. Benoit, and contains confidential proprietary technical and economic information concerning Qualcomm's products and sales;

2. Exhibit G is a portion of the expert report of Qualcomm Robert M. Fox, Ph.D and contains a technical analysis of the design architecture of various components in Qualcomm Accused Products; and

3. Exhibit H is a portion of the Rebuttal Expert Report of Qualcomm expert Tim A. Williams and contains confidential technical information concerning Qualcomm non-accused and accused products.

The information in Exhibits A, G and H, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing important, proprietary product details to Qualcomm's competition, including details about its confidential design process. This information is extremely difficult (and perhaps impossible) to independently ascertain, so its secrecy has great value to Qualcomm. Moreover, the information concerning sales of Qualcomm products, if made public, would cause Qualcomm substantial competitive harm in the marketplace by revealing confidential profit and revenue figures for its products. Because these documents contain this confidential and proprietary technical information, they should not be accessible to the public.

   **D.   Qualcomm's Opposition to ParkerVision's Motions in Limine and Request for Rule 37 Sanctions Contains Descriptions of Confidential Content Contained in the Above-Described Documents**

The redacted sections on pages 1, 2, 4, 5, 12, 13, 17, and 25 of the Opposition contain confidential information from the confidential documents described above. Because those

documents are of a confidential nature, any portions of the Opposition that reflect confidential information from those documents should remain confidential.

## III. DURATION OF SEAL

Exhibits A, C, E, G, H, and L and the unredacted version of Qualcomm's Opposition should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the communications, discussion, and analysis, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of these documents will persist beyond one year.

## IV. AUTHORITY IN SUPPORT OF SEALING EXHIBITS A, C, E, G, H, AND L, AS WELL AS AN UNREDACTED VERSION OF THE OPPOSITION

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm and ParkerVision if Exhibits

4

A, C, E, G, H, and L to the Opposition and an unredacted copy of the Opposition are placed into the public domain is great because doing so would expose Qualcomm's and ParkerVision's confidential information to their competitors and potential business partners. Filing these documents under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in these documents is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing Exhibits A, C, E, G, H, and L and an unredacted version of the Opposition that would ensure the confidential contents of these documents remain confidential, while allowing the Court to review them as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm respectfully requests that Exhibits A, C, E, G, H, and L to Qualcomm's Opposition and an unredacted version of the Opposition itself be sealed.

## V.   CONCLUSION

Qualcomm respectfully requests that the Court seal Exhibits A, C, E, G, H, and L, as well as an unredacted version of Qualcomm's Memorandum of Law in Support of its Opposition to ParkerVision's Motions In Limine and Request for Rule 37 Sanctions.

September 16, 2013

        Respectfully submitted,

        COOLEY LLP

        By:    /s/ Timothy S. Teter
             Stephen C. Neal (admitted pro hac vice)
             nealsc@cooley.com
             Timothy S. Teter (admitted pro hac vice)
             teterts@cooley.com
             Five Palo Alto Square
             3000 El Camino Real
             Palo Alto, CA 94306-2155
             Telephone: (650) 843-5182
             Facsimile: (650) 849-7400

             -and-

        CRAVATH, SWAINE & MOORE LLP
             Keith R. Hummel (admitted pro hac vice)
             khummel@cravath.com
             David Greenwald (admitted pro hac vice)
             dgreenwald@cravath.com
             Worldwide Plaza
             825 Eighth Avenue
             New York, New York 10019
             Telephone: (212) 474-1000
             Facsimile: (212) 474-3700

             -and-

        BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
             John A. DeVault, III
             Florida Bar No. 103979
             jad@bedellfirm.com
             Courtney K. Grimm
             Florida Bar No. 953740
             cgrimm@bedellfirm.com
             The Bedell Building
             101 East Adams Street
             Jacksonville, Florida 32202
             Telephone: (904) 353-0211
             Facsimile: (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 16th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                    /s/ Timothy S. Teter
                                    Timothy S. Teter (admitted pro hac vice)
                                    teterts@cooley.com
                                    Five Palo Alto Square
                                    3000 El Camino Real
                                    Palo Alto, CA 94306-2155
                                    Telephone:  (650) 843-5182
                                    Facsimile:  (650) 849-7400

                                    *Attorney for Defendant Qualcomm Incorporated*