**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff*,

    v.

QUALCOMM INCORPORATED,

        *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

**JOINT MOTION TO SEAL**

I.  **INTRODUCTION**

Qualcomm Incorporated and ParkerVision, Inc. move jointly pursuant to Middle District of Florida Local Rule 1.09 for permission to submit certain trial exhibits under seal during the trial commencing October 7, 2013. Specifically, the parties wish to submit under seal the following "A" List Exhibits: PX479, PX847–PX853, and DX1316. These exhibits contain Qualcomm schematics and ParkerVision schematics, all of which are highly confidential. Given the highly confidential nature of the information reflected in the parties' respective schematics, it is necessary to submit these trial exhibits under seal in a separate confidential binder from the other "A" List Exhibit binders that each party will submit at trial.

In this district, a party seeking to submit materials under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L. R. 1.09. As demonstrated below, the parties have met each of these requirements as to trial exhibits PX479, PX847–PX853, and DX1316. As such, the Court should grant Qualcomm's and ParkerVision's request to submit these exhibits under seal in a separate confidential binder when they submit their "A" List exhibits at trial.

II. **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, AND REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE**

A. **Trial Exhibit PX479 Is A ParkerVision Schematic and Contains Highly Confidential Information About ParkerVision's Technology.**

The following trial exhibit contains highly confidential information about ParkerVision's technology and is relevant to the facts at issue in this case. ParkerVision views this information as proprietary and takes great efforts to protect this information by limiting access to it:

1. PX479 contains ParkerVision Schematics with bates range PVSC0000141, PVSC0000143, PVSC0000146, PVSC0000147, PVSC0000148, PVSC0000149, PVSC0000152, and is highly confidential.

The information in trial exhibit PX479, if made public, would cause ParkerVision substantial harm by revealing highly confidential technical information to the public. Because these exhibits contain highly confidential ParkerVision information, they should not be accessible to the public.

B. **Trial Exhibits PX847–PX853 and DX1316 Are Qualcomm Schematics and Contain Highly Confidential Information About Qualcomm's Technology.**

The following trial exhibits contain highly confidential information about Qualcomm technology and are relevant to the facts at issue in this case. Qualcomm views this information as proprietary and takes great efforts to protect this information by limiting access within Qualcomm to those that have a "need-to-know," and by not sharing this information external to Qualcomm (outside of litigation discovery) under any circumstances:

1. PX847 contains Qualcomm Schematics with bates range QCS1PV0001995 - QCS1PV0002019; QCS1PV0002300 - QCS1PV0003587, and is highly confidential.

2. PX848 contains Qualcomm Schematics with bates range QCS1PV0003592- QCS1PV0003598, and is highly confidential.

3. PX849 contains Qualcomm Schematics with bates range QCS1PV0003603- QCS1PV0003604, and is highly confidential.

4. PX 850 contains Qualcomm Schematics with bates range QCS1PV0003606-

2

QCS1PV0003612, and is highly confidential.

5. PX851 contains Qualcomm Schematics with bates range QCS1PV0003614-QCS1PV0003615, and is highly confidential.

6. PX852 contains Qualcomm Schematics with bates range QCS1PV0003617-QCS1PV0003624, and is highly confidential.

7. PX853 contains Qualcomm Schematics with bates range QCS1PV0003836-QCS1PV0005098, and is highly confidential.

8. DX1316 is the set of Qualcomm Schematics referenced in the Opening Report of Dr. Paul Prucnal and served by ParkerVision via FedEx on March 5, 2013, and is highly confidential.

The information in trial exhibits PX847–PX853 and DX1316, if made public, would cause Qualcomm substantial harm by revealing highly confidential technical information to the public. Because these exhibits contain highly confidential Qualcomm information, they should not be accessible to the public.

## III.   DURATION OF SEAL

The unredacted versions of trial exhibits PX479, PX847–PX853, and DX1316 should be sealed until the parties jointly move the Court to unseal these exhibits. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the exhibits, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of these exhibits will persist beyond one year.

## IV.   AUTHORITY IN SUPPORT OF PERMITTING THE PARTIES TO SUBMIT THESE EXHIBITS UNDER SEAL

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would

impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm and ParkerVision if unredacted copies of trial exhibits PX479, PX847–PX853, and DX1316 were placed into the public domain is great because doing so would expose Qualcomm's and ParkerVision's highly confidential technical information to their competitors and potential business partners. Permitting the parties to submit these exhibits under seal during the trial commencing October 7, 2013 would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in these exhibits is not related to "public officials or public concerns," and there is no "less onerous" alternative to permitting the parties to submit these trial exhibits under seal that would ensure the confidential contents of these exhibits remain confidential, while allowing the parties to introduce them into evidence. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm and ParkerVision respectfully request that the Court permit the parties to submit sealed versions of trial exhibits PX479, PX847–PX853, and DX1316 at trial.

V.  **CONCLUSION**

Qualcomm and ParkerVision respectfully request that the Court permit the parties to submit sealed versions of trial exhibits PX479, PX847–PX853, and DX1316 in a separate confidential binder from the other "A" List exhibits submitted at trial.

October 4, 2013

        Respectfully submitted,

        COOLEY LLP

        By:   /s/ Timothy S. Teter
              Stephen C. Neal (admitted pro hac vice)
              nealsc@cooley.com
              Timothy S. Teter (admitted pro hac vice)
              teterts@cooley.com
              Five Palo Alto Square
              3000 El Camino Real
              Palo Alto, CA 94306-2155
              Telephone:  (650) 843-5182
              Facsimile:  (650) 849-7400

              -and-

        CRAVATH, SWAINE & MOORE LLP
              Keith R. Hummel (admitted pro hac vice)
              khummel@cravath.com
              David Greenwald (admitted pro hac vice)
              dgreenwald@cravath.com
              Worldwide Plaza
              825 Eighth Avenue
              New York, New York 10019
              Telephone:  (212) 474-1000
              Facsimile:  (212) 474-3700

              -and-

                BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
                        John A. DeVault, III
                        Florida Bar No. 103979
                        jad@bedellfirm.com
                        Courtney K. Grimm
                        Florida Bar No. 953740
                        cgrimm@bedellfirm.com
                        The Bedell Building
                        101 East Adams Street
                        Jacksonville, Florida 32202
                        Telephone: (904) 353-0211
                        Facsimile: (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 4th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Timothy S. Teter
      Timothy S. Teter (admitted pro hac vice)
      teterts@cooley.com
      Five Palo Alto Square
      3000 El Camino Real
      Palo Alto, CA 94306-2155
      Telephone: (650) 843-5182
      Facsimile: (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*