# UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PARKERVISION, INC.,

                *Plaintiff*,

              v.

QUALCOMM INCORPORATED,

                *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

## QUALCOMM'S UNOPPOSED MOTION TO SEAL

## I.      INTRODUCTION

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to have certain trial exhibits treated as under seal.  Qualcomm has conferred with counsel for Plaintiff ParkerVision, Inc., who confirmed that ParkerVision does not oppose this motion.

Specifically, Qualcomm wishes to seal the following exhibits:

- Joint Exhibits:  JX13; JX14; JX15; JX16; JX17; JX18; JX22; JX26; JX27; JX33; JX35; JX38; JX40; JX44; JX45; JX46; JX47; JX48; JX49; JX50; JX51; JX52; JX53; JX54; JX55; JX56; JX57; JX58; JX59; JX60; JX61; JX62; JX63; JX64; JX65; JX66; JX67; JX68; JX69; JX70; JX71; JX72; JX73; JX74; JX75; JX76; JX77; JX78; JX79; JX80; JX81; JX82; JX83; JX84; JX85; JX86; JX87; JX90; JX91; JX92; JX93; JX94; and JX95;

- Qualcomm Exhibits:  DX486; DX487; DX488; DX489; DX491; DX499; DX505; DX599; DX604; DX605; DX607; DX615; DX625; DX627; DX628; DX819; DX821; DX833; DX864; DX877; DX920; DX921; DX925; DX927; DX946; DX949; and DX950; and

- ParkerVision Exhibits:  PX385; PX487; PX494; PX496; PX499; PX504; PX505; PX506; PX511; PX523; PX542; PX652; PX846; PX1003[1].

During the trial, complete copies of design documents, schematics, and other highly sensitive documents containing Qualcomm trade secrets have been moved into evidence.  As these exhibits contain Qualcomm's product development information, schematics, device specifications, design review documentation, and/or business and sales information, all of which contain information that Qualcomm treats as highly confidential, the public disclosure of the complete documents would adversely affect Qualcomm's business.  Therefore, Qualcomm respectfully requests that the Court treat these exhibits under seal and refrain from making them part of the public record.

---

[1]  Qualcomm understands that this exhibit was shown to a testifying witness but not moved into evidence on October 9, 2013.  If this exhibit is admitted into evidence, Qualcomm moves to seal it.

In this District, a party seeking to seal materials must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R. 1.09.  As demonstrated below, Qualcomm has met each of these requirements as to the trial exhibits listed above.  Accordingly, the Court should grant Qualcomm's request to seal these exhibits.

## II.     LOCAL RULE 1.09(A):   DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL

### A.     Certain trial exhibits should be sealed because they contain highly confidential Qualcomm business and/or financial information.

The following exhibits are relevant to the facts at issue in this case but also contain Qualcomm's proprietary and highly confidential business and/or financial information that Qualcomm seeks to protect:

- Joint trial exhibits JX13, JX14, JX17, JX22, JX26, JX27, JX33, JX35, and JX38 contain business and/or financial information, and are highly confidential.

Some of these exhibits contain spreadsheets displaying Qualcomm's revenues arising from the sales of various integrated circuit chips, or break down the costs of the components in each chip.  Other documents identify Qualcomm's largest customers.  Still other documents reflect Qualcomm's business strategy, including analyses of potential acquisitions, third party valuations, and patent license valuations.

Qualcomm's business and financial information is proprietary and highly confidential, and the company takes great care to safeguard this information by limiting access to it.  Making these documents public would substantially harm Qualcomm by revealing highly confidential

business and financial information to Qualcomm's competitors.   Accordingly, these exhibits should not be accessible to the public.

**B.      Certain trial exhibits should be sealed because they contain highly confidential Qualcomm technical information.**

The following trial exhibits are relevant to the facts at issue in this case but also contain Qualcomm's proprietary and highly confidential technical information that Qualcomm seeks to protect:

- Joint trial exhibits JX15, JX16, JX17, JX18, JX40, JX44, JX45, JX46, JX47, JX48, JX49, JX50, JX51, JX52, JX53, JX54, JX55, JX56, JX57, JX58, JX59, JX60, JX61, JX62, JX63, JX64, JX65, JX66, JX67, JX68, JX69, JX70, JX71, JX72, JX73, JX74, JX75, JX76, JX77, JX78, JX79, JX80, JX81, JX82, JX83, JX84, JX85, JX86, JX87, JX90, JX91, JX92, JX93, JX94, and JX95 contain Qualcomm technical design review and/or product specification documents, and are highly confidential.

- Qualcomm trial exhibits DX486, DX487, DX488, DX489, DX491, DX499, DX505, DX599, DX604, DX605, DX607, DX615, DX625, DX627, DX628, DX819, DX821, DX833, DX864, DX877, DX920, DX921, DX925, DX927, DX946, DX949, and DX950 contain Qualcomm technical design review and/or product specification documents, and are highly confidential.

