UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

        Plaintiff,

v.                                   Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

        Defendant.

## PARKERVISION'S UNOPPOSED MOTION
## FOR LEAVE TO FILE UNDER SEAL

### I.    INTRODUCTION

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to file under seal the unredacted Offer of Proof for Evidence Excluded by Daubert Rulings and Exhibit B thereto ("Offer of Proof and Exhibit B"), dated October 18, 2013.  The Offer of Proof and Exhibit B contain Qualcomm financial information which is confidential.  Given the confidential nature of the information reflected in the Offer of Proof and Exhibit B, it is necessary to submit the unredacted versions under seal.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.*

1

As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to the unredacted Offer of Proof and Exhibit B, and as such, the Court should grant their request to file these documents and the unredacted versions of them under seal.

II.    **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

   A.    **The Unredacted Offer of Proof and Exhibit B Contain Confidential and Proprietary Information About Qualcomm's Financials**

ParkerVision and Qualcomm agree that the following contain confidential information and should be filed under seal:

   (1)    The unredacted Offer of Proof contains details regarding the damages model created by ParkerVision's damages expert, Paul Benoit, which contains confidential Qualcomm financial information; and

   (2)    The unredacted Exhibit B is the expert report of Paul Benoit, supplement, and exhibits thereto, which contains confidential Qualcomm financial information.

The information in the unredacted Offer of Proof and Exhibit B, if made public, would cause Qualcomm substantial harm by revealing confidential financial information to the public. Because the unredacted Offer of Proof and Exhibit B contain confidential Qualcomm information, they should not be accessible to the public.

III.    **DURATION OF SEAL**

Qualcomm and ParkerVision agree that the Offer of Proof and Exhibit B should be sealed for the duration of this lawsuit and any subsequent appeal.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the financial information, and the potential for breach of the Confidentiality Agreement through disclosure.  Additionally,

the concerns regarding disclosure of the contents of an unredacted version of this declaration will persist beyond one year.

## IV. AUTHORITY IN SUPPORT OF SEALING AN UNREDACTED VERSIONS OF THE OFFER OF PROOF AND EXHIBIT B.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted versions of the Offer of Proof and Exhibit B present just such an instance. The likelihood of injury to Qualcomm if these documents are placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted version of the Offer of Proof and Exhibit B are not related to "public officials or public

concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits.   *See Romero*, 480 F.3d at 1246.   Accordingly, ParkerVision and Qualcomm respectfully request that the unredacted versions of the Offer of Proof and Exhibit B be sealed.

October 18, 2013

Respectfully submitted,

| | |
|---|---|
| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
| | |
| /s/ *Douglas A. Cawley* | /s/ *James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard A. Kamprath | Florida Bar Number 901253 |
| Texas State Bar No.: 24078767 | 225 Water Street, Suite 1800 |
| rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| Ivan Wang | (904) 359-7700 |
| Texas State Bar No.: 24042679 | (904) 359-7708 (facsimile) |
| E-mail: iwang@mckoolsmith.com | jbolling@smithhulsey.com |
| McKool Smith P.C. | |
| 300 Crescent Court, Suite 1500 | **ATTORNEYS      FOR      PLAINTIFF** |
| Dallas, Texas 75201 | **PARKERVISION, INC.** |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day, October 18, 2013, I served the foregoing on all counsel of record via ECF.

*/s/ Leah Buratti*
Leah Buratti

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

On October 18, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

*/s/ Leah Buratti*
Leah Buratti
