**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

                        *Plaintiff*,

           v.

QUALCOMM INCORPORATED,

                      *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

**QUALCOMM'S UNOPPOSED MOTION TO SEAL TRIAL EXHIBIT**

## I.      INTRODUCTION

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to have trial exhibit PX598 sealed.  Qualcomm has conferred with counsel for ParkerVision, who confirmed that ParkerVision does not oppose this motion.

Exhibit PX598 contains Qualcomm's highly confidential business and sales information, including business proposal information concerning a third party customer.  Thus, publicly disclosing this exhibit would compromise the confidential nature of Qualcomm's and its customer's business relationship and adversely affect its business strategy with other customers. Qualcomm, therefore, respectfully requests that the Court treat this exhibit under seal and refrain from making it part of the public record.

In this District, a party seeking to seal materials must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L. R. 1.09.  As demonstrated below, Qualcomm has met each of these requirements as to PX598.  Accordingly, the Court should grant Qualcomm's request to seal this exhibit.

## II.     LOCAL RULE 1.09(A):  DESCRIPTION OF EXHIBIT TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL

Exhibit PX598 should be sealed because it contains highly confidential Qualcomm business and sales information.  PX598 is relevant to the facts at issue in this case but is also marked "Outside Attorneys' Eyes Only" because it contains Qualcomm's proprietary and highly confidential business and sales information that Qualcomm seeks to protect.  Specifically, this

exhibit contains business proposal information concerning a third party Qualcomm customer, including pricing information, business strategy, and product schedules.

Qualcomm's business and sales information is proprietary and highly confidential, and the company takes great care to safeguard this information by limiting access to it. Publicly disclosing this exhibit would substantially harm Qualcomm and the third party customer by revealing highly confidential business and sales information to competitors. Accordingly, PX598 should not be accessible to the public.

## III.     DURATION OF SEAL

Qualcomm requests that the Court maintain an unredacted version of PX598 under seal until Qualcomm moves the Court to unseal it. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the exhibit, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the exhibit's contents will persist beyond one year.

## IV.     AUTHORITY IN SUPPORT OF PERMITTING PX598 TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm and its customer if an unredacted copy of PX598 were placed into the public domain is great because doing so would expose highly confidential business and sales information to competitors and potential business partners. Sealing exhibit PX598 would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at \*12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in PX598 is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing the exhibit that would ensure the its contents remain confidential, while allowing the parties to introduce it into evidence. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm respectfully requests that the Court treat PX598 as a sealed exhibit.

## V.     CONCLUSION

In view of the foregoing, Qualcomm respectfully requests that the Court seal PX598.

October 21, 2013

Respectfully submitted,

COOLEY LLP

By:      /s/ Jeffrey S. Karr

Stephen C. Neal (admitted pro hac vice)
nealsc@cooley.com
Timothy S. Teter (admitted pro hac vice)
teterts@cooley.com
Jeffrey S. Karr (admitted pro hac vice)
jkarr@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5258
Facsimile: (650) 849-7400

-and-

CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel (admitted pro hac vice)
khummel@cravath.com
David Greenwald (admitted pro hac vice)
dgreenwald@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jeffrey S. Karr
---
Jeffrey S. Karr (admitted pro hac vice)
jkarr@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5258
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*

5