**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

                      *Plaintiff*,

                 v.

QUALCOMM INCORPORATED,

                    *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

## QUALCOMM'S OPPOSED MOTION TO SEAL THE COURTROOM

## I.       INTRODUCTION

On October 21, 2013, Qualcomm Incorporated moved pursuant to Middle District of Florida Local Rule 1.09 to seal admitted trial exhibit PX598, which contains confidential third party pricing information and potential product information.  Qualcomm hereby provides notice that, if ParkerVision intends to publicly display or discuss the confidential contents of portions of this exhibit, it will seek an order clearing the courtroom during such display or discussion.

## II.      MEET AND CONFER

As required by the local rules, Qualcomm has met and conferred with counsel for ParkerVision regarding this motion.  Qualcomm first informed ParkerVision that it may need to seal the courtroom in connection with the use of PX598 via email on Thursday, October 17, 2013.  The parties had follow-up discussions on Thursday and Friday, October 17 and 18, 2013, regarding the potential motion.  In addition, Qualcomm raised the issue with the Court during last Friday's session.  As of this filing, ParkerVision has yet to disclose whether it intends to publicly display or discuss this exhibit and, if so, which portions.  In an email this evening, counsel for ParkerVision requested that Qualcomm "consider the motion opposed if you must file it tonight and cannot wait until tomorrow morning to allow the ParkerVision team the opportunity to consider the request."

## III.     EXHIBIT PX598 CONTAINS HIGHLY CONFIDENTIAL INFORMATION

As outlined in Qualcomm's Motion to Seal, dated October 21, 2013, exhibit PX598 contains highly confidential information concerning Qualcomm's business relationship with a third party.  Exhibit PX598 reflects information concerning Qualcomm's and the third party's business strategy, customer pricing, sales data, and product schedules.  Given the highly confidential nature of this information, the public disclosure of the exhibit would adversely affect both Qualcomm's business and the third party's business.  Therefore, if ParkerVision seeks to

publicly disclose or display confidential portions of this exhibit, Qualcomm will request that the Court seal the courtroom during such display or discussion.

## IV.   AUTHORITY PERMITTING THE COURTROOM TO BE TEMPORARILY SEALED TO PROTECT CONFIDENTIAL INFORMATION IN EXHIBIT PX598

The common law right of access "is not absolute" and "may be overcome by a showing of good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1244-46 (11th Cir. 2005).   In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing the information.  *See Romero,* 480 F.3d at 1246; *accord Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).   In balancing these interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the information were made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The Middle District of Florida has found that "a company's interest in the privacy of its financial records and the terms of confidential agreements . . . often outweigh the public right of access." *Graphic Packaging Intl., Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (granting motion to seal based on party's "interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer"); *see also Medai, Inc.*, 2012 U.S. Dist.

LEXIS 90318, at *4-*5 (granting motion to seal where "likelihood of injury to the parties if the Agreement [was] placed into the public domain [was] great").  The Federal Circuit has reached a similar conclusion concerning the confidentiality of business relationships.  *See Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed. Cir. 2006) (finding no abuse of discretion where trial court sealed a party's confidential documents and portions of the trial record concerning "information relating to its customers, suppliers, manufacturing processes, financial condition, and the quantity and value of its imports").

The likelihood of injury to Qualcomm and its third party customer if the confidential information in PX598 were placed into the public domain is great because doing so would expose highly confidential business strategy, sales data, pricing information, and product schedules to competitors and potential business partners.  Ordering that the courtroom be sealed during the use, if any, of PX598 would protect the confidential nature of that sensitive information, while allowing the evidence to be used at trial.  *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the information contained in these exhibits is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing the courtroom that would ensure the confidential contents of exhibit PX598 remain confidential, while allowing the use of the exhibit at trial.  *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that the Court seal the courtroom in the event that confidential portions of PX598 are shown or discussed in court.

## V.    CONCLUSION

Based on the foregoing, Qualcomm respectfully moves to seal the courtroom in the event that confidential portions of exhibit PX598 are shown or discussed at trial.

October 21, 2013

Respectfully submitted,

COOLEY LLP

By:    /s/ Jeffrey S. Karr
       Stephen C. Neal (admitted pro hac vice)
       nealsc@cooley.com
       Timothy S. Teter (admitted pro hac vice)
       teterts@cooley.com
       Jeffrey S. Karr
       jkarr@cooley.com
       Five Palo Alto Square
       3000 El Camino Real
       Palo Alto, CA 94306-2155
       Telephone:  (650) 843-5258
       Facsimile:  (650) 849-7400

-and-

CRAVATH, SWAINE & MOORE LLP
       Keith R. Hummel (admitted pro hac vice)
       khummel@cravath.com
       David Greenwald (admitted pro hac vice)
       dgreenwald@cravath.com
       Worldwide Plaza
       825 Eighth Avenue
       New York, New York 10019
       Telephone:  (212) 474-1000
       Facsimile:  (212) 474-3700

-and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
       John A. DeVault, III
       Florida Bar No. 103979
       jad@bedellfirm.com
       Courtney K. Grimm
       Florida Bar No. 953740
       cgrimm@bedellfirm.com
       The Bedell Building
       101 East Adams Street
       Jacksonville, Florida 32202
       Telephone:  (904) 353-0211
       Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jeffrey S. Karr
Jeffrey S. Karr
jkarr@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5258
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*