# UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PARKERVISION, INC.,

      *Plaintiff*,

    v.

QUALCOMM INCORPORATED,

      *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

## QUALCOMM'S UNOPPOSED MOTION TO SEAL TRIAL EXHIBITS AND PORTIONS OF TRIAL TRANSCRIPT

**I.     INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to have certain trial exhibits and portions of the trial transcripts treated as under seal. Qualcomm has conferred with counsel for Plaintiff ParkerVision, Inc. ("ParkerVision"), who confirmed that ParkerVision does not oppose this motion.

Specifically, Qualcomm wishes to seal the following exhibits and portions of the trial transcripts:

- Joint Exhibits: JX101; JX107; and JX108;

- ParkerVision Exhibits: PX377; PX408; PX483; PX507; PX514; PX533; PX534; PX599; PX629; PX630; PX642; PX653; PX655; PX656; PX661; PX662; PX669; PX673; PX674; PX675; PX678; PX680; and PX1043;

- 10/17/2013 Trial Tr. at 165:16-25, 166:1-12, 166:16-20, 168:1-3, 168:11-25, 169:1-3, 169:5-6, 169:9, 169:15-16, 169:25, 170:1-2, 171:3-6, and 171:13-22; and

- 10/18/2013 Trial Tr. at 76:1-2.

During the trial, complete copies of highly sensitive documents containing Qualcomm technical, business, and financial information have been moved into evidence, and the parties elicited testimony regarding the same. As explained below, publicly disclosing these exhibits and portions of the trial transcripts would adversely affect Qualcomm's business. Qualcomm, therefore, respectfully requests that the Court treat these exhibits and transcript portions as under seal and refrain from making them part of the public record.

In this District, a party seeking to seal materials must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of

1

legal authority supporting the seal. M.D. Fla. L.R. 1.09. As demonstrated below, Qualcomm has met each of these requirements as to the trial exhibits and transcript portions listed above. Accordingly, the Court should grant Qualcomm's request to seal these exhibits and transcript portions.

**II.  LOCAL RULE 1.09(A): DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL**

**A.  Certain trial exhibits should be sealed because they contain highly confidential Qualcomm business, sales and/or financial information.**

The following trial exhibits are relevant to the facts at issue in this case but also contain Qualcomm's proprietary and highly confidential business, sales, and/or financial information that Qualcomm seeks to protect:

- Joint trial exhibits JX101, JX107, and JX108 contain confidential business, sales and financial information, and are highly confidential.

- ParkerVision exhibits PX377, PX408, PX514, PX653, PX655, PX656, PX661, PX662, and PX1043 contain confidential business and/or product schedule information and are highly confidential.

These exhibits contain highly confidential and sensitive business, sales, and financial information. Some of these exhibits contain spreadsheets displaying Qualcomm's revenues from the sales of various integrated circuit chips, or break down the costs of the components in each chip. Other documents identify Qualcomm's customers and related business strategies and proposals, and/or product development strategies and schedules.

Qualcomm's business, sales, and financial information is proprietary and highly confidential, and the company takes great care to safeguard this information by limiting access to it. Making these documents public would substantially harm Qualcomm by revealing highly confidential business and financial information to Qualcomm's competitors. Accordingly, these exhibits should not be accessible to the public.

**B. Certain trial exhibits should be sealed because they contain highly confidential Qualcomm technical information.**

The following trial exhibits are relevant to the facts at issue in this case but also contain Qualcomm's proprietary and highly confidential technical information that Qualcomm seeks to protect:

- ParkerVision exhibits PX483, PX507, PX533, PX534, PX599, PX629, PX630, PX642, PX653, PX655, PX656, PX661, PX662, PX669, PX673, PX674, PX675, PX678, and PX680 contain Qualcomm technical design review documents, product specification documents, and/or circuit schematics, and are highly confidential.

These trial exhibits contain circuit schematics, block diagrams, die layouts, and/or performance and design specifications. Specifically, this information includes, for example, the nature and size of the components in each product, the manner in which they function, and their effects on product performance. This information also reflects confidential details about the down-conversion technique that Qualcomm's receiver chips perform. The exhibit contents reveal Qualcomm's engineering knowledge, which it has gained through extensive research and design efforts and laboratory testing.

Qualcomm views its technical and design information as highly proprietary and takes great care to protect this information by limiting access to it. Making these documents public would substantially harm Qualcomm by allowing its competitors to use this information to imitate or replicate Qualcomm's products, and therefore, undermine Qualcomm's business. Accordingly, these exhibits should not be accessible to the public.

