**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff*,

    v.          Case No. 3:11-cv-719-J-37-TEM

QUALCOMM INCORPORATED,

        *Defendant*.

**QUALCOMM'S OPPOSED MOTION TO SEAL TRIAL EXHIBIT**

I. INTRODUCTION

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to have trial exhibit PX387 treated as under seal. Qualcomm has conferred with counsel for Plaintiff ParkerVision, Inc. ("ParkerVision"), who opposes this motion on the basis that ParkerVision does not believe this exhibit contains confidential Qualcomm information.

During the trial, a copy of PX387 was moved into evidence. This exhibit contains Qualcomm's highly confidential technical and/or business information. Specifically, it discloses the nature of certain components within each of the accused products. Publicly disclosing this exhibit would adversely affect Qualcomm's business. Qualcomm, therefore, respectfully requests that the Court treat exhibit PX387 under seal and refrain from making it part of the public record.

In this District, a party seeking to seal materials must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09. As demonstrated below, Qualcomm has met each of these requirements as to exhibit PX387. Accordingly, the Court should grant Qualcomm's request to seal this exhibit.

II. LOCAL RULE 1.09(A): DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL

Trial exhibit PX387 contains information that is relevant to the facts at issue in this case but should be sealed because it contains highly confidential Qualcomm technical information

1

that Qualcomm seeks to protect. Specifically, this exhibit is marked "Outside Attorneys' Eyes Only" because it contains confidential details about the methods by which Qualcomm's receiver chips perform downconversion.

Qualcomm views its technical and design information as highly proprietary and takes great care to protect this information by limiting access to it. Making this exhibit public would substantially harm Qualcomm by allowing its competitors to use this information to imitate or replicate Qualcomm's products, and therefore, undermine Qualcomm's business. Accordingly, exhibit PX387 should not be accessible to the public.

### III. DURATION OF SEAL

Qualcomm requests that the unredacted version of trial exhibit PX387 be maintained under seal until Qualcomm moves the Court to unseal it. Good cause exists to extend the typical one-year limit on a seal because of the confidential nature of this exhibit, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of this exhibit will persist beyond one year.

### IV. AUTHORITY IN SUPPORT OF PERMITTING PX387 TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246;

*see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The likelihood of injury to Qualcomm if an unredacted copy of exhibit PX387 were placed into the public domain is great because doing so would expose Qualcomm's highly confidential business and technical information to its competitors and potential business partners. Maintaining this exhibit under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in this exhibit is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing PX387 that would ensure that its confidential contents remain confidential, while allowing the parties to introduce it into evidence. *See Romero*, 480 F.3d at 1246. Accordingly, Qualcomm respectfully requests that the Court treat PX387 as a sealed document.

## V.     CONCLUSION

In view of the foregoing, Qualcomm respectfully requests that the Court seal exhibit PX387.

October 23, 2013

    Respectfully submitted,

    COOLEY LLP

    By:    /s/ Jeffrey S. Karr
        Stephen C. Neal (admitted pro hac vice)
        nealsc@cooley.com
        Timothy S. Teter (admitted pro hac vice)
        teterts@cooley.com
        Jeffrey S. Karr (admitted pro hac vice)
        jkarr@cooley.com
        Five Palo Alto Square
        3000 El Camino Real
        Palo Alto, CA 94306-2155
        Telephone:  (650) 843-5258
        Facsimile:  (650) 849-7400

        -and-

CRAVATH, SWAINE & MOORE LLP
        Keith R. Hummel (admitted pro hac vice)
        khummel@cravath.com
        David Greenwald (admitted pro hac vice)
        dgreenwald@cravath.com
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York 10019
        Telephone:  (212) 474-1000
        Facsimile:  (212) 474-3700

        -and-

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
        John A. DeVault, III
        Florida Bar No. 103979
        jad@bedellfirm.com
        Courtney K. Grimm
        Florida Bar No. 953740
        cgrimm@bedellfirm.com
        The Bedell Building
        101 East Adams Street
        Jacksonville, Florida 32202
        Telephone:  (904) 353-0211
        Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of October, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jeffrey S. Karr
Jeffrey S. Karr (admitted pro hac vice)
jkarr@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5258
Facsimile: (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*