UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

v.                                              Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.

**PARKERVISION'S UNOPPOSED MOTION
FOR LEAVE TO SEAL TRIAL EXHIBIT AND TRANSCRIPTS**

**I.  INTRODUCTION**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to have trial exhibit DX437 sealed, along with accompanying references in the trial transcript, and excerpts of testimony from the Trial Relief Hearing. DX437, and accompanying references in the trial transcript, contains ParkerVision financial information which is confidential. Additionally, testimony from the Trial Relief Hearing discusses confidential customer relationships and confidential licensing agreements. ParkerVision has conferred with counsel for Qualcomm, who confirmed that Qualcomm does not oppose this motion.

DX437 contains ParkerVision's highly confidential business and sales information, including licensing agreement information concerning third party customers. Thus, publicly disclosing this exhibit would compromise the confidential nature of ParkerVision's and its customer's business relationship and adversely affect its business strategy with other customers. ParkerVision, therefore, respectfully requests that the Court treat this exhibit, as well as

1

accompanying references in the transcript, under seal and refrain from making it part of the public record.

Additionally, testimony and statements made during the Trial Relief Hearing discuss ParkerVision's confidential customer relationships with third parties and confidential licensing agreements. Thus, publicly disclosing this testimony would compromise the confidential nature of ParkerVision's and its customer's business relationship and adversely affect its business strategy with other customers. ParkerVision, therefore, respectfully requests that the Court seal these excerpts of the transcript and refrain from making them part of the public record.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision has met each of these requirements as to DX437, accompanying references in the trial transcript, and the confidential sections of the Trial Relief Hearing. Accordingly, the Court should grant ParkerVision's request to seal this exhibit and the sections of the trial transcript and trial relief hearing transcript identified herein.

## II. LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE

### A. DX437 And Certain Sections of the Trial Transcript and Trial Relief Hearing Transcript Contain Confidential and Proprietary Information About ParkerVision's Licensing Terms and Business Relationships.

Exhibit DX437 should be sealed because it contains highly confidential ParkerVision business and sales information. DX437 is relevant to the facts at issue in this case, but also contains confidential ParkerVision financial information, including confidential licensing terms. Publicly disclosing the exhibit or the information contained in the exhibit would compromise the confidential nature of ParkerVision's and its customer's business relationship and adversely affect its business strategy with other customers.

Additionally, the following transcript excerpts likewise contain confidential information relating to customer relationships and should be sealed:

(1) 10/17 Trial Transcript at 77:16-19; 77:25; 78:12; 121:13-121:24; 124:21-23; 125:6-8; 126:11-15.

(2) 10/21 Trial Transcript at 66:1, 66:3-7; 66:14; 66:17.

(3) 10/22 Trial Relief Hearing Transcript at 11:6-10; 19:9-21:1; 22:2-7; 106:18-22.

ParkerVision's business and sales information is proprietary and highly confidential, and the company takes great care to safeguard this information by limiting access to it. The information in these transcript excerpts, if made public, would cause ParkerVision and the third party customer substantial harm by revealing confidential financial information to the public. Because DX437 and the transcript excerpts identified contain confidential ParkerVision and third-party information, they should not be accessible to the public.

**III.   DURATION OF SEAL**

ParkerVision requests that the Court maintain DX437 and the sections of the trial transcript identified above under seal until ParkerVision moves the Court to unseal it.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the licensing and contractual information.  Additionally, the concerns regarding disclosure of DX437 and the identified sections of the trial transcript will persist beyond one year.

**IV.   AUTHORITY IN SUPPORT OF SEALING DX437.**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents.  *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).  In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  DX437 and the transcript references identified present just such an instance.  The likelihood of injury to ParkerVision if this exhibit and testimony are placed into the public domain is great, and filing it under seal would protect ParkerVision's confidential information from unnecessary exposure to their competitors and potential business partners.  *See*

*U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the information contained in DX437 and the transcript excerpts identified are not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits.  *See Romero*, 480 F.3d at 1246.  Accordingly, ParkerVision respectfully requests that DX437 and the following transcript references be sealed:

(1) 10/17 Trial Transcript at 77:16-19; 77:25; 78:12; 121:13-121:24; 124:21-23; 125:6-8; 126:11-15.

(2) 10/21 Trial Transcript at 66:1, 66:3-7; 66:14; 66:17.

(3) 10/22 Trial Relief Hearing Transcript at 11:6-10; 19:9-21:1; 22:2-7; 106:18-22.

October 28, 2013

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| /s/ *Douglas A. Cawley* | /s/ *James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard A. Kamprath | Florida Bar Number 901253 |
| Texas State Bar No.: 24078767 | 225 Water Street, Suite 1800 |
| rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| Ivan Wang | (904) 359-7700 |
| Texas State Bar No.: 24042679 | (904) 359-7708 (facsimile) |
| E-mail: iwang@mckoolsmith.com | jbolling@smithhulsey.com |
| McKool Smith P.C. | |
| 300 Crescent Court, Suite 1500 | **ATTORNEYS FOR PLAINTIFF** |
| Dallas, Texas 75201 | **PARKERVISION, INC.** |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, October 28, 2013, I served the foregoing on all counsel of record via ECF.

                                                            */s/ Leah Buratti*
                                                            Leah Buratti

## **LOCAL RULE 3.01(g) CERTIFICATION**

On October 23, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

                                                            */s/ Leah Buratti*
                                                            Leah Buratti