**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.                                        Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

    Defendant.

**ORDER**

This matter comes before the Court on the following matters:

1. The Unopposed Motion for Leave to File Under Seal filed by Plaintiff Parkervision, Inc. (Doc. 401) filed October 15, 2013;

2. The Unopposed Motion to Seal filed by Defendant Qualcomm Incorporated (Doc. 409) filed October 16, 2013;

3. The Opposed Motion to Seal Trial Exhibit filed by Defendant Qualcomm Incorporated (Doc. 429) filed October 23, 2013;

4. The Unopposed Motion to Seal Trial Exhibits filed by Defendant Qualcomm, Incorporate (Doc. 430) filed October 23, 2013;

5. The Opposed Motion to Seal the Unredacted Copy of Qualcomm's Motion for Judgment as a Matter of Law on Damages and Motion to Strike the Opinions of Mr. Paul Benoit and Mr. Jeff Parker on Damages (Doc. 465) filed October 25, 2013; and

6. The Unopposed Motion for Leave to Seal Trial Exhibit and Transcripts filed by Plaintiff Parkervision, Inc. (Doc. 472) filed October 28, 2013.

**BACKGROUND**

A jury trial was held in this patent case from October 7, 2013, through October 24, 2013. During and after trial, the parties filed unopposed motions to seal certain trial exhibits, filings, and portions of the trial transcript. The Court found that the parties' motions were narrowly tailored to protect legitimate interests in proprietary, confidential, and competitively sensitive information. (Docs. 304, 306, 324, 346, 350, 397, 420—21, 424, 435.) Accordingly, the Court granted many of the parties' motions. (Doc. 309—10, 333, 357—58, 427, 436.)  Several motions to seal and to redact remain pending. (Doc. 401, 409, 429, 430, & 465.)  The Court will now resolve those motions.

**STANDARDS**

The public has an undisputed interest in open court proceedings and records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314—15 (11th Cir. 2001). While compelling, this public interest is sometimes overcome by a "party's privacy or proprietary interest in information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2005). To insure a proper balancing of the respective interests of the public and private litigants, the Local Rules provide a procedure for sealing court records.  Specifically, Local Rule 1.09(a) provides:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed during of the seal; and (vi) a memorandum of legal authority supporting the seal.

**DISCUSSION**

Pursuant to Local Rule 1.09(a), Parkervision requests that the Court seal the following: (1) excerpts of Exhibit B to Parkervision's Motion for Judgment as a Matter of Law (Doc. 402) which provides Parkervision's confidential product schematics (Doc. 401); and (2) trial exhibit DX437, which is a copy of a license agreement and contains confidential and competitively sensitive information (Doc. 472).  Qualcomm seeks to have 108 trial exhibits sealed that contain confidential product schematics, diagrams, layouts and specifications, source code, financial materials, customer and sales information, and business plans and strategies, all of which are confidential and competitively sensitive.  (Docs. 409, 429, 430.)  Qualcomm also requests that it be permitted to file under seal an unredacted copy of its Motion for Judgment as a Matter of Law on Damages and Motion to Strike the Opinions of Mr. Paul Benoit and Mr. Jeff Parker on Damages. (Doc. 465.)

The Court has reviewed the specified trial exhibits and trial transcript excerpts and has confirmed the sensitive and confidential nature of the materials.  The Court also has provided an opportunity for objections to the sealing of the materials, and no objections have been filed.  The Court finds that the public's interest in access to the specified materials is outweighed by Parkervision's and Qualcomm's interests in maintaining the confidentiality of the materials.  Thus, the Court will grant the parties' respective motions to seal.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Unopposed Motion for Leave to File Under Seal filed by Plaintiff Parkervision, Inc. (Doc. 401) is **GRANTED**.

3

2. The Unopposed Motion to Seal filed by Defendant Qualcomm Incorporated (Doc. 409) is **GRANTED**.

3. The Opposed Motion to Seal Trial Exhibit filed by Defendant Qualcomm Incorporated (Doc. 429) is **GRANTED**.

4. The Unopposed Motion to Seal Trial Exhibits filed by Defendant Qualcomm, Incorporate (Doc. 430) is **GRANTED**.

5. The Opposed Motion to Seal the Unredacted Copy of Qualcomm's Motion for Judgment as a Matter of Law on Damages and Motion to Strike the Opinions of Mr. Paul Benoit and Mr. Jeff Parker on Damages (Doc. 465) is **GRANTED**.

6. The Unopposed Motion for Leave to Seal Trial Exhibit and Transcripts filed by Plaintiff Parkervision, Inc. (Doc. 472) is **GRANTED**.

7. The Clerk is **DIRECTED** to place the following filings and trial exhibits under seal:

    a. Trial Exhibits JX13 through JX18; JX22; JX26; JX27; JX33; JX35; JX38; JX40; JX44; JX46 through JX87; JX90 through JX95;

    b. Trial Exhibits DX437; DX486 through DX489; DX599; DX604; DX605; DX607; DX627; DX628; DX819; DX833; DX864; DX877; DX920; DX921; DX925; DX927; DX946; DX949; DX950; and

    c. Trial Exhibits PX385; PX387; PX487; PX499; PX505; PX506; PX511; PX523; PX542; PX652; PX846; and PX1003.

8. The Court Reporter is **DIRECTED** to redact the following transcript excerpts:

    a. The October 17, 2013 trial transcript (Doc. 439) at: (1) page 77, lines 16—19 and 25; (2) page 78, line 12; (3) page 121, lines 13—24; (4) page 124, lines 21—23; (5) page 125, lines 6—8; and (6) page 126, lines 11—15;

    b. The October 21, 2013 trial transcript (Doc. 441) at page 66, lines 1, 3—7,

      14, and 17; and

  c. The October 22, 2013 transcript of proceedings (Doc. 434) at: (1) page 11, lines 6—10; (2) page 19, line 9 through page 21, line 1; (3) page 22, lines 2—7; and (4) page 106, lines 18—22.

9. The items that have been redacted and placed under seal will remain under seal and redacted for the duration of this lawsuit and any direct appeal.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on October 30, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record