# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING:

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR NEW TRIAL ON PATENT INFRINGEMENT (Dkt. 181)

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR NEW TRIAL ON PATENT VALIDITY (Dkt. 182)

## I.     INTRODUCTION

A jury trial was held in this patent infringement matter. It resulted in a verdict for Plaintiff, Jake Lee ("Plaintiff"), which was entered on December 20, 2011. Dkt. 166. In that verdict, the jury found that Defendants Mike's Novelties, Inc., d.b.a. Mike's Worldwide Imports ("Mike's Novelties"), and Manisch Chander, a.k.a. Mike Chander, a.k.a. Manisch Chandra, a.k.a. Mike Chandra ("Chander," and collectively, "Defendants"), had willfully infringed Plaintiff's patent, U.S. Patent No. 6,418,936 (the "'936 Patent") and that Plaintiff had suffered $40,000 in lost profits as a result of the infringement. Dkt. 162, 166. On December 28, 2011, the Court entered judgment for Plaintiff in the amount of $40,000. Dkt. 170. Defendants now move for judgment as a matter of law on the issues of invalidity and non-infringement with respect to the '936 Patent. In the alternative, Defendants move for a new trial.

The Court held a hearing on these motions on April 2, 2012, and then took the matters under submission. Dkt. 196. For the reasons stated herein, the Court DENIES Defendants' motions for judgment as a matter of law and for a new trial.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | | Date | May 15, 2012 |
|---|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | | |

## II.  BACKGROUND

On February 25, 2011, Judge Valerie Baker Fairbank issued an "Order re Claim Construction," with respect to the '936 Patent. In that Order, Judge Fairbank construed certain language in claim 1[1] as written, finding that "the turret shall remain stationary because the turret is heavier than the manifold, but this does not in turn require that there be no additional feature in place, such as a pin, spring, or other mechanical interference." Order, pp. 5-6, Dkt. 50.

On March 14, 2011, Defendants filed their Motion for Summary Judgment of Invalidity with respect to the '936 Patent, Dkt. 60, and Motion for Summary Judgment of Non-Infringement, Dkt. 59. On March 18, 2011, with leave of the Court, Plaintiff filed his Second Amended Complaint ("SAC"), Dkt. 62, adding claims for trademark infringement and false advertising.

On April 22, 2011, Plaintiff filed a motion for summary judgment on patent infringement. Dkt. 78. On June 10, 2011, Judge Fairbank denied the three motions for summary judgment. Dkt. 87, 88, 89. On June 20, 2011, Defendants filed a motion for summary judgment for non-infringement of trademark, Dkt. 90, which this Court granted on August 2, 2011, Dkt. 97, finding that Plaintiff had failed to produce sufficient evidence to show that he owns an enforceable mark.

On August 15, 2011, Defendants filed a motion for partial summary judgment as to invalidity, Dkt. 98, and a motion for partial summary judgment with regard to Plaintiff's false advertisement claim pursuant to the Lanham Act, Dkt. 99. The Court heard oral argument on these motions on October 24, 2011, at which time the Court denied Defendants' motions for summary judgment in part, and granted partial summary judgment as to the Lanham Act claim because Plaintiff failed to submit sufficient evidence of damages. Dkt. 117.

## III.  ANALYSIS

### A.  Judgment as a Matter of Law

#### 1.  General Legal Standard

Rule 50(a) permits a party to move for judgment as a matter of law after such party has been fully heard on an issue during a jury trial; if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may… resolve the issue

---

[1] Disputed Claim Phrase 1: "wherein said turret is of heavier weight than the weight of said manifold, such that said turret remains in a stationary position upon said manifold in any particular relative rotation between said turret and said manifold." Order, p. 1, Dkt. 50.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV10-02225 JAK (JCx) | | Date | May 15, 2012 |
|---|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | | |

against the party." FED. R. CIV. P. 50(a). Similarly, Rule 50(b) provides for a renewed motion for judgment as a matter of law:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment… the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

FED. R. CIV. P. 50(b).

