UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

        Plaintiff,

v.                                Case No. 3:11-cv-719-J-37TEM

QUALCOMM INCORPORATED,

        Defendant.

_____

PARKERVISION'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL

## I.    INTRODUCTION

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to file under seal (i) excerpts from Appendix B of the Opening Expert Report of Dr. Prucnal, (ii) pages 32, 196, and 237-38 of the Expert Report of Dr. Fox, (iii) page 88 of the Expert Report of Dr. Williams dated March 4, 2013, (iv) Qualcomm's Second Supplemental Objections and Responses to ParkerVision's First Set of Interrogatories (Nos. 1-9), dated September 14, 2012 and admitted into evidence as JX23 (hereinafter, "JX23"), and (v) Second Supplemental Exhibit B submitted by Qualcomm in response to ParkerVision's Interrogatory No. 4, admitted into evidence as PX387 (hereinafter, "PX387").

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable

1

or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision has met each of these requirements as to the excerpts from Appendix B of the Opening Expert Report of Dr. Prucnal; pages 32, 196, and 237-38 of the Expert Report of Dr. Fox; page 88 of the Expert Report of Dr. Williams dated March 4, 2013; JX23; and PX387. Accordingly, the Court should grant ParkerVision's request to seal this exhibit and the sections of the trial transcript and trial relief hearing transcript identified herein.

II.     **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

A.      **Excerpts from Appendix B of the Opening Expert Report of Dr. Prucnal.**

Appendix B of the Opening Expert Report of Dr. Prucnal contains confidential information in which Dr. Prucnal opines as to the manner in which Qualcomm's accused products function and discusses the confidential details of its technology.

B.      **Pages 32, 196, and 237-38 of the Expert Report of Dr. Fox.**

Pages 32, 196, and 237-38 of the Expert Report of Dr. Fox contain confidential information in which Dr. Fox opines as to the manner in which Qualcomm's accused products function and discusses the confidential details of its technology.

C.      **Page 88 of the Expert Report of Dr. Williams dated March 4, 2013**

Page 88 of the Expert Report of Dr. Fox contains confidential information in which Dr. Fox opines as to the manner in which Qualcomm's accused products function and discusses the confidential details of its technology.

### D.   Interrogatory Responses

JX23 and PX387 contain confidential information in which Qualcomm identifies confidential details of its technology and the accused products.

Because of the confidential financial, business, and technical content, those excerpts and pages from the expert reports should be filed under seal.

## III.   DURATION OF SEAL

ParkerVision requests that the Court maintain Appendix B of the Opening Expert Report of Dr. Prucnal; pages 32, 196, and 237-38 of the Expert Report of Dr. Fox; page 88 of the Expert Report of Dr. Williams dated March 4, 2013; JX23; and PX387 under seal until ParkerVision moves the Court to unseal it.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the licensing and contractual information.  Additionally, the concerns regarding disclosure of Appendices B of the Opening Expert Report of Dr. Prucnal; pages 32, 196, and 237-38 of the Expert Report of Dr. Fox; page 88 of the Expert Report of Dr. Williams dated March 4, 2013; JX23; and PX387 will persist beyond one year.

## IV.   AUTHORITY IN SUPPORT OF SEALING (1) APPENDIX B OF THE OPENING EXPERT REPORT OF DR. PRUCNAL, (2) PAGES 32, 196, AND 237-38 OF THE EXPERT REPORT OF DR. FOX, (3) PAGE 88 OF THE EXPERT REPORT OF DR. WILLIAMS DATED MARCH 4, 2013, (4) JX23, AND (5) PX387.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents.  *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).  In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there

will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. Appendix B of the Opening Expert Report of Dr. Prucnal; pages 32, 196, and 237-38 of the Expert Report of Dr. Fox; page 88 of the Expert Report of Dr. Williams dated March 4, 2013; JX23; and PX387 present just such an instance. The likelihood of injury to Qualcomm if this exhibit and testimony are placed into the public domain is great, and filing it under seal would protect Qualcomm's confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in Appendix B of the Opening Expert Report of Dr. Prucnal; pages 32, 196, and 237-38 of the Expert Report of Dr. Fox; page 88 of the Expert Report of Dr. Williams dated March 4, 2013; JX23; and PX387 are not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision respectfully requests that aforementioned documents be sealed.

October 31, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ *Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No.: 24078767
rkamprath@mckoolsmith.com
Ivan Wang
Texas State Bar No.: 24042679
E-mail: iwang@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/s/ *James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

**ATTORNEYS        FOR        PLAINTIFF
PARKERVISION, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day, October 31, 2013, I served the foregoing on all counsel of record via ECF.

*/s/ Mario Apreotesi*
Mario Apreotesi

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

On October 31, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

*/s/ Mario Apreotesi*
Mario Apreotesi

6