**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **PARKERVISION, INC.,**<br><br>        Plaintiff,<br><br>vs.<br><br>**QUALCOMM INCORPORATED,**<br><br>        Defendant. | Civil Action No. 3:11-cv-719-J-37JRK |

**<u>PARKERVISION INC.'S PROPOSED FORM OF PERMANENT INJUNCTION</u>**

## I. ENJOINED ACTIVITIES

It is ORDERED that Qualcomm Inc., any of its subsidiaries or other entities controlled by Qualcomm Inc., and their officers, agents, servants, employees, and attorneys (collectively "Qualcomm") and those in active concert or participation with any of them, including customers, distributors, and consultants, who receive actual notice of this Permanent Injunction by personal service or otherwise ("Enjoined Parties") are hereby permanently ENJOINED and RESTRAINED, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from performing the following actions during the term of U.S. Patent Nos. 6,061,551 (the "'551 patent"), 6,266,518 (the "'518 patent"), 6,370,371 (the "'371 patent") and 7,496,342 (the "'342 patent") (collectively, the "Patents-in-Suit"), the last of which (the '342 patent) will expire on August 30, 2022:

1. Making, using, offering to sell, selling, or importing the Enjoined Products in or into the United States (as defined in 35 U.S.C. § 271(a)), whether individually or in combination with other products or as part of another product, or

2. Causing the Enjoined Products to be made, used, offered for sale, sold, or imported into the United States, whether individually or in combination with other products or as part of another product, or

3. Assisting others in making, using, importing, selling, and/or offering to sell in the United States any Enjoined Product and/or any device that includes any Enjoined Product, by engaging in the following activities, without limitation: (i) advertising, marketing, or otherwise promoting Enjoined Products and/or any device that includes any Enjoined Product; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for Enjoined Products and/or any device that includes any Enjoined Product; (iii) providing customer service or other technical support relating to Enjoined Products and/or any device that includes any Enjoined Products; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to Enjoined Products and/or any device that includes any Enjoined Products; (v) preparing or distributing documentation regarding the operation, use, or intended use of any Enjoined Products and/or any device that includes any Enjoined Product; (vi) writing, modifying, or updating software for Enjoined Products and/or any device that includes

any Enjoined Product; (vii) designing or modifying circuits for use in Enjoined Products; (viii) selling Enjoined Products to third parties with the knowledge that or in anticipation that the Enjoined Products and/or a device that includes the Enjoined Product will be imported into the United States; or (ix) taping out Enjoined Products, or

4. Receiving payments for the sales of any Enjoined Product and/or any device that includes an Enjoined Product where (i) the sale takes place in the United States; or (ii) Qualcomm has knowledge that or anticipates that the Enjoined Product and/or a device that includes the Enjoined Product will be imported into the United States.

## II. ENJOINED PRODUCTS AND FUNCTIONALITY

Qualcomm's "Enjoined Products" include the following products: Astra (RGR6240), Bahama (WC2243), Eagleray (FTR8700), GZIF3 (RTR6275), GZIF4 (RTR6237, RTR6280, RTR6285, RTR6285A, MXU6219), Halley (QTR9215), Hercules (RTR8700), Iceman (RTR9605), Iris (WCN3660), Libra/Gemini (WCN1312), Magellan (MDM6200, MDM6600, QSC6155, QSC6175, QSC6185, QSC6295, QSC6695, QTR8200, QTR8600, QTR8600L, QTR8601, QTR8615, QTR8615L, RTR8600, RTR8601, RTR8605), Merlin (QCT) (QSC1105), Napoleon (QSC1100, QSC1110), Odyssey (WTR1605, WTR1605L), Ramsis (QSC6055, QSC6065, QSC6075, QSC6085, MDM6085), Solo (QSC6240, ESC6240, MDM6270, ESC6270, QSC6270), Volans (WCN1314), Voltron (RTR6500), and Ywing (WCN1320), and all other Qualcomm products that are (i) no more than colorably different therefrom in the context of claims 23, 25, 161, 193, and 202 of the '551 patent; claims 27, 82, 90, and 91 of the '518 patent; claim 2 of the '371 patent; and claim 18 of the '342 patent and (ii) embody the "Enjoined Functionality," whether individually or in combination with other products or as a part of another product.

The Enjoined Functionality converts electromagnetic signals from higher frequencies to lower frequencies through a method of direct downconversion in which a signal's energy is transferred to one or more storage devices and the transferred energy is used to generate the down-converted signal. The Enjoined Functionality includes at a minimum the functionality to downconvert a carrier signal, including (i) sampling the carrier signal, which is the reduction of a continuous-time signal to a discrete-time signal; (ii) the transfer of non-negligible amounts of energy from the carrier signal to one or more storage devices; and (iii) generating the down-

converted or baseband signal from the transferred energy by the repeated charge and discharge of the storage device(s).

