**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

       Plaintiff,

v.                                    Case No. 3:11-cv-719-J-37JRK

QUALCOMM INCORPORATED,

       Defendant.

_____

**PARKERVISION'S UNOPPOSED MOTION**
**FOR LEAVE TO FILE UNDER SEAL**

## I.     INTRODUCTION

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to (i) file under seal the unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages, and Costs; (ii) file under seal the unredacted version of  ParkerVision's Alternative Motion for Ongoing Royalty; (iii) file under seal the unredacted version of ParkerVision's Motion for a Permanent Injunction; (iv) file under seal Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages, and Costs; (v) file under seal Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; (vi) file under seal Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; (vii) file under seal Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty; (viii) file under seal Exhibit A to ParkerVision's Motion for a Permanent Injunction.

1

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to (i) the unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; (ii) the unredacted version of  ParkerVision's Alternative Motion for Ongoing Royalty; (iii) the unredacted version of ParkerVision's Motion for a Permanent Injunction; (iv) Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; (v) Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; (vi) Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; (vii) Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty; (viii) Exhibit A to ParkerVision's Motion for a Permanent Injunction.

## II.  LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE

ParkerVision and Qualcomm agree that the following contains confidential information and should be filed under seal:

(1) Exhibit 2 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages, and Costs includes excerpts from Paul Benoit's September 13, 2013

Supplemental Report, in which he discloses confidential information regarding Qualcomm's financials.

(2) Exhibit 3 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages is a ParkerVision business agreement. The agreement discloses ParkerVision's confidential licensing terms.

(3) Exhibit 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages includes Qualcomm's Interrogatory Responses. The Responses contain Qualcomm's confidential business information.

(4) The Declaration of Paul Benoit and exhibits to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages, in which he discloses confidential information regarding Qualcomm's financials.

(5) Exhibit 1 to ParkerVision's Alternative Motion for Ongoing Royalty includes excerpts from Paul Benoit's March 25, 2013 Supplemental Expert Report, in which he discloses confidential information regarding Qualcomm's financials.

(6) Exhibit 2 to ParkerVision's Alternative Motion for Ongoing Royalty includes excerpts from the exhibits to Paul Benoit's March 25, 2013 Supplemental Expert Report. These excerpts contain confidential information regarding Qualcomm's financials.

(7) Exhibit 3 to ParkerVision's Alternative Motion for Ongoing Royalty includes excerpts from the exhibits to Paul Benoit's September 13, 2013 Supplemental Expert Report. These excerpts contain confidential information regarding Qualcomm's financials.

(8) Exhibit 4 to ParkerVision's Alternative Motion for Ongoing Royalty is a Forward Concepts report that contains Qualcomm's confidential business and financial information.

(9) Exhibit 11 to ParkerVision's Alternative Motion for Ongoing Royalty includes excerpts from Dr. Gregory Leonard's April 5, 2013 Expert Report, in which he discloses confidential information regarding Qualcomm's financials.

(10)     Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty, in which he discloses confidential information regarding Qualcomm's financials.

(11)     Exhibit A to ParkerVision's Motion for a Permanent Injunction is a Forward Concepts report that contains Qualcomm's confidential business and financial information.

The redacted sections of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; ParkerVision's Motion for Permanent Injunction; and ParkerVision's Alternative Motion for Ongoing Royalty contain confidential information that has been sealed by the Court. Because of the confidential financial, business, and technical content, those excerpts from ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; ParkerVision's Motion for Permanent Injunction; and ParkerVision's Alternative Motion for Ongoing Royalty should be filed under seal.

## III.    DURATION OF SEAL

Qualcomm and ParkerVision agree that the unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; the unredacted version of ParkerVision's Alternative Motion for Ongoing Royalty; the unredacted version of ParkerVision's Motion for a Permanent Injunction; Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; and Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty; and Exhibit A to ParkerVision's Motion for a Permanent Injunction should be sealed for the duration of this lawsuit and any subsequent appeal.  Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the financial information, and the potential for breach of the Confidentiality Agreement through disclosure.  Additionally, the concerns regarding disclosure of the contents of an unredacted version of this declaration will persist beyond one year.

## IV.   AUTHORITY IN SUPPORT OF SEALING

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents.  *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).   In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; the unredacted version of  ParkerVision's Alternative Motion for Ongoing Royalty; the unredacted version of ParkerVision's Motion for a Permanent Injunction; Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; and Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty; and Exhibit A to ParkerVision's Motion for a Permanent Injunction present just such an instance.  The likelihood of injury to Qualcomm if these documents are placed into the public domain is great, and filing it under seal would protect

5

their confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).   Further, the information contained in the unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; the unredacted version of  ParkerVision's Alternative Motion for Ongoing Royalty; the unredacted version of ParkerVision's Motion for a Permanent Injunction; Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre- and Post-judgment Interest, Post-verdict Damages; and Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion for Ongoing Royalty; and Exhibit A to ParkerVision's Motion for a Permanent Injunction is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246.   Accordingly, ParkerVision and Qualcomm respectfully request that the unredacted version of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; the unredacted version of  ParkerVision's Alternative Motion for Ongoing Royalty; the unredacted version of ParkerVision's Motion for a Permanent Injunction; Exhibits 2, 3, and 6 to ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; Paul Benoit's Declaration in Support of ParkerVision's Motion for Pre-and Post-judgment Interest, Post-verdict Damages; and Exhibits 1-4 and 11 to ParkerVision's Alternative Motion for Ongoing Royalty; Paul Benoit's Declaration in Support of ParkerVision's Alternative Motion

for Ongoing Royalty; and Exhibit A to ParkerVision's Motion for a Permanent Injunction be sealed.

December 2, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ *Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No.: 24078767
rkamprath@mckoolsmith.com
Ivan Wang
Texas State Bar No.: 24042679
E-mail: iwang@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**SMITH HULSEY & BUSEY**

/s/ *James A. Bolling*
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

**ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.**

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, December 2, 2013, I served the foregoing on all counsel of record via ECF.

*/s/ Leah Buratti*
Leah Buratti

**LOCAL RULE 3.01(g) CERTIFICATION**

On December 2, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

*/s/ Leah Buratti*
Leah Buratti