UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

v.                                        Civil Action No. 3:11-CV-719-J-37RBD-JRK

QUALCOMM INCORPORATED,

    Defendant.

**PARKERVISION'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

**I.   INTRODUCTION**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to file under seal the unredacted version of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision and Qualcomm have met each of these requirements as to

1

ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness.

**II.  LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

ParkerVision and Qualcomm agree that ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness contains confidential information and should be filed under seal. The redacted sections of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness contain confidential information that has been sealed by the Court. Because of the confidential financial and business content, ParkerVision's unredacted Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness should be filed under seal.

**III.  DURATION OF SEAL**

Qualcomm and ParkerVision agree that the unredacted version of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness should be sealed for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the financial information, and the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of an unredacted version of this declaration will persist beyond one year.

**IV.  AUTHORITY IN SUPPORT OF SEALING**

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond*

*Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The unredacted version of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness presents just such an instance. The likelihood of injury to Qualcomm if these documents are placed into the public domain is great, and filing it under seal would protect its confidential information from unnecessary exposure to its competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the unredacted version of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision and Qualcomm respectfully request

that the unredacted version of ParkerVision's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial, on Willfulness be sealed.

December 20, 2013

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| /s/ *Douglas A. Cawley* | /s/ *James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard A. Kamprath | Florida Bar Number 901253 |
| Texas State Bar No.: 24078767 | 225 Water Street, Suite 1800 |
| rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| Ivan Wang | (904) 359-7700 |
| Texas State Bar No.: 24042679 | (904) 359-7708 (facsimile) |
| E-mail: iwang@mckoolsmith.com | jbolling@smithhulsey.com |
| McKool Smith P.C. | |
| 300 Crescent Court, Suite 1500 | **ATTORNEYS FOR PLAINTIFF** |
| Dallas, Texas 75201 | **PARKERVISION, INC.** |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, December 20, 2013, I served the foregoing on all counsel of record via ECF.

/s/ Leah Buratti
Leah Buratti

## LOCAL RULE 3.01(g) CERTIFICATION

On December 17, 2013, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

/s/ Leah Buratti
Leah Buratti