**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff*,

        v.

QUALCOMM INCORPORATED,

        *Defendant*.

Case No. 3:11-cv-719-J-37-TEM

**QUALCOMM'S UNOPPOSED MOTION TO SEAL THE UNREDACTED COPY OF QUALCOMM'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL REGARDING NONINFRINGEMENT**

I.  **INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to file under seal the unredacted copy of its Renewed Motion For Judgment As a Matter Of Law and Motion For New Trial Regarding Noninfringement ("motion").  Portions of the motion are confidential in nature, and filing under seal an unredacted copy of the motion is necessary.  Qualcomm has conferred with counsel for Plaintiff ParkerVision, Inc. ("ParkerVision"), who confirmed that ParkerVision does not oppose this motion.

In this District, a party seeking to seal materials must file a motion to seal that includes:  (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal.  M.D. Fla. L.R. 1.09.  As demonstrated below, Qualcomm has met each of these requirements with respect to the unredacted copy of its motion, and the Court should grant Qualcomm's request to seal it.

II.  **LOCAL RULE 1.09(A):  DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL**

The redacted sections on pages 11, 13, 14, 16, 17, and 22 of Qualcomm's motion contain information that is relevant to the facts at issue in this case but should be sealed because they contain Qualcomm's proprietary and highly confidential technical information that Qualcomm seeks to protect.  Specifically, this information includes circuit schematics and technical specifications, which detail the manner in which some of the accused products

1

perform down-conversion. The motion contents reveal Qualcomm's engineering knowledge, which it has gained through extensive research, design efforts, and laboratory testing.

Qualcomm views its technical and design information as highly proprietary and takes great care to protect this information by limiting access to it. Making public the unredacted copy of the motion would substantially harm Qualcomm by allowing its competitors to use this information to imitate or replicate Qualcomm's products, and therefore, undermine Qualcomm's business. Accordingly, the public should not have access to the unredacted copy of the motion.

### III. DURATION OF SEAL

Qualcomm requests that the unredacted copy of its motion be maintained under seal until Qualcomm moves the Court to unseal it. Good cause exists to extend the typical one-year limit on a seal because of the confidential nature of information contained in the motion, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of the motion will persist beyond one year.

### IV. AUTHORITY IN SUPPORT OF PERMITTING THE MOTION TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether

2

there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The likelihood of injury to Qualcomm if the unredacted copy of the motion were placed into the public domain is great because doing so would expose Qualcomm's confidential technical information to its competitors and potential business partners.  Maintaining the unredacted copy of the motion under seal would protect the confidential nature of that information.  *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the information contained in the motion is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing the unredacted copy of the motion that would ensure that its confidential contents remain confidential, while allowing the parties to appropriately brief the issues in the case.  *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that the Court seal the unredacted copy of its motion.

## V.   CONCLUSION

In view of the foregoing, Qualcomm respectfully requests that the Court seal the unredacted copy of Qualcomm's motion.

December 20, 2013

    Respectfully submitted,

    COOLEY LLP

    By:    /s/ Timothy S. Teter
        Stephen C. Neal (admitted pro hac vice)
        nealsc@cooley.com
        Timothy S. Teter (admitted pro hac vice)
        teterts@cooley.com
        Jeffrey S. Karr (admitted pro hac vice)
        jkarr@cooley.com
        Five Palo Alto Square
        3000 El Camino Real
        Palo Alto, CA 94306-2155
        Telephone:  (650) 843-5258
        Facsimile:  (650) 849-7400
            -and-
    CRAVATH, SWAINE & MOORE LLP
        Keith R. Hummel (admitted pro hac vice)
        khummel@cravath.com
        David Greenwald (admitted pro hac vice)
        dgreenwald@cravath.com
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York 10019
        Telephone:  (212) 474-1000
        Facsimile:  (212) 474-3700

            -and-

    BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
        John A. DeVault, III
        Florida Bar No. 103979
        jad@bedellfirm.com
        Courtney K. Grimm
        Florida Bar No. 953740
        cgrimm@bedellfirm.com
        The Bedell Building
        101 East Adams Street
        Jacksonville, Florida 32202
        Telephone:  (904) 353-0211
        Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Timothy S. Teter
Timothy S. Teter (admitted pro hac vice)
tteter@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5275
Facsimile:  (650) 849-7400

*Attorney for Defendant Qualcomm Incorporated*

1203489 v1/HN