# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

       Plaintiff,

v.

QUALCOMM INCORPORATED,

       Defendant.

_____ /

QUALCOMM INCORPORATED,

       Counterclaim Plaintiff,

PARKERVISION, INC. and
STERNE, KESSLER, GOLDSTEIN & FOX
PLLC,

       Counterclaim Defendants.

_____ /

CASE NO.: 3:11-cv-719-J-37-TEM

**PARKERVISION, INC.'S OBJECTIONS AND RESPONSES TO**
**QUALCOMM'S SECOND SET OF INTERROGATORIES (NOS. 13-19)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

ParkerVision, Inc. ("ParkerVision") serves the following objections and responses to

Qualcomm's Second Set of Interrogatories (Nos. 13-19) (the "Interrogatories") dated October

12, 2012:

**PRELIMINARY STATEMENT**

1.      ParkerVision incorporates by reference each and every general objection set forth

below into each specific response.  The failure to include any general objection in any specific

response shall not be interpreted as a waiver of any general objection to that response.

-1-

McKool 831121v1

**CONFIDENTIAL**

[REDACTED]

**INTERROGATORY NO. 14:**

With respect to each of Qualcomm's products that you contend infringe one or more claims of the Patents-in-Suit, identify and describe which, if any, of the four factors outlined by the Supreme Court in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) you contend support ParkerVision's request for an injunction. Your answer should include an identification

McKool 831121v1

**CONFIDENTIAL**

of documents related to your response and the identification of the person most knowledgeable about your response.

**RESPONSE:**

In addition to the general objections, ParkerVision specifically objects to this interrogatory as multiparted in seeking a separate response for each asserted infringing product. ParkerVision will respond generally. Subject to the foregoing general and specific objections, ParkerVision responds as follows.

"A patentee's right to exclude is a fundamental tenet of patent law." *Edwards Lifesciences AG v. CoreValve, Inc.*, Slip Op. 2011-1215, at 16 (Fed. Cir. Nov. 13, 2012) (citations omitted). Furthermore, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Id.* For a permanent injunction to issue for patent infringement, the court will consider several equitable considerations, including whether: (1) the patentee has suffered an irreparable injury; (2) legal remedies, such as money damages are inadequate compensation; (3) the balance of hardships warrants an injunction; and (4) the public interest would not be disserved by an injunction. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). ParkerVision contends that each factor favors an injunction and addresses each factor in turn.

Generally, the first two *eBay* factors overlap and a patentee demonstrates irreparable harm by showing that remedies at law are inadequate compensation. *See Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008) (following district court's analysis of considering first two *eBay* factors together). Since the key attribute of a patent is that it grants the patentee a right to exclude competitors from infringing the patent, 35 U.S.C. § 154(a)(1), "the violation of the right of exclusion during the limited term of the patent grant is an injury not

McKool 831121v1
**CONFIDENTIAL**

easily repaired by damages at law." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 2008 U.S. Dist. LEXIS 86953 at *6 (N.D. Ill. 2008) (citations omitted). To guide their analysis, courts may look to the competitive relationship between the patentee and infringer and any evidence of irreparable market harm to the patentee.

ParkerVision will suffer irreparable harm if the Court does not enter an injunction because the remedies at law are inadequate compensation. ParkerVision and Qualcomm have been direct competitors since the inception of license negotiations between the parties in 1998. Qualcomm took ParkerVision's technology, incorporated it into Qualcomm's infringing products and has used those infringing products to push ParkerVision from the marketplace. Qualcomm is a provider of wireless technology and services, with one of its business divisions providing wireless chipsets. *See* Qualcomm, http://www.qualcomm.com/about/businesses (last visited Oct. 18, 2012). Similarly, ParkerVision designs receiver and transceiver chips for use in wireless communication devices. Just as Qualcomm licenses its patented wireless-technologies, ParkerVision approached and discussed licensing its patented direct down-conversion technology with Qualcomm. ParkerVision and Qualcomm are direct competitors and the continued existence of Qualcomm's infringing products are certain to cause loss of goodwill and market share.

Under the third *eBay* factor, courts consider the harm suffered by the patentee from denial of an injunction and the harm to the infringer from the grant of an injunction. ParkerVision would be irreparably injured if an injunction was denied and it had to continue to compete with Qualcomm's infringing products. ParkerVision would lose the opportunity to further develop valuable market share in a quickly growing and large market space.

McKool 831121v1

**CONFIDENTIAL**

The public interest is generally best-served by an injunction because there is a strong public interest in the enforcement of patent rights.   However, if the products at issue are related to issues of public health or similar interests, the public interest is best served by denial of an injunction.   Given that the Patents-in-Suit are not related to issues of public health or similar interests, the public policy considerations weigh in favor of granting ParkerVision an injunction.

For the foregoing equitable reasons, the *eBay* factors weigh in ParkerVision's favor and its motion for a permanent injunction should be granted.

ParkerVision identifies Jeff Parker as the person most knowledgeable about the subject matter of this Interrogatory.

McKool 831121v1

**CONFIDENTIAL**

November 16, 2012

Respectfully submitted,

**McKOOL SMITH, P.C.**                        **SMITH HULSEY & BUSEY**

*/s/ Douglas A. Cawley*                        /*s/ James A. Bolling*
Douglas A. Cawley, Lead Attorney              Stephen D. Busey
Texas State Bar No. 04035500                  James A. Bolling
dcawley@mckoolsmith.com                       Florida Bar Number 117790
John Austin Curry                             Florida Bar Number 901253
Texas State Bar No. 24059636                  225 Water Street, Suite 1800
acurry@mckoolsmith.com                        Jacksonville, Florida 32202
Richard Kamprath                              (904) 359-7700
Texas State Bar No.: 24078767                 (904) 359-7708 (facsimile)
rkamprath@mckoolsmith.com                     jbolling@smithhulsey.com
McKool Smith P.C.
300 Crescent Court, Suite 1500                *ATTORNEYS FOR PLAINTIFF*
Dallas, Texas 75201                           *PARKERVISION, INC.*
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

McKool 831121v1

**CONFIDENTIAL**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 16, 2012, I served the foregoing document via email on counsel of record per the parties' agreement.

*/s/ Josh Budwin*
Josh Budwin

McKool 831121v1

**CONFIDENTIAL**