**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

        *Plaintiff*,

    v.                    Case No. 3:11-cv-719-J-37-JRK

QUALCOMM INCORPORATED,

        *Defendant*.

**QUALCOMM'S UNOPPOSED MOTION TO FILE UNDER SEAL**

I.   **INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") moves pursuant to Middle District of Florida Local Rule 1.09 for permission to file under seal: (i) the unredacted copy of Qualcomm's Opposition to ParkerVision's Motion for Post-Verdict Royalties to the Time of Judgment, Prejudgment Interest, Post-Judgment Interest, and Costs; (ii) the unredacted copy of Qualcomm's Opposition to ParkerVision's Alternative Motion for Ongoing Royalty; (iii) the unredacted copy of Qualcomm's Opposition to ParkerVision's Motion for Permanent Injunction (collectively, the "Oppositions"); and (iv) the Declaration of Dr. Gregory K. Leonard Concerning Prejudgment Interest and attached exhibits (the "Leonard Declaration"). The Leonard Declaration and certain portions of the Oppositions are confidential in nature. Filing under seal the Leonard Declaration and unredacted copies of the Oppositions is necessary to protect the confidentiality of this information. Qualcomm has conferred with counsel for Plaintiff ParkerVision, Inc. ("ParkerVision"), who confirmed that ParkerVision does not oppose this motion.

In this District, a party seeking to seal materials must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09. As demonstrated below, Qualcomm and ParkerVision have met each of these requirements with respect to the Leonard Declaration and the redacted portions of the Oppositions.

**II.   LOCAL RULE 1.09(A):  DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, AND NECESSITY OF FILING UNDER SEAL**

The following portions of the Oppositions and Leonard Declaration are relevant to the facts at issue in this case.  However, they also contain Qualcomm's proprietary and highly confidential business, sales, and/or financial information that Qualcomm seeks to protect and/or reflect the confidential terms of Qualcomm's and ParkerVision's respective agreements with other third parties.  For this reason, Qualcomm submits that it is necessary to file the following under seal:

- Pages 1-5, 11, 12, 16, and 17 of the unredacted copy of Qualcomm's Opposition to ParkerVision's Motion for Post-Verdict Royalties to the Time of Judgment, Prejudgment Interest, Post-Judgment Interest, and Costs contain Qualcomm's confidential business, sales, and/or financial information.

- Pages 4, 5, 9, 12, 13, 14, and 18 of the unredacted copy of Qualcomm's Opposition to ParkerVision's Alternative Motion for Ongoing Royalty contain confidential business, sales, and/or financial information belonging to either Qualcomm or ParkerVision, including terms of confidential license agreements.[1]

- Pages 2, 6, 12, and 17-19 of the unredacted copy of Qualcomm's Opposition to ParkerVision's Motion for Permanent Injunction contain confidential business, sales, and/or financial information belonging to either Qualcomm or ParkerVision.[2]

- The Leonard Declaration contains confidential business, sales, and/or financial information belonging to either Qualcomm or ParkerVision, including terms of confidential license agreements.

Qualcomm's business, sales, and financial information is proprietary and confidential, and the company takes great care to safeguard this information by limiting access to it.  Making these documents public would substantially harm Qualcomm by revealing highly

---

[1] Some of this confidential information also reflects technical information that Qualcomm deems proprietary and highly confidential and seeks to protect.
[2] Some of this confidential information also reflects technical information that Qualcomm deems proprietary and highly confidential and seeks to protect.

confidential business and financial information to Qualcomm's competitors, which could be used to undercut Qualcomm's business and sales strategies. Both Qualcomm and ParkerVision have an interest in maintaining the confidentiality of the terms and conditions contained in their respective agreements with third parties. Accordingly, the public should not have access to these documents.

### III.  DURATION OF SEAL

Qualcomm requests that the Leonard Declaration and unredacted copies of the Oppositions be maintained under seal until Qualcomm moves the Court to unseal them. Good cause exists to extend the typical one-year limit on a seal because of the confidential nature of information contained in the Oppositions and Leonard Declaration, and because of the potential for breach of the Confidentiality Agreement through disclosure. Additionally, the concerns regarding disclosure of the contents of the Oppositions and Leonard Declaration will persist beyond one year.

### IV.  AUTHORITY IN SUPPORT OF PERMITTING THE OPPOSITIONS AND LEONARD DECLARATION TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing

the documents.  *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  The likelihood of injury to Qualcomm and ParkerVision if either the Leonard Declaration or any of the unredacted copies of the Oppositions were placed into the public domain is great because doing so would expose Qualcomm's confidential business, sales, and/or financial information to its competitors and potential business partners.  It would also disclose certain confidential terms of ParkerVision's or Qualcomm's license agreement with a third party.  Maintaining the Leonard Declaration and unredacted copies of the Oppositions under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008).  Further, the information contained in the Leonard Declaration and the Oppositions is not related to "public officials or public concerns," and there is no "less onerous" alternative to sealing the Leonard Declaration and the unredacted copies of the Oppositions that would ensure that their confidential contents remain confidential, while allowing the parties to appropriately brief the issues in the case. *See Romero*, 480 F.3d at 1246.  Accordingly, Qualcomm respectfully requests that the Court seal the Leonard Declaration and the unredacted copies of the Oppositions.

## V. CONCLUSION

In view of the foregoing, Qualcomm respectfully requests that the Court seal the Leonard Declaration and the unredacted copies of Qualcomm's Oppositions.

January 8, 2014

        Respectfully submitted,

        COOLEY LLP

        By:    /s/ Timothy S. Teter
                Stephen C. Neal (admitted pro hac vice)
                nealsc@cooley.com
                Timothy S. Teter (admitted pro hac vice)
                teterts@cooley.com
                Jeffrey S. Karr (admitted pro hac vice)
                jkarr@cooley.com
                Five Palo Alto Square
                3000 El Camino Real
                Palo Alto, CA 94306-2155
                Telephone: (650) 843-5258
                Facsimile: (650) 849-7400
                     -and-

        CRAVATH, SWAINE & MOORE LLP
                Keith R. Hummel (admitted pro hac vice)
                khummel@cravath.com
                David Greenwald (admitted pro hac vice)
                dgreenwald@cravath.com
                Worldwide Plaza
                825 Eighth Avenue
                New York, New York 10019
                Telephone: (212) 474-1000
                Facsimile: (212) 474-3700
                     -and-

                BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
                      John A. DeVault, III
                      Florida Bar No. 103979
                      jad@bedellfirm.com
                      Courtney K. Grimm
                      Florida Bar No. 953740
                      cgrimm@bedellfirm.com
                      The Bedell Building
                      101 East Adams Street
                      Jacksonville, Florida 32202
                      Telephone:  (904) 353-0211
                      Facsimile:  (904) 353-9307

*Counsel for Defendant Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 8th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Timothy S. Teter
      Timothy S. Teter (admitted pro hac vice)
      tteter@cooley.com
      Five Palo Alto Square
      3000 El Camino Real
      Palo Alto, CA 94306-2155
      Telephone:  (650) 843-5275
      Facsimile:  (650) 849-7400

      *Attorney for Defendant Qualcomm Incorporated*

1206881 v2/HN