# EXHIBIT 2

You must evaluate the invalidity of each asserted claim separately. However, if you find that a dependent claim is invalid, then you cannot find the independent claim to which that dependent claim refers is not invalid. Conversely, an independent claim can be found invalid, even though a dependent claim to which it refers is valid.

*Comparer Corp. v. Antec. Inc.*, 596 F.3d 1343, 1350 (Fed. Cir. 2010); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344 (Fed. Cir. 2009); *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1319 (Fed. Cir. 2007).

### 5.3 Person of Ordinary Skill in the Art

The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the asserted invention as of [date].

## 6. Anticipation

### 6.0 Anticipation

If a device or process has been previously invented and disclosed to the public, then it is not new, and therefore the claimed invention is "anticipated" by the prior invention. Simply put, the invention must be new to be entitled to patent protection under the U.S. patent laws. To prove anticipation, [the Defendant] must prove that it is highly probably that the claimed invention is not new.

In this case, [the Defendant] contends that [some/all of] the claims of the [abbreviated patent number] patent are anticipated. [DESCRIBE BRIEFLY EACH BASIS FOR THE DEFENDANT'S INVALIDITY DEFENSE, FOR EXAMPLE: "First, [the Defendant] contends that the invention of claims 1, 2, and 3 of the ____ patent was described in the July, 1983 article published by Jones in THE JOURNAL OF ENDOCRINOLOGY."]

To anticipate a claim, each and every element in the claim must be present in a single item of prior art, and arranged or combined in the same way as recited in the claim. You may not combine two or more items of prior art to find anticipation. In determining whether every one of the elements of the claimed invention is found in the prior [[publication] [patent] [etc.]], you should take into account what a person of ordinary skill in the art would have understood from his or her review of the particular [[publication] [patent] [etc.]].

[OPTIONAL – NEEDED ONLY IF INHERENCY IS AN ISSUE; In determining whether the single item of prior art anticipates a patent claim, you should take into consideration not only what is expressly disclosed in the particular item of prior [[publication] [invention] [etc.]], but also what is inherently present or disclosed in that prior art or what inherently results from its practice. Prior art inherently anticipates a patent claim if the missing element or feature would be the natural result of following what the prior art teaches to persons of ordinary skill in the art. A party claiming inherent anticipation must prove that it is highly probable that the claim is inherently anticipated. Evidence outside of the prior art reference itself [including experimental testing] may be used to show that the elements not expressly disclosed in the reference are actually present. Mere probabilities are not enough. It is not required, however,

that persons of ordinary skill actually recognized the inherent disclosure at the time the prior art was first known or used. Thus, the prior use of the patented invention that was unrecognized and unappreciated can still be an invalidating anticipation.

You must keep these requirements in mind and apply them to each kind of anticipation you consider in this case. There are additional requirements that apply to the particular categories of anticipation that [the Defendant] contends apply in this case. I will now instruct you about those.

*Net MoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1369-70 (Fed. Cir. 2008); *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320-1321 (Fed. Cir. 2004); *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377-1378 (Fed. Cir. 2003); *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999); *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1347-1348 (Fed. Cir. 1999); *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1554 (Fed. Cir. 1995); *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1565 (Fed. Cir. 1992); *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1267-1269 (Fed. Cir. 1991); *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1463 (Fed. Cir. 1988).

### 6.1 Prior Public Knowledge

[The Defendant] contends that claim _____ of the [abbreviated patent number] patent was anticipated because the invention defined in that claim was publicly known by others in the United States before it was invented by the inventor(s).

[IF THERE IS A FACTUAL ISSUE TO BE RESOLVED BY THE JURY AS TO THE DATE OF INVENTION OF THE PATENT CLAIMS IN SUIT, THE JURY SHOULD BE INSTRUCTED HERE AS TO HOW THEY SHOULD DETERMINE THAT DATE OF INVENTION. OTHERWISE, THE COURT SHOULD INSTRUCT THE JURY AS FOLLOWS: "You are instructed that the invention defined by claim ____ of the [abbreviated patent number] patent was invented on [invention date]."]

A patent claim is invalid if the invention defined in that claim was publicly known by others in the United States before it was invented by [the patentee].

35 U.S.C. § 102(a); *Minnesota Mining and Manuf. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301, 1306 (Fed. Cir. 2002); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1369 (Fed. Cir. 2000); *Woodland Trust v. Flowertree Nursery*, 148 F.3d 1368, 1370 (Fed. Cir. 1998).

### 6.2 Prior Public Use

[The Defendant] contends that claim _____ of the [abbreviated patent number] patent was anticipated because the invention defined in that claim [was publicly used by others in the United States before it was invented by [the patentee]] [was publicly used in the United States more than one year before [the patentee] filed his patent application on [effective filing date]].