# EXHIBIT 3

**B.4.3  Validity—The Claims**

### 4.3b  ANTICIPATION

In order for someone to be entitled to a patent, the invention must actually be "new" and the inventor must not have lost her or his rights by delaying the filing of an application claiming the invention. In general, inventions are new when the identical [product or process] has not been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis.

[Alleged infringer] contends that claim(s) [ ] of the [ ] patent is/are invalid because the claimed invention(s) is/are anticipated or because [patent holder] lost the right to obtain a patent. [Alleged infringer] must convince you of this by clear and convincing evidence, i.e., that the evidence highly probably demonstrates that the claim(s) is/are invalid.

Here is a list of ways that [alleged infringer] can show that a patent claim was not new or that the patentee lost the right to patent the claim(s) [choose those that apply based on alleged infringer's contentions]:

(1)   An invention is not new if it was known to or used by others in the United States before the [insert date of invention]. An invention is known when the information about it was reasonably accessible to the public on that date.

(2)   An invention is not new if it was already patented or described in a printed publication, anywhere in the world before the [insert date of invention]. [A description is a "printed publication" only if it was publicly accessible.]

(3)   [Patent holder] has lost her or his rights if the claimed invention was already patented or described in a printed publication, anywhere in the world by [patent holder] or anyone else, more than a year before [insert date], which is the effective filing date of the application for the [ ] patent. An invention was patented by another if the other patent describes the same invention claimed by [patent holder] to a person having ordinary skill in the technology.

(4)   [Patent holder] has lost her or his rights if the claimed invention was publicly used, sold, or offered for sale in the United States more than one year before [insert date], which is the effective filing date of the application for the [ ] patent. An invention was publicly used when it was either accessible to the public or commercially exploited. An invention was sold or offered for sale when it was offered commercially and what was offered was ready to be patented, i.e., a description to one having ordinary skill in the field of the technology could have made and used the claimed invention, even if it was not yet reduced to practice.

(5)   [Patent holder] has lost his or her rights if he or she abandoned the invention.

(6)   [Patent holder] has lost her or his rights if she or he had already obtained a patent for the invention in a foreign country before the filing date of the application in the United States or the patent application was filed in a foreign country more than a year before the filing date of the application for the patent in the United States.

(7)   An invention is not new if it was described in a published patent application filed by another in the United States [or under the PCT system and designated the United States, and was published in English] before [insert date of invention].

(8)   An invention is not new if the claimed invention was described in a patent granted on an application for patent by another filed in the United States [or under the PCT system and designated the United States, and was published in English] and the application was filed before [insert date of reduction to practice or the filing date of the application for the [ ] patent].

(9)   [Patent holder] is not entitled to the [ ] patent if [named inventor] did not himself invent the invention.

(10)   An invention is not new if the invention was made by someone else in the United States before the invention was made by [patent holder] and the other person did not abandon, suppress, or conceal the invention.

If an interference proceeding has been declared, additional instructions should be given on this issue.

Authorities

35 U.S.C. § 102(a)-(g); *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358-60 (Fed. Cir. 2006); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); *In re Klopfenstein*, 380 F.3d 1345, 1348-51 (Fed. Cir. 2004); *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320-21 (Fed. Cir. 2004); *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377-80 (Fed. Cir. 2003); *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330-31 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Singh v. Brake*, 222 F.3d 1362, 1366-70 (Fed. Cir. 2000); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576-78 (Fed. Cir. 1997); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *In re Bartfeld*, 925 F.2d 1450, 1452-53 (Fed. Cir. 1991); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1574 (Fed. Cir. 1985); *Am. Stock Exch., LLC v. Mopex, Inc.*, 250 F. Supp. 2d 323, 328-32 (S.D.N.Y. 2003); *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981); *Pfaff v. Wells Elecs. Inc.*, 525 U.S. 55 (1998); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1365 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1147-50 (Fed. Cir. 1983).