**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.                                                           Case No. 3:11-cv-719-J-37RBD-JRK

QUALCOMM INCORPORATED,

    Defendant.

---

**PARKERVISION'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Plaintiff ParkerVision, Inc. ("ParkerVision") moves pursuant to the Middle District of Florida Local Rule 1.09 for permission to (i) publicly file redacted versions of its Response to Qualcomm's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial regarding Noninfringement ("Noninfringement Response") and Response in Opposition to Qualcomm's Renewed Motion for Judgment As A Matter of Law, Remittitur, and a New Trial on Damages ("Damages Response"); (ii) file under seal the unredacted versions of ParkerVision's Response to Qualcomm's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial regarding Noninfringement and Response in Opposition to Qualcomm's Renewed Motion for Judgment As A Matter of Law, Remittitur, and a New Trial on Damages; (iii) file under seal excerpts from Appendix B of the Opening Expert Report of Dr. Prucnal ("Prucnal's Appendix B"); and (iv) file under seal the Fourth Supplemental Expert Report of Paul C. Benoit, dated October 14, 2013.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a

motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. L. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.* As demonstrated below, ParkerVision has met each of these requirements as to ParkerVision's Noninfringement Response, Damages Response, Prucnal's Appendix B, and Mr. Benoit's Supplemental Report, the Court should grant ParkerVision's request to seal this exhibit identified herein.

I. **LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENT TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING IS UNAVAILABLE**

The redacted sections of ParkerVision's Noninfringement Response contain confidential information discussing technical, confidential details of Qualcomm's technology. The redacted sections of ParkerVision's Damages Response contain confidential information discussing ParkerVision's licensing terms and Qualcomm's product pricing terms. Prucnal's Appendix B contains confidential information in which Dr. Prucnal opines as to the manner in which Qualcomm's accused products function and discusses the confidential details of Qualcomm's technology. Mr. Benoit's Supplemental Expert Report contains detailed confidential information regarding Qualcomm's financials and pricing information. Because of the confidential nature of this technical and business information, these documents should be filed under seal.

## II. DURATION OF SEAL

ParkerVision requests that the Court maintain ParkerVision's Noninfringement Response, Damages Response, Prucnal's Appendix B, and Mr. Benoit's Supplemental Report under seal for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential nature of the technical information. Additionally, the concerns regarding disclosure of the contents of these documents will persist beyond one year.

## III. AUTHORITY IN SUPPORT OF SEALING

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing the interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. The Noninfringement Response, Damages Response, Appendix B of the Opening Expert Report of Dr. Prucnal, and Mr. Benoit's Supplemental Report present just such an instance. The likelihood of injury to Qualcomm if the confidential information in these

briefs and documents are placed into the public domain is great, and filing them under seal would protect ParkerVision's and Qualcomm's confidential information from unnecessary exposure to their competitors and potential business partners. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in these briefs and documents is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. Accordingly, ParkerVision respectfully requests that aforementioned documents be sealed.

January 24, 2014

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| /s/ *Douglas A. Cawley* | /s/ *James A. Bolling* |
| Douglas A. Cawley, Lead Attorney | Stephen D. Busey |
| Texas State Bar No. 04035500 | James A. Bolling |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 117790 |
| Richard A. Kamprath | Florida Bar Number 901253 |
| Texas State Bar No.: 24078767 | 225 Water Street, Suite 1800 |
| rkamprath@mckoolsmith.com | Jacksonville, Florida 32202 |
| Ivan Wang | (904) 359-7700 |
| Texas State Bar No.: 24042679 | (904) 359-7708 (facsimile) |
| E-mail: iwang@mckoolsmith.com | jbolling@smithhulsey.com |
| McKool Smith P.C. | |
| 300 Crescent Court, Suite 1500 | **ATTORNEYS FOR PLAINTIFF** |
| Dallas, Texas 75201 | **PARKERVISION, INC.** |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, January 24, 2014, I served the foregoing on all counsel of record via ECF.

/s/ Leah Buratti
Leah Buratti

**LOCAL RULE 3.01(g) CERTIFICATION**

On January 24, 2014, counsel for ParkerVision conferred with counsel for Qualcomm regarding the issues raised by this motion. Qualcomm does not oppose this motion.

/s/ Leah Buratti
Leah Buratti