# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> Defendant. | Civil Action No. 3:11-cv-719-J-37TEM <br><br> Declaration of Paul C. Benoit |

## DECLARATION OF PAUL C. BENOIT

I, Paul C. Benoit, declare pursuant to 28 U.S.C. § 1746 that:

1. I make this declaration in response to the request of McKool Smith PC on behalf of ParkerVision, Inc., ("ParkerVision"), to calculate the appropriate prejudgment interest on the damages as awarded by the Jury in this matter on October 24, 2013.

2. As shown on Exhibit A to this declaration, I have calculated prejudgment interest based directly upon the running royalty interest model created by Dr. Gregory Leonard dated January 8, 2014.  Only the following changes have been made:

- To better reflect the Court's current schedule, the judgment date (i.e. the end date for the interest calculation) was changed from April 1 to June 1, 2014.

- To better reflect the position ParkerVision would have been in had Qualcomm paid it licensing royalties in lieu of infringing, the Florida statutory judgment interest rate[1] was applied instead of the prime rate.[2]

---

[1] This rate is set by the Florida Department of Financial Services, at least once each year, in accordance with §55.03 of the Florida Statutes.  The historical rates for the infringing period are available at http://www.myfloridacfo.com/Division/AA/Vendors/JudgmentInterestRates.htm#.U1U-KLQU5i8.

[2] As part of this analysis, I have assumed that the Florida statutory rate will remain unchanged through at least June 1, 2014.

3.In Dr. Leonard's January 8, 2014 declaration regarding prejudgment interest, he stated, "It is inappropriate to use ParkerVisions's cost of *equity* because prejudgment interest is more akin to the cost of *debt*." (emphasis in original)  A company's cost of debt is an observable metric that represents the rate a company pays on its debt.  According to the declaration of Cynthia Poehlman dated November 28, 2014, in the second quarter of 2012, ParkerVision's cost of debt was 15.25%.  By way of comparison, the Florida statutory rate at the end of that quarter was only 4.75%.

4.I understand that ParkerVision and Qualcomm now agree that supplemental damages should not be based upon the projected infringing sales estimates I created in my previous declaration, dated December 2, 2013, but instead should be calculated based on actual sales once such sales data is available.  My calculation of prejudgment interest is based on Qualcomm's infringing sales through June 1, 2014.  As such, in order to more accurately place ParkerVision in the position it would have been in had Qualcomm not infringed, additional prejudgment interest must be calculated on the supplemental damages once the relevant sales data becomes available.  I declare the foregoing to be true under the penalty of perjury on April 28, 2014.

_Paul C. Benoit_
PAUL C. BENOIT