- ParkerVision trial exhibits  PX385, PX487, PX494, PX496, PX499, PX504, PX505, PX506, PX511, PX523, PX542, PX652, and PX1003 contain Qualcomm technical design review and/or product specification documents, and are highly confidential.

- ParkerVision trial exhibit PX846 contains Qualcomm circuit schematics and is highly confidential.[2]

These trial exhibits contain circuit schematics, block diagrams, die layouts, and/or performance and design specifications.  Specifically, this information includes, for example, the

---

[2] On Friday, October 4, 2013, Qualcomm and ParkerVision jointly moved to seal exhibits PX479, PX847-PX853, and DX1316, which contain various Qualcomm and ParkerVision circuit schematics, all of which are highly confidential.  (*See* Dkt. No. 381.)  The parties recently became aware that exhibit PX846 also contains highly confidential Qualcomm circuit schematics.  As such, that exhibit should be treated similarly to PX479, PX847-PX853, and DX1316 and maintained on yellow paper in the separate confidential binders that the parties provided to the court at the start of the trial.  On Friday, October 11, 2013, PX846 was handed up to the Court for purposes of including in the separate confidential binder of schematics.  Qualcomm hereby moves for PX846 to be maintained under seal.

nature and size of the components in each product, the manner in which they function, and their effects on product performance. This information also reflects confidential details about the down-conversion technique that Qualcomm's receiver chips perform. The exhibit contents reveal Qualcomm's engineering knowledge, which it has gained through extensive research and design efforts and laboratory testing.

Qualcomm views its technical and design information as highly proprietary and takes great care to protect this information by limiting access to it. Making these documents public would substantially harm Qualcomm by allowing its competitors to use this information to imitate or replicate Qualcomm's products, and therefore, undermine Qualcomm's business. Accordingly, these exhibits should not be accessible to the public.

## III.  DURATION OF SEAL

Qualcomm requests that the unredacted versions of the trial exhibits listed above be maintained under seal until Qualcomm moves the Court to unseal these exhibits. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the exhibits, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of these exhibits will persist beyond one year.

## IV.  AUTHORITY IN SUPPORT OF PERMITTING THESE EXHIBITS TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if

made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The likelihood of injury to Qualcomm if unredacted copies of the trial exhibits listed above were placed into the public domain is great because doing so would expose Qualcomm's highly confidential technical, financial, and business information to its competitors and potential business partners.  Permitting these exhibits to be maintained under seal would protect the confidential nature of that information.  *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the information contained in these exhibits is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing these trial exhibits that would ensure the confidential contents of these exhibits remain confidential, while allowing the parties to introduce them into evidence.  *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that the Court treat the exhibits listed above as sealed documents.

## V.    CONCLUSION

Qualcomm respectfully requests that the Court seal the following trial exhibits:

- Joint Exhibits:  JX13; JX14; JX15; JX16; JX17; JX18; JX22; JX26; JX27; JX33; JX35; JX38; JX40; JX44; JX45; JX46; JX47; JX48; JX49; JX50; JX51; JX52; JX53; JX54; JX55; JX56; JX57; JX58; JX59; JX60; JX61; JX62; JX63; JX64; JX65; JX66; JX67; JX68; JX69; JX70; JX71; JX72; JX73; JX74; JX75; JX76;

JX77; JX78; JX79; JX80; JX81; JX82; JX83; JX84; JX85; JX86; JX87; JX90; JX91; JX92; JX93; JX94; and JX95;

- Qualcomm Exhibits:  DX486; DX487; DX488; DX489; DX491; DX499; DX505; DX599; DX604; DX605; DX607; DX615; DX625; DX627; DX628; DX819; DX821; DX833; DX864; DX877; DX920; DX921; DX925; DX927; DX946; DX949; and DX950; and

- ParkerVision Exhibits:  PX385; PX487; PX494; PX496; PX499; PX504; PX505; PX506; PX511; PX523; PX542; PX652; PX846; PX1003.

October 16, 2013

Respectfully submitted,

COOLEY LLP

By:      /s/ Timothy S. Teter
        Stephen C. Neal (admitted pro hac vice)
        nealsc@cooley.com
        Timothy S. Teter (admitted pro hac vice)
        teterts@cooley.com
        Five Palo Alto Square
        3000 El Camino Real
        Palo Alto, CA 94306-2155
        Telephone:  (650) 843-5182
        Facsimile:  (650) 849-7400

          -and-

CRAVATH, SWAINE & MOORE LLP
        Keith R. Hummel (admitted pro hac vice)
        khummel@cravath.com
        David Greenwald (admitted pro hac vice)
        dgreenwald@cravath.com
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York 10019
        Telephone:  (212) 474-1000
        Facsimile:  (212) 474-3700

          -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.

John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Timothy S. Teter
Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5182
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*

1178357