      **C.    Certain portions of the October 17, 2013 and October 18, 2013 trial transcripts should be sealed because they contain highly confidential Qualcomm business, sales, and/or financial information.**

The following portions of the October 17, 2013 and October 18, 2013 trial transcripts are relevant to the facts at issue in this case but also contain Qualcomm's proprietary and highly confidential business, sales, and/or financial information that Qualcomm seeks to protect:

- 10/17/2013 Trial Tr. at 165:16-25, 166:1-12, 166:16-20, 168:1-3, 168:11-25, 169:1-3, 169:5-6, 169:9, 169:15-16, 169:25, 170:1-2, 171:3-6, and 171:13-22 contains confidential business, sales and/or financial information, and is highly confidential.

- 10/18/2013 Trial Tr. at 76:1-2 contains confidential business, sales and/or financial information, and is highly confidential.

These portions of the trial transcripts contain highly confidential and sensitive business, sales, and financial information. These lines generally contain Qualcomm's revenues from the sales of various transceiver and receiver components, or break down the costs of the components in each chip.

Qualcomm's business, sales, and financial information is proprietary and highly confidential, and the company takes great care to safeguard this information by limiting access to it. Making these documents public would substantially harm Qualcomm by revealing highly confidential business and financial information to Qualcomm's competitors. Accordingly, these exhibits should not be accessible to the public.

## III.   DURATION OF SEAL

Qualcomm requests that the unredacted versions of the trial exhibits and portions of the trial transcripts listed above be maintained under seal until Qualcomm moves the Court to unseal these exhibits. Good cause exists to extend the typical one-year limit on a seal because of the confidential nature of the exhibits, and because of the potential for breach of the Confidentiality

Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of these exhibits will persist beyond one year.

## IV.   AUTHORITY IN SUPPORT OF PERMITTING THESE DOCUMENTS TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm if unredacted copies of the trial exhibits and portions of the trial transcripts listed above were placed into the public domain is great because doing so would expose Qualcomm's highly confidential technical, financial, and business information to its competitors and potential business partners. Maintaining these exhibits and portions of the trial transcripts under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in these exhibits and portions of the trial transcripts is not related to "public officials or

public concerns," and there is no "less onerous" alternative to sealing these trial exhibits and transcript portions that would ensure that their confidential contents remain confidential, while allowing the parties to introduce them into evidence. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm respectfully requests that the Court treat the exhibits and transcript portions listed above as sealed documents.

## V.   CONCLUSION

In view of the foregoing, Qualcomm respectfully requests that the Court seal the following trial exhibits and portions of the trial transcripts:

- Joint Exhibits: JX101; JX107; and JX108;

- ParkerVision Exhibits: PX377; PX408; PX483; PX507; PX514; PX533; PX534; PX599; PX629; PX630; PX642; PX653; PX655; PX656; PX661; PX662; PX669; PX673; PX674; PX675; PX678; PX680; and PX1043;

- 10/17/2013 Trial Tr. at 165:16-25, 166:1-12, 166:16-20, 168:1-3, 168:11-25, 169:1-3, 169:5-6, 169:9, 169:15-16, 169:25, 170:1-2, 171:3-6, and 171:13-22; and

- 10/18/2013 Trial Tr. at 76:1-2.

October 22, 2013

       Respectfully submitted,

       COOLEY LLP

       By:    /s/ Jeffrey S. Karr
             Stephen C. Neal (admitted pro hac vice)
             nealsc@cooley.com
             Timothy S. Teter (admitted pro hac vice)
             teterts@cooley.com
             Jeffrey S. Karr (admitted pro hac vice)
             jkarr@cooley.com
             Five Palo Alto Square
             3000 El Camino Real
             Palo Alto, CA 94306-2155
             Telephone:  (650) 843-5258
             Facsimile:  (650) 849-7400

             -and-

CRAVATH, SWAINE & MOORE LLP
       Keith R. Hummel (admitted pro hac vice)
       khummel@cravath.com
       David Greenwald (admitted pro hac vice)
       dgreenwald@cravath.com
       Worldwide Plaza
       825 Eighth Avenue
       New York, New York 10019
       Telephone:  (212) 474-1000
       Facsimile:  (212) 474-3700

             -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
       John A. DeVault, III
       Florida Bar No. 103979
       jad@bedellfirm.com
       Courtney K. Grimm
       Florida Bar No. 953740
       cgrimm@bedellfirm.com
       The Bedell Building
       101 East Adams Street
       Jacksonville, Florida 32202
       Telephone:  (904) 353-0211
       Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Jeffrey S. Karr
      Jeffrey S. Karr (admitted pro hac vice)
      jkarr@cooley.com
      Five Palo Alto Square
      3000 El Camino Real
      Palo Alto, CA 94306-2155
      Telephone: (650) 843-5258
      Facsimile: (650) 849-7400

      *Attorney for Defendant Qualcomm Incorporated*