When a party moves for judgment as a matter of law, previously known as judgment notwithstanding the verdict, the trial court must determine (i) whether there is substantial evidence to support the jury's findings and (ii) whether those findings are legally sufficient to support the legal conclusion drawn by the jury in reaching its verdict. *R.R. Dynamics, Inc. v. Stucki Co.*, 727 F.2d 1506, 1513 (Fed. Cir. 1984). With respect to the first step, substantial evidence means relevant evidence, taken from the record as a whole, "as might be accepted by a reasonable mind as adequate to support the finding under review." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984). "A court cannot merely substitute its view for that of the jury's when reviewing questions of fact." *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 758 (Fed. Cir. 1984). Instead, in reviewing the evidence, "a court must: (1) consider all the evidence; (2) in a light most favorable to the non-mover; (3) drawing reasonable inferences favorable to the non-mover; (4) without determining credibility of witnesses, and (5) without substituting its choice for that of the jury between conflicting elements in the evidence." *Connell v. Sears Roebuck & Co.*, 722 F.2d 1542, 1546 (Fed. Cir. 1983). The second step in the process allows a district court to avoid "a miscarriage of justice by reaching, when the rules render it necessary, a legal conclusion different from that of the jury." *R.R. Dynamics*, 727 F.2d at 1513. Granting judgment as a matter of law is appropriate when "the court is convinced upon the record before the jury that reasonable persons could not reach or could not have reached a verdict for the non-mover." *Connell v. Sears*, 722 F.2d at 1546.

When reviewing the motion, courts must not lose sight of the presumption of patent validity. *Perkin-Elmer Corp.,* 732 F.2d at 893. Additionally, when the jury has returned a verdict of validity,

Case 2:10-cv-02225-RJK-JEM Document 875-5 Filed 10/31/12 Page 4 of 14 Page ID #:20090

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

the question is not whether the patentee had introduced sufficiently substantial evidence to support the verdict, but whether the challenger's evidence so met the burden imposed by 35 U.S.C. § 282 ("The burden of establishing invalidity of a patent or any claim shall rest on the party asserting such invalidity") that reasonable jurors could not have concluded that the challenger failed to overcome that burden.

*Id.* (citation omitted). In light of these standards, the question presented by the current motion is whether a reasonable jury could conclude that Defendants failed to meet their burden of producing clear and convincing evidence of invalidity. *See Microsoft Corp. v. i4i Ltd. P'ship*, __ U.S. __, 131 S. Ct. 2238 (2011) (reaffirming that the clear and convincing evidentiary standard applies in all cases involving arguments of invalidity).

**B. Invalidity**

35 U.S.C. § 112 sets forth the requirements for patent specifications:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

This language has been interpreted as creating three distinct requirements for any conforming specification, each of which must be satisfied to establish validity: (i) the written description requirement, which calls for "a written description of the invention"; (ii) the enablement requirement, which calls for a disclosure of "the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art… to make and use the same"; and (iii) the best mode requirement, which calls for the disclosure of "the best mode contemplated by the inventor of carrying out his invention." Defendants challenge Plaintiff's '936 Patent on each of these grounds. Thus, they contend that the evidence at trial did not support a finding that the specification for the '936 Patent complied with the disclosure requirements of § 112.

    1. <u>Best Mode</u>

        a) Legal Standard

Inventors are required by 35 U.S.C. § 112 to disclose the best mode for practicing their claimed inventions. A finding of patent invalidity based on best mode "requires clear and convincing evidence that the inventor both knew of and concealed a better mode of carrying out the claimed invention than that set forth in the specification." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1330 (Fed. Cir. 2002). This is a two-part factual test: (i) whether the inventor subjectively "considered a particular mode

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

of practicing the invention to be superior to all other modes at the time of filing" the application; and (ii) whether the inventor adequately disclosed that superior mode. *Id.* "Known ways of performing a known operation cannot be deemed intentionally concealed absent evidence of intent to deliberately withhold that information." *High Concrete Structures, Inc. v. New Enter. Stone & Lime Co.*, 377 F.3d 1379, 1384 (Fed. Cir. 2004).

The best mode requirement does not extend to "routine details" apparent to one of ordinary skill in the art. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 963 (Fed. Cir. 2001); *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1346-47 (Fed. Cir. 2000) (no best mode violation where patent specification omitted a reference to a publication that was known in the art); *Young Dental Mfg. Co., Inc. v. Q3 Special Prods., Inc.*, 112 F.3d 1137, 1144-45 (Fed. Cir. 1997) (no best mode violation upon general disclosure of grade of plastics, because it was within knowledge of persons of ordinary skill to select a suitable grade and there was no showing that a particular grade was necessary and concealed). "A description of particular materials or sources or of a particular method or technique selected for manufacture may or may not be required as part of a best mode disclosure respecting a device." *Wahl Instruments, Inc. v. Acvious, Inc.*, 950 F.2d 1575, 1579 (Fed. Cir. 1991).

    b)  Application

Defendants have not met their burden of showing that no reasonable jury could conclude that, through the evidence presented at trial, Defendants failed to demonstrate noncompliance with the best mode requirement by clear and convincing evidence. Defendants base this argument on the nondisclosure of three particular elements of the alleged best mode: (i) the method of manufacturing the grooves on the stem; (ii) the size and means of machining the bore; and (iii) the weight differential between the turret and the manifold.