### III. SUNSET PROVISION

With respect to Enjoined Products and devices that include an Enjoined Product, the injunction against activities listed in Sections I and II above shall be stayed until April 24, 2015, subject to the following limitations:

1. Within 30 days after the close of each calendar quarter, Qualcomm shall pay to ParkerVision an ongoing royalty, consisting of $0.61 per Receiver Product and $0.70 per Transceiver Product for all sales of Enjoined Products and/or devices that include an Enjoined Product that: occur after October 24, 2013 and either (i) the sale takes place in the United States or (ii) the sale takes place outside of the United States and the Enjoined Products and/or devices that include an Enjoined Product is ultimately imported into the United States by Qualcomm's customer or another third party ("Sunset Sales").

   a. The term "Receiver Products" as used herein shall be defined as including the following Infringing Products:

      i. Astra (RGR6240).

      "Receiver Product" also includes Enjoined Products that "receive radio frequency signals from the air, and convert those signals into a form that can be used in later processing to convert back into the original signal" but do not include a transmitter.

   b. The term "Transceiver Product" as used herein shall be defined as including the following Enjoined Products:

      i. Bahama (WCN2243);

      ii. Eagleray (FTR8700);

      iii. GZIF3 (RTR6275);

      iv. GZIF4 (RTR6237, RTR6280, RTR6285, RTR6285A, MXU6219);

      v. Halley (QTR9215);

    vi. Hercules (RTR8700);

    vii. Iceman (RTR9605);

    viii. Iris (WCN3660);

    ix. Libra/Gemini (WCN1312);

    x. Magellan (MDM6200, MDM6600, QSC6155, QSC6175, QSC6185, QSC6295, QSC6695, QTR8200, QTR8600, QTR8600L, QTR8601, QTR8615, QTR8615L, RTR8600, RTR8601, RTR8605);

    xi. Merlin (QCT) (QSC1105);

    xii. Napoleon (QSC1100, QSC1110);

    xiii. Odyssey (WTR1605, WTR1605L);

    xiv. Ramsis (QSC6055, QSC6065, QSC6075, QSC6085, MDM6085);

    xv. Solo (QSC6240, ESC6240, MDM6270, ESC6270, QSC6270);

    xvi. Volans (WCN1314);

    xvii. Voltron (RTR6500); and

    xviii. Ywing (WCN1320).

"Transceiver Products" also includes Enjoined Products that "combine a receiver with a transmitter on a single chip or in a single package."

2. Sunset Sales are permitted only to existing Qualcomm customers who placed a firm order for an Enjoined Product or device that includes an Enjoined Product before the date of this Permanent Injunction.

3. For each Sunset Sale, Qualcomm shall obtain from the purchasing customer written certification that shall show the quantity of purchased Enjoined Products or devices that include an Enjoined Product. Within 30 days after the close of each calendar quarter, Qualcomm shall provide ParkerVision with copies of all such certifications obtained during the immediately-preceding quarter.

4. On or before the 30th day after the close of each calendar quarter, Qualcomm shall provide ParkerVision with reports from which ParkerVision can assess the proper royalties owed. Such reports shall provide, for Sunset Sales made in the previous quarter, at least the following information: (i) identification of the Enjoined Product(s) sold or included in the device sold; (ii) the direct customer; (iii) the Qualcomm and customer identifiers for the Enjoined Product or device including an Enjoined Product sold (*e.g.*, part number, SKU, etc.); (iv) number of units sold; (v) revenue received by Qualcomm; and (vi) bill-to, ship-to, and ship-from addresses.

## IV. PERMITTED ACTIVITIES

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in the design, development, or testing of any product or service which does not infringe the Patents-in-Suit. Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in modification of any Enjoined Products so as to eliminate infringement, nor from engaging in design, development, or testing for said purpose.

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from providing service or technical support for an Enjoined Product for which ParkerVision is or has been compensated under the jury's verdict.

## V. NOTICE

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Qualcomm shall provide a copy of this Permanent Injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, service providers, licensees, and other persons who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale or importing of any Enjoined Product or any device containing any Enjoined Product, including but not limited to any company to which Qualcomm has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, and any company to which Qualcomm intends in the future directly or indirectly to sell or offer for sale one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Qualcomm shall file with the Court and serve on all parties a notice stating the names and addresses of each party that it has notified in compliance with this section.

## VI. CONTINUING JURISDICTION

The Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute whether a Qualcomm product is an Enjoined Product.