    (1)  Method of Manufacturing Grooves

Defendants contend that the '936 Patent does not comply with the best mode requirement because the specification does not disclose Plaintiff's method of machining the grooves on the stem of the pipe. This argument fails for three independent reasons: (i) this is not the type of best mode element that must be disclosed; (ii) Defendants have not proven that Plaintiff's preferred method of manufacture is the "best mode" of the patent, *i.e.*, that it is related to the efficacy of claimed elements as opposed to market concerns; and (iii) even if Plaintiff's current manufacturing method would be considered a "best mode," there is no evidence that Plaintiff was aware of and preferred this method for machining the stem at the time he filed his patent application.

Defendants did not prove by clear and convincing evidence that this is the type of best mode that must be disclosed. Generally, a best mode violation arises when the patentee conceals the best way to carry out the invention. Here, because Plaintiff has testified that a grooved stem is superior to an

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

ungrooved stem due to the improved heat dissipation, it could be a best mode violation if Plaintiff had failed to disclose a grooved stem at all, and instead, disclosed only a straight-cut stem. However, the best mode requirement does not require that a patentee disclose the means of manufacturing each portion of the best mode embodiment. *See Christianson v. Cold Indus. Operating Corp.*, 822 F.2d 1544, 1562 (Fed. Cir. 1987), *vacated on other grounds*, 486 U.S. 800 ("Patents are not production documents, and nothing in the patent law requires that a patentee must disclose data on how to mass-produce the invented product…."). If adequate means of manufacturing are known to persons of ordinary skill in the art, the patentee has complied with the best mode requirement, even without disclosing the manufacturing details. *Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 112 F.3d 1163, 1166 (Fed. Cir. 1997) (no best mode violation because disclosure of computer software was "implicit in the specification" and would be apparent to a person skilled in the art).

Defendants have not provided any evidence that persons of ordinary skill would be unable to manufacture the product without such instructions. Consequently, they have not met their evidentiary burden. Indeed, the opposite conclusion can be inferred from the record: Defendants do not argue that they had any difficulty finding a manufacturer who could machine pipes with the claimed grooves, nor do they present any evidence on this point. Thus, the method of machining the grooves is the type of manufacturing detail that would be apparent to a person of ordinary skill, and need not be disclosed for compliance with the best mode requirement.

Also unpersuasive is the trial testimony to which Defendants refer in support of the alleged best mode violation. This testimony does not support the conclusion that Plaintiff knew of a better method, only that he employed a particular method: "Q: Is there a special way to machine the stem, Mr. Lee? A: It's not a special way. It's machining using a lathe." Teran Decl., Exh. A, Dkt. 182-1; *see Christianson*, 822 F.2d at 1563 ("All that has been shown and argued is that Colt has not let Christianson have Colt's manufacturing techniques, a fact having nothing to do with section 112 or any other part of the patent law."). As the Federal Circuit has explained, the fact that a person manufactures his invention in a particular way, and chooses not to disclose that method to others, does not lead to the logical inference that the patentee's manufacturing method is the "best mode" of carrying out the patent because other factors likely influenced the patentee's manufacturing decisions:

> Any process of manufacture requires the selection of specific steps and materials over others. The best mode does not necessarily cover each of these selections. To so hold would turn a patent specification into a detailed production schedule, which is not its function. Moreover, a requirement for routine details to be disclosed because they were selected as the "best" for manufacturing or fabrication would lay a trap for patentees whenever a device has been made prior to filing for the patent.... A step or material or source or technique considered 'best' in a manufacturing circumstance may have been selected for a non-"best mode" reason, such as the manufacturing equipment was on hand, certain materials were available, prior relationship with supplier was satisfactory, or other reasons having nothing to do with development of the invention.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

*Wahl Instruments*, 950 F.2d at 1581. In this matter, it was reasonable for the jury to conclude that Defendants failed to prove by clear and convincing evidence that Plaintiff's "proprietary" manufacturing method was related to the invention and not the product of other market concerns.

Even if Plaintiff's testimony about his "proprietary" method could fairly be interpreted as meaning that Plaintiff had a preferred method of manufacturing that constitutes part of the "best mode," there is no evidence that Plaintiff knew of, and preferred, such method at the time his patent application was filed. Indeed, Defendants specifically admit this shortcoming later in their memorandum when arguing that the patent does not meet the written description requirement. Def. Mem., p. 12, Dkt. 182 ("It is unknown whether the 'proprietary' method for making the stem was developed after the filing date of the '936 Patent."). Because Defendants have the burden of proving invalidity by clear and convincing evidence, they have not satisfied that burden here. For these reasons, the jury's decision that Defendants failed to meet their burden of proving invalidity on this basis is supported by substantial evidence.

(2) The Size and Means of Machining the Bore

Defendants also contend that, because Plaintiff testified at trial that he preferred a wider bore because it is easier to clean, and testified that he did not explicitly disclose this preference or a method for machining such a bore in the '936 Patent, Plaintiff violated the best mode requirement. This argument also fails. With respect to Plaintiff's failure to disclose the method of machining the bore, Defendants have not presented any evidence that persons of ordinary skill in the art need detailed guidance with respect to the machining of bores. Instead, this appears to be a routine task well within the abilities of a person of ordinary skill. With respect to the alleged nondisclosure, even assuming that the wide bore hole must be disclosed for the specification to comply with § 112, the hole size is disclosed. The '936 Patent includes detailed, scaled drawings of the "best mode" bore size. There is no requirement that the best mode disclosure be described with words rather than figures. Further, the accused pipes were machined to have a bore size nearly identical to that of Plaintiff's pipe. For all of these reasons, it was not unreasonable for the jury to find that Defendants failed to meet their burden of presenting clear and convincing evidence of invalidity on this ground.

(3) Weight Differential Between Turret and Manifold

Defendants next contend that Plaintiff did not disclose the best mode weight differential between the turret and manifold necessary to keep the turret stationary relative to the manifold. Plaintiff responds that he disclosed the materials used to make the turret and manifold, which are brass and aluminum, respectively, and that these materials necessarily create an effective weight differential.

Case 2:10-cv-02225-RJK-JEM Document 875 Filed 05/15/12 Page 8 of 14 Page ID #:20094

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

Plaintiff's position is sufficient to defeat Defendants' challenge on this ground. *See Young Dental Mfg.*, 112 F.3d at 1144-45 (no best mode violation upon general disclosure of grade of plastics because it was within knowledge of persons of ordinary skill to select a suitable grade and there was no showing that a particular grade was necessary and concealed). The same logic applies here: Plaintiff disclosed the type of metals, and it is within the knowledge of persons of ordinary skill to select suitable grades of metal. Further, Defendants have not provided any evidence that a particular type of brass or aluminum is necessary for proper functioning, or even that Plaintiff preferred a particular grade or alloy, or had any more specialized preference at the relevant time that was not disclosed.

    2.    <u>Enablement</u>

        a)    Legal Standard

Section 112 requires the specification to be "enabling" to a person "skilled in the art to which [the invention] pertains, or with which it is most nearly connected." 35 U.S.C. § 112. Enablement is a question of law based on factual findings. *Bruning v. Hirose*, 161 F.3d 681, 686 (Fed. Cir. 1998). In order to enable the claims of a patent pursuant to § 112, the patent specification must teach those of ordinary skill in the art "how to make and use the full scope of the claimed invention without undue experimentation." *Bruning,* 161 F.3d at 686. Some experimentation is permissible, although it cannot be unduly excessive. *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986). Thus, "[t]he key word is 'undue,' not experimentation.'" *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

Factors to be considered in determining whether the patent enables the invention without requiring undue experimentation include: (i) the quantity of experimentation necessary; (ii) the amount of direction or guidance presented; (iii) the presence or absence of working examples; (iv) the nature of the invention; (v) the state of the prior art; (vi) the relative skill of those in the art; (vii) the predictability or unpredictability of the art; and (viii) the breadth of the claims. *Id.* at 736-37. These factors are illustrative, not mandatory. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1213 (Fed. Cir. 1991).

"The enablement requirement is met if the description enables any mode of making and using the claimed invention." *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1533 (Fed. Cir. 1991). Furthermore, a patent need not teach, and preferably omits, what is well known in the art. *Hybritech Inc.,* 82 F.2d at 1384.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

      b)      Application

      Defendants repeat their arguments regarding the nondisclosure of how to machine the stem and the nondisclosure of a weight differential between the turret and the manifold that would be sufficient for the turret to remain stationary. These arguments are unpersuasive.

      With respect to the method of machining the stem, Defendants again contend that, because Plaintiff did not disclose his "proprietary" method, the invention is not enabled. However, as discussed above with respect to the best mode requirement, the method of machining the stem was not unique, and methods of using lathes to machine metal parts are well known in the art. Defendants have presented no evidence that a manufacturer could not duplicate the grooved stem, or that any such duplication required undue experimentation. Instead, Defendants appear to have been able to acquire stems machined with nearly identical grooves as Plaintiff's without issue from at least one manufacturer.

      With respect to the weight differential, Plaintiff disclosed the types of metal that should be used: aluminum and brass. Defendants have not produced any evidence that simply machining the parts out of the suggested metals would be ineffective. Nor have Defendants provided evidence that any experimentation necessary to ascertain the proper alloys for the invention to function would be "undue."

      3.      <u>Written Description</u>

            a)      Legal Standard

      "The 'written description' requirement implements the principle that a patent must describe the technology that is sought to be patented; the requirement serves both to satisfy the inventor's obligation to disclose the technologic knowledge upon which the patent is based, and to demonstrate that the patentee was in possession of the invention that is claimed." *Capon v. Eshhar*, 418 F.3d 1349, 1357 (Fed. Cir. 2005). "The test under the written description requirement is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1351 (Fed. Cir. 2011). However, "it is unnecessary to spell out every detail of the invention in the specification; only enough must be included to convince a person of skill in the art that the inventor possessed the invention." *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

      "[A]n applicant complies with the written description requirement by describing the invention, with all its claimed limitations, not that which makes it obvious, and by using such descriptive means as words, structures, figures, diagrams, formulas, etc., that set forth the claimed invention." *Regents of the Univ. of Cal. v. Eli Lilly*, 119 F.3d 1559, 1566 (Fed. Cir. 1997) (internal quotation omitted). Whether a

Case 2:10-cv-02225-RBD-JEM Document 475 Filed 05/15/13 Page 11 of 15 PageID #:3391

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV10-02225 JAK (JCx) | | Date | May 15, 2012 |
|---|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | | |

specification complies with the written description requirement is a question of fact. *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002).

        b)      Application

Defendants contend that the written description of the '936 Patent does not properly disclose the proprietary method of machining the stem and does not disclose enough details to support the conclusion that Plaintiff was in possession of his invention, specifically with respect to a turret that remains stationary because it is heavier than the manifold. For the reasons discussed above, the written description requirement is clearly met here. Plaintiff disclosed each element of the claimed invention. Plaintiff had no obligation to "spell out every detail," or disclose manufacturing methods, as discussed above. Further, Defendants have not introduced any evidence to support their arguments. With respect to the "proprietary" method, Plaintiff was under no obligation to disclose his manufacturing method, and such method was likely within the knowledge of those of skill in the art. Defendants have produced no evidence to the contrary. With respect to the weight differential, Defendants have not demonstrated that machining the pipe out of the two different metals described in the specification, aluminum and brass, without a more specific weight differential, would result in a non-functioning pipe. Thus, Defendants have not proven that any information not disclosed was necessary to demonstrate possession of the invention. Accordingly, Defendants have not met the clear and convincing evidentiary standard.

        4.      Conclusion

Because Defendants cannot demonstrate that it was unreasonable for a jury to find that they did not meet their burden of proof on invalidity, the Court holds that the jury's finding of validity was supported by substantial evidence, and DENIES Defendants' motion for judgment as a matter of law on invalidity.

    **C.**     **Non-Infringement**

        1.      Legal Standard

An infringement analysis is "a two-step process in which we first determine the correct claim scope, and then compare the properly construed claim to the accused device to determine whether all of the claim limitations are present either literally or by a substantial equivalent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F. 3d 1243, 1247-48 (Fed. Cir. 1998). "To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims." *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353, 1358 (Fed. Cir. 2002) (quoting *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998)). "If even one limitation is missing or not met as claimed, there is no literal infringement." *Mas-Hamilton Group*, 156 F.3d at 1211. "Whether an accused device or method infringes a claim either literally or under the doctrine of

Case 2:10-cv-02225-RBD-JKM Document 47-8 Filed 05/15/13 Page 12 of 15 PageID 20097
Case 2:10-cv-07192-RBD-JKM Document 47-8 Filed 05/15/13 Page 11 of 14 PageID 20097
#:3392

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

equivalents is a question of fact." *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1207 (Fed. Cir. 2001) (citing *Tanabe Seiyaku Co. v. U.S. Int'l Trade Comm'n*, 109 F.3d 726, 731 (Fed. Cir. 1997)).

    2.    <u>Application</u>

        a)    Disputed Claim Limitation

Claim 1 of the '936 Patent has the following claim limitation: "wherein said turret is of heavier weight than the weight of said manifold, such that said turret remains in a stationary position upon said manifold." Similarly, claim 11 includes the following claim requirement: "the turret being of heavier weight than that of the manifold so that both turret and manifold remain stationary relative to one another." During claim construction, "[t]he Court construe[d] the claim language as it is written," finding that these claims require that the turret remain stationary as a result of its weight, but holding that this limitation does not preclude the use of some other means to assist in keeping the turret stationary during use. Order, pp. 4, 5-6, Dkt. 50.

        b)    Defendants' Position

Defendants contend that Plaintiff failed to meet his burden at trial of introducing evidence demonstrating that the accused product meets these claim limitations. Specifically, Defendants assert that the jury's finding of infringement must be reversed because: (i) Plaintiff submitted only a single example of the hundreds of allegedly infringing pipes sold by Defendants; and (ii) the evidence does not support a finding that the turret in the accused product is sufficiently heavier than the manifold to hold the turret in place without the added spring and ball bearing.

        c)    Whether Plaintiff Had an Obligation to Introduce Evidence Pertaining to a Larger Cross-Section of Accused Products

Defendants assert that Plaintiff was required to perform statistical sampling of its many accused products in order to state a claim for infringement. Plaintiff responds that he presented a prima facie case of infringement pertaining to the two pipes he demonstrated were purchased from Defendants.

There is no legal support for Defendants' position that Plaintiff had a burden that extended beyond presenting two representative products. If Defendants wished to present evidence to rebut Plaintiff's prima facie case of infringement with respect to certain accused products, they had the opportunity to do so at trial. Defendants do not contend that they attempted to submit such evidence and it was excluded. Thus, this argument fails.

        d)    Whether Plaintiff Submitted Sufficient Evidence to Meet His Burden of Showing Literal Infringement

Case 2:10-cv-02225-RBD-JCD Document 195 Filed 05/15/12 Page 12 of 14 PageID 20098
Case 2:10-cv-02225-RBD-JKM Document 475 Filed 05/15/13 Page 12 of 15 PageID 20098
#:3393

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

Based on the disputed claim language, Defendants are correct that Plaintiff had the burden of proving at trial that the turret in the accused product was heavier than the manifold such that the turret remained stationary relative to the manifold. Defendants admit that, during trial, Plaintiff "showed that one of the Defendants' accused products had a turret that is heavier than the weight of its manifold." Def. Mot., p. 4, Dkt. 181. Thus, the issue is whether Plaintiff presented sufficient evidence for the jury to find that this proven weight differential was adequate to maintain the turret in a stationary position. Defendants argue that, because Plaintiff never introduced any "test results, statistical data, scientific evidence, expert testimony, or any testimony" to show that the turret remains stationary *because* of its weight, Plaintiff failed to demonstrate infringement of this claim limitation. *Id.*

Plaintiff responds that he did not have a burden to produce any particular type of evidence, and because he produced two versions of the accused products, he met his evidentiary burden. Specifically, Plaintiff argues that the jury was, or became, sufficiently familiar with weight differentials and simple mechanics such that the jury could decide, based on the accused products alone, whether they met this claim limitation. The jury had the accused product in its possession and for its examination; it was a trial exhibit.

Notably, Defendants do not challenge the legal determination of how to construe the claims at issue, only the question of fact regarding whether a particular claim limitation was met by the accused device. Because Plaintiff proved that the turret was heavier than the manifold, and entered the accused product into evidence, there was sufficient evidence to support the jury's finding that the accused product met this claim limitation. For literal infringement, "there is no general requirement that a party necessarily provide explanatory argument linking the evidence to each of the various elements of a legal theory." *Monsanto Co. v. Mycogen Plant Sci., Inc.*, 261 F.3d 1356, 1367 (Fed. Cir. 2001). In *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1574 (Fed. Cir. 1991), the Federal Circuit held that the testimony of an inventor, along with his claim charts and drawings, was sufficient to establish a prima facie case of infringement. Here, although Plaintiff has not provided, and the Court has not found, a case in which the submission of the accused product itself was deemed sufficient evidence of infringement, neither has the Court found a case coming to the contrary conclusion.[2] Further, Defendants have not provided any authority for their position that Plaintiff's testimony, along with the submission of the accused product into evidence, was insufficient to establish a prima facie case of infringement.

Moreover, it is noteworthy that, when construing the disputed claims, the Court found that, although the claim required the turret's weight to be sufficient for it to remain stationary, it did not

---

[2] The majority of cases on this issue, *i.e.*, the sufficiency of evidence at trial, deal with proving infringement pursuant to the doctrine of equivalents. However, under the doctrine of equivalents, the plaintiff is subject to a heightened evidentiary burden of providing testimony and other evidence explicitly linking each non-literally infringed claim limitation to the accused product. The same evidentiary burden does not apply to literal infringement.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

preclude the addition of other stabilizing features, such as a spring and ball bearing. Under the Court's unchallenged claim construction, Plaintiff was entitled to prove only that the turret was heavier, and that this weight kept the turret stationary, despite the presence of other mechanisms that ensured the turret would not move during use. Thus, because Plaintiff provided his testimony as the inventor and the accused products themselves to the jury, the jury's decision that the accused products meet this claim limitation was supported by substantial evidence.

The only competing evidence on which Defendants rely is that the accused product was "shinier" than Plaintiff's product. According to Defendants, this evidence of shininess is sufficient to make it unreasonable for the jury to have found for Plaintiff because shinier surfaces generate less friction, making it less likely that the stationary-weight claim limitation was met by the accused product. This argument is unpersuasive. First, Defendants did not introduce evidence at trial that this shininess was linked to friction and thus ease of movement. Second, as Plaintiff points out, the evidence of shininess in the record pertains to the level of shine on the external portions of the turrets, not on the internal holes where the relevant friction would or would not be created. Thus, the external shininess is completely unrelated to whether the weight would cause the turret to remain stationary. Third, even if there were evidence in the record, and even if the internal holes were shiny such that there was reduced friction associated with rotating the turret on the accused product, such evidence would not be so conclusive as to justify disturbing the jury's weighing of the evidence. Defendants did not produce evidence that the reduced friction, if any, would be sufficient to preclude the turret's weight from causing it to remain stationary. Thus, the effect of any such shininess on the relevant friction was not sufficient to demonstrate non-infringement. Accordingly, Defendants' argument that evidence of the shininess of their products precludes a finding of infringement as a matter of law fails.

Finally, whether an accused device meets each limitation of the patent in suit is a question of fact. Thus, because Plaintiff testified as the inventor and provided the jury with the accused product, the jury's factual conclusion was supported by substantial evidence. Defendants have not satisfied their high burden to demonstrate otherwise. Consequently, the Court DENIES Defendants' motion for judgment as a matter of law on the basis of non-infringement.

    **D.**     **Motion for New Trial**

Alternatively, Defendants move for a new trial on both invalidity and non-infringement, contending that the jury's verdict is contrary to the weight of the evidence.

    1.     <u>Legal Standard</u>

Rule 59 provides that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). The Ninth Circuit has "held that the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02225 JAK (JCx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Jake Lee v. Mike's Novelties, Inc., et al. | | |

trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation and alteration omitted). "Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has 'the duty ... to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'" *Id.* (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)) (alterations in original). "If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." *Landes Const. Co., Inc. v. Royal Bank of Can.*, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

        2.      <u>Application</u>

Here, Defendants base both of their Rule 59 motions for a new trial on the arguments and authorities set forth in their motions for judgment as a matter of law. For the reasons stated above, those arguments are unconvincing. Consequently, they do not approach, much less meet, the requisite standard for granting a new trial: "the definite and firm conviction that a mistake has been committed." Consequently, the Court DENIES Defendants' Rule 59 motions for a new trial.

**IV.**    **<u>CONCLUSION</u>**

For the foregoing reasons, the Court DENIES Defendants' motions for judgment as a matter of law and for a new trial.

**IT IS SO ORDERED.**

                                                                                                                                     :

Initials of Preparer   ak